**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065 | TEL (650) 801-5000 FAX (650) 801-5100

August 8, 2024

Honorable Judge James Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *Nektar Therapeutics v. Eli Lilly & Co.* – Case No. 3:23-cv-03943-JD (N.D. Cal.)
    Nektar Letter Motion to Compel Concerning Custodians David Ricks and Lotus Mallbris

Dear Judge Donato,

In advance of the parties' August 29 Discovery Conference, and per the Court's instructions in its June 20, 2024 hearing, Plaintiff Nektar Therapeutics submits this letter respectfully requesting an order compelling Defendant Eli Lilly and Company to add its CEO David Ricks and its SVP of Global Immunology Development Lotus Mallbris as document custodians. Nektar certifies that the parties have conferred regarding these issues in accordance with the Court's Standing Order and Local Rules.

Both individuals possess highly relevant, non-duplicative discovery regarding a central issue in this matter—Lilly's alleged failure to use Commercially Reasonable Efforts to develop Nektar's drug, Rezpeg. However, Lilly has refused to add either individual as a custodian, despite its inability to articulate (any) undue burden in complying with Nektar's request. Nektar is prepared to discuss this matter at the August 29 conference.

## DAVID RICKS AND LOTUS MALLBRIS SHOULD BE ADDED AS CUSTODIANS

Nektar's prior discovery dispute letter requested the addition of Mr. Ricks, Ms. Mallbris, and Lilly EVP Patrik Jonsson as custodians. Dkt. 66 (Dispute Letter) at 3. During the June 20 hearing on that letter, the Court ordered Lilly to add Mr. Jonsson as a custodian. 6/20/24 Hearing Tr. at 19:16-20:25; Dkt. 77 (Minute Order). Nektar reserved its right to seek Mr. Ricks and Ms. Mallbris as custodians if Lilly's productions reflected their involvement and relevance to the issues. 6/20/24 Hearing Tr. at 20:18-22 ("[W]e reserve the other two. We're going to come back. But, you know, we just got a bunch of production from [Lilly]").

Lilly's recent document productions confirm that Mr. Ricks and Ms. Mallbris have material, non-duplicative information for this case and accordingly, their emails and custodial documents must be produced immediately, including to allow Nektar time to determine if it should depose either individual before the close of fact discovery.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

A.   **Chief Executive Officer David Ricks**

Lilly's recently produced documents confirm that Mr. Ricks:

- ███████████████████████████████████████████████████████████[1]
- ███████████████████████████████████████████████████████████
- ███████████████████████████████████████████████████████████
  ███████████████████████████████████████
- ███████████████████████████████████
- ███████████████████████████████████████████
- ███████████████████████████████████████████████
- █████████████████████████████

Such documents confirm that Mr. Ricks is a necessary custodian given ████████████
████████████████████████████████████████████. They also refute Lilly's representations that "Mr. Ricks was not involved in Rezpeg development" and that "Mr. Ricks's signature on the License Agreement . . . was merely necessary under corporate controls given the value of the agreement," Dkt. 76 (Lilly Discovery Letter Brief) at 3. Lilly's characterization of Mr. Ricks' non-involvement is inaccurate. He appears to have been ████████████████████████████████████
████████████████████████████████████

Further, Mr. Ricks' communications regarding the commercial aspects of Rezpeg development are likely non-duplicative, since Lilly's existing custodians were primarily involved in Rezpeg development in a clinical and scientific capacity. And Mr. Ricks' perspective on commercial and business matters means he is uniquely positioned to speak to (and have non-duplicative documents relevant to) Lilly's counterclaims, which allege reputational and commercial harm. As Nektar explained to Lilly in conferrals, "[c]ourts regularly add high-ranking executives as custodians where their files are likely to contain relevant information." *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2021 WL 10282213, at *5 (N.D. Cal. Nov. 14, 2021) (compelling addition of Facebook "key decision-makers"); *see also Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018) (compelling addition of Twitter CEO); *Lauris v. Novartis AG*, 2016 WL 7178602, at *3 (E.D. Cal. Dec. 8, 2016) (the apex doctrine applies to depositions, *not to* document custodians).

