**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065 | TEL (650) 801-5000 FAX (650) 801-5100

August 9, 2024

Honorable Judge James Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Nektar Therapeutics v. Eli Lilly & Co.* – Case No. 3:23-cv-03943-JD
      <u>Nektar Letter Motion to Compel Concerning Request for Production Set 3</u>

Dear Judge Donato,

In advance of the parties' August 29 discovery conference, and per the Court's instructions at the June 20, 2024 hearing, Plaintiff Nektar Therapeutics submits this letter regarding a discovery dispute with Defendant Eli Lilly & Company concerning Nektar's Request for Production Numbers 65-67, 70-88, and 101-105. Nektar certifies that the parties have conferred regarding these issues in accordance with the Court's Standing Order and Local Rules.

Lilly has brought defamation and breach of contract counterclaims, alleging reputational harm and damages from Nektar's public statements. *See* Dkt. 54 (Counterclaims) ¶ 95 ("Nektar made unprivileged and false statements about Lilly [that] caused Lilly reputational harm."), ¶ 100 ("Falsely accusing Lilly of making mistakes in clinical trial design and execution has a natural tendency to harm Lilly's business reputation."), ¶ 102 ("Nektar knew the statements would injure Lilly's reputation as a leader in clinical trials and pharmaceutical development."); *see also* Dkt. 70 (Opp. to Mot. to Dismiss) at 1-2 ("Lilly has adequately pled injury, alleging Nektar's statements harmed its reputation among investors, potential and current partners, doctors, and patients."); *id.* at 15 (Lilly's "Counterclaim's [include] many factual allegations that Lilly has suffered reputational harm on account of Nektar's public misstatements."). Lilly further represented in its Initial Disclosures that "[t]he precise amount of [Lilly's alleged] damages *will be the subject of discovery, including fact and expert testimony*." Nektar disputes that its statements harmed Lilly's reputation or cost it any business opportunities.

Nektar seeks, and Lilly has refused to produce, the following documents relating to the extent of, and alternative causes of, that alleged harm:

- Documents sufficient to show the impact on Lilly's financial performance arising from (a) Nektar's statements (RFP Nos. 65-67), (b) other public statements about Lilly (RFP Nos. 101-02), (c) Lilly's failure to meet earnings estimates (RFP No. 103), (d) Lilly's decisions to terminate drug development (RFP No. 104), and (e) FDA denial of any Lilly drug (RFP No. 105).

- Documents (including communications with Lilly investors and development partners) showing lost business opportunities, lost investments, and harm to Lilly's reputation arising from (a) the departure of Lilly CFO Josh Smiley (RFP Nos. 70-73), (b) a treble damages drug fraud verdict against Lilly (RFP Nos. 74-76), (c) a criminal probe into Lilly over manufacturing

irregularities and records tampering (RFP Nos. 77-79), (d) a complaint by the State of California alleging Lilly engaged in an insulin price-gouging scheme (RFP Nos. 80-82), (e) a settlement with the State of Minnesota over Lilly's alleged insulin price-gouging scheme (RFP Nos. 83-85), and (f) a certified fraud class action against Lilly for alleged coverup of bladder cancer risk caused by a diabetes drug (RFP Nos. 86-88).

These documents are relevant and necessary for Nektar to test Lilly's alleged harm and probe alternative causes. Alternate causes of damage are a common and appropriate subject of discovery. *See, e.g.*, *O. L. v. City of El Monte*, 2021 WL 926105, at *22 (C.D. Cal. Jan. 11, 2021) ("Plaintiff has placed her 'injuries' allegedly caused by Defendant's alleged conduct . . . at issue. Those conditions and their potential causes, including alternate potential causes, are appropriate subjects of discovery."); *Wheat v. Wal-Mart Assocs., Inc.*, 2023 WL 8544226, at *4 (E.D. Cal. Dec. 11, 2023) (compelling discovery of records that "may be relevant to evaluate [Plaintiff's] claims . . . and possible alternate causes or contributors to his alleged injuries"); *Hill v. Arnold*, 2015 WL 3523199, at *5 (N.D. Cal. June 4, 2015) (similar). Indeed, the Court expressly noted that Lilly's claims of damages necessitated discovery. 6/20/24 Hearing Tr. at 3:16-19 ("There's an issue of the damages . . . . If it turns out there are no damages, you can bring summary judgment.").

Lilly's principal objection is that, for a defamation *per se* cause of action, it is not obligated to introduce any evidence of reputational harm to receive "assumed damages," and Nektar's requests are therefore irrelevant. Lilly's objection is meritless.

