**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

Gabor Balassa, P.C.
To Call Writer Directly:
+1 312 862 2186
gabor.balassa@kirkland.com

333 West Wolf Point Plaza
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

August 19, 2024

Honorable Judge James Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

  Re: *Nektar Therapeutics v. Eli Lilly and Company*, 23-cv-3943-JD (N.D. Cal.)

Dear Judge Donato,

  Lilly now responds to the third discovery dispute raised by Nektar in just two days, *see* ECF 90, where Nektar yet again seeks plainly irrelevant and highly burdensome discovery in an effort to litigate this case not on the merits but rather on the basis of which party can inflict the most pain on the other. *See* 8/9/2024 Nektar Letter Br. (ECF 90). This time Nektar challenges Lilly's objections to 27 Requests for Production that fall into two categories. **First**, Nektar seeks broad and unfettered discovery into Lilly's financial performance, despite Lilly's repeated representations that it is not alleging damages based on its financial performance or any financial metric. **Second**, Nektar seeks unfettered discovery into public events that received press coverage that are entirely unrelated to any allegation in this case—a blatant attempt to air what Nektar perceives to be Lilly's dirty laundry. Nektar's continued maximalist approach to discovery should be rejected, as it has failed to articulate the relevance of these requests and fallen far short of justifying the burden they would place on Lilly.

  **Lilly's Financial Performance (RFP Nos. 65-67, 101-105).** In these requests, Nektar seeks broad discovery related to Lilly's "stock price and market capitalization," "revenues, profits . . . net income," "earnings per share," "financial projections," and "financial performance." Lilly's Resp. to Nektar's Third Set of RFPs (ECF 90-1), at 9-11, RFP Nos. 65-67; *see also id.*, at 36-39, RFP Nos. 101-105. Nektar argues that it needs this discovery to assess the damages related to Lilly's counterclaims. But Lilly has repeatedly represented to Nektar—including in its written responses and objections to Nektar's Third Set of RFPs—that Lilly has not alleged special damages for harm or impact on its stock price, market capitalization, financial projections, financial performance, or any other financial metric that Nektar seeks discovery into on account of Nektar's statements. *Id.* That makes these requests irrelevant and unduly burdensome because they are not evidence relevant to the damages Lilly seeks to recover in this case.

  Nektar provides no persuasive justification for these requests. It instead claims that they are necessary to "probe alternative causes" of Lilly's alleged damages. 8/9/2024 Nektar Letter Br. (ECF 90), at 2. That suggestion is nonsensical. Lilly's financial performance cannot be relevant to the "cause" of Lilly's damages when Lilly is not alleging its financial performance constitutes damages. And even if information regarding Lilly's financial performance was relevant (and it is not), everything Nektar says it needs—earnings, market capitalization, stock price, and EPS—is publicly available. There is thus no basis to impose the burden on Lilly of responding to these eight requests seeking entirely irrelevant information.

**Other Lilly-Related Events (RFP Nos. 70-88).**  Nektar served nineteen different requests seeking discovery into six different publicized events that are entirely divorced from any issue in the case, including DOJ investigations, jury verdicts in other cases, class action settlements, and other litigation.  For example, Nektar seeks "[a]ll public statements [Lilly] made" and "[a]ll statements and Communications made by, or that [Lilly] received from, any Person not employed by [Lilly]" concerning (1) the departure of Lilly's CFO, (2) a jury verdict regarding false claims under Medicaid's drug rebate program, which is currently on appeal to the Seventh Circuit, (3) an investigation into alleged manufacturing irregularities and records tampering, which has not resulted in any action, (4) claims alleged in insulin pricing litigation, which has been dismissed, (5) a settlement regrading insulin pricing litigation, and (6) diabetes drug class action litigation.  Lilly's Resp. to Nektar's Third Set of RFPs (ECF 90-1), at 13-14, 16-27, RFP Nos. 70-71, 74-75, 77-78, 80-81, 83-84, 86-87.  Nektar even seeks "*[a]ll* Documents, Communications, and Things" concerning "any allegedly inappropriate communications made by Lilly executives, including former Chief Financial Officer Josh Smiley, to Lilly employees . . . ." *Id.* at 14-15, RFP No. 72 (emphasis added).  Nektar's goal in requesting these documents is transparent.  All they have in common is Nektar's belief that these are sensitive public events it can leverage in the litigation.  That is not a proper basis for discovery, but rather an abuse of the discovery process.

