Mark C. Holscher (SBN 139582)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone (213) 680-8400
Facsimile: (213) 680-8500
Email: mark.holscher@kirkland.com

Christopher W. Keegan (SBN 232045)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: chris.keegan@kirkland.com

Gabor Balassa (admitted *pro hac vice*)
Ryan Moorman (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: gbalassa@kirkland.com
Email: ryan.moorman@kirkland.com

Counsel for Defendant Eli Lilly and Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>        Plaintiff/Counter-Defendant,<br><br>v.<br><br>ELI LILLY & CO.,<br><br>        Defendant/Counter-Claimant. | CASE NO. 3:23-CV-03943-JD<br><br>**ELI LILLY AND COMPANY'S MOTION TO VOLUNTARILY DISMISS ITS COUNTERCLAIMS FOR BREACH OF CONTRACT AND DEFAMATION WITH PREJUDICE**<br><br>Judge:        Hon. James Donato<br>Hearing Date:  October 9, 2025<br>Time:        1:30 p.m. PT<br>Courtroom:    11, 19th Floor |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** on October 9, 2025, at 1:30 p.m. PT,[1] or as soon thereafter as this matter may be heard, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA, 94102, in Courtroom 11, 19th Floor, before the Honorable James Donato, Defendant Eli Lilly and Company ("Lilly") will and hereby does move the Court for an Order voluntarily dismissing Lilly's Counterclaims with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2) and (c).

Lilly moves for an Order dismissing its Counterclaims against Defendant Nektar Therapeutics ("Nektar") for breach of contract and defamation (ECF No. 54 ¶¶ 86-103) with prejudice. Such an Order is proper because it would narrow the issues to be resolved in the litigation without causing Nektar any legal prejudice, as Lilly's claims cannot be refiled in a later action, and Lilly has no remaining claims in this case.

This Motion is based upon this Notice of Motion, the Motion presented below, the concurrently filed Proposed Order, the papers and records on file with the Court regarding this matter, and other such evidence or arguments as may be presented to the Court.

## ISSUE TO BE DECIDED

Whether the Court should enter an Order dismissing Lilly's Counterclaims with prejudice under Federal Rule of Civil Procedure 41(a)(2) and (c).

## BACKGROUND

On August 7, 2023, Nektar filed a Complaint against Lilly. ECF No. 1. On March 29, 2024, Lilly filed its answer to Nektar's Complaint together with two counterclaims for breach of contract and defamation. ECF No. 54. On July 12, 2024, Nektar filed an Answer to Lilly's Counterclaims. ECF No. 84.

On May 22, 2025, Lilly filed a motion for summary judgment, ECF No. 206, and Nektar filed a motion for summary judgment on Lilly's Counterclaims, ECF No. 194. While Lilly believes its Counterclaims have merit, and the Court would deny Nektar's motion for summary judgment, Lilly

---

[1] Lilly respectfully requests that the Court hear this Motion during the parties' October 9, 2025 Pretrial Conference.

decided to focus its trial presentation on defending against Nektar's claims, as it prepared for the October 27, 2025 trial date.

The Court has not yet issued an Order resolving either of the parties' motions for summary judgment. Granting this Motion will moot Nektar's motion for summary judgment, ECF No. 194, rendering a decision from this Court unnecessary. This case is presently set for trial beginning October 27, 2025.

