QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
  Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
  Suong Nguyen (Bar No. 237577)
  suongnguyen@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  David M. Elihu (Bar No. 303043)
  davidelihu@quinnemanuel.com
  Jimmy Bieber (Bar No. 301639)
  jimmybieber@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Attorneys for Plaintiff Nektar Therapeutics

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>Plaintiff,<br><br>vs.<br><br>ELI LILLY & CO.,<br><br>Defendant. | CASE NO. 3:23-cv-03943-JD<br><br>**PLAINTIFF NEKTAR THERAPEUTICS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING PRIOR LAWSUITS AGAINST NEKTAR**<br><br>Hon. James Donato<br>Hearing Date: October 9, 2025<br>Hearing Time: 1:30 p.m. |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on October 9, 2025, before the Honorable James Donato, Plaintiff Nektar Therapeutics, Inc., will move *in limine* to preclude Defendant Eli Lilly & Co. from introducing evidence or argument regarding prior lawsuits against Nektar.

This Motion is based on this Notice of Motion, Memorandum of Points and Authorities, and all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as may be presented to the Court at the time of or before the hearing.

**INTRODUCTION**

The Court should preclude Lilly from introducing evidence or argument concerning other lawsuits involving Nektar—including a shareholder suit filed against Nektar in 2021. *See* Dtk. 54 (Lilly's Counterclaims and Answer) ("Counterclaims") ¶¶ 66-67. Such evidence and argument is irrelevant and improper under Federal Rules of Evidence 401, 402, 403, 404, and 801.

**ARGUMENT**

Based on allegations Lilly has made in this case, Lilly intends to rely on allegations from an unrelated lawsuit regarding alleged insider trading and statements Nektar made about a different drug demonstrate Nektar is misrepresenting the truth about Rezpeg. Dkt. 54 (Counterclaims) ¶¶ 66-67 (alleging that Nektar has not "learned any lessons" from the previous lawsuit). As a preliminary matter, the parties in that lawsuit jointly stipulated to dismissal of the claims without any finding of liability, so it is unclear what "lessons" Lilly believes the case carried. *See* Joint Stipulation of Dismissal, *Zaviolova v. Robin et al.*, Case No. 2021-0118 (Del. Ch. Sep. 27, 2022). Regardless, any argument regarding this dismissed lawsuit violates several rules of evidence and should be excluded.

To the extent that Lilly intends to use a previous lawsuit against Nektar to argue that Nektar has a propensity for overstating its drugs' efficacy, Lilly runs squarely into Rule 404's prohibition on "bad acts" and "character trait" evidence. *Brooks v. Haggett*, 2010 WL 4226693, at *2 (N.D. Cal. Oct. 21, 2010) ("FRE 404(b) provides that evidence of prior acts is not admissible to show conduct in conformity with those acts"). Lilly cannot invoke unproven allegations in a separate (and dismissed) lawsuit brought against Nektar by third parties as evidence that Nektar is currently acting consistent with what those third parties alleged. *See, e.g.*, *Seals v. Mitchell*, 2011 WL 1399245, at *5 (N.D. Cal. Apr. 13, 2011) ("Plaintiff's litigation and grievance history does not pertain to Plaintiff's character for truthfulness to establish the exception under Rule 404(a)(3) . . . . Nor does this evidence prove Plaintiff's 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident' to establish the exception under Rule 404(b)").

Any other purpose that Lilly might have for introducing evidence of unrelated litigation would run afoul of Rules 402 and 403. The existence of an unrelated lawsuit against Nektar, for

unrelated statements about an unrelated drug, has no bearing on any of the claims or defenses in this matter, which deals with Lilly's conduct under the parties' License Agreement. *See* Dkt. 62-2 (Nektar's First-Amended Complaint); *see also* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible"). But even if unproven allegations against Nektar in a dismissed lawsuit were somehow relevant, the risk of confusion and unfair prejudice would substantially outweigh any minimal probative value those allegations might provide. As the Ninth Circuit has recognized, "[e]vidence of prior lawsuits should be excluded when the possible prejudice to a party outweighs any probative value." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 686 F. App'x 422, 424-25 (9th Cir. 2017). Here, the unproven allegations by third parties regarding a drug not at issue in this case that Lilly cites have next to no "tendency" to make any fact of consequence "more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also Bulletin Displays, LLC v. Regency Outdoor Advert., Inc.*, 2011 WL 7710202, at *1 (C.D. Cal. Nov. 10, 2011) (granting motion in limine to exclude evidence of other lawsuits because such evidence "is irrelevant character evidence and would cause unnecessary delay and confusion of the genuine issues if presented at trial"). And introducing these allegations would raise a substantial "danger of confusing the issues, wasting time and misleading the jury by creating a trial within a trial on a collateral issue." *Blockchain Innovation, LLC v. Franklin Res., Inc.*, 2025 WL 1002798, at *5 (N.D. Cal. Apr. 3, 2025).

