| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Mark C. Holscher, P.C. (SBN 139582) |
|   Diane M. Doolittle (Bar No. 142046) | KIRKLAND & ELLIS LLP |
|   dianedoolittle@quinnemanuel.com | 555 South Flower Street, Suite 3700 |
|   Yury Kapgan (Bar No. 218366) | Los Angeles, CA 90071 |
|   yurykapgan@quinnemanuel.com | Telephone: (213) 680-8400 |
|   Suong Nguyen (Bar No. 237577) | Facsimile: (213) 680-8500 |
|   suongnguyen@quinnemanuel.com | Email: mark.holscher@kirkland.com |
|   Kyle Batter (Bar No. 301803) | |
|   kylebatter@quinnemanuel.com | Emma Scott (SBN 352078) |
| 555 Twin Dolphin Drive, 5th Floor | KIRKLAND & ELLIS LLP |
| Redwood Shores, California 94065-2139 | 555 California Street, Suite 2700 |
| Telephone:    (650) 801-5000 | San Francisco, CA 94104 |
| Facsimile:    (650) 801-5100 | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
|   David M. Elihu (Bar No. 303043) | Email: emma.scott@kirkland.com |
|   davidelihu@quinnemanuel.com | |
|   Jimmy Bieber (Bar No. 301639) | Diana M. Watral, P.C. (admitted *pro hac vice*) |
|   jimmybieber@quinnemanuel.com | Gabor Balassa, P.C. (admitted *pro hac vice*) |
| 865 South Figueroa Street, 10th Floor | Ryan J. Moorman, P.C. (admitted *pro hac vice*) |
| Los Angeles, California 90017-2543 | KIRKLAND & ELLIS LLP |
| | 333 West Wolf Point Plaza |
| *Attorneys for Plaintiff Nektar Therapeutics* | Chicago, IL 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: diana.watral@kirkland.com |
| | Email: gbalassa@kirkland.com |
| | Email: ryan.moorman@kirkland.com |
| | |
| | *Counsel for Defendant Eli Lilly and Company* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEKTAR THERAPEUTICS, | CASE NO. 3:23-CV-03943-JD |
|         Plaintiff, | **JOINT SUBMISSION OF PROPOSED VERDICT FORMS** |
|     v. | |
| ELI LILLY & CO., | Judge:    Hon. James Donato |
|         Defendant. | |

Pursuant to the Court's Standing Order for Civil Jury Trials Before Judge James Donato, the parties hereby submit the following set of competing proposed verdict forms.

## I. NEKTAR'S PROPOSED VERDICT FORM

In answering the following questions and filling out this Verdict Form, you are to follow the Court's Final Instructions to the Jury and any instructions provided in this form. Your answer to each of the following questions must be unanimous.

We, the jury, unanimously agree to the answers to the following questions submitted to us, and we return them as our verdict in this case:

**Question No. 1: Breach of Contract**

Did Nektar prove by a preponderance of the evidence that Eli Lilly & Co. ("Lilly") breached the License Agreement with Nektar Therapeutics ("Nektar")?

YES _____     NO _____

**Question No. 2: Breach of Implied Covenant of Good Faith and Fair Dealing**

Did Nektar prove by a preponderance of the evidence that Lilly breached the covenant of good faith and fair dealing implied in the License Agreement with Nektar?

YES _____     NO _____

*If you answered "Yes" to any of the above questions, then continue to Question No. 3. If you answered "No" to all of the above questions, then skip Question No. 3 and continue to the next page to sign and date this form.*

**Question No. 3: Damages**

If you answered "YES" to Question No. 1 or "YES" to Question No. 2 (or "YES" to both), what amount of damages, if any, did Nektar prove by a preponderance of the evidence that the breach(es) caused to Nektar?

$ _____

*[Please continue to the next page to sign and date this form]*

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the spaces below and notify the courtroom deputy that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: _____, 2025    SIGNED:

_____
Presiding Juror

## II.     LILLY'S PROPOSED VERDICT FORM

In answering the following questions and filling out this Verdict Form, you are to follow the Court's Final Instructions to the Jury and any instructions provided in this form.  Your answer to each of the following questions must be unanimous.

We, the jury, unanimously agree to the answers to the following questions submitted to us, and we return them as our verdict in this case:

**Question No. 1: Breach of Commercially Reasonable Efforts Clause in License Agreement**[1]

Did Nektar prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Lilly breached an obligation to use Commercially Reasonable Efforts under the License Agreement?