In correspondence, Lilly has argued that Mr. Ricks is only *referenced* in emails discussing his involvement, not *copied*. As indicated in the examples above, that is not true. Moreover, the fact

---

[1] Documents identified in this letter with bates stamp "LLY" reflect documents Lilly produced in this litigation. Given the Court's standing order that, other than "an excerpt of the disputed discovery request," "[n]o other documents shall be attached or provided" as part of discovery dispute letters, Nektar has not attached the referenced documents hereto. It is happy to provide the documents to the Court on August 29 or otherwise, should the Court wish to review them.

2

that Mr. Ricks clearly was involved in development decisions, and that (as Lilly alleges) he apparently was not copied on certain emails, only *reinforces* that he should be a custodian, as it reflects that he would be present on non-duplicative documents.  Lilly has also argued that Mr. Ricks' awareness of damage to Lilly's reputation and lost business opportunities is irrelevant, as Lilly's defamation *per se* claim does not require proof of damages.  First, regardless of whether Lilly relies on defamation *per se*, Nektar is entitled to discovery about any alleged to harm in order to demonstrate there was none.  Second, Lilly also has a contract claim, and it also has repeatedly represented (in its counterclaims, initial disclosures, and motion practice) that it is seeking actual damages for both defamation *and* breach of contract.  Mr. Ricks' documents reflecting any purported harm to Lilly's reputation and business opportunities are crucial to testing Lilly's claims.  For at least these reasons, Mr. Ricks should be added as a custodian.

**B.     Senior Vice President of Global Immunology Development Lotus Mallbris**

Lilly's document productions also contradict Lilly's claim that Ms. Mallbris was not involved in Rezpeg development.  Specifically, Ms. Mallbris



Further, Ms. Mallbris' extensive involvement with a competitor Lilly drug, lebrikizumab (which work Lilly does not dispute), is highly relevant to whether Lilly exerted Commercially Reasonable Efforts on Rezpeg.  *See* Dkt. 33-2 (License Agreement) § 1.1 (defining Commercially Reasonable Efforts to mean the "effort, expertise and resources normally used by [Lilly] in the development and/or commercialization of [Lilly's] comparable pharmaceutical product[s]").  Nektar's complaint specifically alleges that Lilly abandoned its contractual obligations to develop Rezpeg in favor of prioritizing lebrikizumab. Dkt. 25 (Complaint) ¶¶ 30-32 (describing Lilly's acquisition of lebrikizumab and subsequent loss of interest in Rezpeg).  Lilly previously argued that Ms. Mallbris' work on lebrikizumab was "irrelevant unless [it] influenced Lilly's decisions on REZEG [sic]."  (Dkt. 76 (Lilly Discovery Letter Brief) at 3.)  The Court expressly rejected this relevance argument at the June 20 hearing.  6/20/24 Hearing Tr. at 17:25-18:3, 18:18-19:3.  For at least these reasons, Ms. Mallbris should be added as a custodian, as well.

\*        \*        \*

Despite Nektar's repeated requests for Mr. Ricks and Ms. Mallbris' documents, Lilly has never been able to articulate any undue burden in complying with this request.  Any concerns that Mr. Ricks and Ms. Mallbris' responsive documents are "sensitive" proves that they should be produced, and any concerns over confidentiality are addressed by the three-tier protective order agreed to by the parties and entered by the Court. (Dkt. No. 39-1, 49.)  And, to the extent Lilly wishes to count noses, Nektar currently has more listed custodians (17) than Lilly (15), even though this dispute centers on *Lilly's* clinical drug development conduct.  Nektar thus respectfully requests that the Court order Lilly to add Mr. Ricks and Ms. Mallbris as document custodians.

Very truly yours,
*/s/ Yury Kapgan*
Yury Kapgan
*Attorney for Plaintiff Nektar Therapeutics*