*First*, it is a red herring. Lilly has sought *actual damages*—its initial disclosures represent that "[t]he precise amount of [Lilly's alleged] damages *will be the subject of discovery, including fact and expert testimony*"—and thus must produce relevant documents. When a party seeks actual damages for allegedly defamatory statements, evidence regarding that party's reputation is discoverable and admissible. *See, e.g.*, *Roe v. Puig*, 2021 WL 4340518, at *6 (C.D. Cal. July 14, 2021) (compelling Defendant's production in defamation counterclaim because "Plaintiff is entitled to conduct discovery to determine whether another reason . . . could be the proximate cause of, or have contributed to" the specific harm Defendant attributed to allegedly defamatory statement); *Unsworth v. Musk*, 2019 WL 8221086, at *3 (C.D. Cal. Nov. 27, 2019) (allowing defendant to introduce evidence of lack of injury because plaintiff was seeking actual damages in addition to assumed damage).[1] Lilly is certainly not *prohibited* from introducing evidence of damage for defamation, and has made no representation that it will not seek to do so.

---

[1] Lilly cited several inapposite cases in response to Nektar's Requests. Each deals with the exclusion of evidence *at trial*—not the scope of relevant discovery, and in each case the plaintiffs made clear they were seeking only assumed damages—which is not the case here. *Clay v. Lagiss*, 143 Cal. App. 2d 441, 446 (1956) (excluding reputation evidence where "plaintiff pleaded only general damages"); *Appel v. Wolf*, 2023 WL 5955184, at *5 (S.D. Cal. Sept. 12, 2023) (excluding reputation evidence where "Plaintiff has proffered that he does not intend to present any evidence of harm to support his request for $500,000 in assumed damages"); *Santo v. EFCO Forms*, 2005 WL 8176409, at *3 (E.D. Cal. Sept. 21, 2005) (excluding evidence where Plaintiff agreed "to forego actual damage claims").

*Second*, even if Lilly were only pleading assumed damages in its defamation counterclaim, Lilly has put forward *the same theory of reputational harm* for its breach of contract counterclaim. Dkt. 70 at 15 (arguing sufficiency of pleading breach of contract damages by pointing to the "many factual allegations that Lilly has suffered reputational harm on account of Nektar's" statements). Lilly cannot recover "assumed damages" for an alleged breach of contract.

New York law allows contract damages for reputational harm "only in exceptional cases and when plaintiff proves specific business opportunities lost as a result of its diminished reputation; vague assertions will not suffice." *Saxton Commc'n Grp., Ltd. v. Valassis Inserts, Inc.*, 1995 WL 679256, at *2 (S.D.N.Y. Nov. 15, 1995); *see also AmTrust N. Am., Inc. v. KF&B, Inc.*, 2020 WL 5503479, at *2 (S.D.N.Y. Sept. 11, 2020) (granting summary judgment where plaintiff did not put forward evidence of "non-renewal or failure to place business as a result of Defendant's alleged breaches"). Discovery into the impact of Nektar's statements, as well as the impact of other contemporaneous events, is necessary to determine if Lilly's alleged harm came "[a]s a direct and proximate result" of Nektar's statements *or an alternative cause*. Lilly's agreement to produce materials "sufficient to show the existence and extent of any financial or reputational harm" allegedly caused by Nektar's statements but refusal to produce materials as to other potential causes of that alleged harm (Response to RFP No. 68), only underscores that Nektar is entitled to discovery here.

Lilly's other objections are likewise inapposite. Lilly falsely claims that Nektar's requested discovery is "abusive and harassing." But *Lilly* has put its reputation at issue through its counterclaims. *See supra*; Dkt. 54 ¶¶ 95, 100, 102; Dkt. 70 at 1-2, 15. It cannot now cry foul that Nektar is seeking discovery into that subject. Finally, Lilly's objections on the grounds of burden are unsubstantiated. During meet and confer, Lilly was unable to quantify any burden associated with producing documents responsive to the Requests at issue. And, as Lilly has pointed out, Lilly's market capitalization is 3,000 times larger than Nektar's. *See* Dkt. 86; Fed. R. Civ. P. 26(b)(1) (directing consideration of "the parties' resources" in determining proportionality of discovery requests).

For all of these reasons, Lilly should be ordered to produce documents responsive to Nektar's Request for Production Numbers 65-67, 70-88, and 101-105.

Very truly yours,

*/s/ Yury Kapgan*

Yury Kapgan
Attorney for Plaintiff Nektar Therapeutics