Nektar does not (because it cannot) articulate how the information it seeks has any relationship to Nektar's misconduct in defaming Lilly and breaching the parties' License Agreement or the reputational damage caused by that conduct.  Indeed, Nektar does not even try to do so.  It instead cites several cases it asserts stand for the proposition that Nektar is entitled to discovery into "alternative causes" of Lilly's reputational damages, and makes the conclusory assertion—supported by nothing—that these documents are relevant to "alternative causes."

But these cases drive home the impropriety of Nektar's request.  Unlike Nektar, the movant in each case made a connection between the discovery they sought and the damages the plaintiff claimed.  For example, in *O.L. v. City of El Monte*, the plaintiff, seeking damages under § 1983, alleged distress, anxiety, and depression as a result of the defendant's alleged conduct, and the requests at issue concerned the plaintiff's medical records relating to those *same* injuries.  2021 WL 926105, at *22 (C.D. Cal. Jan. 11, 2021).  The same was true in *Wheat v. Wal-Mart Assocs., Inc.* 2023 WL 8544226, at *4 (E.D. Cal. Dec. 11, 2023).  Medical records regarding the actual alleged harm are obviously relevant, while the discovery Nektar seeks into the events surrounding the departure of Lilly's CFO in 2021, for example, have nothing to do with Nektar's public comments about Lilly's management of clinical trials that affected "Lilly's reputation as a leader in clinical trials and pharmaceutical development." 8/9/2024 Nektar Letter Br. (ECF 90), at 1 (citing ECF 54, Lilly Counterclaims ¶¶ 100, 102).

The other cases Nektar cite having nothing to do with its request, and their inclusion in its letter is curious.  For example, Nektar cites *Hill v. Arnold*, in which the plaintiff brought a motion in limine to exclude evidence of the plaintiff's criminal history as "unfairly prejudicial and improper character evidence, under Rules 403 and 404(b)."  2015 WL 3523199, at *4 (N.D. Cal. June 4, 2015).  The court denied the motion in limine and held that "Plaintiff's prior criminal activity, including multiple arrests and convictions for murder and attempted arson involving the death of his girlfriend, could be an alternative cause of Plaintiff's alleged [wrist injuries and PTSD]," not any reputational harm.  *Id.* at *5.  Likewise in *Roe v. Puig*, the court granted discovery into the defendant's prior discipline from Major League Baseball because the defendant alleged the plaintiff's statements were "the reason he has not been hired by a professional baseball team."  2021 WL 4340518, at *6 (C.D. Cal. July 14, 2021).  Neither has anything to do with the discovery Nektar seeks here.

In reality, a defendant in a defamation suit cannot pry into other aspects of the plaintiff's reputation that are unrelated to the claim at issue.  This is especially true under California law, where damages are assumed in defamation per se cases, meaning a defendant "may not use evidence of [a]

[p]laintiff's purported misconduct [] or his poor reputation to argue a lack of injury." *See Appel v. Wolf*, 2023 WL 5955184 (S.D. Cal. Sept. 12, 2023); *see also Clay v. Lagiss*, 143 Cal. App. 2d 441, 447-448 (1956) (disallowing evidence that the person who heard the defendant's allegedly defamatory statement still held the plaintiff in high regard).  In all of the cases Nektar cites to support its assertion that it is entitled to broad reputation discovery, the plaintiffs sought actual damages, in addition to general presumed damages.

Even if these categories of documents were relevant, Nektar makes no attempt to show why it needs any documents *from Lilly*.  Only information that is publicly known can affect Lilly's reputation, such as articles in the press.  Lilly's internal discussion about these events did not affect Lilly's reputation at all because they were internal discussions.  That is an independent basis to deny Nektar's request.

Finally, the burden of producing documents in response to these RFPs would be immense.  As mentioned, these RFPs seek information that have nothing to do with Nektar or REZPEG.  Producing responsive documents would thus require collecting documents from data sources and custodians who have no involvement, whatsoever, with this case—many of which concern other legal proceedings that are privileged.  Because of the breadth of the requests, producing responsive documents would likely require the collection and close review of many more documents.  And, given Nektar's discovery conduct to date, one can be sure these productions would only lead to further complaints and demands for additional fishing expeditions, thereby creating multiple sideshows and mini litigations within this case.

***

Put simply, Nektar has plainly failed to justify the burden of these 27 discovery requests, which do not seek information relevant to the damages sought by Lilly in this case.  The Court should not indulge Nektar's requests for intrusive discovery divorced from the merits.  Lilly respectfully asks the Court to deny this request.

Respectfully submitted,

*Gabor Balassa, P.C.*

*Counsel for Defendant Eli Lilly and Company*