On September 5, 2025, Lilly sought Nektar's assent to file a joint stipulation dismissing with prejudice Lilly's Counterclaims in the interest of judicial economy, and in the event Lilly's motion for summary judgment is denied, to streamline the issues presented at trial. Nektar agreed that Lilly's counterclaims can be dismissed, but it refused to stipulate to dismissal unless Lilly included language in the filing stating that "[t]he parties stipulate and agree that Nektar has prevailed on Lilly's counterclaims." Nektar appears to be seeking a premature determination that it is the "prevailing party." Lilly would not agree to include that language because the law in this Circuit is that "whether a party is 'the prevailing party' must be made in the context of a fully adjudicated case." *Oakley, Inc. v. Predator Outdoor Prods., LLC*, 2012 WL 13018551, at *2 (C.D. Cal. Apr. 16, 2012). "Determination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses." *Id.* (internal citation omitted). Accordingly, whether Nektar is ultimately the "prevailing party" in this case depends on the resolution of its affirmative claims. *See, e.g., Knight Global, LLC v. Monster Vision, LLC*, 2020 WL 14029107, at *2 (C.D. Cal. May 13, 2020) (declining to make a prevailing party determination because the while plaintiff had prevailed on a claim, it had several remaining claims, and if the defendant "ultimately prevail[ed] on those claims, [the plaintiff] would certainly not be the prevailing party."). Accordingly, "[b]ecause genuine disputes remain" for the Court or the jury to resolve, "it is premature to address [Nektar's] prevailing party status" now. *Big City Dynasty Corp. v. FP Holdings, L.P.*, 2021 WL 1949384, at *5 (D. Nev. May 14, 2021)

Although Nektar does not dispute the counterclaims should be dismissed, Nektar has forced Lilly to file this Motion. Lilly now requests that the Court enter an Order to voluntarily dismiss Lilly's Counterclaims for breach of contract and defamation, with prejudice, in order to streamline the issues for this Court to resolve.

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure Rule 41(a)(2) and (c), the Court may grant a motion to voluntarily dismiss a claim or counterclaim at any time, subject to the terms and conditions the Court deems proper. The Court "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). This Court should grant Lilly's motion to voluntarily dismiss its Counterclaims because (1) Nektar will not suffer any legal prejudice from the dismissal of the Counterclaims, and (2) it is in the best interest of the parties and judicial economy.

*First*, Nektar will not suffer any legal prejudice from the dismissal of Lilly's Counterclaims. Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). The "expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.* Here, Nektar only stands to benefit from the requested dismissal, particularly where Nektar has requested the same relief from this Court in a pending motion for summary judgment. Lilly requests a dismissal *with prejudice*, which will protect Nektar from any prejudice that might be present if Lilly sought to refile these claims. Instead, Nektar will permanently avoid defending against the Counterclaims, while facing no risk of judgment against it on these issues.

*Second*, the requested dismissal is in the best interest of the parties and the Court. This Court "strongly encourages the parties to engage in a good faith effort to narrow the claims and issues that will ultimately need to be tried to a jury." *Sarkisov v. Stonemor Partners L.P.*, 2014 WL 12644016, at *4 (N.D. Cal. June 25, 2014) (Donato, J.). Lilly is also cognizant of the Court's advice to "think[] about your long-term game" during the March 27, 2025 status hearing as part of a discussion on time limits allotted for trial. 2025-03-27 Hr'g Tr. at 35:2-5. Although Lilly pursued its Counterclaims in good faith, Lilly now elects to voluntarily dismiss these claims to streamline the issues in the litigation. Dismissal benefits the Parties and the Court by narrowing the issues for this Court or the jury to resolve, focusing the parties' trial preparation, and eliminating the need for the Court to issue a ruling on Nektar's motion for summary judgment on Lilly's Counterclaims.

**CONCLUSION**

Lilly respectfully asks the Court for an Order voluntarily dismissing Lilly's Counterclaims for

1  breach of contract and defamation with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2)
2  and (c).
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: September 19, 2025               Respectfully submitted,

*s/ Ryan Moorman*
_____
Mark C. Holscher (SBN 139582)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone (213) 680-8400
Facsimile: (213) 680-8500
Email: mark.holscher@kirkland.com

Christopher W. Keegan (SBN 232045)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: chris.keegan@kirkland.com

Gabor Balassa (admitted *pro hac vice*)
Ryan Moorman (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: gbalassa@kirkland.com
Email: ryan.moorman@kirkland.com

*Counsel for Defendant Eli Lilly and Company*

LILLY'S MOTION TO VOLUNTARILY DISMISS          5          CASE NO. 3:23-CV-03943-JD
ITS COUNTERCLAIMS WITH PREJUDICE