Finally, to the extent Lilly intends to rely on the unproven allegations of third parties for their truth, the allegations are inadmissible hearsay. *See* Fed. R. Evid. 801(c).

## CONCLUSION

For these reasons, the Court should exclude any evidence or argument regarding prior lawsuits against Nektar.

DATED: September 25, 2025          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Yury Kapgan*
Yury Kapgan

*Attorney for Plaintiff Nektar Therapeutics*

Mark C. Holscher, P.C. (SBN 139582)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email: mark.holscher@kirkland.com

Emma Scott (SBN 352078)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: emma.scott@kirkland.com

Diana M. Watral, P.C. (admitted *pro hac vice*)
Gabor Balassa, P.C. (admitted *pro hac vice*)
Ryan J. Moorman, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: diana.watral@kirkland.com
Email: gbalassa@kirkland.com
Email: ryan.moorman@kirkland.com

*Counsel for Defendant Eli Lilly and Company*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>        Plaintiff/Counter-Defendant,<br><br>v.<br><br>ELI LILLY & CO.,<br><br>        Defendant/Counter-Claimant. | CASE NO. 3:23-CV-03943-JD<br><br>**ELI LILLY AND COMPANY'S OPPOSITION TO NEKTAR'S MOTION *IN LIMINE* NUMBER ONE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING PRIOR LAWSUITS AGAINST NEKTAR**<br><br>Judge:      Hon. James Donato<br>Hearing Date:  October 9, 2025<br>Time:      1:30 p.m. PT<br>Courtroom:  11, 19th Floor |

LILLY'S OPPOSITION TO NEKTAR'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING PRIOR LAWSUITS

CASE NO. 3:23-CV-03943-JD

**INTRODUCTION**

Nektar's Motion *in Limine* No. 1 seeks a blanket exclusion of all evidence or argument "concerning other lawsuits involving Nektar—including a shareholder suit filed against Nektar in 2021" alleging that Nektar "disseminated false and misleading statements" about the purported efficacy of its drugs[1]—on the grounds of irrelevance and prejudice.  MIL No. 1 at 1.  But evidence concerning prior alleged misstatements by Nektar employees—the same employees who have been disclosed as trial witnesses in this case—about their own drugs' efficacy is plainly relevant and admissible under the Federal Rules of Evidence for the purpose of testing their credibility, and Nektar should not be allowed to exclude questioning about allegations and misstatements from the *Zavialova* lawsuit in their entirety before trial.[2]

**ARGUMENT**

Evidence that Nektar's executives lied to investors about the efficacy of their drugs is admissible under Federal Rule of Evidence 608 to probe the credibility of those same speakers who will testify as witnesses in this case.  The *Zavialova* plaintiffs alleged that Nektar's CEO, Howard Robin, and Chief Research and Development Officer, Dr. Jonathan Zalevsky, "made and failed to correct a series of improper statements concerning NKTR-214 [also known as Bempeg] and its impact on cancer-fighting CD8+ T cells.  In particular, Nektar's fiduciaries made presentations on behalf of the Company in which they repeatedly claimed to the investing public that tumor-infiltrating CD8+ T cells increased by an average of 30-fold in purportedly ten patients dosed with NKTR-214 every three weeks.  In reality, however, the '30-fold increase' did not reflect the average patient." Ex. 1, *Zavialova* Compl. ¶ 86.