YES _____   NO _____

**Question No. 2: Breach of License Agreement, Good Research Practices**

Did Nektar prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Lilly breached an obligation to use Good Research Practices under the License Agreement?

YES _____   NO _____

**Question No. 3: Breach of Obligation to Reasonably Cooperate in Transfer of Rezpeg Materials**

Did Nektar prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Lilly breached an obligation to reasonably cooperate with Nektar in transferring materials necessary for the continued development of Rezpeg?

YES _____   NO _____

---

[1] By submitting the proposed instructions and draft verdict form, Lilly expressly does not agree that any of these questions should be submitted to the jury because Lilly is entitled to judgment as a matter of law on all of Nektar's claims, including for the reasons set forth in its pending motion for summary judgment.

**Question No. 4: Breach of Implied Covenant of Good Faith and Fair Dealing in License Agreement**

Did Nektar prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Lilly breached the implied covenant of good faith and fair dealing in the License Agreement?

   YES       NO
   _____      _____

*If you answered "Yes" to any of the above questions, then continue to Question No. 5. If you answered "No" to all of the above questions, then skip Question No. 5 and continue to the next page to sign and date this form.*

**Question No. 5: Damages**

What is the amount of damages, if any, that Nektar proved by a preponderance of the evidence and in accordance with the instructions given to you, that Nektar is entitled to recover for Lilly's breach(es)?

  $ _____

*[Please continue to the next page to sign and date this form]*

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  The Presiding Juror should then sign and date the verdict form in the spaces below and notify the courtroom deputy that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: _____, 2025          SIGNED:

_____
Presiding Juror

## III. NEKTAR'S POSITION

Nektar's proposed general verdict form is straight-forward and will enable the jury to state their conclusions on the ultimate issues of (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) damages by answering a single, simple question on each issue. It is modeled after verdict forms used by this Court in prior cases. *See Telesocial Inc. v. Orange S.A.*, No. 14-cv-03985-JD, Dkt. 347 at 8 (final verdict form with single question for each of breach of contract, implied covenant, and damages); *CZ Services, Inc. v. Express Scripts Holding Company*, No. 3:18-cv-04217-JD, Dkt. 541 at 5 (final verdict form with single questions for counter-claimants' breach of contract claims against each counter-defendant). The *Telesocial Inc. v. Orange S.A.* verdict form is excerpted here for reference:

---

**SECTION IV.  BREACH OF CONTRACT CLAIMS**

**Question No. 13:  Contract Claims – Breach of Contract**

Do you find by a preponderance of the evidence that defendant Orange, S.A. breached the Telesocial Terms of Use?

"Yes" is a finding for Telesocial.  "No" is a finding for Orange.

\_\_\_\_YES     \_\_\_\_NO

**Question No. 14:  Contract Claims – Breach of Implied Covenant of Good Faith and Fair Dealing**

Do you find by a preponderance of the evidence that defendant Orange, S.A. breached the covenant of good faith and fair dealing implied in the Telesocial Terms of Use?

Yes" is a finding for Telesocial.  "No" is a finding for Orange.

\_\_\_\_YES     \_\_\_\_NO

**Question No. 15:  Contract Claims – Damages**

If you answered "Yes" in question 13 or 14, what amount of damages, if any, did Telesocial prove by a preponderance of the evidence that the breach(es) caused to Telesocial?  **If you did not answer "Yes" in question 13 or 14, do not answer.**

$_____

---

Lilly's proposed verdict form, on the other hand, includes extraneous verbiage (*e.g.*, "in accordance with the instructions given to you") and unnecessarily subdivides the breach of contract

question into three parts, each asking the jury whether Lilly breached "an obligation to" do something under the License Agreement.

But there is no need for multiple questions or Lilly's extraneous language. The details of Nektar's claims, including the elements and legal theories, will all be provided to the jury in the form of jury instructions. Restating them in the verdict form is duplicative and unnecessarily complicates the verdict form. The jury should be able to state their conclusion on breach of contract succinctly and without additional distracting language. *Cf. Cahill v. Edalat*, No. 17-56826, 2021 WL 2850588, at *4 (9th Cir. July 8, 2021) (no abuse of discretion in choosing a "general verdict form [that] would be easier for the jury to understand"); *Santos v. Posadas De Puerto Rico Assocs., Inc.*, 452 F.3d 59, 65 (1st Cir. 2006) (no error in decision to use "minimalist" and "simple, easily understood" verdict forms over "complicated" ones given the "straightforwardness of the plaintiffs' cause of action" and noting that "[l]ess is sometimes more"); *Omnitracs, LLC v. Motive Techs., Inc.*, 2025 WL 2217593, at *8 (N.D. Cal. Aug. 5, 2025) (choosing verdict form that would be "'simpler,' 'more efficient,' and less confusing for the jury").