Both Mr. Robin and Dr. Zalevsky are listed as "will call" on Nektar's trial witness list, and evidence or argument bearing on their propensity for truthfulness is proper cross-examination.  "Under Rule 608(b)(1), the Court may permit cross-examination of a witness with respect to specific instances of conduct if they are probative of the witness's character for truthfulness or untruthfulness." *Houserman v. Comtech Telecommunications Corp.*, 519 F. Supp. 3d 863, 875 (W.D. Wash. 2021).  For instance, in *Houserman* the court denied a motion *in limine* seeking to prevent a party "from cross-examining [a

---

[1] Ex. 1, Public Complaint, *Zavialova v. Robin et al.*, Case No. 2021-0118, 2021 WL 653018 (Del. Ch. Feb. 12, 2021).

[2] While Nektar's motion refers to "other lawsuits," it only discusses the *Zavialova* case, so Lilly limits its response to that case.

LILLY'S OPPOSITION TO NEKTAR'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING PRIOR LAWSUITS          1          CASE NO. 3:23-CV-03943-JD

witness] with allegations made against him in complaints filed in 2002 and 2009" because, under Rule 608, "[i]nstances of conduct that undermine [that witness's] deposition testimony and attack his credibility are admissible." *Id.* The purportedly fraudulent prior statements of Nektar's trial witnesses concerning their drugs' efficacy are probative of their character for truthfulness or untruthfulness, as they will be testifying about Rezpeg's efficacy and whether Lilly was right to have ended its development. And it is of no consequence that the prior lawsuit against Nektar was dismissed via settlement, MIL No. 1 at 1, because the witnesses at issue "need not first be convicted of the charges against [them]; any misconduct reflective of the character trait of dishonesty is sufficient" for the application of Rule 608. *Williams v. City of Long Beach*, 2021 WL 9314952, at *6 (C.D. Cal. Dec. 27, 2021) ("Generally speaking, [plaintiff] is entitled on cross-examination to inquire about specific instances of prior frauds, such as a past falsification of a police report, in order to undermine [defendant's] truthfulness."), *order confirmed*, 2022 WL 59629 (C.D. Cal. Jan. 5, 2022).

Nektar argues that, "[t]o the extent that Lilly intends to use a previous lawsuit against Nektar to argue that Nektar has a propensity for overstating its drugs' efficacy, Lilly runs squarely into Rule 404's prohibition on 'bad acts' and 'character trait' evidence." MIL No. 1 at 1. But Rule 404(b) has no application because Lilly does not seek to introduce the securities lawsuit "to prove [Nektar's] character in order to show that on a particular occasion [Nektar] acted in accordance with the character"—i.e., that Nektar committed securities fraud in this case, too. Fed. R. Evid. 404(b)(1). Instead, Lilly seeks only to probe these witnesses on cross-examination about their alleged misstatements from the *Zavialova* suit because they are probative of the witness's character for truthfulness or untruthfulness under Rule 608, which is expressly allowed under Rule 404(a)(3).

**CONCLUSION**

For the reasons stated above, the Court should deny Nektar's Motion *in Limine* No. 1.

DATED:  September 25, 2025                    Respectfully submitted,


                                             *s/ Ryan J. Moorman, P.C.*
                                             Mark C. Holscher, P.C. (SBN 139582)
                                             KIRKLAND & ELLIS LLP
                                             555 South Flower Street, Suite 3700
                                             Los Angeles, CA 90071
                                             Telephone: (213) 680-8400
                                             Facsimile: (213) 680-8500
                                             Email: mark.holscher@kirkland.com

                                             Emma Scott (SBN 352078)
                                             KIRKLAND & ELLIS LLP
                                             555 California Street, Suite 2700
                                             San Francisco, CA 94104
                                             Telephone: (415) 439-1400
                                             Facsimile: (415) 439-1500
                                             Email: emma.scott@kirkland.com

                                             Diana M. Watral, P.C. (admitted *pro hac vice*)
                                             Gabor Balassa, P.C. (admitted *pro hac vice*)
                                             Ryan J. Moorman, P.C. (admitted *pro hac vice*)
                                             KIRKLAND & ELLIS LLP
                                             333 West Wolf Point Plaza
                                             Chicago, IL 60654
                                             Telephone: (312) 862-2000
                                             Facsimile: (312) 862-2200
                                             Email: diana.watral@kirkland.com
                                             Email: gbalassa@kirkland.com
                                             Email: ryan.moorman@kirkland.com

                                             *Counsel for Defendant Eli Lilly and Company*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

I, John ("Mickey") McCauley, am the ECF user whose user ID and password are being used to file this document.  I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By  */s/ John McCauley*
John McCauley