IV. **LILLY'S POSITION**

The Court should adopt Lilly's proposed verdict form for two reasons. First, whereas Nektar's proposal inappropriately combines three of its four different breach of contract claims into one question, Lilly's proposed form includes distinct questions for each breach of contract claim. Lilly's approach is consistent with verdict forms that this Court has used previously. In *Monahan Pacific Corp. v. Travelers Property Casualty*, for example, this Court included separate questions for different theories of breach of the implied covenant of good faith:

> **Question No. 3**:
> Did plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that defendant breached the obligation of good faith and fair dealing by unreasonably failing to pay insurance policy benefits that were due to plaintiffs under the insurance policy?
>
> ____ YES      ____ NO
>
> **Once you've answered Question 3, continue to Question 4.**
>
> **Question No. 4**:
> Did plaintiffs prove, by a preponderance of the evidence and in accordance with the instructions given to you, that defendant breached the obligation of good faith and fair dealing by failing to conduct a proper investigation of plaintiffs' insurance claims?

Verdict Form at Questions No. 3 and 4, *Monahan Pacific Corporation v. Travelers Property Casualty*, 22-cv-03593-JD (N.D. Cal. Sep. 26, 2024), ECF No. 75. Other courts have done the same. *See, e.g.*, *Menlo Logistics Inc. v. Western Express Inc.*, 4-cv-4684 (N.D. Cal. Nov. 15, 2015). ECF No. 109 at Questions 1 and 2 (including separate questions for different theories of contractual breach). And leading treatises recognize this approach as permissible. *See* § 2504.1 Multiple General Verdicts, 9B Fed. Prac. & Proc. Civ. § 2504.1 (3d ed.) ("In cases involving … theories of liability … the district court may … have the jury render multiple general verdicts.").

That is for good reason. Having separate questions for each contract claim should focus the jury on the specific contractual provisions that Nektar claims Lilly breached. This focus is important to ensure that the jury bases its decision on the actual obligations of the contract, not extra-contractual arguments that Nektar plainly intends to raise at trial. Moreover, over the course of the

trial, the jury may hear varying degrees of evidence on each of Plaintiff's claims. In order to focus their deliberations, it would be far clearer for the jury to be asked to decide each different contract claim so they do not become confused as to the bases for particular claims during their deliberations.

Second, and independently, Nektar's proposed verdict form omits language used by this Court in other cases—specifically, language requiring the jury to make their decision "in accordance with the instructions given to you" and based on the "preponderance of the evidence" for every question. The Court should include this language, which is standard, and included in verdict forms that this Court has used previously in cases such as *Frasco v. Flo Health* and *Monahan Pacific Corp. v. Travelers Prop. Casualty*. *See* Verdict Form, *Frasco v. Flo Health, Inc.*, 21-CV-00757-JD (N.D. Cal. Jul. 31, 2025), ECF No. 745; Verdict Form, *Monahan Pacific Corp. v. Travelers Prop. Casualty*, 22-cv-03593-JD (N.D. Cal. Sep. 26, 2024), ECF No. 75. Lilly's proposed verdict form more accurately reflects the specific decisions the jury is required to make, according to the legal standards they are required to apply.


DATED: September 25, 2025             Respectfully submitted,

                                           QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                           *s/ Yury Kapgan*
                                             Yury Kapgan

                                          *Counsel for Plaintiff Nektar Therapeutics*


DATED: September 25, 2025             Respectfully submitted,

                                           KIRKLAND & ELLIS LLP

                                           *s/ Ryan J. Moorman, P.C.*
                                             Ryan J. Moorman, P.C.

                                          *Counsel for Defendant Eli Lilly and Company*

## **ATTESTATION PURSUANT TO CIVIL L.R. 5-1(I)(3)**

I, John ("Mickey") McCauley, am the ECF user whose user ID and password are being used to file this document. I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By  /s/ *John McCauley*
      John McCauley