QUINN EMANUEL URQUHART &
SULLIVAN, LLP
  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
  Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
  Suong Nguyen (Bar No. 237577)
  suongnguyen@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  David M. Elihu (Bar No. 303043)
  davidelihu@quinnemanuel.com
  Jimmy Bieber (Bar No. 301639)
  jimmybieber@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Plaintiff Nektar Therapeutics*

Mark C. Holscher, P.C. (SBN 139582)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email: mark.holscher@kirkland.com

Emma Scott (SBN 352078)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: emma.scott@kirkland.com

Diana M. Watral, P.C. (admitted *pro hac vice*)
Gabor Balassa, P.C. (admitted *pro hac vice*)
Ryan J. Moorman, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: diana.watral@kirkland.com
Email: gbalassa@kirkland.com
Email: ryan.moorman@kirkland.com

*Counsel for Defendant Eli Lilly and Company*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>Plaintiff,<br><br>vs.<br><br>ELI LILLY & CO.,<br><br>Defendant. | CASE NO. 3:23-cv-03943<br><br>**JOINT SUBMISSION OF EXHIBIT LISTS**<br><br>Hon. James Donato<br>Trial Date: October 27, 2025<br>Location:  Courtroom 11 |

Pursuant to Paragraph 15 of the Court's Standing Order for Civil Jury Trials, Plaintiff Nektar Therapeutics, Inc. and Defendant Eli Lilly and Company hereby submit (1) a chart summarizing the exhibits that the parties agree are admissible ("Undisputed List") (Exhibit A)[1], and (2) a chart summarizing the exhibits for which admissibility is disputed ("Disputed List") (Exhibit B).

DATED:  September 25, 2025          Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


_s/ Yury Kapgan_
Yury Kapgan

*Counsel for Plaintiff Nektar Therapeutics*

DATED:  September 25, 2025          Respectfully submitted,

KIRKLAND & ELLIS, LLP


_s/ Ryan Moorman_
Ryan J. Moorman, P.C.

*Counsel for Defendant Eli Lilly and Company*

---

[1] The parties agree that all exhibits on the Undisputed List are admissible, subject to any forthcoming Court order on pending motions in limine that may render them inadmissible.  Further, the parties reserve the right to object to specific testimony about the exhibits on the Undisputed List on grounds separate from admissibility.

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(I)(3)

I, John ("Mickey") McCauley, am the ECF user whose user ID and password are being used to file this document. I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By  /s/ *John McCauley*
John McCauley

# EXHIBIT A

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0001 | 11/20/2000 | | | Article titled The eczema area and severity index (EASI): Assessment of reliability in atopic dermatitis, J. M. Hanifin | Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0002 | 1/1/2001 | N/A | | Hanifin et al. article | | Manner | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross-examination of Nektar expert witness. |
| Trial Exh 0005 | 9/1/2007 | | | FDA Guidance for Industry, Toxicity Grading Scale for Healthy Adult and Adolescent Volunteers Enrolled in Preventive Vaccine Clinical Trials | Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0016 | 1/1/2014 | | | Article titled clinical development success rates for investigational drugs | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | |
| Trial Exh 0017 | 1/1/2014 | | | Article titled clinical development success rates for investigational drugs | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | |
| Trial Exh 0018 | 1/1/2014 | N/A | | Hay et al. (2014) - Clinical Development Success Rates for Investigational Drugs | | Robbins | | Cross-examination of Nektar expert witness |
| Trial Exh 0028 | 3/1/2016 | | | Taltz FDA Product Labeling | Nirula; Ramseyer; Schmitz; Pfeifer; Klekotka; Skovronsky | | Proof of Lilly's liability for breach of contract | |
| Trial Exh 0034 | 11/21/2016 | Nektar0000000880 | Nektar0000000881 | Email from Jonathan Zalevsky to Lisa Decker re: Re: Introduction to Eli Lilly | Decker; Zalevsky; Kotzin; Robbins | | Proof of Lilly's liability for breach of contract; proof of damages caused by Lilly's breaches | |
| Trial Exh 0035 | 11/24/2016 | Nektar00000785645 | Nektar00000785645 | Email from Jonathan Zalevsky to Multiple Recipients re: NKTR-358 EC 28Nov2016x | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0037 | 11/30/2016 | Nektar00000292053 | Nektar00000292053 | Email from Brian Kotzin to Lisa Decker, Jonathan Zalevsky re: Re: Nektar | Decker; Zalevsky; Kotzin; Nirula | | Proof of Lilly's liability for breach of contract; proof of damages caused by Lilly's breaches | |
| Trial Exh 0038 | 11/30/2016 | LLY00995723 | LLY00995724 | Zalevsky BD introductions email | | Nirula; Kotzin; Zalevsky | | Relevant to collaboration partnership and Rezpeg background; Cross examination of the named Nektar witness(es). |
| Trial Exh 0039 | 12/1/2016 | LLY00995721 | LLY00995722 | Email from Nirula re Nektar | | Kotzin; Zalevsky; Nirula | | Relevant to collaboration partnership and Rezpeg background; Cross examination of named Nektar witness(es) |
| Trial Exh 0043 | 1/18/2017 | Nektar00000005071 | Nektar00000005082 | PowerPoint titled NKTR-358 Partnering | Zalevsky; Kotzin; Robin; Ruddock; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0044 | 1/21/2017 | Nektar00000046776 | Nektar00000046777 | Sasaki email attaching Pre-collaboration NKTR-358 program review | | Other Nektar Witness | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0045 | 1/25/2017 | Nektar00000889655 | Nektar00000889656 | Email from Sasaki re NKTR-358 BOD Materials for 13:30 review | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0046 | 1/26/2017 | Nektar00000801470 | Nektar00000801471 | Email from Tagliaferri re TPPs | | Tagliaferri; Zalevsky; Sasaki | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0048 | 2/3/2017 | Nektar00000171631 | Nektar00000171637 | Email from Griffiths re Nektar | | Other Nektar Witness | | Relevant to collaboration partnership and Rezpeg background; cross examination of the named Nektar witness(es). |
| Trial Exh 0050 | 2/15/2017 | LLY00916287 | LLY00916291 | Non-Binding Business Term Sheet | Kutoloski; Decker | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0052 | 2/17/2017 | Nektar00000657066 | Nektar00000657066 | Email from Robin re Nektar Update | | Robin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0055 | 2/24/2017 | LLY00733262 | LLY00733263 | Email from Andrea Renfro to Heather A Wasserman re: [EXTERNAL] Eli Lilly / Nektar 2/27 On-site Agenda | Decker; Kutoloski | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0058 | 3/2/2017 | LLY00986183 | LLY00986191 | Email from Heather Wasserman to Thomas F Bumol re: Hummingbird visit update | Kutoloski; Nirula; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0062 | 3/24/2017 | LLY02419699 | LLY02419762 | PowerPoint titled Project Hummingbird | Jonsson; Skovronsky; Nirula; Klekotka; Pfeifer; Evans; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0063 | 4/7/2017 | LLY00963709 | LLY00963710 | Email thread between L. Decker and D. Kutoloski re Check In | | Kutoloski; Buthusiem | | Relevant to collaboration partnership and Rezpeg background; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0065 | 4/13/2017 | LLY02329542 | LLY02329547 | Email from David Kutoloski to Heather Wasserman, Michael Czapar re: Hummingbird Terms response | Kutoloski; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0066 | 5/10/2017 | LLY02355884 | LLY02355911 | Email from Michael Czapar to Darren John Carroll, Martin Bott, and others re: RE: Project Hummingbird | Kutoloski; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0067 | 5/25/2017 | LLY02364293 | LLY02364301 | Email from David Kutoloski to Lauren Zierke re: RE: Project Hummingbird Info | Kutoloski; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0069 | 5/26/2017 | LLY02458758 | LLY02458759 | Email from Alma Rosalia Morquecho to David Kutoloski re: RE: Hummingbird -GREEN LIGHT! | Kutoloski; Nirula; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0072 | 6/7/2017 | Nektar00000795121 | Nektar00000795122 | Email from Hora re Some interesting information on injection site reaction of other PEG-proteins | | Buthusiem; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0073 | 6/8/2017 | LLY00988767 | LLY00988773 | Email from Janice Evans to Chaoyu Xie, Paul Klekotka re: Regulatory assumptions and risks for HB clinical dev plan | Evans; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0074 | 6/8/2017 | LLY00914173 | LLY00914199 | Email from Elizabeth Claire Bearby to Daniel Skovronsky, Anne E White re: FW: Hummingbird development plan | Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0075 | 6/8/2017 | LLY00988987 | LLY00988988 | Email from Nancy Wilkerson to David Kutoloski, David Murray re: RE: *** Hummingbird EC pre-read request *** | Kutoloski; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0076 | 6/10/2017 | Nektar00000795093 | Nektar00000795094 | Email from Labrucherie re Slide of Merlot Development Time | | Robin; Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0080 | 6/23/2017 | Nektar00000438451 | Nektar00000438457 | Email from Lisa Decker to Howard Robin, John Nicholson and others re: Merlot Update | Decker; Robin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0083 | 6/26/2017 | Nektar00000002172 | Nektar00000002175 | Email from Lisa Decker to Jonathan Zalevsky re: FW: Nektar / Janssen discussions | Decker; Zalevsky; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0084 | 7/1/2017 | | | Taltz FDA Label | Lancaster; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0085 | 7/9/2017 | LLY00827986 | LLY00828009 | Email from Deberah to Darren John Carroll, Thomas Bunol, and others re: July 19 Board Meetings | Nirula; Rao; Kutoloski | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0087 | 7/13/2017 | LLY01315739 | LLY01315751 | Email from Darren John Carroll to Christie Shaw, Jan Lundberg, Daniel Skovronsky, and others re: RE: Hummingbird Board Draft deck | Skovronsky; Kutoloski; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0088 | 7/14/2017 | LLY02474873 | LLY02474873 | Baricitinib - Phase 2 Atopic Dermatitis - CSR Addendum | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0089 | 7/14/2017 | LLY02042901 | LLY02042916 | Email from David Kutoloski to M Johnston Erwin re: Board pre-reads for Project Hummingbird | Kutoloski; Skovronsky; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0090 | 7/17/2017 | LLY01362042 | LLY01362126 | License Agreement – Execution Version | | Nirula; Skovronsky; Jonsson; Buthusiem; Zalevksy; Decker; Huckstep; Pfeifer; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es); Relevant to License Agreement terms and/or compliance. |

3

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0091 | 7/17/2017 | LLY01340224 | LLY01340308 | License Agreement between Nektar Therapeutics and Eli Lilly and Company | | Pfeifer; Nirula; Skovronsky; Jonsson | | Relevant to License Agreement terms and/or compliance. |
| Trial Exh 0092 | 7/20/2017 | LLY00965877 | LLY00965878 | Email from Janice Evans to David Kutoloski re: Regulatory suggested edits | Evans; Kutoloski | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0099 | 9/15/2017 | Nektar00000001819 | Nektar00000001823 | Email from Tagliaferri re 16-358-01 Protocol A3.0 QC Draft on SharePoint | | Zalevsky; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0101 | 9/29/2017 | LLY00741823 | LLY00741828 | Email from Michelle Louise Burgess to Lance Pfeifer, Robert A Ortmann re: IL-2 PEG DRAFT Clinical Plan Options aug 28th.pptx | Evans; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0103 | 10/20/2017 | LLY02474874 | LLY02474874 | Baricitinib/Olumiant - Phase 2 Atopic Dermatitis - CSR Body | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0115 | 3/1/2018 | LLY00987381 | LLY00987420 | Email from Robert A Ortmann to William Barchuk, Shawn Jay Berens, and others re: RE: REVIEW REQUESTED TODAY_Nektar's response to FDA | Evans, Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0117 | 3/22/2018 | LLY02426094 | LLY02426110 | LBM Portfolio Execution Committee (PEC) Olumiant SLE Commercial Decision | Skovronsky; Robbins; Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0118 | 3/29/2018 | LLY02152177 | LLY02152178 | Email from Jeremy Baker to Lance Pfeifer re: RE: IL-2 PEG > Orion March report > PROJECT SUMMARY / EXECUTIVE SUMMARY | Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0120 | 4/18/2018 | LLY00869455 | LLY00869512 | Email from Kenneth Custer to Daniel Skovronsky re: RE: Updated Portfolio Review Draft | Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0122 | 5/9/2018 | LLY02465625 | LLY02465652 | PowerPoint titled Miri Lead Team - ISR key Talking Points | Murray; Robbins; Mostaghimi; Skovronsky; Nirula; Klekotka; Pfeifer; Ramseyer; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0123 | 5/10/2018 | LLY00234536 | LLY00234602 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes | Zalevsky; Kotzin; Nirula; Pfeifer; Klekotka; Schmitz; Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0131 | 6/22/2018 | LLY02474879 | LLY02474879 | Baricitinib/Olumiant - Phase 2 Lupus - CSR Body | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0136 | 7/27/2018 | LLY02472239 | LLY02472259 | PowerPoint titled Taltz Review | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Lancaster; Mostaghimi; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0139 | 8/9/2018 | Nektar00000442373 | Nektar00000442374 | Email from L. Decker re Lilly | | Do; Decker | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es); Relevant to License Agreement terms and/or compliance. |
| Trial Exh 0145 | 8/21/2018 | Nektar0000014599 | Nektar0000014601 | Mirza email re 358 SAD/MAD Meeting Minutes 14-Aug-18 | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0147 | 8/28/2018 | LLY02323437 | LLY002323506 | Email from Lance Pfeifer to Daniel Skovronsky re: IL-2 PEG update | Skovronsky; Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0148 | 8/28/2018 | LLY00006313 | LLY00006314 | Nektar-Lilly NKTR-358 JSC Agenda Final | | Nirula; Huckstep; Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0149 | 8/28/2018 | LLY00006315 | LLY00006318 | Nektar-Lilly NKTR-358 JSC Minutes Final | | Nirula; Huckstep; Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0150 | 8/28/2018 | Nektar00000890176 | Nektar00000890181 | Email re Nektar allocation of resources | | Kotzin; Zalevsky; Krueger | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0151 | 8/31/2018 | Nektar00000806438 | Nektar00000806441 | Email re: Nektar-Lilly Draft JPT Minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0152 | 9/1/2018 | Nektar00000806433 | Nektar00000806437 | Email re: Nektar-Lilly Draft JSC Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0153 | 9/4/2018 | Nektar00000618804 | Nektar00000618824 | Email re: Nektar-Lilly Draft JPT Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0155 | 9/6/2018 | Nektar00000806337 | Nektar00000806361 | Email re: Nektar-Lilly Draft JPT Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0156 | 9/13/2018 | Nektar00000466971 | Nektar00000466974 | Email from Tamara Do to Jeremy Huckstep re: FW: Final Minutes from 28Aug2018 Lilly/Nektar NKTR-358 JSC Meeting | Do; Decker; Zalevsky; Kotzin; Nirula; Huckstep; Pfeifer | Huckstep | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0157 | 9/25/2018 | Nektar00000059228 | Nektar00000059242 | SAD/MAD meeting minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0166 | 10/18/2018 | LLY02464554 | LLY02464591 | PowerPoint titled Taltz Alternative Formulation - Development Strategy | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Taylor; Lancaster | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0169 | 11/6/2018 | LLY00978523 | LLY00978530 | Email from William Barchuk to Joanne Lancaster, Stacey Masaaki Kaneshiro, Kimberley Jackson, and others re: RE: IL-2 PEG Ph1 to Ph2 CT Material Comparability, Finalizing Draft CAC Slide Deck | Lancaster; Schmitz; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0172 | 11/15/2018 | LLY00782389 | LLY00782392 | Fanton email re Follow-up IL-2 PEG - (NKTR 358) lab discussion | | Schmitz; Fanton | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0173 | 11/26/2018 | LLY00744263 | LLY00744278 | Email from Janice Evans to William Barchuk, Jeannie Chow, and others re: FDA feedback on Psoriasis and AtDerm Studies | Evans; Robbins; Mostaghimi; Schmitz; Nirula; Lancaster; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0176 | 12/4/2018 | LLY02261410 | LLY02261568 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes, December 4, 2018 | Kotzin; Zalevsky; Fanton; Jue; Nirula; Pfeifer; Huckstep; Schmitz; Klekotka; Evans | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0177 | 12/4/2018 | LLY00209749 | LLY00209761 | December 4, 2018 JSC meeting minutes | Zalevsky; Kotzin; Huckstep; Nirula; Pfeifer; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0178 | 12/4/2018 | LLY00003141 | LLY00003142 | Nektar-Lilly 358 JPT Agenda Final V2.2 | | Nirula; Pfeifer; Huckstep; Schmitz; Klekotka | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0179 | 12/4/2018 | LLY01189696 | LLY01189709 | Do Email re LEA Clinical Trials | | Huckstep | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0181 | 12/12/2018 | Nektar00000804477 | Nektar00000804483 | Email re: Nektar-Lilly Draft JSC Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0182 | 12/15/2018 | Nektar00000005669 | Nektar00000005669 | Email re: Nektar-Lilly Draft JSC Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0183 | 12/15/2018 | Nektar00000006365 | Nektar00000006365 | Email re: Nektar-Lilly Draft JSC Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0184 | 12/16/2018 | Nektar00001355912 | Nektar00001355921 | Email re: Nektar-Lilly Draft JPT Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0188 | 1/7/2019 | LLY02060067 | LLY02060226 | Huckstep email attaching 12-5-2018 JPT minutes | | Pfeifer; Huckstep | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. |
| Trial Exh 0198 | 2/7/2019 | LLY00817015 | LLY00817015 | Email from Carsten Schmitz to Philip Barrington re: ISR CP guidelines - IL-2 conjugate program | Lancaster; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0200 | 2/14/2019 | LLY02189839 | LLY02189840 | Email from William Barchuk to Joanne Lancaster, Carsten Schmitz, Janice Evans, and others re: RE: Confirmation needed: Assessing ISRs in IL-2 Conjugate Derm Studies | Evans; Schmitz; Lancaster | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0201 | 2/15/2019 | LLY00892219 | LLY00892274 | Email from Anthony Shemezis to David Murray and other re: RE: Please update dashboard and add a few IL-2 slides | Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0202 | 2/23/2019 | Nektar00000006997 | Nektar00000007000 | Email from Zalevsky re 4th Indication follow up | | Zalvesky; Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims |
| Trial Exh 0212 | 3/21/2019 | LLY00235100 | LLY00235104 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes, March 21, 2019 | Do; Sasaki; Zalevsky; Kotzin; Nirula; Pfeifer; Huckstep; Schmitz; Klekotka; Evans; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0213 | 3/21/2019 | LLY00209651 | LLY00209665 | March 21, 2019 JSC meeting minutes | Zalevsky; Kotzin; Huckstep; Nirula; Pfeifer; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0214 | 3/25/2019 | LLY00794064 | LLY00794081 | Email from Jeannie Chao to Paul Klekotka re: RE: ISST slides | Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0219 | 4/10/2019 | Nektar00000835980 | Nektar00000835980 | Development team minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0221 | 4/12/2019 | Nektar00001345717 | Nektar00001345735 | Email re: Nektar-Lilly Draft JPT Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0222 | 4/16/2019 | Nektar00000470816 | Nektar00000470834 | Email re: Nektar-Lilly Draft JSC Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0223 | 4/17/2019 | Nektar00000627763 | Nektar00000627764 | Email re: Nektar-Lilly Draft JSC Minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0225 | 4/18/2019 | Nektar00001356075 | Nektar00001356076 | Email re: Nektar-Lilly Draft JPT Minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0232 | 5/14/2019 | LLY00997110 | LLY00997116 | Email from William Barchuk to David Manner, Carsten Schmitz, Joanne Lancaster, and others re: RE: Lilly KFAC/KFAD eCRF: PASI formula | Manner; Schmitz; Lancaster | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0233 | 5/14/2019 | LLY00996402 | LLY00996402 | Email from Joanne Lancaster to David Manner, Carsten Schmitz, and others re: RE: Lilly KFAC/KFAD eCRF: PASI formula | Manner; Schmitz; Lancaster | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0234 | 5/14/2019 | LLY00879758 | LLY00879763 | Email from Michelle Louise Burgess to David Manner, William Barchuk, and others re: RE: sPGA scale for NKTR-358 PsO study: Need your input | Manner; Schmitz; Lancaster | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0238 | 5/30/2019 | LLY00728949 | LLY00728958 | Email from David Manner to Anastasia Ilynichna Alexeeva re: FW: KFAD and KFAC - IL-2 Conjugate Interim Deliverables | Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0239 | 6/5/2019 | LLY00220941 | LLY00220944 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes | Ali; Zalevsky; Kotzin; Nirula; Pfeifer; Huckstep | Zalevsky; Kotzin; Nirula | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0240 | 6/6/2019 | Nektar00001380169 | Nektar00001380173 | Email from J. Thomsen re NKTR-358 PPT | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0243 | 6/20/2019 | Nektar00000833131 | Nektar00000833284 | Fanton email re Updated final draft NKTR-358 PsO and ATD protocols from Lilly | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0244 | 6/21/2019 | Nektar00000627952 | Nektar00000628105 | Email from Kotzin re For Team/Sr. Management review by this Fri 21 June: Updated final draft NKTR-358 PsO and ATD protocols from Lilly | | Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 0253 | 7/17/2019 | LLY02290043 | LLY02290203 | Email from Joanne Foster to Multiple Recipients re: FW: LY3471851 (IL-2) KFAC and KFAD protocols are approved and in Leo Storage | Lancaster; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0254 | 7/21/2019 | LLY00003877 | LLY00003881 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes, July 21, 2019 | Kotzin; Carsten Schimitz; Huckstep; Nirula; Pfeifer; Zalevsky; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0258 | 7/31/2019 | LLY00006396 | LLY00006411 | July 31, 2019 JSC meeting minutes | Zalevsky; Kotzin; Huckstep; Nirula; Pfeifer; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0260 | 8/1/2019 | ICONNektarSubp0000208 | ICONNektarSubp00002 | PRA and Lilly Operational Plan | | Manner | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. |
| Trial Exh 0262 | 8/2/2019 | Nektar00000096877 | Nektar00000096878 | Email from J. Zalevsky re Q4W dose arm | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0263 | 8/7/2019 | Nektar00000832659 | Nektar00000832661 | Email from T. Do re Outcome of Lilly's RDSC Meeting | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0265 | 8/19/2019 | Nektar00000832086 | Nektar00000832104 | Email re: Nektar-Lilly Draft JPT Minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0266 | 8/21/2019 | Nektar00000628354 | Nektar00000628354 | Email re: Nektar-Lilly Draft JPT Minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0267 | 8/21/2019 | Nektar00000469867 | Nektar00000469868 | Email from Tamara Do to Multiple Recipients re: NKTR-358 Nektar Team Celebration | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0269 | 8/23/2019 | Nektar00000622093 | Nektar00000622095 | Email re: Nektar-Lilly Draft JSC Minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0271 | 8/27/2019 | Nektar0001380029 | Nektar0001380035 | Email chain from T. Do re Lilly/Nektar NKTR-358 Alliance: 2-Year Anniversary | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0274 | 9/9/2019 | Nektar00000158240 | Nektar00000158241 | Email from Zalevsky re NKTR-358 - FDA Briefing Document, Pls Indicate Any Comments by Mon 09 Sep 2019 | | Zalevsky; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0278 | 9/19/2019 | LLY02279858 | LLY02270118 | End of Phase 1 Briefing Package | Ashrafzadeh; Kotzin; Zalevsky; Pfeifer; Klekotka; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0280 | 9/22/2019 | LLY02303904 | LLY02303905 | Email from Kenneth Custer to Dan Skovronsky re: RE: Copy of Portfolio Review Value Exercise ds.xlsx | Skovronsky | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | |
| Trial Exh 0281 | 9/26/2019 | LLY00884455 | LLY00884536 | Email from Ken Custer to Dan Skovronsky re: Current Portfolio Review Draft | Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0283 | 10/15/2019 | LLY00225275 | LLY00225299 | Regulatory Response: IND 143086 Study May Proceed | Evans; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0284 | 10/24/2019 | LLY02474878 | LLY02474878 | Olumiant - Phase 2 Atopic Dermatitis - CSR Addendum | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0286 | 10/31/2019 | Nektar00000830401 | Nektar00000830404 | Do email re reminder to complete VOA survey | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0289 | 11/5/2019 | LLY00235387 | LLY00235553 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes | Fanton; Zalevsky; Kotzin; Nirula; Pfeifer; Huckstep; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0290 | 11/5/2019 | LLY00004415 | LLY00004419 | NKTR-358 Joint Product Team Meeting Minutes | Zalevsky; Kotzin; Do; Fanton; Nirula; Klekotka; Pfeifer; Ashrafzadeh; Lancaster; Schmitz; Manner; Murray; Huckstep; Klekotka; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0291 | 11/5/2019 | LLY02254167 | LLY02254183 | November 5, 2019 JSC meeting minutes | Zalevsky; Kotzin; Huckstep; Nirula; Pfeifer; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0292 | 11/14/2019 | Nektar00000623391 | Nektar00000623491 | Email from Kotzin re For Review: NKTR-358 Phase 2 SLE protocol from Lilly | | Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 0296 | 12/6/2019 | Nektar00000175315 | Nektar00000175316 | Do email attaching draft Voice of the Alliance Survey | | Huckstep | | Relevant to collaboration partnership and Rezpeg background; cross examination of the named Nektar witness(es). |
| Trial Exh 0299 | 12/19/2019 | LLY00682703 | LLY00683045 | Email from Dipak Patel to Carsten Schmitz re: crash course on CD200R agonist | Schmitz; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0303 | 1/10/2020 | | | Press Release: Lilly Announces Agreement to Acquire Dermira, January 10, 2020 | Kotzin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0304 | 1/10/2020 | | | Press release titled Lilly Announces Agreement to Acquire Dermira | Jonsson; Skovronsky; Nirula; Klekotka; Pfeifer; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0307 | 1/27/2020 | LLY00760527 | LLY00760583 | Email from Lance Pfeifer to Ajay Nirula, Henry Bryant, and others re: Slides from Fall 2019 SAPR and S&T Presentations | Pfeifer; Nirula; Klekotka; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0308 | 1/28/2020 | LLY02319238 | LLY02319238 | Email from Jenny Raymer to Lance Pfeifer and G Stuart Gregory re: RE: IL-2 Conjugate change to FL question for Spring Portfolio Review | Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0311 | 2/20/2020 | Nektar00000176464 | Nektar00000176465 | Email from Ferguson re NKTR-358 slides for EC meeting 20Feb | | Zalevsky; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0313 | 2/25/2020 | LLY01278304 | LLY01278411 | A Randomized, Double-Blind, Placebo-Controlled, Phase 2 Study of LY3471851 (NKTR-358) in Adults with Systemic Lupus Erythematosus | | Ashrafzadeh; Klekotka; | | Relevant to jury's understanding of Rezpeg's clinical development; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0314 | 2/26/2020 | Nektar00000057495 | Nektar00000057496 | Email from M. Robin re Nektar/Lilly: Introduction to New Alliance Manager and Program Manager | | Ali; Huckstep; Pfeifer | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) |
| Trial Exh 0315 | 2/27/2020 | LLY02093754 | LLY02093784 | Email from Nana Tominaga to Dipak Patel and David Murray re: CXCR1/2 NILEX exercise attaching Framework for establishing commercialization strategy for early phase Immunology assets slides | David Murray; Mohan Rao | Murray | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard; relevant to jury understanding of Lilly's immunology portfolio strategy, a key issue relevant to parties' claims and defenses. |
| Trial Exh 0326 | 3/16/2020 | LLY00006532 | LLY00006553 | NKTR-358 - Alliance Joint Steering Commitee (JSC) Meeting Minutes | Ali; Zalevsky; Kotzin; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0327 | 3/16/2020 | LLY02262372 | LLY02262376 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes | Sasaki; Zalevsky; Kotzin; Nirula; Pfeifer; Huckstep | Zalevsky; Kotzin; Nirula; Pfeifer; Klekotka | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. |
| Trial Exh 0328 | 3/16/2020 | LLY00006530 | LLY00006531 | Nektar-Lilly NKTR-358 JSC Agenda Final | | Nirula; Huckstep; Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0337 | 3/24/2020 | LLY00802418 | LLY00802468 | Email from Kenneth Custer to Dan Skovronsky re: RE: For Review: External Innovation Slides | Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0339 | 3/27/2020 | LLY00761973 | LLY00762021 | Email from Lance Pfeifer to Ajay Nirula re: FW: Portfolio review slides | Pfeifer; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0340 | 3/30/2020 | Nektar00000846742 | Nektar00000846780 | Email re: Nektar-Lilly Draft JPT and JSC Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0341 | 3/31/2020 | Nektar00000846730 | Nektar00000846737 | Email re: Nektar-Lilly Draft JPT and JSC Minutes | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0344 | 4/3/2020 | Nektar00000631340 | Nektar00000631448 | Email from B. Kotzin re NKTR-358 Ph2 SLE - Copy of the Lilly Protocol? | | Kotzin; Ali | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) |
| Trial Exh 0356 | 5/12/2020 | LLY00998564 | LLY00998566 | Email from Monique Schatzman to Carsten Schmitz, Joanne Foster and others re: [EXTERNAL] KFAC/KFAD Question Regarding ISR Assessment | Schmitz; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0361 | 5/21/2020 | LLY02087928 | LLY02087934 | Email from David Murray to Lance Pfeifer and Mitchell Stayer re: RE: IL-2 Board of Directors Prep Meeting | Jonsson; Pfeifer; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0362 | 6/1/2020 | LLY02068002 | LLY02068087 | Email from Lance Pfeifer to Timothy Garnett, Ajay Nirula, and others re:IL-2 Conjugate: Nektar Contract | Jonsson; Pfeifer; Nirula; Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0363 | 6/1/2020 | LLY00118067 | LLY00118072 | Email from Lance Pfeifer to Timothy Garnett, Ajay Nirula, and others re: IL-2 Conjugate BoD Kickoff:  Wed June 3rd | Pfeifer; Nirula; Jonsson; Ashrafzadeh; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0366 | 6/3/2020 | LLY00001083 | LLY00001085 | IL-2 Conjugate BOD Meeting Minutes, June 3, 2020 | Jonsson; Pfeifer; Nirula; Skovronsky; Huckstep; Schmitz; Klekotka; Murray; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0376 | 6/19/2020 | LLY01349829 | LLY01349831 | NKTR-358 Alliance - Joint Steering Committee (JSC) Meeting Minutes, June 19, 2020 | Franke; Zalevsky; Kotzin; Ali; Nirula; Huckstep; Pfeifer | Zalevsky; Kotzin; Nirula | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0377 | 6/19/2020 | LLY00235639 | LLY00235718 | June 19, 2020 JPT meeting minutes | Zalevsky; Kotzin; Pfeifer; Huckstep; Klekotka; Manner; Ashrafzadeh; Nirula; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0378 | 6/19/2020 | LLY00006525 | LLY00006527 | Nektar-Lilly NKTR-358 JSC Minutes Final | | Nirula; Huckstep; Pfeifer; Ashrafzadeh | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0379 | 6/19/2020 | LLY00006528 | LLY00006529 | Nektar-Lilly NKTR-358 JSC Agenda Final | | Nirula; Huckstep; Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0385 | 7/14/2020 | LLY00001081 | LLY00001082 | IL-2 Conjugate BOD meeting minutes | Nirula; Klekotka; Pfeifer; Ashrafzadeh; Taylor; Skovronsky; Schmitz; Manner; Murray; Huckstep; Klekotka; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0388 | 7/17/2020 | LLY02472398 | LLY02472456 | PowerPoint titled Taltz PEC Deep Dive | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Lancaster; Mostaghimi; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0397 | 7/29/2020 | LLY00490508 | LLY00490508 | Email from John Kwon to Stephen Boesing, Deborah Frisby, and others re: ISR plan for KFAH | Klekotka; Manner; Ashrafzadeh | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0399 | 8/1/2020 | LLY01195627 | LLY01195752 | Rezpeg Phase 1 MAD Clinical Study Report | Zalevsky; Robbins; Mostaghimi; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0401 | 8/6/2020 | LLY01363574 | LLY01363605 | KFAC Statistical Analysis Plan | ICON (Rylance); Manner; Zou | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0403 | 8/13/2020 | Nektar00000841940 | Nektar00000841943 | Email from C. Ali re NKTR-358 Strategy Team meeting minutes - 13AUG20 | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0404 | 8/14/2020 | LLY00819597 | LLY00819666 | Investigator's Brochure for Baricitinib (Olumiant) | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0405 | 8/19/2020 | LLY01196483 | LLY01196590 | Rezpeg Phase 2 Lupus Protocol J1P-MC-KFAJ | Zalevsky; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0407 | 9/1/2020 | LLY00818466 | LLY00818466 | Email from Cailin Sibley to Brian Kotzin, Ali Ashrafzadeh, and Matthew Linnik re: IL-2 conj SLE CSFs | Ashrafzadeh; Kotzin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0409 | 9/11/2020 | LLY00104733 | LLY00104754 | IL-2 Conjugate Asset Strategy | Nirula; Huckstep; Klekotka; Ramseyer; Pfeifer; Taylor; Schmitz; Manner; Murray; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0410 | 9/11/2020 | Nektar00000504594 | Nektar00000504602 | Email from C. Ali re NKTR0358 Strategy Team meeting - 10SEP20 DRAFT minutes - REQUEST FEEDBACK by COB Tuesday (15SEP20) | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0411 | 9/12/2020 | LLY00818045 | LLY00818090 | Email from Soomin Park to Dan Skovronsky, Elizabeth Claire Bearby, and others re: For your review: Portfolio Review slides | Skovronsky; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0414 | 9/15/2020 | LLY02309555 | LLY02309557 | Email from Heng Zou to David Manner re: Re: Projects | Zou; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0421 | 9/29/2020 | LLY00004865 | LLY00004877 | PowerPoint titled KFAI Japan FHD Study Update and ISR Update | Nirula; Klekotka; Pfeifer; Ashrafzadeh; Lancaster; Schmitz; Manner; Murray; Huckstep; Klekotka; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0426 | 10/2/2020 | LLY00004884 | LLY00004888 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes, October 2, 2020 | Ali; Kotzin; Zalevsky; Fanton; Pfeifer; Huckstep; Ali Ashrafzadey; Klekotka; Schmitz; Manner; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0427 | 10/2/2020 | Nektar00000893683 | Nektar00000893687 | NKTR-358 Alliance Joint Product Team Minutes | Zalevsky; Ruddock; Kotzin; Sasaki; Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0428 | 10/2/2020 | LLY00006557 | LLY00006579 | October 2, 2020 JSC meeting minutes and Presentation | Zalevsky; Kotzin; Nirula; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0431 | 10/13/2020 | LLY01202651 | LLY01202799 | Clinical Study Report for J1P-MC-KFAI | Zalevsky; Kotzin; Nirula; Ramseyer; Schmitz; Pfeifer; Klekotka; Manner; Murray; Mostaghimi; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0434 | 10/20/2020 | LLY00118575 | LLY00118577 | IL-2 Conjugate BOD Meeting Minutes, October 20, 2020 | Robbins; Pfeifer; Skovronsky; Nirula; Ashrafzadeh; Schmitz; Huckstep; Manner; Klekotka; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0437 | 10/28/2020 | LLY00118573 | LLY00118577 | Email from Jeremy Huckstep to Ali Ashrafzadeh, Jeannie Chao, and others re: RE: IL-2 PEG BOD Draft Meeting Minutes - 2020-10-20_draft | Huckstep; Pfeifer; Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0445 | 12/3/2020 | LLY00804787 | LLY00804788 | Study J1P-MC_KFAC, Assessment Committee Meeting #1 | Manner | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0448 | 12/11/2020 | LLY00939796 | LLY00939796 | Email from Lance A. Pfeifer to DeLuca-Flaherty, Cammy re: Can you take a quick phone call?  I have an update on the Psoriasis<br> interim analysis.  eom. | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0449 | 12/17/2020 | Nektar00000630823 | Nektar00000630825 | Email from Tagliaferri re Comp Letter | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). |
| Trial Exh 0450 | 1/1/2021 | N/A | | Yamaguchi et al. (2021) - Approval Success Rates of Drug Candidates Based on Target, Action, Modality, Application, and Their Contributions | | Robbins | | Cross-examination of Nektar expert witness |
| Trial Exh 0462 | 1/22/2021 | LLY00005203 | LLY00005277 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes, January 22, 2021 | Ali; Franke; Bushell; Zalevsky; Kotzin; Fanton; Nirula; Pfeifer; Huckstep; Ashrafzadeh; Schmitz; Manner; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

JOINT EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0463 | 1/22/2021 | LLY02254235 | LLY02254245 | January 22, 2021 JSC meeting minutes and Presentation | Zalevsky; Kotzin; Nirula; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0464 | 1/22/2021 | LLY00005064 | LLY00005065 | 0_JPT Meeting Agenda | | Nirula; Pfeifer; Huckstep; Ashrafzadeh; Schmitz; Manner; Murray | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0465 | 1/22/2021 | LLY00006597 | LLY00006598 | Nektar-Lilly NKTR-358 JSC Agenda | | Nirula; Huckstep; Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0466 | 1/22/2021 | Nektar00000174050 | Nektar00000174051 | Email from C. DeLuca-Flaherty re Nektar Weekly AM/PM Telcon | | Bushell; Pfeifer; Ali | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0467 | 1/25/2021 | LLY00177202 | LLY00177238 | Email from Heng Zou to Kimberley Jackson re: KFAD SAP | Zou; Mostaghimi; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0472 | 2/3/2021 | LLY00121952 | LLY00121976 | Email from Lance Pfeifer to Ilya Yuffa, Ali Ashrafzadeh, and others re: Materials for Friday Feb 5th IL-2 Deep Dive | Pfeifer; Ashrafzadeh; Nirula; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0477 | 2/21/2021 | LLY00001371 | LLY00001373 | IL-2 Conjugate BOD meeting minutes | Nirula; Klekotka; Pfeifer; Ashrafzadeh; Taylor; Skovronsky; Schmitz; Manner; Murray; Huckstep; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0478 | 2/22/2021 | LLY00129439 | LLY00129816 | Email from Ali Ashrafzadeh to Himanshu Patel re: IL-2 and KFAJ documents 1 | Ashrafzadeh; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0480 | 2/25/2021 | Nektar00000706740 | Nektar00000706743 | Email from Bushell re NKTR Q4 2020 Earnings Call | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0481 | 2/26/2021 | LLY01027701 | LLY01027702 | Email from Gisela Volkers to Joanne Foster, Heng Zou and others re: [EXTERNAL] KFAD IA#1 ADAM and SDTM dataset delivery | Zou; Manner; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0487 | 3/17/2021 | LLY00138999 | LLY00139150 | Email from Lance Pfeifer to Timothy Garnett, Catherine Ann Cassidy, and others re: IL-2 Conjugate BoD Materials: Friday, March 19th | Skovronsky; Pfeifer; Nirula; Ali Ashrafzadey; Klekotka; Murray; Manner; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0488 | 3/17/2021 | LLY00001054 | LLY00001080 | PowerPoint titled IL-2 Conjugate:  Board of Directors Meeting | Nirula; Klekotka; Pfeifer; Ashrafzadeh; Taylor; Skovronsky; Schmitz; Manner; Murray; Huckstep; Klekotka; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0489 | 3/19/2021 | LLY00213525 | LLY00213555 | IL-2 Conjugate BOD meeting minutes, March 19, 2021 | Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0490 | 3/19/2021 | LLY00001086 | LLY00001089 | IL-2 Conjugate BOD meeting minutes | Nirula; Klekotka; Pfeifer; Ashrafzadeh; Taylor; Skovronsky; Schmitz; Manner; Murray; Huckstep; Klekotka; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0491 | 3/19/2021 | LLY00001054 | LLY00001080 | IL-2 Conjugate: Board of Directors Meeting, March 19, 2021 | Pfeifer; Schmitz; Klekotka; Ashrafzadeh; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0493 | 3/23/2021 | LLY00766713 | LLY00766734 | Email from Ali Ashrafzadeh to Brian Kotzin ;Cherie Ali re: KFAL PK/ISR study | Ali; Kotzin; Ashrafzadeh; Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0499 | 4/2/2021 | LLY00221002 | LLY00221020 | NKTR-358 -Alliance Joint Steering Commitee (JSC) Meeting Minutes, April 2, 2021 | Ali; Zalevsky; Kotzin; Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0500 | 4/2/2021 | LLY02257270 | LLY02257341 | NKTR-358 -Alliance Joint Product Team (JPT) Meeting Minutes, April 2, 2021 | Ashrafzadeh; Kotzin; Zalevsky; Pfeifer; Klekotka; Schmitz; Nirula; Murray; Ali; Bushell | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0501 | 4/2/2021 | LLY00102375 | LLY00102364 | PowerPoint titled IL-2 Conjugate Atopic Dermatitis Asset Profile For Phase 2b Trial Design | Nirula; Huckstep; Klekotka; Ramseyer; Pfeifer; Taylor; Schmitz; Manner; Murray; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0502 | 4/2/2021 | LLY00004993 | LLY00004994 | Lilly-Nektar NKTR-358 JPT Meeting Agenda | | Ashrafzadeh; Schmitz; Murray; Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0503 | 4/2/2021 | LLY00006581 | LLY00006583 | Nektar-Lilly NKTR-358 JSC Agenda | | Nirula; Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0504 | 4/2/2021 | LLY00209179 | LLY00209249 | JPT Meeting Minutes | | Nirula; Pfeifer; Ashrafzadeh; Schmitz; Manner; Murray | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0505 | 4/6/2021 | Nektar00000855501 | Nektar00000855501 | IL-2 Conjugate JPT Meeting - April 2, 2021 | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0506 | 4/8/2021 | Nektar00000855845 | Nektar00000855853 | Email re: Nektar-Lilly Draft JPT Minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0507 | 4/8/2021 | LLY02451255 | LLY02451256 | Email from Carsten Schmitz to Ali Ashrafzadeh; David H Manner; Gourab Datta; Kimberley Jackson; Heng Zou - Network re: RE: KFAL - Blosozumab study | Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---------|------|-------------|-----------|-------------|---------------------------|--------------------------|------------------------|-----------------------|
| Trial Exh 0508 | 4/13/2021 | LLY00120866 | LLY00120889 | Emails re JSC Meeting Minutes and Minutes from 4/2/2021 | | Pfeifer; Zalevsky; Kotzin; Ali; Other Nektar Witnesses | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0509 | 4/13/2021 | Nektar0000855488 | Nektar0000855492 | Email from C. Ali re NKTR-358 Strategy Team meeting minutes - 13APR21 | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0511 | 4/16/2021 | Nektar00000415117 | Nektar00000415133 | Email re: Nektar-Lilly Draft JPT and JSC Minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0512 | 4/19/2021 | Nektar0000855493 | Nektar0000855502 | Email from Daniel Bushell to Brian Kotzin, Jonathan Zalevsky, Cherie Ali re: Final Lilly-Nektar 4/2/21 JPT Meeting Minutes | Zalevsky; Ruddock; Kotzin; Fanton; Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | Kotzin; Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0513 | 4/22/2021 | LLY01363658 | LLY01363672 | Oversight Plan for Rezpeg Phase 1 Trial in Atopic Dermatitis J1P-MC_KFAD | Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0514 | 4/22/2021 | LLY01363643 | LLY01363643 | Oversight Plan for Rezpeg Phase 1 Trial in Psoriasis J1P-MC_KFAC | Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0518 | 5/10/2021 | Nektar00000702977 | Nektar00000703073 | Email re Gilead NKTR-358 evaluation | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0524 | 5/24/2021 | LLY00833164 | LLY00833166 | Email from Carsten Schmitz to Lance Pfeifer, Ali Ashrafzadeh, and Paul Klekotka re: RE: Portfolio tiering May 2021 - Il-2 AD still tier 4 | Schmitz; Pfeifer; Ashrafzadeh; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0525 | 5/24/2021 | LLY00833166 | LLY00833166 | Chart titled 2021 FHD opportunities and Clinical assets with ongoing research | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0527 | 6/1/2021 | Nektar0000469867 | Nektar0000469871 | Email from M. Robin re RDPC: 25May21 Final Meeting Minutes | | Ali; Do; Kotzin; Zalevsky; Fanton; Sasaki | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) |
| Trial Exh 0529 | 6/4/2021 | LLY00102775 | LLY00102800 | IL-2 Conjugate Ph2b Atopic Dermatitis Viability Assessment | Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0533 | 6/18/2021 | LLY02422561 | LLY02422575 | Immunology Q2, 2021 Portfolio Review | Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0534 | 6/18/2021 | Nektar0000632799 | Nektar0000632870 | Email from Kotzin re KFAL Protocol Review | | Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0535 | 6/18/2021 | Nektar00000633885 | Nektar00000633890 | Email from B. Kotzin to KFAL Draft Protocol | | Kotzin; Ali | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) |
| Trial Exh 0537 | 6/23/2021 | Nektar00000854165 | Nektar00000854170 | Email from C. Ali re NKTR-358 Strategy Team meeting minutes - 17JUN21 | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0539 | 6/25/2021 | LLY00201823 | LLY00201874 | Email from Lance Pfeifer to Ajay Nirula, Daniel Skovronsky and others re: IL-2 Conjugate BOD meeting minutes | Skovronsky; Nirula; Schmitz; Manner; Ashrafzadeh; Pfeifer; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0540 | 6/25/2021 | LLY00000333 | LLY00000379 | PowerPoint titled IL-2 Conjugate:  Board of Directors Meeting | Pfeifer; Schmitz; Murray; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0543 | 7/1/2021 | LLY00832981 | LLY00832982 | Email  from Carly J Flench  To: Lance A. Pfeifer ;re: RE: IL 2 Conjugate:  BoD Deck Link | Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0548 | 7/23/2021 | LLY00102385 | LLY00102387 | IL-2 & Lebri Team Ph2b Atopic Derm: Country Strategy with Lebri Team - Minutes/Summary | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0556 | 8/23/2021 | LLY00836205 | LLY00836208 | Email from Carsten Schmitz to Songqing Na re: RE: Update on PIC | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0562 | 9/8/2021 | LLY00005480 | LLY00005556 | PowerPoint titled IL-2 Conjugate JPT Meeting, September 8, 2021 | Rao; Bushell; Kotzin; Zalevsky; Fanton; Franke; Nirula; Klekotka; Pfeifer; Ashrafzadeh; Manner; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0563 | 9/8/2021 | LLY00005412 | LLY00005479 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes, September 8, 2021 | Bushell; Kotzin; Zalevsky; Fanton; Franke; Nirula; Klekotka; Pfeifer; Ashrafzadeh; Manner; Schmitz; Rao | Nirula; Klekotka; Pfeifer; Ashrafzadeh; Manner; Murray; Schmitz | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg |
| Trial Exh 0564 | 9/8/2021 | LLY00006648 | LLY00006670 | September 8, 2021 JSC meeting minutes and Presentation | Zalevsky; Kotzin; Pfeifer; Nirula; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0565 | 9/8/2021 | LLY00005389 | LLY00005391 | Nektar-Lilly NKTR-358 JPT Agenda Final | | Pfeifer; Klekotka; Manner; Schmitz; Kotzin; Manner | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0566 | 9/8/2021 | LLY00006645 | LLY00006647 | Nektar-Lilly NKTR-358 JSC Agenda Final | | Nirula; Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0567 | 9/9/2021 | LLY00947421 | LLY00947433 | Email from Paul Klekotka to Lance Pfeifer re: IL-2 and CD200 slides | Klekotka; Pfeifer; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0569 | 9/10/2021 | LLY00141962 | LLY00142060 | Email from David Murray to Julie Maxwell re: FW: IL-2 Conjugate: BOD Meeting Materials for Sept 13 | David Murray; Pfeifer; Schmitz; Jonsson; Dan Skovronsky; Nirula; Klekotka; Ashrafzadeh; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0571 | 9/13/2021 | LLY00001365 | LLY00001367 | IL-2 Conjugate BOD Meeting Minutes - September 13, 2021 | Skovronsky; Nirula; Jonsson; Ashrafzadeh; Manner; Murray; Klekotka; Pfeifer; Mostaghimi; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0572 | 9/13/2021 | LLY02468578 | LLY02468580 | IL-2 Conjugate BOD meeting minutes | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0575 | 9/15/2021 | LLY00948692 | LLY00948769 | Email from Paul Klekotka to Carsten Schmitz and Tonya Short re: RE: AD AdBoard slide deck for approval | Klekotka; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0578 | 9/17/2021 | LLY00846957 | LLY00846958 | Email from Paul Klekotka to Ali Ashrafzadeh, Lance Pfeifer, and Carsten Schmitz re: RE: PoC declared for IL-2 Conjugate in atopic dermatitis | Pfeifer; Klekotka; Ashrafzadeh; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0579 | 9/17/2021 | LLY00846957 | LLY00846958 | Email  from Paul Klekotka  To: Ali Ashrafzadeh ;Lance A. Pfeifer ;Carsten Schmitz ;re: RE: PoC declared for IL-2 Conjugate in atopic dermatitis | Klekotka, Ali Ashradzadeh, Pfeifer, Schmitz | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0580 | 9/20/2021 | LLY00769514 | LLY00769556 | Email from Alison Budelsky to Lance Pfeifer, Ajay Nirula, Paul Klekotka, Henry Bryant re: RE: Updated Immunology SAPR deck | Pfeifer; Nirula; Klekotka; Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0584 | 9/23/2021 | LLY00846182 | LLY00846183 | Email from Lance Pfeifer to Ajay Nirula re: Catch up on several topics | Pfeifer; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0585 | 9/23/2021 | LLY00846182 | LLY00846183 | Email  from Lance A. Pfeifer  To: Ajay Nirula ;re: Catch up on several topics | Pfeifer; Nirula | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0587 | 9/28/2021 | LLY01354398 | LLY01354584 | Email from Lance Pfeifer to Multiple Recipients re: IL-2 BoD slides for Monday, November 1st | Huckstep; Nirula; Skovronsky; Jonsson; Schmitz; Klekotka; Ashrafzadeh; Pfeifer; Murray; Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0588 | 9/28/2021 | Nektar00000159971 | Nektar00000159972 | Email from J. Zalevsky re Looking forward to seeing you next week | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0589 | 9/29/2021 | LLY00770218 | LLY00770246 | Email from Lance Pfeifer to Ajay Nirula re: PK/ISR data and study plan | Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0591 | 10/4/2021 | Nektar0000098648 | Nektar0000098649 | Email from Zalevsky re Resending Re Looking forward to seeing you next week | | Zalevsky; Skovronsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0594 | 10/6/2021 | LLY02450238 | LLY02450243 | Email from Danny L Wood to Lance Pfeifer re: RE: IL-2 Core Team update:  PoC declared in atopic dermatitis | Pfeifer; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0597 | 10/12/2021 | Nektar00000858929 | Nektar00000858931 | Email from J. Zalevsky re Looking forward to seeing you next week | | Zalevsky; Skovronsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0601 | 10/15/2021 | LLY01338393 | LLY01338489 | Email from Carlos Garner to Kathryn Ramseyer re: References for baricitinib S&T presentation | Ramseyer; Skovronsky; Jonsson | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0603 | 10/18/2021 | LLY02074562 | LLY02074564 | Email from Sara Smith to Paul Klekotka ;Lance Pfeifer ;Ajay Nirula re: RE: Early Stage Immunology Q&A for Q3 Earnings | Huckstep; Klekotka; Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0611 | 10/28/2021 | LLY01332497 | LLY01332539 | Email from Lance Pfeifer to Multiple Recipients re: IL-2 BoD slides for Monday, November 1st | Klekotka; Nirula; Skovronsky; Jonsson; Schmitz; Klekotka; Ashrafzadeh; Manner; Lancer Pfeifer; Murray; Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0612 | 10/28/2021 | LLY00846781 | LLY00846782 | Email from David Manner to Paul Klekotka, Ali Ashrafzadeh, Lance Pfeifer, Carsten Schmitz re: RE: IL-2 BoD email draft | Pfeifer; Klekotka; Ashrafzadeh; Schmitz; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0613 | 11/1/2021 | LLY02468612 | LLY02468614 | IL-2 Conjugate BOD meeting minutes | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0615 | 11/2/2021 | LLY01333343 | LLY01333389 | Email from Robert D. Minderman to Ajay Nirula re: IL-2 Board of Directors - Meeting Minutes - for your review | Pfeifer; Klekotka; Nirula; Schmitz; Ramseyer; Manner; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0618 | 11/3/2021 | LLY01305640 | LLY01305641 | Email from Lotus Mallbris to Rodger M Taylor re: RE: Outcomes of yesterday's IL-2 BoD meeting | Nirula; Ramseyer; Ashrafzadeh; Pfeifer; Klekotka; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0621 | 11/11/2021 | LLY00841564 | LLY00841567 | Email from David Murray to Tejal Patel, Christopher P. Campbell re: RE: Updated ICILT presentation for IL-2 ISR MR | Murray; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0622 | 11/11/2021 | Nektar0000851265 | Nektar0000851271 | Email from C. Ali re NKTR-358 Strategy Team meeting minutes - 11NOV21 | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0623 | 11/12/2021 | LLY01343474 | LLY01343475 | Email from Brooke L Bell to Global_IP_IDLT re:IDLT Minutes | Taylor; Murray; Klekotka; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0624 | 11/12/2021 | Nektar00000007524 | Nektar00000007524 | Email from B. Kotzin re Nothing new from Paul | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0627 | 11/18/2021 | Nektar00001386242 | Nektar00001386242 | Email from D. Bushell re Internal Lilly-Nektar JPT/JSC Prep Meeting | | Zalevsky; Kotzin; Fanton | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0628 | 11/19/2021 | LLY01069237 | LLY01069343 | PowerPoint titled IL-2 Conjugate JPT Meeting | Ali; Bushell; Kotzin; Zalevsky; Fanton; Franke; Nirula; Klekotka; Jeremey Huckstep; Pfeifer; Manner; Schmitz | Huckstep; Pfeifer; Kotzin; Ashrafzadeh; Manner | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; relevant to jury understanding of ISRs, key issues relevant to parties' claims and defenses. |
| Trial Exh 0629 | 11/19/2021 | LLY00208934 | LLY00208938 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes, November 19, 2021 | Ali; Bushell; Kotzin; Zalevsky; Fanton; Franke; Nirula; Klekotka; Jeremey Huckstep; Pfeifer; Manner; Schmitz; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0630 | 11/19/2021 | LLY00208831 | LLY00208865 | November 19, 2021 JSC meeting minutes and Presentation | Zalevsky; Kotzin; Huckstep; Nirula; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0631 | 11/19/2021 | LLY00005278 | LLY00005280 | Nektar-Lilly NKTR-358 JPT Agenda Nov5 Updates | | Huckstep; Pfeifer; Kotzin; Ashrafzadeh; Schmitz; Murray | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0632 | 11/19/2021 | LLY00006610 | LLY00006613 | Nektar-Lilly NKTR-358 JSC Agenda Draft | | Nirula; Huckstep; Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0633 | 11/19/2021 | LLY02257419 | LLY02257530 | JPT Meeting Minutes and Deck | | Nirula; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to develop Rezpeg. |
| Trial Exh 0634 | 11/23/2021 | LLY00104755 | LLY00104778 | IL-2 Conjugate Asset Strategy | Taylor; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0636 | 12/5/2021 | LLY00773412 | LLY00773429 | Email from Kevin R Hern to Patrik Jonsson ;Lotus Mallbris re:Dec 15 Investor Day - Immunology R&D | Jonsson; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0642 | 12/10/2021 | LLY00960111 | LLY00960139 | Email from Tejal Patel to Robert D. Minderman re: RE: IL_2 Core Team: Slide deck presented | Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0643 | 12/13/2021 | LLY00960425 | LLY00960457 | Email from Lauren Zierke to Patrik Jonsson, Lotus Mallbris, Ajay Nirula re: RE: Investment Community Meeting Immunology Slides & Q&A | Jonsson; Nirula | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0644 | 12/15/2021 | LLY00733970 | LLY00734054 | Transcript of Lilly December 15, 2021 Investment Community Meeting | Nirula; Skovronsky; Jonsson; Mostaghimi; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0645 | 12/15/2021 | Nektar00000098604 | Nektar00000098604 | Email from A. Nirula to J. Ruddock re Presentation | | Ruddock; Nirula; Kotzin; Zalevsky | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 0646 | 12/16/2021 | Nektar00000090243 | Nektar00000090244 | Email from Jennifer Ruddock to Vivian Wu re: Fwd: [EXTERNAL] Re: Presentation | Ruddock; Nirula; Kotzin; Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0649 | 12/20/2021 | LLY00840868 | LLY00840869 | Email from Jake Van Naarden to Daniel Skovronsky re: Re: Excellent Investor Day! | Skovronsky; Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0650 | 12/21/2021 | Nektar00000012104 | Nektar00000012105 | Email from J. Zalevsky re Excellent Investor Day | | Zalevsky; Ruddock; Skovronsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0651 | 1/9/2022 | LLY00143624 | LLY00143694 | Email from David Murray to Patrik Jonsson re: IL-2 Board of Directors Pre-Read | Murray; Jonsson; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0653 | 1/11/2022 | LLY02129297 | LLY02129299 | Email from Cheryl Camilleri to David Manner re: RE: KFAC CSR - initial timeline and team list - please review | Zou; Manner; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0654 | 1/11/2022 | LLY00196192 | LLY00196330 | Email from Lance Pfeifer to Multiple Recipients re: Pre-reads: IL-2 BoD meeting Thursday, January 13th | Ashrafzadeh; Schmitz; Pfeifer; Klekotka; Nirula; Daniel Skovronsly; Manner; Murray; Jeremey Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0655 | 1/11/2022 | Nektar00000911944 | Nektar00000911946 | Grover email to Franke re promotion | | Robin; Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0658 | 1/13/2022 | LLY02468615 | LLY02468615 | IL-2 Conjugate Board Meeting Minutes | Schmitz; Nirula; Skovronsky; Jonsson; Ashrafzadeh; Manner; Murray; Pfeifer; Klekotka; Taylor; Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0659 | 1/13/2022 | LLY01333740 | LLY01333808 | IL-2 Conjugate:  Board of Directors Meeting January 13, 2022 | Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0662 | 1/14/2022 | LLY00789931 | LLY00789931 | Email from B. Kotzin to P. Klekotka re meeting follow-up | | Kotzin; Klekotka | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 0665 | 1/18/2022 | LLY01333928 | LLY01333999 | Email from Lance Pfeifer to Jennifer A Wright re:IL-2 Conjugate BoD Slides for PIC | Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0669 | 1/20/2022 | LLY00961760 | LLY00961760 | Email from Mitchell Stayer to Kathryn Ramseyer re: FW: IL-2 conjugate overview (parent email to deposition exhibit 89) | Huckstep; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0671 | 1/25/2022 | LLY00962700 | LLY00962707 | Email from Paul Klekotka to Amy DeLozier re: RE: vIGA-AD and IL-13 | Evans; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0672 | 1/25/2022 | Nektar00000731719 | Nektar00000731721 | Email from Jennifer Ruddock to Gil Labrucherie ;Jill Thomsen re: Fwd: NKTR-358 Ph2 AtD trial design/cost | Ruddock; Daniel Bushell; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0673 | 1/25/2022 | | | Metadata for LLY02468615 | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0674 | 1/25/2022 | LLY00732453 | LLY00732537 | License Agreement between Nektar Therapeutics and Eli Lilly and Company | Huckstep | | Contract | |
| Trial Exh 0680 | 2/1/2022 | LLY00838796 | LLY00838796 | Email from Jonathan Shane Denne to Daniel Skovronsky re:RE: IL-2 P2b study in Atopic Dermatitis - prSS | Skovronsky; Manner; Klekotka; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0682 | 2/2/2022 | Nektar00000026979 | Nektar00000026981 | Email from B. Kotzin Re NKTR-358 Update for EC | | Kotzin; Ali | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) |
| Trial Exh 0685 | 2/3/2022 | LLY02459200 | LLY02459204 | Portfolio Investment Council Meeting Minutes | Skovronsky; Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0687 | 2/8/2022 | LLY02460030 | LLY02460034 | Portfolio Investment Council Meeting Minutes | Skovronsky; Nirula; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---------|------|-------------|-----------|-------------|---------------------------|--------------------------|------------------------|------------------------|
| Trial Exh 0690 | 2/9/2022 | LLY00963323 | LLY00963326 | Email from Rodger M Taylor to Robert D. Minderman re:RE: IL-2 Commercial Decision-Focused visual schedule (Thoughts after WS1 discussion on Monday) | Taylor; Ramseyer; Pfeifer; Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0694 | 2/18/2022 | LLY00123360 | LLY00123427 | Email from David Murray to Patrik Jonsson re: FW: IL-2 Conjugate:  Feb 21st BoD Pre-read | Murray; Jonsson; Ramseyer; Taylor; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0695 | 2/18/2022 | LLY00206552 | LLY00206517 | Email from Lance Pfeifer to Multiple Recipients re: IL-2 Conjugate:  Feb 21st BoD Pre-read | Nirula; Skovronsky; Jonsson; Pfeifer; Manner; Schmitz; Murray; Ramseyer; Klekotka; Ashrafzadeh | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0696 | 2/18/2022 | LLY00005880-COLOR | LLY00005982-COLOR | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes, February 18, 2022 | Ali; Bushell; Kotzin; Zalevsky; Fanton; Franke; Nirula; Klekotka; Jeremey Huckstep; Pfeifer; Manner; Schmitz; Ashrafzadeh | Nirula; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz; Ramseyer | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0697 | 2/18/2022 | LLY00006713 | LLY00006742 | NKTR-358 Alliance Joint Steering Committee Meeting and PowerPoint | Zalevsky; Kotzin; Ruddock; Nirula; Huckstep; Klekotka; Ramseyer; Pfeifer; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0698 | 2/18/2022 | LLY00005878 | LLY00005879 | Nektar-Lilly NKTR-358 JPT Agenda Final | | Nirula; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz; Ramseyer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to develop Rezpeg. |
| Trial Exh 0699 | 2/21/2022 | LLY02468619 | LLY02468621 | IL-2 Conjugate BOD Meeting Minutes, February 21, 2022 | Nirula; Jonsson; Ashrafzadeh; Manner; Ramseyer; Pfeifer; Klekotka; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0700 | 2/21/2022 | LLY00839604 | LLY00839606 | Email from Lance Pfeifer to Kathryn Ramseyer ;Rodger M Taylor re: IL-2 SLE CSFs-2022-02-21.pptx | Pfeifer; Murray; Taylor; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0701 | 2/24/2022 | LLY01106987 | LLY01107054 | KFAJ PO DBL Topline Readout Rezpeg Core Team Meeting | Klekotka; Murray; Mostaghimi; Robbins; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0707 | 3/1/2022 | LLY02140840 | LLY02141257 | CD200R Phase 1 Eczema Data | Schmitz; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0708 | 3/7/2022 | Nektar00000636762 | Nektar00000636911 | Email from Kotzin re Atopic Dermatitis protocol Ph2b (draft) - KFAE | | Kotzin; Schmitz | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 0709 | 3/7/2022 | LLY01351910 | LLY01352050 | LY3471851 KFAE Harmonized Clinical Protocol-25Feb-clean for Nektar review | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0710 | 3/8/2022 | LLY00851745 | LLY00851746 | Email from Ajay Nirula to Lance Pfeifer re: RE: Portfolio and IL-2 updates | Pfeifer; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0715 | 3/14/2022 | LLY024560410 | LLY02456051 | 2022 Portfolio review | Pfeifer; Nirula; Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0716 | 3/14/2022 | LLY02456041 | LLY02456051 | 2022 Portfolio review | Lance Pfeiffer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0723 | 3/16/2022 | LLY00855248 | LLY00855304 | CD200R Board of Directors PowerPoint | Schmitz; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0724 | 3/17/2022 | LLY00773181 | LLY00773193 | Email from Annabelle-louise Lockey to Carsten Schmitz, Heng Zou - Network, Robert Jan Benschop, Kimberley Jackson, Paul Klekotka, Ajay Nirula re: KFAC and KFAD | Zou; Schmitz; Klekotka; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0729 | 3/21/2022 | LLY02138749 | LLY02138752 | Email from Ajay Nirula to Daniel Skovronsky re: Re: So visit April 7 | Skovronsky; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0731 | 3/24/2022 | LLY00933922 | LLY00933922 | Email from R. J. Forbes to Michael Andrew Johnson; Lance A. Pfeifer; Jeremy Huckstep ; David Murray; Mitchell Stayer re: RE: Nektar Assumptions | Huckstep; Pfeifer; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0733 | 3/25/2022 | LLY01345075 | LLY01345077 | Email from Lance Pfeifer to Kathryn Ramseyer; Ali Ashrafzadeh; Lucia Seminario Vidal re: RE: Slides for IL-2 Lead Team - erythema | Ramseyer; Ashrafzadeh; Pfeifer; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0734 | 3/26/2022 | | | Lilly Press Release: Majority of Patients Treated with Lebrikizumab Achieved Skin Clearance in Lilly's Pivotal Phase 2 Atopic Dermatitis Studies, March 26, 2022 | Pfeifer; Ramseyer; Jonsson; Skovronsky; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0737 | 3/28/2022 | Nektar00000417640 | Nektar00000417640 | Emails re Lebri influencing Lilly's recommendations | | Zalevsky; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0738 | 3/28/2022 | Nektar00000722465 | Nektar00000722466 | Email from Labrucherie re Preliminary Due Diligence Topics | | Ruddock; Marais | | Rebut and defend against Nektar allegations of damages or other harm; cross examination of the named Nektar witness(es). |
| Trial Exh 0739 | 3/29/2022 | LLY00934514 | LLY00934514 | Email from Lotus Mallbris to Kathryn Ramseyer re:Re: Input needed on 2 time-sensitive items | Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0741 | 3/30/2022 | Nektar00000007880 | Nektar00000007880 | Email from B. Kotzin Re REZPEG UC and SLE Data Readout | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0746 | 4/3/2022 | LLY00934579 | LLY00934617 | Email from Kathryn Ramseyer to Patrik Jonsson re: Draft IL-2 slides for meeting with Dave on Thursday, April 7th | Ramseyer; Jonsson | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0749 | 4/5/2022 | LLY00772981 | LLY00773050 | Email from Kathryn Ramseyer to Ajay Nirula re: Rezpegaldesleukin slides for 4/7 meeting | Klekotka; Nirula; Ashrafzadeh; Pfeifer; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0750 | 4/5/2022 | LLY01351450 | LLY01351557 | Email from Ajay Nirula to David Ricks, Daniel Skovronsky, Patrik Jonsson re: Slides for Thursday | Jonsson; Skovronsky; Nirula; Klekotka; Pfeifer; Murray; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0751 | 4/5/2022 | LLY00934953 | LLY00935021 | Email from Kathryn Ramseyer to Ajay Nirula re: Rezpegaldesleukin slides for 4/7 meeting | Jonsson; Skovronsky; Nirula; Klekotka; Pfeifer; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0753 | 4/7/2022 | LLY00934953 | LLY009349587 | Email from Kathryn Ramseyer to Ajay Nirula re: Rezpegaldesleukin slides for 4/7 meeting | Pfeifer; Klekotka; Ramseyer; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0756 | 4/12/2022 | LLY00935204 | LLY00935207 | Email from Lance Pfeifer to Ajay Nirula ;Paul Klekotka re: RE: Slides for Thursday | Klekotka; Nirula; Pfeifer; Ramseyer; Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0757 | 4/13/2022 | LLY01344965 | LLY01344966 | Email from Lance Pfeifer to Carsten Schmitz; Paul Klekotka; Jeannie Chao; Ali  Ashrafzadeh re: RE: IL-2 feedback | Pfeifer; Schmitz; Klekotka; Ashrafzadeh ; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0758 | 4/13/2022 | LLY02137637 | LLY02137640 | Email from Carsten Schmitz to Purvi Prajapati ;Ziqiao Wang re: RE: update and favor to ask | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0759 | 4/13/2022 | LLY00847794 | LLY00847805 | Lilly Immunology Strategic Plan 2022 Meeting 5 | Nirula; Murray; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0762 | 4/15/2022 | LLY00123912 | LLY00123972 | Email from Lance Pfeifer to Multiple Recipients re: IL-2 Conjugate BoD Agenda:  Tuesday, April 19th | Nirula; Skovronsky; Jonsson; Pfeifer; Manner; Schmitz; Murray; Ramseyer; Klekotka; Ashrafzadeh; Taylor; Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0765 | 4/18/2022 | LLY00188092 | LLY00188152 | Email from Kathryn Ramseyer to Patrik Jonsson; Laurie Lynn Kowalevsky; Lotus Mallbris re:Rezpegaldeslukin (IL-2 conjugate) Board of Directors - Pre-read and  input from NPP/GBD | Ramseyer; Taylor; Jonsson; Murray; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0766 | 4/18/2022 | LLY00000204 | LLY00000261 | PowerPoint titled Rezpegaldesleukin:  Board of Directors Meeting | Nirula; Klekotka; Pfeifer; Ashrafzadeh; Taylor; Skovronsky; Schmitz; Manner; Murray; Huckstep; Klekotka; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0769 | 4/19/2022 | LLY00125548 | LLY00125552 | Email from Lance Pfeifer to Ajay Nirula re: FW: IL-2 BoD Meeting Minutes: Ready for your review | Klekotka; Nirula; Skovronsky; Jonsson; Schmitz; Taylor; Klekotka; Ashrafzadeh; Manner; Lancer Pfeifer; Murray; Huckstep; Ramseyer; | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0770 | 4/19/2022 | LLY00001374 | LLY00001377 | IL-2 Conjugate BOD meeting minutes | Nirula; Klekotka; Pfeifer; Ashrafzadeh; Taylor; Skovronsky; Schmitz; Manner; Murray; Huckstep; Klekotka; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0771 | 4/19/2022 | Nektar0000090823 | Nektar0000090825 | Email from B. Kotzin Re Interim analysis results | | Kotzin; Ruddock; Zalevsky; Klekotka | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0780 | 4/25/2022 | LLY00691891 | LLY00691891 | Email from Jeremy Huckstep to Lance Pfeifer; Rodger M Taylor re: IL-2 contract language re timing of 4 indications | Huckstep; Pfeifer; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0783 | 4/26/2022 | LLY02474880 | LLY02474880 | Baricitinib/Olumiant - Phase 2 Atopic Dermatitis - CSR Addendum | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0785 | 4/27/2022 | Nektar0000412493 | Nektar0000412493 | Email announcing May 3, 2022 is Dan's last day | | Huckstep; Pfeifer | | Relevant to collaboration partnership and Rezpeg background; cross examination of the named Nektar witness(es). |
| Trial Exh 0787 | 4/29/2022 | LLY01361027 | LLY01361029 | IL-2 Core Team Meeting | Huckstep; Ashrafzadeh; Schmitz; Murray; Ramseyer; Pfeifer; Klekotka; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0791 | 5/2/2022 | Nektar00000276110 | Nektar00000276110 | Email from B. Kotzin to A. Ashrafzadeh re Accepted: IL-2 Conjugate Medical Meeting | | Ashrafzadeh; Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 0792 | 5/3/2022 | LLY00104099 | LLY00104107 | PowerPoint titled Rezpegaldesleukin Early CD Criteria | Taylor; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0795 | 5/4/2022 | Nektar00000221105 | Nektar00000221106 | Email from Wu re NKTR-255.01 Trial Schema.pptx | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0796 | 5/4/2022 | Nektar00000864920 | Nektar00000864920 | Email from G. Labrucherie to J. Zalevsky and J. Ruddock re Lebrikizumab Phase 2 | | Ruddock; Zalevsky | | Cross examination of the named Nektar witness(es). |
| Trial Exh 0801 | 5/6/2022 | LLY00928989 | LLY00928999 | Email from Lance Pfeifer to Jeremy Huckstep re: FW: AtD decision tree after Lupus and UC readout | Carsetn Schmitz; Pfeifer; Huckstep; Ashrafzadeh; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0802 | 5/6/2022 | LLY00850060 | LLY00850071 | Email from Lance Pfeifer to Kathryn Ramseyer re: FW: AtD decision tree after Lupus and UC readout | Pfeifer; Ramseyer; Taylor | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0803 | 5/6/2022 | LLY00848877 | LLY00848884 | Email from Ali Ashrafzadeh to Jeremy Huckstep re: RE: AtD decision tree after Lupus and UC readout | Huckstep; Ashrafzadeh | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0804 | 5/9/2022 | LLY02138009 | LLY02138048 | Email from Ziqiao Wang to Songqing Na, Carsten Schmitz, Nicholas Saxena Ellinwood, Puvi Prajapati re: Meeting with Pandu tomorrow | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0805 | 5/10/2022 | LLY02436163 | LLY02436185 | Email from Jennifer Michelle Recker to Patrik Jonsson, Ashley Diaz-Granados, and others re: ImBU LT Final SP-22 Review Pre-read | Jonsson; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 0806 | 5/10/2022 | LLY00929842 | LLY00929842 | Email from Lance Pfeifer to Ajay Nirula re: Discussion topics for our 1:1 on Thursday | Pfeifer; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0811 | 5/12/2022 | LLY00126299 | LLY00126326 | Email from Lance Pfeifer to Seth Grimes, Stuart Gregory re: FW: Nektar IL-2 Milestones | Pfeifer; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | |
| Trial Exh 0812 | 5/12/2022 | LLY00849889 | LLY00849902 | Email from Carsten Schmitz to Kathryn Ramseyer, Paul Klekotka, Rodger Taylor, David Manner, Lance Pfeifer, Ali Ashrafzadeh re: RE: IL-2 PEG decision tree for Atopic Dermatitis | Schmitz; Ramseyer; Klekotka; Taylor; Manner; Pfeifer; Ashrafzadeh | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0813 | 5/12/2022 | LLY00848493 | LLY00848505 | Email from Lance Pfeifer to Kathryn Ramseyer re: Decision tree slides | Pfeifer; Ramseyer; | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0814 | 5/12/2022 | LLY00930100 | LLY00930103 | Email from S. Grimes Re Nektar IL-2 Milestones/PTS | | Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0817 | 5/13/2022 | Nektar00000012348 | Nektar00000012350 | Email from J. Ruddock to T. Haberberger re KFAN (RBA) Request to review draft protocol by 13 May 22 | | Ruddock | | Cross examination of the named Nektar witness(es). |
| Trial Exh 0818 | 5/13/2022 | Nektar00000012353 | Nektar00000012355 | Email from J. Ruddock to M. Tagliaferri re KFAN (RBA) Request to review draft protocol by 13 May 22 | | Ruddock | | Cross examination of the named Nektar witness(es). |
| Trial Exh 0819 | 5/13/2022 | Nektar00000518127 | Nektar00000518207 | Email from Kotzin re KFAN (RBA) Request to review draft protocol by 13 May 22 | | Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0820 | 5/13/2022 | Nektar00000864341 | Nektar00000864423 | Email from J. Ruddock to J. Zalevsky re KFAN (RBA) Request to review draft protocol by 13 May 22 | | Ruddock; Zalevsky | | Cross examination of the named Nektar witness(es). |
| Trial Exh 0821 | 5/13/2022 | Nektar00000007888 | Nektar00000007888 | Email from C. Ali Re NKTR-358 Updates | | Ali; Kotzin; Zalevsky; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0822 | 5/13/2022 | Nektar00000518127 | Nektar00000518133 | Email from B. Kotzin Re KFAN Draft Protocol | | Kotzin; Yu; Fanton; Ali | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0825 | 5/17/2022 | LLY00931368 | LLY00931369 | Email from Lance Pfeifer to Jeremy Huckstep re: FW: IL-2 Lead Team agenda | Huckstep; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0826 | 5/17/2022 | LLY00857331 | LLY00857374 | Email from Carsten Schmitz to Paul Klekotka re: CD200 BoD slides | Klekotka; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0827 | 5/17/2022 | LLY00777939 | LLY00777944 | Email from Kathryn Ramseyer to Jingyi Liu ;So Young Park re:Fwd: Early CD Criteria and Decision Tree Endorsed by ImBU LT | Taylor; Ramseyer; Pfeifer; Murray; Klekotka; Alo Ashrafzadeh | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0828 | 5/17/2022 | LLY00856298 | LLY00856299 | Email from David Manner to Ziqiao Wang re: RE: Favor to ask re planned AtD data readout | Schmitz; Manner | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0833 | 5/18/2022 | LLY00855148 | LLY00855148 | Email from Ziqiao Wang to David Manner, Heng Zou re: RE: KFAD | Zou; Manner; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0834 | 5/18/2022 | LLY02435982 | LLY02435987 | Text Messages between Ajay Nirula and Daniel Skovronsky | Nirula; Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0835 | 5/18/2022 | LLY00692448 | LLY00692475 | Email from Paul Klekotka to Ajay Nirula re: IAC | Nirula; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0839 | 5/19/2022 | LLY00856297 | LLY00856297 | Email from Lance Pfeifer to Multiple Recipients re:Rezpegaldesleukin SLE Interim update | Taylor; Pfeifer; Nirula; Skovronsky; Jonsson; Klekotka; Ashrafzadeh; Ramseyer; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0840 | 5/19/2022 | LLY00856750 | LLY00856750 | Email from Rodger Taylor to Ajay Nirula, Dan Skovronsky, Kathryn Ramseyer, and others re: Rezpegaldesleukin (IL-2) Ph2 SLE Interim Assessment 3 readout and Next Steps | Taylor; Nirula; Skovronsky; Ramseyer; Jonsson; Murray; Klekotka | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0841 | 5/19/2022 | LLY01350838 | LLY01350838 | Email from Rodger Taylor to Lotus Mallbris re: FW: Rezpegaldesleukin Ph2 SLE Interim Assessment 3 readout and Next Steps | Taylor; Ashrafzadeh; Nirula; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0842 | 5/19/2022 | Nektar00000099669 | Nektar00000099669 | Email from Taylor re Rezpegaldesleukin (IL-2) Ph2 SLE Interim Assessment 3 readout and Next Steps | | Ruddock; Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0846 | 5/20/2022 | LLY02136347 | LLY02136351 | Email from Victoria Rajamanickam to David Manner, Heng Zou, Jordan Bauer re: [EXTERNAL] RE: KFAD- SAP version 1.0 | Zou; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0847 | 5/20/2022 | Nektar00000012629 | Nektar00000012631 | Email from Rodger M Taylor to Jennifer Ruddock re: RE: [EXTERNAL] Re: Rezpegaldesleukin (IL-2) Ph2 SLE Interim Assessment 3 readout and Next Steps | Ali; Ruddock; Taylor; Huckstep; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0848 | 5/20/2022 | Nektar00000863914 | Nektar00000863915 | Email from Robin re NKTR-358 | | Robin; Zalevsky; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0849 | 5/20/2022 | Nektar00000891121 | Nektar00000891127 | Email from C. Ali re NKTR-358 Project Team meeting - 17MAY22 minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0850 | 5/20/2022 | Nektar00000949929 | Nektar00000949929 | Email from Zalevsky re NKTR-358 | | Robin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0851 | 5/21/2022 | LLY01336242 | LLY01336307 | Email from Ajay Nirula to Daniel Skovronsky re: SLE CSFs; attaching IL-2 Conjugate: Board of Directors Meeting, February 21, 2022 | Nirula; Pfeifer; Schmitz; Dan Skovronsky; Manner; Ashrafzadeh; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 0854 | 5/23/2022 | LLY00931671 | LLY00931674 | Email from R. Taylor to A. Cherie and J. Ruddock re KFAN (RBA2) study protocol comments from Nektar and Draft FAQs for SLE PH2 (KFAJ) IA3 Data Readout | | Ruddock; Pfeifer; Huckstep; Ramseyer; Cherie Ali | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 0855 | 5/24/2022 | LLY00778251 | LLY00778251 | Email from Kathryn Ramseyer to Lance Pfeifer re: Opening comments | Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0856 | 5/25/2022 | LLY00855633 | LLY00855633 | Email from Carsten Schmitz to Lance Pfeifer; Ali Ashrafzadeh; Kathryn Ramseyer; Paul Klekotka re: RE: Added slides for IL-2 discussion tomorrow | Schmitz; Pfeifer; Ashrafzadeh; Ramseyer; Klekotka; Mostaghimi; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0857 | 5/25/2022 | LLY00855634 | LLY00855634 | AtD study table [Attached to Depo. Exh. 273] | Schmitz; Pfeifer; Ashrafzadeh; Ramseyer; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0860 | 5/28/2022 | Nektar0000151708 | Nektar0000151709 | Email from Ali re Time Sensitive Request: NKTR-358 Materials for NKTR 2Q22 BOD Meeting | | Kotzin; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0861 | 5/30/2022 | LLY00856289 | LLY00856293 | Email from David Manner to Ziqiao Wang, Heng Zou re: RE: Easi scores in ADaM and SDTM are different | Zou; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0862 | 5/30/2022 | LLY00931969 | LLY00931969 | Email from David Manner to Ziqiao Wang ;Heng Zou re: RE: Easi scores in ADaM and SDTM are different | Manner; ICON (Rylance) | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0863 | 5/30/2022 | LLY00857395 | LLY00857395 | Email from Ziqiao Wang to David Manner;Heng Zou - Network re: Re: Easi scores in ADaM and SDTM are different | Zou; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0864 | 5/30/2022 | LLY00856204 | LLY00856260 | Email from Carsten Schmitz to Ziqiao Wang re: KFAD Interim #5 readout and upcoming BoD and JPT meetings | Schmitz; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---------|------|-------------|-----------|-------------|---------------------------|--------------------------|------------------------|-----------------------|
| Trial Exh 0868 | 5/31/2022 | LLY00931659 | LLY00931660 | Email from Heng Zou to Ziqiao Wang; David Manner re: Re: Easi scores in ADaM and SDTM are different | Zou; Manner; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0869 | 5/31/2022 | LLY00931948 | LLY00931950 | Email from Ziqiao Wang to Heng Zou; David Manner re: RE: Easi scores in ADaM and SDTM are different | Manner; Zou | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0870 | 5/31/2022 | LLY00931938 | LLY00931942 | Email from Carsten Schmitz to Nicole Elizabeth Campbell re: Re: KFAE Annotated CRFs Review | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0871 | 5/31/2022 | Nektar00000283690 | Nektar00000283690 | Email from C. Ali to J. Ruddock re NKTR-358 June 1 AM/PM meeting topics | | Ruddock | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). |
| Trial Exh 0872 | 5/31/2022 | Nektar00000413894 | Nektar00000413976 | Emails between C. Ali and X. Wang re NKTR-358 Project Team meeting - 31MAY22 minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0877 | 6/1/2022 | Nektar00000720137 | Nektar00000720144 | Email from Ali re NKTR-358 Project Team meeting - 31MAY22 Draft minutes | | Buthusiem; Zalevsky; Kotzin; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0881 | 6/4/2022 | LLY00778544 | LLY00778557 | Email from Carsetn Schmitz to Brian Kotzin re: Atopic Dermatitis Advisory Board June 8th (Germany) - IL-2 data presentation | Carsetn Schmitz; Pfeifer; Kotzin; Ashrafzadeh; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0882 | 6/5/2022 | Nektar00000086110 | Nektar00000086111 | Email from Brian Kotzin to Carsten Schmitz re: RE Atopic Dermatitis Advisory Board June 8th (Germany) - IL-2 data presentation | Kotzin; Carsten Schmitz; Pfeifer; Ashrafzadeh; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0884 | 6/6/2022 | LLY00936000 | LLY00936014 | Email from Carsten Schmitz to Kathryn Ramseyer re: RE: Clinical Team meeting with Nektar June 8th | Ramseyer; Pfeifer; Ashrafzadeh; Klekotka; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0890 | 6/8/2022 | LLY00854256 | LLY00854265 | Email from Purvi Prajapati to Ali Ashrafzadeh re: KFAE Interim Slides | Manner; Schmitz; Huckstep; Ashrafzadeh | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0891 | 6/8/2022 | Nektar00000657653 | Nektar00000657654 | Email from H. Robin to J. Zalevsky re Wondering how this could potentially impact your program with Lilly? | | Robin; Zalevsky; Ruddock | | Cross examination of the named Nektar witness(es). |
| Trial Exh 0892 | 6/8/2022 | Nektar00000863611 | Nektar00000863613 | Email from Chowrira re Wondering how this could potentially impact your program with Lilly? | | Zalevsky; Robin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0893 | 6/8/2022 | Nektar00000867179 | Nektar00000867180 | Email from J. Zalevsky to B. Chowrira re Wondering how this could potentially impact your program with Lilly? | | Zalevsky; Robin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0894 | 6/8/2022 | Nektar00001334544 | Nektar00001334547 | Email from H. Robin re Wondering how this could potentially impact your program with Lilly | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0900 | 6/9/2022 | LLY00777381 | LLY00777382 | Email from Kathryn Ramseyer to Carsten Schmitz, Ali Ashrafzadeh re: RE: Nektar/Lilly follow up | Ramseyer; Schmitz; Ashrafzadeh; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0901 | 6/9/2022 | LLY00931831 | LLY00931840 | Email from Ali Ashrafzadeh to Brian Kotzin re: Todays Slides | Ashrafzadeh; Kotzin; Schmitz | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0903 | 6/10/2022 | LLY02304567 | LLY02304570 | Email from Carsten Schmitz to Ziqiao Wang re: RE: IL2 CD200R summary | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0906 | 6/13/2022 | Nektar00000160725 | Nektar00000160727 | Email from Liu re Today's Slide | | Zalevsky; Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; relevant to jury understanding of interim analyses, a key issue relevant to parties' claims and defenses; cross examination of the named Nektar witness(es). |
| Trial Exh 0910 | 6/14/2022 | LLY01345285 | LLY01345286 | Email from Carsten Schmitz to Stepen Boesing, David Manner, Purvi Prajapati re: RE: AD guidance | Schmitz; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0912 | 6/15/2022 | LLY00185849 | LLY00185881 | PowerPoint titled IL-2 BoD-2022-06-17-FINAL.pdf | Murray; Ramseyer; Jonson; Taylor; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0913 | 6/15/2022 | Nektar00000327370 | Nektar00000327370 | Email from  Brian Kotzin to Jennifer Ruddock ;Jonathan Zalevsky re: Interim Analyses in the NKTR-358 Phase 2b atopic dermatitis study | Kotzin; Ruddock; Zalevsky | Kotzin; Ruddock; Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0914 | 6/15/2022 | LLY01345248 | LLY01345250 | Email from David Manner to Lance Pfeifer re: David Murray mentioned you in "IL-2 BoD-2022-06-17-DRAFT". | Manner; Murray; Schmitz; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0915 | 6/15/2022 | Nektar00000715042 | Nektar00000715042 | Email from C. Ali re NKTR-358 Ph2b AtD interim analysis assessment | | Ali; Kotzin; Liu; Yu; Zalevsky; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0922 | 6/16/2022 | LLY00185847 | LLY00185848 | Email from Kathryn Ramseyer to Patrik Jonsson, Laurie Lynn Kowalevsky, Lotus Mallbris re: Rezpegaldeslukin (IL-2 conjugate) Board of Directors - Pre-read and input from NPP/GBD | Murray; Ramseyer; Jonson; Taylor; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0923 | 6/16/2022 | LLY00777530 | LLY00777534 | Email from Rodger Taylor to Multiple Recipients re: Fwd: NKTR-358 AtD Input from Nektar | Zalevsky; Skovronsky; Ramseyer; Pfeifer; Huckstep; Taylor; Murray; Ruddock; Cheri Ali | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0928 | 6/17/2022 | LLY00147671 | LLY00147706 | Email from David Manner to Jonathan Denne re: Fwd: Rezpegaldeslukin (IL-2 Conjugate) BoD Meeting: Friday, June 17th | Pfeifer; Skovronsky; Jonsson; Ramseyer; Schmitz; Klekotka; Ashrafzadeh; Manner; Nirula; Huckstep; Murray; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0929 | 6/17/2022 | LLY01361090 | LLY01361093 | IL-2 Conjudate BOD Meeting Minutes | Pfeifer; Skovronsky; Jonsson; Ramseyer; Schmitz; Klekotka; Ashrafzadeh; Manner; Nirula; Huckstep; Murray; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0930 | 6/17/2022 | LLY01306974 | LLY1306978 | Email from Jeremy Huckstep to Kenneth L. Custer re: RE: Nektar alliance developments | Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0931 | 6/17/2022 | LLY00185745 | LLY00185779 | Email from Lance Pfeifer to Multiple Recipients re: Rezpegaldesleukin (IL-2 Conjugate) BoD Meeting: Friday, June 17th | Pfeifer; Skovronsky; Jonsson; Ramseyer; Schmitz; Klekotka; Ashrafzadeh; Manner; Nirula; Huckstep; Murray; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0932 | 6/17/2022 | LLY00000001 | LLY00000033 | PowerPoint titled Rezpegaldesleukin:  Board of Directors Meeting | Nirula; Klekotka; Pfeifer; Ashrafzadeh; Taylor; Skovronsky; Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0933 | 6/17/2022 | Nektar00000090702 | Nektar00000090705 | Email from J. Zalevsky to D. Skovronsky re NKTR-358 AtD Input from Nektar | | Zakevsky; Skovronsky; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0939 | 6/20/2022 | Nektar00000774845 | Nektar00000774851 | Email from M. Schneider forwarding email from C. Ali re NKTR Project Team meeting - 14JUN22 minutes | | Kotzin; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0942 | 6/29/2022 | LLY01336543 | LLY01336547 | Email from Lance Pfeifer to Multiple Recipients re: Rezpegaldesleukin (IL-2 Conjugate) BoD Minutes | Pfeifer; Klekotka; Nirula; Schmitz; Ramseyer; Manner; Murray; Skovronsky; Jonsson | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0944 | 6/30/2022 | Nektar00000863356 | Nektar00000863394 | Email from Adi Jayanthi to Multiple Recipients re: [EXTERNAL] RE: Project Newbirth | Valuation discussion | Sasaki; Robin; Ruddock; Zalevsky; Robbins | Robin; Ruddock; Zalevsky; Marais | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Rebut and defend against Nektar allegations of damages or other harm; cross examination of the named Nektar witness(es). |
| Trial Exh 0945 | 6/30/2022 | Nektar00000160204 | Nektar00000160206 | Email from L. Sasaki re Updated Timelines - Research Programs | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0946 | 7/1/2022 | Nektar00000283603 | Nektar00000283605 | Email from Jeremy Huckstep to Cherie Ali; Jennifer Ruddock re: [EXTERNAL] Response to June 16th letter | Huckstep; Cheri Ali; Ruddock | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0947 | 7/1/2022 | LLY00778732 | LLY00778734 | J. Huckstep Email with attachments | | Huckstep; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 0959 | 7/14/2022 | Nektar00000099647 | Nektar00000099647 | Email from Kotzin re Follow-up from NKTR-358 Team meeting today | | Zalevsky; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0964 | 7/20/2022 | LLY02142868 | LLY02142928 | Immunology Update 7.22.22 | | Jonsson; Nirula | | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. |
| Trial Exh 0970 | 7/26/2022 | LLY01352342 | LLY01352343 | Email from Lance Pfeifer to Nicole Hu re: FW: Rezpegaldesleukin update | Pfeifer; Klekotka; Ramseyer; Schmitz; Ashrafzadeh; Taylor; Huckstep; | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0973 | 7/27/2022 | LLY01312505 | LLY01312507 | Email from Rodger M Taylor to Kathryn Ramseyer ;Lance Pfeifer ;Jeremy Huckstep re: RE: [EXTERNAL] Re: AM/PM Discussion topic - KFAE (AtD) Ph2b Study Communications | Ramseyer; Pfeifer; Huckstep; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0974 | 7/27/2022 | Nektar00000012594 | Nektar00000012594 | Email from C. Ali re Agenda | | Huckstep; Pfeifer; Ruddock | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). |
| Trial Exh 0975 | 7/27/2022 | Nektar00000862960 | Nektar00000862970 | Email from C. Ali re NKTR-358 Project Team meeting - 27JUL22 minutes | | Ali; Fanton; Franke; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 0978 | 7/28/2022 | LLY00777218 | LLY00777219 | Email from Kathryn Ramseyer to Rodger M Taylor re:Text for "What's changed?" slide | Ramseyer; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0984 | 8/3/2022 | Nektar00000007849 | Nektar00000007850 | Email from Zalevsky re 258 DD Questions from Peanut | | Zalevsky; Kotzin; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 0989 | 8/4/2022 | LLY02467478 | LLY02467523 | Slide Deck: "CD200R Agonist Antibody (AI, LY3454738) Board of Directors" | Schmitz; Nirula; Ramseyer; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0990 | 8/4/2022 | LLY00693581 | LLY00693584 | Email from Lydia J Wilkinson to Ajay Nirula et al. re: Draft CD200R Agonist BoD minutes - review requested | Nirula; Schmitzl Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0992 | 8/5/2022 | LLY00005714 | LLY00005873 | Lilly/Nektar NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes and PowerPoint August 5, 2022 | Ali; Franke; Kotzin; Zalevsky; Ruddock; Nirula; Klekotka; Pfeifer; Ashrafzadeh; Huckstep; Manner; Murray; Taylor; Robbins | Nirula; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz; Ramseyer | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0993 | 8/5/2022 | LLY00002676 | LLY00002827 | PowerPoint titled IL-2 Conjugate JPT Meeting | Zalevsky; Kotzin; Tagliaferri; Nirula; Klekotka; Pfeifer; Ashrafzadeh; Taylor; Skovronsky; Schmitz; Manner; Murray; Huckstep; Klekotka; Mostaghimi; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0994 | 8/5/2022 | LLY00006707 | LLY00006710 | NKTR-358 Alliance Joint Steering Committee Meeting | Zalevsky; Kotzin; Ruddock; Nirula; Huckstep; Klekotka; Ramseyer; Pfeifer; Taylor | Nirula; Klekotka; Pfeifer; Huckstep; Ramseyer | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0995 | 8/5/2022 | Nektar00000990707 | Nektar00000990866 | NKTR-358 Alliance Joint Product Team Minutes | Zalevsky; Ruddock; Kotzin; Fanton; Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0996 | 8/5/2022 | LLY02474943 | LLY02474943 | Ucenprubart/CD200r - Phase 1 Atopic Dermatitis - CSR Synopsis | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0997 | 8/5/2022 | LLY00005983 | LLY00006080 | PowerPoint titled IL-2 Conjugate JPT Meeting, February 18, 2022 | Zalevsky; Kotzin; Ruddock; Cheri Ali; Fanton; Franke; Ajai Nirula; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz; Ramseyer; Taylor; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 0998 | 8/5/2022 | LLY00005557 | LLY00005559 | Nektar-Lilly JPT Final Agenda | | Nirula; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz; Ramseyer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 0999 | 8/5/2022 | PureTech_00003228 | PureTech_00003238 | Solicited ISR from Ph1b PsO Study KFAC | | Krueger; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1000 | 8/6/2022 | LLY02452085 | LLY02452086 | Email from Rodger Taylor to Rob D Swarts, Kathryn Ramseyer re:Re: Request from Lotus | Skovronsky; Taylor; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1002 | 8/8/2022 | | | Press Release re Taltz Reformulation | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins; Mostaghimi; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 1004 | 8/9/2022 | Nektar00000327301 | Nektar00000327303 | Email from K. Franke to K. Brodbeck re 358 Tech Review | | Zalevsky; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1005 | 8/9/2022 | Nektar00000862584 | Nektar00000862593 | Email from J. McCumber re 09AUG22 TechOps: Technical Review - NKTR-358 Final Minutes; TechOps Technical Review Meeting Minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1006 | 8/9/2022 | Nektar00000949908 | Nektar00000949909 | Franke email re 220809 TechOps Tech Review NKTR358_Draft | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1007 | 8/10/2022 | Nektar00000221300 | Nektar00000221301 | Email from Ruddock re Celldex slide prsentation 9:30 am | | Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1008 | 8/10/2022 | Nektar00000090625 | Nektar00000090628 | Email re: Nektar-Lilly Draft JSC Minutes | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1009 | 8/15/2022 | LLY01298525 | LLY01298685 | Email from Caroline Burcham to multiple recipients re: JPT/JSC Minutes: Rezpegaldesleukin Lead Team (15Aug) Agenda and Pre-reads | Kotzin; Taylor; Ramseyer; Pfeifer; Klekotka; Ashrafzadeh; Huckstep; Murray; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1012 | 8/19/2022 | LLY02458606 | LLY02458615 | Email from Rodger Taylor to multiple recipients re:Re: Rezpegaldesleuking ImBU 2023 Business Plan Budget - Action requested | Taylor; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1015 | 8/22/2022 | LLY01318089 | LLY01318091 | Email from Rodger Taylor to Kathryn Ramseyer, Ajay Nirula, Lance Pfeifer, Paul Klekotka re: RE: Text from JZ | Taylor; Pfeifer; Klekotka; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1016 | 8/22/2022 | LLY02458930 | LLY02458932 | Minutes of Immunology RDSC Meeting of 8/22/2022 | Skovronsky; Nirula | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | |
| Trial Exh 1017 | 8/23/2022 | LLY00983750 | LLY00983750 | Email from Mitchell Stayer to Rodger Taylor re: Lebri AD in Dupi-Experienced Patients | Taylor; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1021 | 8/24/2022 | LLY02357623 | LLY02357646 | Email from Lance Pfeifer to Zach Neeb re: FW: Immunology TA Review Wednesday Aug 24th | Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1024 | 8/25/2022 | Nektar00000867017 | Nektar00000867018 | Email from Jonathan Zalevsky to Brian Kotzin, Jennifer Ruddock, Lorin Sasaki re: RE: [EXTERNAL] Re: NKTR-358 Timeline & Milestone - Update | Zalevsky; Kotzin; Ruddock; Sasaki | Kotzin; Ruddock; Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1025 | 8/25/2022 | Nektar00000717637 | Nektar00000717640 | Email from Jill Thomsen to Jennifer Ruddock re: RE: NKTR-358 Timeline & Milestone - Update | Zalevsky; Kotzin; Ruddock; Sasaki | Ruddock; Kotzin; Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1026 | 8/25/2022 | Nektar00000862448 | Nektar00000862461 | Email from Adi Jayanthi to Jill Thomsen, Lorin Sasaki, and others re: [EXTERNAL] RE: Project Newbirth | Nektar & JPM - Development Expenses Discussion | Zalevsky; Kotzin; Ruddock; Robin; Sasaki | Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Rebut and defend against Nektar allegations of damages or other harm. |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1028 | 8/26/2022 | LLY00983565 | LLY00983568 | Email from Kathryn Ramseyer to Stephen Boesing, Lance Pfeifer, Rodger Taylor re: RE: SLE data impact potential | Pfeifer; Taylor; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1029 | 8/26/2022 | Nektar00000862440 | Nektar00000862443 | Thomsen email re budget milestones | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1033 | 8/29/2022 | LLY01356220 | LLY01356221 | Email from Danny Wood to Lance Pfeifer re: Re: Action item from last week's AM/PM meeting | Pfeifer; Klekotka; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1035 | 8/30/2022 | LLY00102001 | LLY00102003 | 2022-08 - August - IL2 Summary Report.docx | Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1039 | 9/1/2022 | Nektar00000950021 | Nektar00000950182 | Email from Zalevsky re NKTR-358 05AUG22 JPT draft minutes for review | | Zalevsky; Kotzin; Ruddock | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. |
| Trial Exh 1041 | 9/2/2022 | Nektar00000012863 | Nektar00000012870 | Email from Vivian Wu to Jennifer Ruddock re: Announcement of REZPEG (NKTR-358) Phase 1b Results in Atopic Dermatitis and Psoriasis at EADV | Schmitz; Zou; Klekotka; Kotzin; Zalevsky; Nirula | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1042 | 9/6/2022 | Nektar00000099555 | Nektar00000099555_ | Email from Lance Pfeifer to Cammy DeLuca-Flaherty, Jennifer Ruddock, Rodger Taylor, Jeremy Huckstep re: [EXTERNAL] Action item from last week's AM/PM meeting | Lance Pfier;  Ruddock; Rodger M Taylor; Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1044 | 9/7/2022 | LLY01318118 | LLY01318135 | SVB Article titled Rezpeg has Clinical and PD impact in AtD, but Murky Path Forward | Ramseyer; Taylor; Huckstep; Murray; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1046 | 9/8/2022 | Nektar00000007823 | Nektar00000007831 | Email from J. Zalevsky re LLY News | | Zalevsky; Ruddock; Kotzin | | Cross examination of the named Nektar witness(es). |
| Trial Exh 1047 | 9/8/2022 | Nektar00000007832 | Nektar00000007833 | Email from J. Zalevsky re LLY News | | Zalevsky; Ruddock; Kotzin | | Cross examination of the named Nektar witness(es). |
| Trial Exh 1048 | 9/8/2022 | Nektar00000299664 | Nektar00000299672 | Email from J. Ruddock re LLY news | | Zalevksy; Ruddock; Kotzin; Mostaghimi | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. |
| Trial Exh 1050 | 9/11/2022 | Nektar00000461010 | Nektar00000461170 | Email from DeLuca-Flaherty re Meeting minutes | | Huckstep; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1052 | 9/13/2022 | LLY01296948 | LLY01296993 | PowerPoint titled IL-2 Conjugate: Board of Directors Meeting, September 13, 2022 | Nirula; Ramseyer; Ashrafzadeh; Pfeifer; Klekotka; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1053 | 9/13/2022 | Nektar00000284235 | Nektar00000284238 | Email from J. Ruddock to M. Tagliaferri re Announcement of REZPEG (NKTR-358) Phase 1b Results in Atopic Dermatitis and Psoriasis at EADV | | Ruddock | | Cross examination of the named Nektar witness(es). |
| Trial Exh 1059 | 9/18/2022 | N/A | N/A | https://www.nektar.com/wp-content/uploads/2025/09/EADV-2025_Silverberg-et-al_Rezpegdesleukin_REZOLVE-AD.pdf | | Zalevsky; Yu; Liu; Fanton; Jue; Kotzin; Tagliaferri | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of Named Nektar witnesses |
| Trial Exh 1061 | 9/19/2022 | LLY00860177 | LLY00860211 | Email from Purvi Prajapati to multiple recipients re: CD200R team's plan for PIC discussion | Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1062 | 9/19/2022 | Nektar00000086141 | Nektar00000086141 | Email from Kotzin re NKTR-358 PTM Tuesday 20SEP | | Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). |
| Trial Exh 1068 | 9/21/2022 | LLY01350371 | LLY01350528 | Email from David Murray to Jeremy Huckstep re: Rezpeg Market Research | Huckstep; Murray; Pfeifer; Ramseyer; Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1069 | 9/21/2022 | LLY00125753 | LLY00125910 | Email from Jeremy Huckstep to Cammy DeLuca-Flaherty, Jennifer Ruddock re: Rezpeg Market Research Information | Huckstep; Pfeifer; Taylor; Ruddock | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1070 | 9/21/2022 | LLY00775218 | LLY00775218 | Email from L. Pfeifer re Rezpeg medical meeting agenda | | Klekotka; Ashrafzadeh; Kotzin; Pfeifer; Schmitz; Ramseyer; Murray; Manner | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 1074 | 9/26/2022 | LLY00126362 | LLY00126434 | Email from Rodger Taylor to Kathryn Ramseyer, Mitchell Stayer, and others re: FW: Rezpeg Atopic Derm ISR Market Research | Huckstep; Ramseyer; Pfeifer; Murray; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 1079 | 10/3/2022 | Nektar00000174061 | Nektar00000174061 | Calendar Invite re Lilly | Nektar Weekly AM/PM Meeting (Rezpeg market research review) | | Klekotka; Ashrafzadeh; Kotzin; Pfeifer; Schmitz; Ramseyer; Murray; Manner | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 1080 | 10/3/2022 | Nektar00000147944 | Nektar00000147944 | Email from D. Yu re AtD Study Design Discussion: Follow up on Mtg with Lilly Stats | | Yu; Kotzin; Zalevsky | | Rebut and defend against Nektar's claim to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1083 | 10/6/2022 | LLY01122013 | LLY01122074 | Investigator's Brochure for Rezpeg | Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1084 | 10/6/2022 | LLY01122013 | LLY01122074 | Rezpeg Investigator's Brochure | Klekotka; Murray; Pfeifer; Nirula; Ramseyer; Schmitz; Skovronsky; Zalevsky; Kotzin; Mostaghimi; Robbins; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1085 | 10/6/2022 | Nektar00000147540 | Nektar00000147541 | Email from D. Yu Rezpegaldesleukin medical meeting agenda | | Yu; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1086 | 10/7/2022 | LLY00860978 | LLY00860979 | Email from Kathryn Ramseyer to Patrik Jonsson re: RE: Option for live discussion prior to the 10/21 rezpeg BOD meeting for atopic dermatitis | Jonsson; Ramseyer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1089 | 10/10/2022 | Nektar00000160072 | Nektar00000160079 | Email from B. Kotzin re AtD Study Design Discussion: Follow up on Mtd with Lilly Stats | | Yu; Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1091 | 10/13/2022 | Nektar00000160058 | Nektar00000160061 | Email from Y. Liu re AtD Study Design Discussion: Follow up on Mtg with Lilly Stats | | Yu; Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1096 | 10/17/2022 | LLY00000850 | LLY00000883 | Rezpegaldesleukin: Development Advisory Council (DAC) Review of Atopic Dermatitis Phase 2b Design KFAE | Ramseyer; Klekotka; Schmitz; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1097 | 10/18/2022 | LLY00200779 | LLY00200865 | Email from Lance Pfeifer to Ajay Nirula, Henry Bryant, and others re: Rezpegaldesleukin BoD Pre-reads | Pfeifer; Nirula; Skovronsky; Jonsson; Klekotka; Schmitz; Manner; Ashrafzadeh; Ramseyer; Taylor; Murray; Huckstep; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1103 | 10/20/2022 | LLY02467598 | LLY02467629 | CD200R Board of Directors PowerPoint | Schmitz | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1106 | 10/21/2022 | LLY01338305 | LLY01338307 | Rezpegaldesleukin BOD Meeting Minutes, October 21, 2022 | Robbins; Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Klekotka; Taylor; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1107 | 10/21/2022 | LLY01337225 | LLY01337267 | PowerPoint titled Rezpegaldesleukin:  Board of Directors Meeting BoD Date:  October 21st, 2022 | Pfeifer; Klekotka; Nirula; Schmitz; Ramseyer; Manner; Murray; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1108 | 10/21/2022 | LLY01348199 | LLY01348201 | IL-2 Conjugate BOD Minutes | Skovronsky; Pfeifer; Schmitz; Jonsson; Ramseyer; Klekotka; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1109 | 10/21/2022 | LLY00090955 | LLY00090993 | KFAD Statistical Analysis Plan | ICON (Rylance); Manner; Zou | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1112 | 10/24/2022 | LLY01299735 | LLY01299736 | Email from Lance Pfeifer to Jenny Wen Jing Liu  re: Fwd: Rezpeg BoD Meeting:  Phase 2b AtD study endorsed! | Nirula; Ramseyer; Ashrafzadeh; Pfeifer; Klekotka; Schmitz; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1113 | 10/26/2022 | LLY02171019 | LLY02171021 | Email from David Murray to Mitchell Stayer, Julie Maxwell re: RE: IL2 AD Forecast | Murray; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 1114 | 10/26/2022 | LLY02435928 | LLY02435928 | Text Messages -  Ajay Nirula; Lotus Mallbris | Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1116 | 10/27/2022 | Nektar00000860677 | Nektar00000860679 | Email from Thomsen re Newbirth - Preliminary Honey & Hazel Relative Valuations | | Robin; Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1119 | 10/31/2022 | Nektar00000244713 | Nektar00000244715 | Email re Nektar Weekly AM/PM Meeting Agenda | | Pfeifer; Huckstep; Ruddock | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). |
| Trial Exh 1125 | 11/3/2022 | Nektar00000860594 | Nektar00000860595 | Email from J. Ruddock re Development Strategy Summary for REZPEG | | Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1126 | 11/3/2022 | Nektar00000860596 | Nektar00000860597 | Email chain between R. Bacci to J. Zalevsky and J. Ruddock re AtD Development Strategy | | Zalevsky; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1127 | 11/3/2022 | Nektar00000860601 | Nektar00000860601 | Email from J. Ruddock re Development Strategy Summary for REZPEG | | Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1128 | 11/3/2022 | Nektar00000866840 | Nektar00000866840 | Email from J. Zalevsky re Development Strategy Summary for REZPEG | | Zalevsky; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1131 | 11/9/2022 | LLY02458006 | LLY02458008 | Rezpegaldesleukin BOD Meeting Minutes | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1132 | 11/9/2022 | LLY02458001 | LLY02458004 | Email from Lance Pfeifer to Ajay Nirula, Henry Bryant, and others re: Rezpeg BoD minutes: Oct 21st meeting | Nirula; Skovronsky; Jonsson; Ramseyer; Pfeifer; Klekotka; Schmitz; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1140 | 11/14/2022 | LLY01353607 | LLY01353608 | Email from K. Ramseyer to J. Huckstep and A. Nirula re Lilly JPT membership updates sent to Nektar | | Huckstep; Nirula; Ramseyer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. |
| Trial Exh 1142 | 11/15/2022 | LLY00778964 | LLY00778967 | Email from Kathryn Ramseyer to Paul Klekotka re: RE: IL-2 JPT slides | Ramseyer; Klekotka; Schmitz; Pfeifer; Robbins; Mostaghimi; Manner | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1143 | 11/18/2022 | LLY02257974 | LLY02258072 | Lilly/Nektar NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes, November 18, 2022 With Associated Slide Deck | Danni Yu; Zalevsky; Kotzin; Fanton; Franke; Nirula; Ramseyer; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Schmitz | Zalevsky; Kotzin; Franke; Ruddock; Fanton; Yu; Liu; Nirula; Ramseyer; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Schmitz | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) |
| Trial Exh 1144 | 11/18/2022 | LLY00221162 | LLY00221164 | Lilly/Nektar NKTR-358 Alliance - Joint Steering Committee Meeting Minutes, November 18, 2022 | Zalevsky; Kotzin; Nirula; Ramseyer; Schmitz; Pfeifer; Klekotka; Manner; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1145 | 11/18/2022 | LLY00006081 | LLY00006082 | Nektar-Lilly JPT Final Agenda | | Nirula; Ramseyer; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1146 | 11/18/2022 | Nektar00000860346 | Nektar00000860348 | Email from DeLuca-Flaherty re Internal discussion "Rezpeg Asset Strategy/ KFAE CSFs | | Ruddock; Kotzin; Zalevsky | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). |
| Trial Exh 1147 | 11/21/2022 | Nektar00000860346 | Nektar00000860347 | Email from C. DeLuca-Flaherty re International discussion "Rezpeg Asset Strategy/KFAE CSFs" | | Yu; Zalevsky; Ruddock; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1148 | 11/28/2022 | LLY01361098 | LLY01361102 | Portfolio Investment Council Meeting Minutes | Pfeifer; Skovronsky; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1149 | 11/29/2022 | LLY00945353 | LLY00945355 | Manner email to Liu and Yu re further follow up on Nektar Stats Q&A | | Pfeifer; Manner | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1150 | 11/30/2022 | Nektar00000147031 | Nektar00000147032 | Email from C. DeLuca-Flaherty re 2022 Achievement for Howard's slides/script for the Friday All-Hands | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1152 | 12/1/2022 | Nektar00000859760 | Nektar00000859762 | Email from C. DeLuca-Flaherty re 2022 Accomplishments NKTR-358 DRAFT for Review | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1153 | 12/1/2022 | Nektar00000859769 | Nektar00000859771 | NKTR-358 Accomplishments 2022: Early Development | | Zalevsky; Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1154 | 12/1/2022 | Nektar00000218013 | Nektar00000218013 | Email from Y. Liu re Rezpeg Asset Strategy Discussion Rescheduled to 05DEC, 1p PT - Apologies and Question | | Yu | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1156 | 12/2/2022 | Nektar00000934572 | Nektar00000934573 | Email from V. Wu to H. Robin re FTE Meeting - Final Presentation | | Robin; Ruddock | | Cross examination of the named Nektar witness(es). |
| Trial Exh 1159 | 12/6/2022 | LLY00873753 | LLY00873762 | Email from Yu re 20221206: Quick discussion on the futility plan for Rezpeg KFAE (AtD ph2b) | | Manner | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1160 | 12/6/2022 | Nektar00000647280 | Nektar00000647281 | Email from D. Yu re Quick discussion on the futility plan for Rezpeg KFAE (AtD ph2b) | | Yu | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1164 | 12/7/2022 | Nektar00000859749 | Nektar00000859752 | Email from re D. Yu re Internal discussion "Rezpeg Asset Strategy" | | Yu; Ruddock; Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1165 | 12/9/2022 | Nektar00000160028 | Nektar00000160029 | Email from DeLuca-Flaherty re Rezpeg Asset Strategy Slide for Your Edits/ Tweaks UPDATED | | Kotzin; Zalevsky; Ruddock | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). |
| Trial Exh 1166 | 12/9/2022 | Nektar00000099474 | Nektar00000099475 | Email from re C. DeLuca-Flaherty re Internal discussion "Rezpeg Asset Strategy" | | Yu; Kotzin; Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1172 | 12/13/2022 | LLY00875037 | LLY00875039 | Email from Yu re 20221213: Reserve the time for the follow up on the futility rule plan | | Manner | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1175 | 12/14/2022 | LLY00780175 | LLY00780179 | Email from C. DeLuca-Flaherty re IL-2 conjugate Alliance Medical Meeting | | Zalevsky; Schmitz; Kotzin; Pfeifer; Ashrafzadeh; Klekotka; Murray; Manner; Ramseyer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 1176 | 12/14/2022 | Nektar00000773097 | Nektar00000773114 | Email from J. Thomsen re Project Newbirth - Discussion Material | | Sasaki | | Cross examination of the named Nektar witness(es). |
| Trial Exh 1177 | 12/16/2022 | LLY00008457 | LLY00008615 | Clinical Study Report for J1P-MC-KFAC | Zalevsky; Kotzin; Ruddock; Nirula; Huckstep; Klekotka; Ramseyer; Pfeifer; Taylor; Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1179 | 12/19/2022 | LLY00780040 | LLY00780044 | Email from C. DeLuca-Flaherty to J. Huckstep re IL-2 conjugate Alliance Medical Meeting (Atopic Dermatitis Strategy Phase 2b Asset Strategy and Propose CSFs) | | Huckstep; Schmitz; Pfeifer; Ashrafzadeh; Kotzin; Murray; Ramseyer; Klekotka; Manner | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es). Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1185 | 1/6/2023 | LLY01337106 | LLY01337107 | Kotzin email re KFAE protocol draft for review | | Schmitz; Kotzin; Pfeifer; Fanton; Klekotka | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 1186 | 1/6/2023 | Nektar00000461396 | Nektar00000461398 | Email from C. DeLuca-Flaherty re Internal Pre-Medical Meeting (Lilly) | | Zalevsky; Kotzin; Yu | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1188 | 1/9/2023 | Nektar00000656958 | Nektar00000656959 | Appointment invitation re Rezpeg Biostat Lilly and Nektar | | Manner | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1189 | 1/9/2023 | Nektar00000656958 | Nektar00000656959 | Email from D. Yu re Rezpeg Biostat Lilly and Nektar | | Liu; Yu; Manner | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) |
| Trial Exh 1191 | 1/10/2023 | Nektar00000637446 | Nektar00000637607 | Email from Kotzin re Draft KFAE Protocol | | Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 1192 | 1/10/2023 | Nektar00000101014 | Nektar00000101014 | Email from C. DeLuca-Flaherty re Internal Pre-Medical Meeting (Lilly) this afternoon: Topics | | Zalevsky; Kotzin; Yu | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1196 | 1/11/2023 | LLY00866941 | LLY00866942 | Yu email to Manner re question on KFAE protocol | | Manner | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1200 | 1/13/2023 | LLY00780608 | LLY00780608 | Email from David Murray to Mitchell Stayer and Kathryn Ramseyer re: RE: Rezpeg Development Program Pivot Brainstorm to String of Pearls | Murray; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1210 | 1/19/2023 | Nektar00000461578 | Nektar00000461580 | Email from C. DeLuca-Flaherty re (INTERNAL) Nektar & Lilly JPT/JSC 1Q23 Pre-wire Meeting | | Kotzin; Zalevsky; Ruddock; Fanton; Franke; Liu | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar Witness(es); Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. |
| Trial Exh 1212 | 1/23/2023 | LLY00733798 | LLY00733803 | Email from Lance Pfeifer to Victoria T Dew, Rahul Malinowski re: PIC minutes for Rezpeg AtD phase 2b design approval | Pfeifer; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1213 | 1/23/2023 | LLY00867603 | LLY00867605 | Yu email re meeting minutes from Jan 23 2023 Rezpeg Biostat meeting with Lilly | | Manner | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1214 | 1/24/2023 | LLY00865494 | LLY00865494 | Email from Kento Ueha to Ajay Nirula and Lance Pfeifer re:RE: Quick alignment on a Q&A | Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1215 | 1/24/2023 | LLY00006185 | LLY00006248 | PowerPoint titled Lilly/Nektar NKTR-358 Alliance - Joint Product Team (JPT) Meeting, January 24, 2023 | Ruddock; Zalevsky; Kotzin; Fanton; Nirula; Ramseyer; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1216 | 1/24/2023 | LLY02258075 | LLY02258143 | NKTR-358 Alliance - Joint Product Team (JPT) Meeting Minutes, January 24, 2023 | Ruddock; Zalevsky; Kotzin; Fanton; Nirula; Ramseyer; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz | Zalevsky; Kotzin; Ruddock; Nirula; Ramseyer; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. |
| Trial Exh 1217 | 1/24/2023 | Nektar00000970153 | Nektar00000970221 | NKTR-358 Alliance Joint Product Team Minutes | Zalevsky; Ruddock; Kotzin; Fanton; Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1218 | 1/24/2023 | Nektar00000991348 | Nektar00000991372 | NKTR-358 Alliance Joint Steering Committee Minutes | Zalevsky; Kotzin; Ruddock; Nirula; Huckstep; Klekotka; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1219 | 1/24/2023 | LLY00006178 | LLY00006179 | Nektar-Lilly JPT Final Agenda | | Nirula; Ramseyer; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1220 | 1/24/2023 | LLY00006180 | LLY00006248 | Nektar-Lilly JPT Meeting Minutes Final | | Nirula; Ramseyer; Klekotka; Pfeifer; Huckstep; Ashrafzadeh; Manner; Murray; Schmitz | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1221 | 1/24/2023 | LLY00006868 | LLY00006869 | Nektar-Lilly NKTR-358 JSC Agenda Final | | Nirula; Ramseyer; Klekotka; Pfeifer; Huckstep | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1225 | 1/29/2023 | LLY00979060 | LLY00979061 | Email from L. Pfeifer re Consolidated ISR Questions | | Ramseyer; Schmitz; Ashrafzadeh; Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1227 | 1/30/2023 | LLY00488095 | LLY00488250 | Protocol J1P-MC-KFAE | Kotzin; Zalevsky; Nirula; Klekotka; Pfeifer; Ashrafzadeh; Huckstep; Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1228 | 1/30/2023 | Nektar00000461399 | Nektar00000461401 | Email from C. DeLuca-Flaherty re Prep for 01FEB Lilly Medical Meeting | | Zalevsky; Yu; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1234 | 1/31/2023 | LLY00779668 | LLY00779669 | Email from Ashrafzadeh re Rezpeg medical meeting agenda: Wednesday, February 1st | | Ashrafzadeh; Pfeifer; Klekotka; Schmitz; Ramseyer; Manner; Murray; Kotzin | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. |
| Trial Exh 1235 | 1/31/2023 | Nektar00000012955 | Nektar00000012957 | Email from Ruddock re Q&A Document for REZPEG Data Read-out in SLE | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1236 | 1/31/2023 | Nektar00000100966 | Nektar00000100968 | Email from D. Yu re 20230131: Prep for 01FEB | | Zalevsky; Yu; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1237 | 2/1/2023 | Nektar00000637907 | Nektar00000637907 | Slide Deck: Rezpeg SLE & AtD Market Research Final Report | Marais | Ruddock; Zalevsky; Kotzin | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1240 | 2/6/2023 | LLY02428497 | LLY02428498 | Microsoft Teams chat between Andy Wey and Ashrafzadeh regarding ISR collection of KFAJ | Ashrafzadeh; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1241 | 2/6/2023 | Nektar00000462875 | Nektar00000463006 | Email from Cammy Deluca-Flaherty to John Rodermund re: 2022 JSC | Zalevsky; Kotzin; Nirula; Klekotka; Ramseyer; Pfeifer; Huckstep | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1242 | 2/7/2023 | LLY00733812 | LLY00733821 | Email from Lance Pfeifer to Rahul Malinowski re: FW: KFAJ Waves of Disclosure | Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1243 | 2/7/2023 | LLY00780198 | LLY00780231 | Email from Jennifer Ruddock to Jeremy Huckstep, Lance Pfeifer, and others re: NKTR - Rezpeg Lupus Data PRs and QA DOCUMENT | Ruddock; Huckstep; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1244 | 2/8/2023 | LLY01355808 | LLY01355814 | Email from J. Huckstep re Rezpegaldesleukin Program Annual Budget (response requested by Friday, Feb 10th) and IDP Memo Update | | Nirula; Ramseyer; Ruddock; Zalevsky; Kotzin; Huckstep | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 1246 | 2/9/2023 | LLY01308731 | LLY01308732 | Email from David Murray to Michael Andrew Johnson re: FW: Rezpegaldesleukin: Upcoming Phase 2b SLE readout | Murray; Pfeifer; Ramseyer; Manner; Ashrafzadeh; Schmitz; Klekotka; Huckstep; Nirula; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1247 | 2/9/2023 | LLY02428592 | LLY02428592 | Teams chat between Carsten Schmitz and Youna Zhao | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1248 | 2/9/2023 | LLY00978975 | LLY00978975 | Email from Carsten Schmitz to Paul Klekotka, Ali Ashrafzadeh, and others re: KFAD ISR data - discussion with KFAD top enroller Dr Steve Schleicher | Klekotka; Ashrafzadeh; Pfeifer; Ramseyer; Murray; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1249 | 2/9/2023 | LLY01317187 | LLY01317188 | Email from Carsten Schmitz to Lance Pfeifer RE: Rezpegaldesleukin: Upcoming Phase 2b SLE readout | Schmitz; Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1251 | 2/10/2023 | Nektar00000058346 | Nektar00000058346 | Email from Cammy DeLuca-Flaherty to Jonathan Zalevsky re: KFAJ SAP | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1257 | 2/13/2023 | LLY02475058 | LLY02475059 | Email from Andy Wey to Shanthi Sethuraman, Omolara Rashidat Adetunji, and others re: KFAJ PO DBL: Topline Results | Pfeifer; Klekotka; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1259 | 2/14/2023 | LLY02042359 | LLY02042359 | Email from Lance Pfeifer to Andy Wey, David Manner, and Kathryn Ramseyer re: What you have to believe:  rezpeg SLE | Pfeifer; Manner; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1262 | 2/16/2023 | LLY01068180 | LLY01068226 | PowerPoint titled Rezpegaldesleukin Board of Directors Meeting | Pfeifer; Klekotka; Ramseyer; Ashrafzadeh; Murray; Huckstep; Manner; Jonsson; Nirula; Skovronsky; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1263 | 2/16/2023 | LLY01309017 | LLY01309018 | Email from Peter McDonald Morrow to Danny Wood, Paul Klekotka, and others re: Rezpeg labeling risk update | Pfeifer; Klekotka; Ramseyer; Ashrafzadeh; Murray; Huckstep; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1264 | 2/17/2023 | Nektar00001336476 | Nektar00001336477 | Email from Vanessa Rivas to Multiple Recipients re: FW: KFAJ PO DBL Topline Readout_nektar.pptx | Robbins; Robin; Kotzin; Tagliaferri Ruddock | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1265 | 2/17/2023 | Nektar00000301169 | Nektar00000301170 | Email from Jonathan Zalevsky to Jennifer Ruddock re: KFAJ PO DBL Topline Readout_nektar.pptx | Zalevsky, Kotzin, Ruddock | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1266 | 2/17/2023 | LLY01937227 | LLY01937293 | KFAJ PO DBL Topline Readout bod with backup | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1269 | 2/20/2023 | LLY01329016 | LLY01329019 | Email from Cammy Deluca-Flaherty to Jeremy Huckstep and Jennifer Ruddock re: [EXTERNAL] Draft Minutes Ad Hoc JSC Meeting 20FEB23 | Kotzin; Zalevsky; Ruddock; Robin; Huckstep; Nirula; Klekotka; Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1270 | 2/20/2023 | LLY00895134 | LLY00895138 | Email from K. Ramseyer re KFAJ Topline TFLs | | Zalevsky; Nirula; Kotzin; Ramseyer; Huckstep; Manner | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 1278 | 2/22/2023 | LLY01329806 | LLY01329807 | Email from D. Manner to J. Zalevsky and B. Kotzin re KFAJ: SRI-4 Per Protocol | | Zalevsky; Nirula; Kotzin; Ramseyer; Huckstep; Manner | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 1279 | 2/22/2023 | Nektar00000875572 | Nektar00000875573 | Email from M. Tagliaferri re Important Protocol Deviations | | Tagliaferri; Kotzin; Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. |
| Trial Exh 1280 | 2/22/2023 | Nektar00001371464 | Nektar00001371482 | Email from J. Ruddock Re Draft Investor Call script | | Ruddock; Robin; Zalevsky; Tagliaferri; Kotzin; Wilson | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of Named Nektar witnesses |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1286 | 2/23/2023 | Nektar00000008353 | Nektar00000008356 | Email from Jeremy Huckstep to Jennifer Ruddock, Jonathan Zalevsky, and others re: Re: [EXTERNAL] Q&A DOCUMENT - P2 REZPEG DATA (FOR LILLY REVIEW) | Huckstep; Ruddock; Kotzin; Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; rebut Lilly's counterclaim | |
| Trial Exh 1287 | 2/23/2023 | Nektar00000233787 | Nektar00000233800 | Email from Jennifer Ruddock to Brian Kotzin re: Fwd: New Slides and Script Update | Kotzin; Zalevsky; Ruddock | Ruddock; Kotzin; Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1288 | 2/23/2023 | N/A | | Nektar Therapeutics Announces Phase 2 Topline Data for Rezpegaldesleukin in Patients with Systemic Lupus Erythematosus Press Release | | Robin; Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1289 | 2/23/2023 | N/A | N/A | PRNewswire Nektar Therapeutics Announces Phase 2 Topline Data for Rezpegaldesleukin in Patients with Systemic Lupus Erythematosus | | Kotzin; Zalevsky; Ruddock; Robin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1290 | 2/23/2023 | Nektar00000008339 | Nektar00000008352 | Email from J. Ruddock re: P2 Rezpeg Data | | Ruddock; Tagliaferri; Zalevsky; Kotzin | | Relevant to the jury's understanding of termination, a key issue relevant to parties' claims and defenses. |
| Trial Exh 1293 | 2/24/2023 | Nektar00000008334 | Nektar00000008334 | Rivas email re KFAJ study results | | Robin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1294 | 2/24/2023 | Nektar00000875439 | Nektar00000875440 | Email from M. Tagliaferri re Clinical Development Update for NKTR-225 Studies 02 and 03 | | Tagliaferri; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1298 | 2/28/2023 | Nektar00000604264 | Nektar00000604269 | Email from Jonathan Zalevsky to Charleen Jue and Mary Tagliaferri re: Re: Cost Estimates for Potential New Trials with Rezpeg | Tagliaferri; Zalevsky; Charleen Jue | Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1299 | 2/28/2023 | LLY01329692 | LLY01329694 | Email from Carsten Schmitz to Kathryn Ramseyer, Paul Klekotka, Lance Pfeifer re: RE: AtD phase 2b KFAE-Action needed | Schmitz; Ramseyer; Klekotka; Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1300 | 2/28/2023 | Nektar00000609085 | Nektar00000609092 | Email from C. Jue to Jeffrey Wood re: Cost Estimates for Potential New Trials with Rezpeg | | Jue | | Relevant to the jury's understanding of termination, a key issue relevant to parties' claims and defenses. |
| Trial Exh 1301 | 3/1/2023 | Nektar00000874614 | Nektar00000874615 | Email from Kotzin re Actions and Items | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1302 | 3/1/2023 | Nektar00000878105 | Nektar00000878106 | Email from J. Zalevsky re Actions and Items | | Zalevsky; Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1305 | 3/2/2023 | LLY01308790 | LLY01308792 | Email from Kathryn Ramseyer to Patrik Jonsson, Ajay Nirula, and others re: Minutes of 21Feb2023 ImBU/LRL Discussion re: rezpeg in atopic dermatitis | Jonsson; Pfeifer; Klekotka; Ramseyer; Manner; Huckstep; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1306 | 3/2/2023 | Nektar00000778924 | Nektar00000778938 | Email from Jill Thomsen to Lorin Sasaki re: FW: Newbirth | Preliminary Honey & Hazel Relative Valuations | Sasaki; Robbins; Rao | Robin; Ruddock; Zalevsky | Proof of damages caused by Lilly's breaches | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1307 | 3/3/2023 | LLY01309210 | LLY01309211 | Email from Patrik Jonsson to Kathryn Ramseyer re: Re: Minutes of 21Feb2023 ImBU/LRL Discussion re: rezpeg in atopic dermatitis | Jonsson; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1312 | 3/6/2023 | LLY00108232 | LLY00108237 | Email from Ajay Nirula to Jeremy Huckstep and Kathryn Ramseyer re: RE: Rezpeg ad-hoc JSC meeting minutes (for review) | Kotzin; Ramseyer; Nirula; Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1320 | 3/13/2023 | LLY01309669 | LLY01309754 | Master Protocol J4E-MC-IMMB(a) ISA: J4E-MC-FR01(a) CD200R Phase 2 atopic dermatitis | Nirula; Klekotka; Pfeifer; Ashrafzadeh; Taylor; Skovronsky; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1321 | 3/13/2023 | Nektar00000637905 | Nektar00000638063 | Email from  Vivian Wu to Jennifer Ruddock, Jonathan Zalevsky and Brian Kotzin re: AtD Market Research Results: Internal Debrief | Kotzin; Ruddock; Zalevsky | Ruddock; Zalevsky; Kotzin | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1322 | 3/13/2023 | Nektar00000648611 | Nektar00000648770 | Appointment invitation from Tagliaferri re AtD Protocol Review | | Zalevsky; Kotzin; | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1323 | 3/13/2023 | Nektar00000867505 | Nektar00000867664 | AtD Protocol Review meeting invitation with draft protocol | | Kotzin; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1324 | 3/13/2023 | Nektar00000873677 | Nektar00000873835 | Email from B. Kotzin re Draft KFAE Protocol | | Kotzin; Tagliaferri; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1326 | 3/16/2023 | Nektar00000737254 | Nektar00000737288 | Email exchange between A. Jayanthi and J. Thomsen re Project Newbirth - materials | | Robin; Ruddock; Marais | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es); Rebut and defend against Nektar allegations of damages or other harm. |
| Trial Exh 1327 | 3/20/2023 | Nektar00000740733 | Nektar00000740734 | Email from Ruddock to Wilson re Timeline Events | | Robin; Ruddock | | Cross examination of the named Nektar witness(es). |
| Trial Exh 1336 | 3/23/2023 | LLY02435997 | LLY02435997 | Text Messages -  Ajay Nirula ; Daniel Skovronsky | Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1337 | 3/23/2023 | LLY02428362 | LLY02428362 | Teams chat between Ana Paula Accioly and Ali Ashrafzadeh | Ashrafzadeh | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1338 | 3/23/2023 | Nektar00000871642 | Nektar00000871643 | Email from Jennifer Ruddock to Mary Tagliaferri re: CRA MARKET RESEARCH SUMMARY FOR REZPEG 3.23.pptx | Zalevsky; Ruddock; Kotzin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 1339 | 3/23/2023 | Nektar00000147682 | Nektar00000147689 | Email from Chaudhry re Notes from KOL discussion | | Kotzin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1340 | 3/23/2023 | Nektar00000290130 | Nektar00000290140 | Email from Y. Tat re Slides | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es); Relevant to License Agreement terms and/or compliance. |
| Trial Exh 1343 | 3/24/2023 | LLY01103864 | LLY01103923 | J1P-MC-KFAH Clinical Study Synopsis Report | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1344 | 3/25/2023 | LLY02428375 | LLY02428378 | Teams chat between Shiven Kapur and Ali Ashrafzadeh | Ashrafzadeh | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1346 | 3/27/2023 | Nektar00000322754 | Nektar00000322967 | Email from Jennifer Ruddock to Sean Grant re: Follow-up | Zalevsky, Kotzin, Ruddock | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 1349 | 4/1/2023 | Nektar00001370622 | Nektar00001370624 | Email from Robin to Wilson re REZPEG | | Robin; Ruddock; Skovronsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1351 | 4/4/2023 | LLY01189685 | LLY01189687 | Email from Robin re Rezpeg | | Skovronsky; Robin; Nirula; Zalevsky | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) |
| Trial Exh 1352 | 4/4/2023 | Nektar00000871423 | Nektar00000871425 | Email from D. Skovronsky to H. Robin re REZPEG | | Skovronsky; Robin; Zalevsky; Nirula | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to jury understanding of termination, a key issue relevant to parties' claims and defenses. |
| Trial Exh 1354 | 4/14/2023 | Nektar00000871002 | Nektar00000871006 | Email from Ruddock re Follow-up from Nektar on REZPEG agreement | | Ruddock; Zalevsky; Huckstep | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1359 | 4/20/2023 | Nektar00000870935 | Nektar00000870938 | Email from Ruddock re Nektar Press Release on Corporate Restructuring | | Robin; Ruddock; Zalevsky; Huckstep | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1361 | 4/21/2023 | Nektar00000100409 | Nektar00000100451 | Email from Jennifer Ruddock to Chowrira Bharatt, Howard Robin, and others re: RE: REZPEG atopic dermatitis (2:30pm ET) | Zalevsky; Ruddock; Kotzin; Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins; Mostaghimi; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 1362 | 4/23/2023 | LLY01291497 | LLY01291498 | Email from Jennifer Garrard to Mark Wilson re: Nektar Notice of Termination 4.23.23 signed.pdf | Nirula; Robin | | Agreement termination | |
| Trial Exh 1363 | 4/23/2023 | LLY01291351 | LLY01291352 | Email from Gerrard re Notice pursuant to License Agreement | | Nirula | | Relevant to License Agreement terms and/or compliance; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1366 | 4/26/2023 | Nektar00000013151 | Nektar00000013152 | Email from J. Ruddock to V. Wu re Nektar Therapeutics Announces it will Regain Full Rights to REZPEG | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1372 | 4/27/2023 | N/A | | Nektar Therapeutics 8-k | | Robin; Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1373 | 4/27/2023 | N/A | | Nektar Therapeutics Announces It Will Regain Full Rights to Rezpegaldesleukin, a Novel, First-in-Class Selective Regulatory T-cell Therapy in Clinical Development | | Robin; Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1374 | 4/27/2023 | Nektar00000734985 | Nektar00000734987 | Email from V. Wu re Nektar Therapeutics Announces it with Regain Full Rights to REZPEG | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1375 | 4/27/2023 | Nektar00000734990 | Nektar00000734992 | Email from V. Wu to J. Ruddock re Nektar Therapeutics Announces it will Regain Full Rights to REZPEG | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1378 | 4/30/2023 | Nektar00000300409 | Nektar00000300418 | Email from  DocuSign System to Jonathan Zalevsky re: [EXTERNAL] Completed: Complete with DocuSign: Att 1 Q1'23 Review of EC Performance Grant Triggers | Zalevsky; Robbins; Kotzin; Ruddock | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 1379 | 4/30/2023 | Nektar00000300409 | Nektar00000300418 | DocuSign Email re Att 1 Q1 '23 Review of EC Performance Grant Triggers | Jonathan Zalevsky; Mark Robbins; Brian Kotzin; Jennifer Ruddock; Mohan Rao | Zalevsky | Proof of damages caused by Lilly's breaches | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1381 | 5/2/2023 | Nektar00000100406 | Nektar00000100407 | Franke email re Preliminary 358 CMC plan KF 02MAY2023 | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1382 | 5/3/2023 | LLY01200257 | LLY01200321 | Development Safety Update Report 2023 | Klekotka; Murray; Pfeifer; Nirula; Ramseyer; Schmitz; Skovronsky; Zalevsky; Kotzin | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1386 | 5/5/2023 | LLY00719683 | LLY00719686 | Email from Heng Zou to David Manner re: Re: [EXTERNAL] CSR for KFAD - Urgent Request | Zou; Huckstep; Zalevsky; Ruddock; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1387 | 5/5/2023 | Nektar00000657834 | Nektar00000657836 | Email from Robin re Getting together the week of the 8th | | Robin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1396 | 5/22/2023 | LLY00900059 | LLY00900060 | Email from Jeremy Huckstep to Linden Ann Green re: FW: [EXTERNAL] Question about EASI Score Calculations in KFAD | Zalevsky; Schmitz; Manner; Zou; Huckstep | Huckstep; Schmitz; Manner; Zou; Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1397 | 5/22/2023 | LLY02395754 | LLY02396012 | LY3471851 KFAL 04 CSR synopsis and body | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1400 | 5/23/2023 | LLY00902890 | LLY00902891 | Email from Carsten Schmitz to Heng Zou, David Manner re: RE: [EXTERNAL] Question about EASI Score Calculations in KFAD | Zou; Schmitz; Manner; Zalevsky; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1401 | 5/23/2023 | LLY00906546 | LLY00906547 | Email from Carsten Schmitz to Paul Klekotka re: Re: [EXTERNAL] Question about EASI Score Calculations in KFAD | Schmitz; Klekotka; Manner; Zou | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1402 | 5/23/2023 | LLY00902597 | LLY00902598 | Email from David Manner to Carsten Schmitz, Heng Zou re: RE: [EXTERNAL] Question about EASI Score Calculations in KFAD | ICON (Rylance); Zou; Schmitz; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1405 | 5/24/2023 | LLY00719671 | LLY00719671 | Email from David Manner to Janelle Shannon Erickson re: Another Issue | Manner; Zou | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1407 | 5/25/2023 | LLY02221513 | LLY02221524 | Email from Heng Zou to Tiffany Williamson re: Re: [EXTERNAL] KFAD - Client's new/update-requests | ICON (Rylance); Zou; Schmitz; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1414 | 6/2/2023 | LLY00900061 | LLY00900071 | Email from G. Mueller re Introduction | | Franke; Fanton; Huckstep; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar Witness(es) |
| Trial Exh 1416 | 6/5/2023 | Nektar00000739917 | Nektar00000739920 | Email from Ruddock re Project Newbirth - Nektar & JPM - Weekly Sync | | Robin; Ruddock; Zalevsky; Marais | | Rebut and defend against Nektar allegations of damages or other harm; cross examination of the named Nektar witness(es). |
| Trial Exh 1417 | 6/5/2023 | Nektar00000739921 | Nektar00000739927 | Project Newbirth Discussion Materials slides | | Robin; Ruddock; Zalevsky; Marais | | Rebut and defend against Nektar allegations of damages or other harm; cross examination of the named Nektar witness(es). |
| Trial Exh 1419 | 6/7/2023 | LLY01428782 | LLY01428782 | Listing of Demographics Modified Intent to Treat J1P-MC-KFAJ | Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1420 | 6/7/2023 | Nektar00000734657 | Nektar00000734661 | Email from Taylor re Nektar follow-up notes | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1427 | 6/21/2023 | LLY00903521 | LLY00903529 | Email from David Manner to Janelle Shannon Erickson, Rosalind Thomspon re: RE: Action Required: RE: Issue on IL-2 KFAD study | Manner; Zou | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1428 | 6/21/2023 | LLY00720052 | LLY00720054 | Email from Carsten Schmitz to David Manner re: RE: [EXTERNAL] Question about EASI Score Calculations in KFAD | Manner; Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1429 | 6/21/2023 | LLY00903527 | LLY00903529 | Deviation Data Gathering Editable Form (attachment to LLY00903521) | Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1430 | 6/21/2023 | Nektar00000870039 | Nektar00000870138 | Chaudhry email re Phase 2b AtD Study Medication Administration | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1432 | 6/23/2023 | Nektar00000605951 | Nektar00000605952 | Email from C. Jue re Phase 2b Rezpeg Study Administration Feasibility Question | | Jue; Tagliaferri; Zalevsky; Franke; Fanton | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1434 | 6/27/2023 | LLY00895199 | LLY00895201 | C. Fanton email attaching Nektar response letter re TMF Transfer | | Huckstep; Pfeifer | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims |
| Trial Exh 1437 | 6/28/2023 | LLY00902876 | LLY00902877 | Email from David Manner to Carsten Schmitz re: RE: KFAD EASI issue | Manner; Schmitz; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1438 | 6/28/2023 | Nektar00000869823 | Nektar00000869825 | Email from Mary Tagliaferri to multiple recipients re: RE: Rezpeg AtD and SLE Qual & Quant Market Research and TPPs | Tagliaferri; Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1440 | 7/12/2023 | LLY02258224 | LLY02258281 | LY3471851 KFAN 04 Draft CSR synopsis and body for Nektar | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | |
| Trial Exh 1447 | 7/17/2023 | Nektar00000751308 | Nektar00000751392 | License Agreement - Execution Version | Zalevsky; Kotzin; Robin; Ruddock; Rao; Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches; background | |
| Trial Exh 1449 | 7/19/2023 | Nektar00001331138 | Nektar00001331143 | NKTR-358 REZPEG Program Team Agenda & Minutes Final | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1451 | 7/31/2023 | LLY00903608 | LLY00903617 | Email from David Manner to Rosalind Thompson re: RE: Action Required: RE: Issue on IL-2 KFAD study | Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1452 | 7/31/2023 | LLY00903619 | LLY00903620 | Email Thread re Action Required: RE: Issue on IL-2 KFAD study | | Manner, Marais | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1463 | 8/7/2023 | LLY02221248 | LLY02221249 | Email from Heng Zou to David Manner re: Re: [EXTERNAL] Question about PASI Score Calculations in KFAC | Zou; Manner; Fanton; Huckstep; Klekotka; Zalevsky; Danni Yu | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1464 | 8/7/2023 | LLY02218630 | LLY02218639 | Email from Rosalind R Thompson to David Manner re: RE: Action Required: RE: Issue on IL-2 KFAD study | Manner; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1465 | 8/7/2023 | LLY02454092 | LLY02454092 | Email from Jeremy Huckstep to Adrienne S. Brown, Lawanda S. Rutledge-Gordon re: FW: Nektar Press Release on Corrected EADV Data | Manner; Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1466 | 8/7/2023 | N/A | | Nektar Press Release re Nektar Announces Promising New and Corrected Rezpegaldesleukin Efficacy Data Which Were Previously Reported in 2022 and Incorrecting Calculated by Former Collaborator Eli Lilly & Company | | Robin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1475 | 8/10/2023 | Nektar00001222079 | Nektar00001222079 | What to Expect with ISRs | | Mostaghimi; Krueger; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1477 | 8/15/2023 | Nektar00000091188 | Nektar00000091400 | Email from Christie Fanton to Jennifer Ruddock re: RE: Final CSR from Lilly | Zalevsky; Ruddock; Kotzin; Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1482 | 9/12/2023 | Nektar00000877106 | Nektar00000877114 | Email from Zalevsky re KFAJ | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1490 | 10/9/2023 | | | Article titled "Harmonizing the collection of solicited adverse events in prophylactic vaccine clinical trials" | Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1492 | 10/12/2023 | LLY02466978 | LLY02467054 | PowerPoint titled BTLA Board of Directors Meeting | Nirula; Skovronsky; Jonsson; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1494 | 10/24/2023 | Nektar00000741955 | Nektar00000741975 | Email from Ruddock re Debrief on Pilot Interviews for SLE & AtD HCP and Patient Qual Research | | Zalevsky; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1496 | 10/30/2023 | Nektar00000323358 | Nektar00000323366 | Email from DocuSign System to Jennifer Ruddock re: [EXTERNAL] Completed: Complete with DocuSign: Att 1 Q1'23 Review of EC Performance Grant Triggers | Zalevsky; Ruddock; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1504 | 12/8/2023 | LLY02427447 | LLY02427460 | PowerPoint titled GITR Antagonist (LY3844583) Termination of AtD Indication | Robbins; Nirula; Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1505 | 12/11/2023 | | | Nektar Responses to ROG Set 1 | Zalevsky; Tagliaferri; Ruddock; Kotzin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 1507 | 1/5/2024 | | | Plaintiff Nektar Therapeutics' Objections and Responses to Defendant Eli Lilly & Co's First Set of Interrogatories (Nos. 1 - 14) and Verification | Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1508 | 1/5/2024 | N/A | | Nektar's Objections and Responses to Lilly's First Set of ROGS Nos. 1-14 | | Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1511 | 1/19/2024 | LLY02472181 | LLY02472192 | Third Party Management SOP | | Manner | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. |
| Trial Exh 1513 | 1/30/2024 | LLY02472209 | LLY02472229 | Global Statistical Sciences SOP | | Manner | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. |
| Trial Exh 1518 | 3/1/2024 | LLY02474882 | LLY02474882 | Clinical Study Report Synopsis LY3844583 GITR Agonist Phase 1 | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1519 | 3/1/2024 | LLY02474882 | LLY02474882 | GITR Antagonist Antibody - Phase 1 Atopic Dermatitis - CSR Synopsis | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1528 | 4/1/2024 | LLY02474870 | LLY02474870 | Anti-BTLA Agonist/Venanprubart - Phase 2 Lupus - CSR | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1529 | 4/2/2024 | Nektar00001214909 | Nektar00001214919 | Nektar's Response to FDA Request for Information Received 02 April 2024 | | Mostaghimi; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1533 | 5/1/2024 | | | Benlysta FDA Label | Ashrafzadeh | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1534 | 6/5/2024 | N/A | | Nektar Therapeutics Annual Shareholders Meeting - Final | | Robin; Zalevsky; Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1536 | 6/10/2024 | N/A | | Nektar Therapeutics Company Conference Presentation | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1540 | 7/10/2024 | Nektar00001103761 | Nektar00001103761 | Rezpeg Investigator's Brochure Version 9 | Zalevsky; Kotzin; Ruddock; Tagliaferri; Fanton; Robbins; Rao | Zalevsky; Kotzin | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. |
| Trial Exh 1543 | 7/27/2024 | Nektar00001316161 | Nektar00001316168 | Clinical Study Report for J1P-MC-KFAJ | Zalevsky; Kotzin; Ruddock; Tagliaferri; Fanton | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1544 | 7/27/2024 | Nektar00001316366 | Nektar00001316533 | Clinical Study Report for J1P-MC-KFAJ | Zalevsky; Kotzin; Ruddock; Tagliaferri; Fanton; Mostaghimi; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1550 | 8/21/2024 | LLY02468632 | LLY02468632 | PowerPoint titled Ucenprubart Board of Directors | Robbins; Mostaghimi; Nirula; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1553 | 9/1/2024 | Nektar00001316536 | Nektar00001316536 | September 2024 LifeSci Consulting Deck, "Rezpeg: Atopic Dermatitis Commercial Opportunity Assessment" | | Buthusiem; Krueger | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; rebut and defend against Nektar allegations of damages or other harm. |
| Trial Exh 1558 | 9/18/2024 | Nektar00000962228 | Nektar00000962435 | Nektar BoD Meeting Agenda | | Zalevsky, Ruddock, Robin | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). |
| Trial Exh 1563 | 10/25/2024 | | | Article titled the regulatory T cell-selective interleukin-2 receptor agonist rezpegaldesleukin in the treatment of inflammatory skin diseases: two randomized, double-blind, placebocontrolled phase 1b trials | Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1574 | 12/18/2024 | | | 30(b)(6) Deposition Binder | Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1575 | 12/20/2024 | | | LinkedIn Profile of Carsten Schmitz | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |

| Ex. No. | Date | Begin Bates | End Bates | Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Nektar Exhibit Purpose | Lilly Exhibit Purpose |
|---|---|---|---|---|---|---|---|---|
| Trial Exh 1577 | 1/1/2025 | Nektar00001316567 | Nektar00001316567 | PowerPoint titled Rezpeg: Atopic Dermatitis Commercial Opportunity Assessment | Rao; Ruddock | Krueger; Marais | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; rebut and defend against Nektar allegations of damages or other harm. |
| Trial Exh 1579 | 1/21/2025 | Nektar00001316566 | Nektar00001316566 | Rezpeg Development Costs | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1583 | 1/24/2025 | | | Nektar Supplemental Responses to ROG Set 1 | Zalevsky; Tagliaferri; Ruddock; Kotzin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 1584 | 1/24/2025 | | | Nektar Responses to ROG Set 2 | Zalevsky; Tagliaferri; Ruddock; Kotzin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | |
| Trial Exh 1589 | 4/8/2025 | | | LinkedIn profile of Jodi Rylance | ICON (Rylance) | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1590 | 6/24/2025 | N/A | | Transcript of Nektar Therapeutics Special Call | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1591 | 6/24/2025 | N/A | | REZOLVE-AD Phase 2b Study of Rezpegaldesleukin Meets Primary and Secondary Endpoints in Patients to Moderate-to-Severe Atopic Dermatitis | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). |
| Trial Exh 1595 | 9/4/2025 | | | clinicaltrials.gov/baricitinib_eczema_trials | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| Trial Exh 1596 | 9/4/2025 | | | clinicaltrials.gov/baricitinib_lupus_trials | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

# EXHIBIT B

DISPUTED EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lily Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0003 | 1/1/2002 | | | Article titled On the ethical aspects of the testimony of statisticians in court | | Marais | | Damages; Witness credibility | Not relevant; hearsay; no foundation / personal knowledge. | Relevant to witness credibility; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703. | | |
| Trial Exh 0004 | 1/27/2006 N/A | | | | Nektar Press Release - Pfizer Receives FDA Approval for Exubera, the First Inhalable Form of Insulin for Controlling Type 1 and Type 2 Diabetes in Adults | | Robbins | Relevant to jury understanding of Nektar's business and assets, a key issue relevant to parties' claims and defenses; cross-examination of Nektar expert witness. | | | 403; Relevance (401/402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to Lilly's defenses, to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0006 | 10/19/2007 N/A | | | | Weak Sales Prompt Pfizer to Cancel Diabetes Drug - The New York Times | | Robbins | Relevant to jury understanding of Nektar's business and assets, a key issue relevant to parties' claims and defenses; cross-examination of Nektar expert witness. | | | 403; Relevance (401/402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to Lilly's defenses, to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0007 | 1/15/2009 | | | Case No. 2:09-cr-00020; USDC Eastern District of Pennsylvania; USA v Lily - Information | | Skovronsky, Jonsson; Other Lilly Witness | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant (401); no foundation; unfair prejudice outweighs probative value (403); conviction with no probative value because it is not relevant to Repsog or any material fact in the litigation. *See Simpson v. Thomas*, 528 F.3d 685, 690 (9th Cir. 2008) ("convictions over 10 years old will be admitted very rarely and only in exceptional circumstances [when] the probative value of conviction substantially outweighs the prejudicial effect"). The Court should independently exclude this evidence under Rules 401, 403, and 404 because it has no "tendency" to make any material fact "more or less probable," introduces significant "danger of confusing the issues, wasting time, and misleading the jury" without any probative value, and it is impermissible character evidence that does not prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Bulletin Displays, LLC v. Regency Outdoor Advert., Inc.*, 2011 WL 7710202, at *1 (C.D. Cal. Nov. | Relevant background, character, and rebuttal/impeachment evidence; foundation will be established at trial; Rule 403 balance favors admissibility; not inadmissible under Rules 404 and/or 609. *See Rabkova v. City of San Jose*, 2024 WL 2031641, at *5 (N.D. Cal. May 6, 2024) (denying motion in limine to exclude prior bad acts evidence, and allowing objections to be made to such evidence at trial depending on use). | | |
| Trial Exh 0008 | 1/30/2009 | | | Case No. 2:09-cr-00020; USDC Eastern District of Pennsylvania; USA v Lily - Judgment & Order | | Skovronsky, Jonsson; Other Lilly Witness | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant (401); no foundation; unfair prejudice outweighs probative value (403); conviction with no probative value because it is not relevant to Repsog or any material fact in the litigation. *See Simpson v. Thomas*, 528 F.3d 685, 690 (9th Cir. 2008) ("convictions over 10 years old will be admitted very rarely and only in exceptional circumstances [when] the probative value of conviction substantially outweighs the prejudicial effect"). The Court should independently exclude this evidence under Rules 401, 403, and 404 because it has no "tendency" to make any material fact "more or less probable," introduces significant "danger of confusing the issues, wasting time, and misleading the jury" without any probative value, and it is impermissible character evidence that does not prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Bulletin Displays, LLC v. Regency Outdoor Advert., Inc.*, 2011 WL 7710202, at *1 (C.D. Cal. Nov. | Relevant background, character, and rebuttal/impeachment evidence; foundation will be established at trial; Rule 403 balance favors admissibility; not inadmissible under Rules 404 and/or 609. *See Rabkova v. City of San Jose*, 2024 WL 2031641, at *5 (N.D. Cal. May 6, 2024) (denying motion in limine to exclude prior bad acts evidence, and allowing objections to be made to such evidence at trial depending on use). | | |
| Trial Exh 0009 | 1/30/2009 | | | Case No. 2:09-cr-00020; USDC Eastern District of Pennsylvania; USA v Lily - Judgment & Order | | Skovronsky, Jonsson; Other Lilly Witness | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant (401); no foundation; unfair prejudice outweighs probative value (403); conviction with no probative value because it is not relevant to Repsog or any material fact in the litigation. *See Simpson v. Thomas*, 528 F.3d 685, 690 (9th Cir. 2008) ("convictions over 10 years old will be admitted very rarely and only in exceptional circumstances [when] the probative value of conviction substantially outweighs the prejudicial effect"). The Court should independently exclude this evidence under Rules 401, 403, and 404 because it has no "tendency" to make any material fact "more or less probable," introduces significant "danger of confusing the issues, wasting time, and misleading the jury" without any probative value, and it is impermissible character evidence that does not prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Bulletin Displays, LLC v. Regency Outdoor Advert., Inc.*, 2011 WL 7710202, at *1 (C.D. Cal. Nov. | Relevant background, character, and rebuttal/impeachment evidence; foundation will be established at trial; Rule 403 balance favors admissibility; not inadmissible under Rules 404 and/or 609. *See Rabkova v. City of San Jose*, 2024 WL 2031641, at *5 (N.D. Cal. May 6, 2024) (denying motion in limine to exclude prior bad acts evidence, and allowing objections to be made to such evidence at trial depending on use). | | |
| Trial Exh 0010 | 5/21/2011 | | | | U.S. Patent No. 7,947,261 | Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; no foundation / personal knowledge. | Relevant to Lilly CRE obligation and development of Repsog; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0011 | 10/1/2011 | | | Food and Drug Administration, "Guidance for Industry: Warnings and Precautions, Contraindications, and Boxed Warning Sections of Labeling for Human Prescription Drug and Biological Products — Content and Format," October 2011, available at https://www.fda.gov/media/71866/download. U.S. | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay (801); relevance (402); foundation; 403; MIL. | Not hearsay under Rule 801, admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; relevant to credibility and Lilly's CRE obligation and development of Repsog and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation will be established at trial. | | |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title / Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0012 / 7/1/2012 | | | Prolenkin FDA Label | | Evans | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge; hearsay; subject to MIL. | Relevant to Lilly's credibility and CRE obligation and development of Rezpeg; foundation and knowledge will be established at trial; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0013 / 8/28/2012 | | | U.S. Patent No. 8,252,275 | | Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0014 / 5/7/2013 | | | U.S. Patent No. 8,435,505 | | Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0015 / 10/23/2013 | LLY02473481 | LLY02473588 | | H9B-MC-BCDS(b) Clinical Protocol | | Other Nektar witness(es) | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0019 / 1/21/2014 | | | U.S. Patent No. 8,633,277 | | Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0020 / 4/22/2014 | LLY02463685 | LLY02485772 | | U.S. Patent No. 8,703,115 | | Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0021 / 10/2/2014 | | | PowerPoint titled Tabalumab Town Hall | | Nivala, Skowronsky, Jonsson, Ashrafzadeh, Schmitz, Manser, Murray, Ramseyer, Pfeifer, Rodger Taylor, Lancaster, Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; duplicative or cumulative; no foundation / personal knowledge; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; foundation and knowledge will be established at trial; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0022 / 12/16/2014 | LLY01286730 | LLY01286789 | | U.S. Patent No. 8,911,718 | | Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0023 / 4/3/2015 | LLY01286730 | LLY01286789 | | Investigator's Brochure for Ixekizumab (Taltz) | | Nivala, Ramseyer, Schmitz, Pfeifer, Klekotka, Mostaghimi | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; duplicative or cumulative; no duplicative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; foundation and knowledge will be established at trial; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0024 / 6/2/2015 | | | U.S. Patent No. 9,044,516 | | Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0025 / 7/28/2015 | | | U.S. Patent No. 9,090,740 | | Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0026 / 1/28/2016 | LLY01229449 | LLY01229489 | Treatment and Phase 3 Clinical Trials for Systemic Lupus Erythematosus (SLE) Presentation | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant; subject to MIL. | Admissible under Rules 702/703; foundation will be established at trial; relevant background and to Lilly's development of Rezpeg and comparable drugs; Nektar opposes MIL. | | |
| Trial Exh 0027 / 2/28/2016 | | | Article titled Genentech Provides Update on Two Identical Phase III Studies of Lebrikizumab in People with Severe Asthma | | Nivala, Ramseyer, Schmitz, Pfeifer, Klekotka, Krueger | | Proof of Lilly's liability for breach of contract; witness credibility | Subject to MIL; not relevant. | Relevant to witness credibility; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0029 / 5/1/2016 | | | Article titled Tofacitinib, an oral Janus kinase inhibitor, for the treatment of chronic plaque psoriasis: Long-term efficacy and safety results from 2 randomized phase III studies and 1 open-label long-term extension study | | | Krueger | Witness credibility | Not relevant; subject to MIL; no foundation / personal knowledge. | Relevant to witness credibility; not subject to MIL; Nektar opposes MIL; admissible under Rules 702/703. | | |
| Trial Exh 0030 / 6/24/2016 | LLY01281529 | LLY01281607 | Protocol I6V-MC-JAHG(d) | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's development of Rezpeg and comparable drugs; Nektar opposes MIL. | | |
| Trial Exh 0031 / 7/5/2016 | | | U.S. Patent No. 9,381,254 | | Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0032 / 7/26/2016 | | | U.S. Patent No. 9,399,070 | | Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0033 / 11/3/2016 | Nektar00000417658 | Nektar00000417665 | Email from Kimberly Ferguson to Lisa Decker re: NKTR-358 info | | | Lisa Decker; Zalevsky; Kotsin; Robbins | Proof of Lilly's liability for breach of contract; proof of damages caused by Lilly's breaches | Not relevant; no foundation / personal knowledge; hearsay. | Foundation and knowledge will be established at trial; relevant to damages; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703. | | |
| Trial Exh 0036 / 11/28/2016 | Nektar00000169944 | Nektar00000169944 | | Calendar Invite re NKTR-358 partnering strategy | | Robin | Relevant to collaboration partnership and Rezpeg background; cross examination of the named Nektar witness(es) | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0040 / 12/15/2016 | Nektar00000902968 | Nektar00000902971 | | Farmn email or slide for non-clinical pharmacology folder | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0041 / 12/23/2016 | Nektar00001094955 | Nektar00001095087 | Pre-IND Meeting Information Package | | Zalevsky; Kirton; Ruddock; Tagliaferri; Famst; Robbins; Movaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; background | Not relevant. | Relevant background and relevant to Nektar's pre-License Agreement expectations. | | |
| Trial Exh 0042 / 1/12/2017 | LLY01280009 | LLY01280081 | Investigator's Brochure for Baricitinib | | Nirula; Ramezyar; Schmitz; Pfeifer; Klekotka; Skrovensky; Krueger | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant, subject to MIL; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0047 / 1/27/2017 | Nektar00000434937 | Nektar00000434938 | Email from Lisa Decker to John Nicholson re: RE: Development Plans | | | Robbins | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; foundation. | Admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; relevant to Lilly's CRE obligation and development of Rezpeg; foundation will be established at trial. | | |
| Trial Exh 0049 / 2/9/2017 | LLY02315260 | LLY02315297 | | 20170210 Hummingbird EISC review DRAFT 2 | | Robbins | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant. | Relevant background. | | |
| Trial Exh 0051 / 2/15/2017 | Nektar00000436566 | Nektar00000436567 | Email from Lisa Decker to Steve Doberstein re: RE: NKTR-358/359 planning | | | Robbins | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Foundation; hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0053 / 2/17/2017 | Nektar00000037066 | Nektar00000037066 | Email from Howard Robin to Multiple Recipients re: Nektar Update | | | Robbins | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0054 / 2/24/2017 | LLY02368146 | LLY02368207 | | Email from D. Murray to M. Blakely re Presentation Update | | Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). | |
| Trial Exh 0056 / 2/27/2017 | LLY02419028 | LLY02419125 | Nektar Therapeutics - Eli Lilly and Company Collaboration Discussion | | | Kordoski, Nirula | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es); relevant to collaboration partnership and Rezpeg background. | | | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). | Hearsay (802) |
| Trial Exh 0057 / 3/2/2017 | LLY02356898 | LLY02357000 | Email from Wasserman re Hummingbird visit update | | | Nirula | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). | Hearsay (802) |
| Trial Exh 0059 / 3/7/2017 | LLY02347065 | LLY02347000 | Email from Klekotka re Project Hummingbird - Initial Impressions Summary | | | Klekotka | Relevant to collaboration partnership and Rezpeg background. | | | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). | Hearsay (802) |
| Trial Exh 0060 / 3/21/2017 | LLY02475065 | LLY02475065 | Forecast titled Hummingbird 3 21 2017 Fcst | | Murray; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and damages; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0061 / 3/23/2017 | Nektar00000002426 | Nektar00000002431 | Email from Thomas Haberberger to Ivan Gergel, Tagliaferri, and others re: NKTR-358 additional FDA comments | | Zalevsky; Kirton; Robin; Ruddock; Tagliaferri | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; no foundation / personal knowledge. | Relevant background and to Nektar's pre-License Agreement expectations; foundation and knowledge will be established at trial. | | |
| Trial Exh 0064 / 4/12/2017 | LLY02329657 | LLY02329791 | | Email from L. Pfeifer re Portfolio Review Deck | | | Skrovensky, Pfeifer, Robbins | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Relevance (401/402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Relevant to Lilly's defenses, to rebut Nektar's claim, and to CRE. |
| Trial Exh 0068 / 5/26/2017 | Nektar00000749485 | Nektar00000749490 | | Labochette email attaching Project Merlot Draft Term Sheet | | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0070 / 5/28/2017 | Nektar00000092522 | Nektar00000092524 | Email from Lorin Sasaki to Jill Thomsen re: Merlot Update | | Sasaki; Robin; Ruddock | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge; not relevant. | Relevant to damages and Nektar's expectations; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial. | | |
| Trial Exh 0071 / 5/30/2017 | LLY00734709 | LLY00734980 | Email from Heather Wasserman to Thomas Bussel re: HB papers | | | Evans | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant, subject to MIL; no foundation / personal knowledge. | Relevant to Lilly's credibility, CRE obligation, and development of Rezpeg; not subject to MIL, Nektar opposes MIL; foundation and knowledge will be established at trial. | | |
| Trial Exh 0077 / 6/16/2017 | LLY00914354 | LLY00914358 | Email from Janice Evans to Multiple Recipients re: RE: HUMMINGBIRD - Input on Stage 2 Diligence Summary **Need by EOB Friday** | | | Evans; Klekotka | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant. | Relevant to Lilly's credibility, CRE obligation, and development of Rezpeg. | | |
| Trial Exh 0078 / 6/20/2017 | LLY00828023 | LLY00828039 | Email from David Kordoski to Darren John Carroll re: Updated Board materials | | | Murasi; David Kordoski; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Cumulative or duplicative. | Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |

3

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0079 / 4/25/2017 | Nektar0000432083 | Nektar0000432085 | | Email from Wilson re Lilly Conflict Waiver | | Other Nektar Witness | Relevant to collaboration partnership and Reqorp background. | | | Relevance (401/402); Lack of Foundation/Personal Knowledge (104/602); Privilege | The exhibit is relevant to Lilly defenses and to rebut Nektar claims (see Rules 401, 402). Foundation/personal knowledge will be established at trial (see Rule 602). Lilly reserves the right to challenge Nektar's clawback under the PO. |
| Trial Exh 0081 / 4/25/2017 | Nektar0000002525 | Nektar0000002526 | | Email from Zalevsky re NKTR-358 | | Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reqorp; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0082 / 4/26/2017 | LLY02464221 | LLY02464235 | | Lilly Bio-Medicines Innovation Subcommittee (ISC) Olumiant AtD and AA Commercial Decision | | Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Reqorp or other relevant drugs under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reqorp. | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0086 / 7/10/2017 | LLY02426526 | LLY02426530 | Baricitinib Program Contrarian Document for Atopic Dermatitis and Alopecia Areata Commercial Decision | | Skrovonsky; Nirula; Klekotka; Murray; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant; subject to MIL. | Relevant to Lilly's credibility, CRE obligation, and development of Reqorp and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation and knowledge will be established at trial; admissible under Rule 702/703. | | |
| Trial Exh 0093 / 7/27/2017 | Nektar0000475805 | Nektar0000475807 | | Email from Bofheimer re Internal Nektar Discussion Regarding Draft Merlot Agreement | | Other Nektar Witness | Relevant to collaboration partnership and Reqorp background; Relevant to License Agreement terms and/or compliance. | | | Lack of Foundation/Personal Knowledge (104/602); Privilege | Foundation/personal knowledge will be established at trial (see Rule 602). Lilly reserves the right to challenge Nektar's clawback under the protective order. |
| Trial Exh 0094 / 8/2/2017 | LLY01290904 | LLY01290935 | Investigator's Brochure for Toralokimab | | Skrovonsky; Nirula; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; cumulative and duplicative. | Relevant to Lilly CRE obligation and development of Reqorp and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0095 / 8/9/2017 | LLY00782907 | LLY00782972 | Email from Henry Bryant to Ryan Robinson, Charles Lagor re: additional homework | | Murray; Jim Krueger; Ed Bathasson; Skrovonsky; Nirula; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; hearsay; no authentication. | Authenticated by virtue of Lilly producing it during discovery in response to Nektar production requests. Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 454 F. Supp. 2d 966, 972 (C.D. Cal. 2006). Foundation and knowledge will be established at trial; admissible under Rules 702/703; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0096 / 9/7/2017 | LLY02078942 | LLY02078948 | Email from C Christopher Bullock to David Murray re: Per our conversation | | Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; credibility | Not relevant; subject to MIL; no foundation / personal knowledge. | Relevant to Lilly CRE obligation and development of Reqorp and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation and knowledge will be established at trial. | | |
| Trial Exh 0097 / 9/14/2017 | LLY02464236 | LLY02464259 | Baricitinib SLE Development Strategy | | Skrovonsky; Nirula; Bathasson | | Relevant to Lilly's efforts, expertise, and resources to develop Reqorp or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reqorp. | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0098 / 9/15/2017 | Nektar0000001819 | Nektar0000001823 | | Email from Tagliaferri re 16-358-01 Protocol A3.0 QC Draft on SharePoint | | Zalevsky; Kreizn | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reqorp; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0100 / 9/20/2017 | LLY00206520 | LLY00206534 | Email from Songqing Na to Henry Bryant, Thomas Bumol | | Nirula; Klekotka; Krueger | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; no foundation / personal knowledge. | Relevant to Lilly CRE obligation and development of Reqorp and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0102 / 10/3/2017 | LLY02474872 | | | U.S. Patent No. 9,775,911 | | Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; background | Not relevant; duplicative or cumulative; foundation / personal knowledge. | Relevant to Lilly CRE obligation and development of Reqorp; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial. | | |
| Trial Exh 0104 / 10/31/2017 | LLY02474872 | LLY02474872 | Baricitinib/Olumiant - Phase 2 Atopic Dermatitis - CSR Synopsis | | Nirula; Skrovonsky; Jonsson; Asbrafadeh; Schmitz; Manner; Murray; Ranneyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly CRE obligation and development of Reqorp and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0105 / 11/6/2017 | | | Stefani Shows Positive Results in Treatment of Systemic Lupus Erythematosus In Phase 2 Trial | | Robbins; Ed Bathasson | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; hearsay. | Relevant to Lilly CRE obligation and development of Reqorp and comparator drugs; not subject to MIL; Nektar opposes MIL; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0106 / 11/6/2017 | | | PR Newswire, "Stefani® (sotelotumab) Shows Positive Results In Treatment Of Systemic Lupus Erythematosus In Phase 2 Trial," November 6, 2017, available at https://www.prnewswire.com/news-releases/stefani-sotelotumab-shows-positive-results-in-treatment-of-systemic-lupus-erythematosus-in-phase-2-trial-300549543.html | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay (801); relevance (402); foundation; 403. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; relevant to credibility and Lilly's CRE obligation and development of Reqorp and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation and knowledge will be established at trial. | | |
| Trial Exh 0107 / 11/7/2017 | N/A | | | Nektar Therapeutics FQ3 2017 Earnings Call Transcript | | Robin, Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reqorp; cross examination of the named Nektar witness(es). | | | 403; Relevance (401/402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title / Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0108 11/27/2017 | LLY0089215 | LLY0089220 | Common Terminology Criteria for Adverse Events (CTCAE), Version 5.0 | | Ashrafzadeh; Mostaghim; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; objection to incomplete exhibit; not relevant. | Rebut to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not hearsay under Rule 801; admissible for non-hearsay purpose and not subject to hearsay exception under Rules 803/807; exhibit is not incomplete. | | |
| Trial Exh 0109 12/19/2017 | LLY00692173 | LLY00692200 | Injection-Site Reactions in Ixekizumab Clinical Trials in PsO, PsA, and axSpA | | Mostaghim | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0110 2/16/2018 | Nektar0000005285 | Nektar0000005286 | Email from Margit Tagliaferri to Suresh Siddhanti, Thomas Haberberger, and others re: RE: NKTR-358; prep for FDA call - background information to be updated and reviewed by team | | Pfister; Nirula; Evans; Zalevsky; Krstin; Tagliaferri | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial. | | |
| Trial Exh 0111 2/8/2018 | LLY02468367 | LLY02468409 | | IL-33 Board of Directors Update | | Klekotka | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802). | Not hearsay (Rule 801) and/or hearsay exception (see Rules 803, 804, 807). |
| Trial Exh 0112 2/14/2018 N/A | N/A | | | BMS Press Release, "Bristol-Myers Squibb and Nektar Therapeutics Announce Global Development & Commercialization Collaboration for Nektar's CD122-biased Agonist, NKTR-214..." | | Zalevsky; Robbin | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to jury understanding of Nektar's business, a key issue relevant to parties' claims and defenses; Cross examination of the named Nektar witness(es). | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial; not subject to MIL; Nektar opposes MIL. | Hearsay (802); Lack of Foundation/Personal Knowledge (104/602); MIL; Relevance (401-402; 403 | Not hearsay (Rule 801) and/or hearsay exception (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). MIL is opposed; The exhibit is relevant to Lilly defenses, rebut Nektar claims (see Rules 401, 402); No unfair prejudice and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 0113 2/27/2018 | LLY00076975 | LLY00076998 | Email from Verna Toma Schmidlkofer to Ajay Nirula re: RE: McKinsey Readout | | Skovronsky; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge; subject to MIL. | | | |
| Trial Exh 0114 3/1/2018 N/A | | | Nektar Therapeutics 10-k for fiscal year 2017 | | Robin; Ruddock; Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg or other relevant drugs under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | 403; Relevance (401-402); MIL. | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0116 3/22/2018 | LLY02426094 | LLY02426110 | Email from Ajay Nirula to Jade E Onyia re: FW: Slides for Immunology PMT presentation | | Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant; hearsay; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial. | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0119 4/5/2018 | LLY00686555 | LLY00686598 | | LBM Portfolio Execution Committee (PEC) Olumiant SLE Commercial Decision | | Nirula | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | | | | |
| Trial Exh 0121 5/1/2018 | | | Baricitinib (Olumiant) FDA Label | | Murray; Robbins; Mostaghim; Skovronsky; Nirula; Klekotka; Pfeifer; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; not relevant; probative value outweighed by unfair prejudice or jury confusion (403). | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; highly probative, not prejudicial or confusing, and Rule 403 balance favors admissibility. | Subject to MIL; Nektar opposes MIL. | |
| Trial Exh 0124 5/11/2018 Nektar0000666740 | Nektar0000666778 | | Email from S. Phillips to J. Ruddock re Reports: NKTR Q1 2018 Financial Results Call and Webcast | | Ruddock | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402); MIL. | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0125 5/14/2018 | LLY02464691 | LLY02464518 | Injection Site Pain Update / Mitigation for Mirikizumab & Implications Across the Portfolio slides | | Krueger; Barbosient; Klekotka; Murray | | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0126 5/24/2018 | LLY02082922 | LLY02082957 | | IL-33 Board of Directors 2018 Q2 Update | | Klekotka; Barbosient | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Incomplete (106) | Not hearsay (Rule 801) and/or hearsay exception (see Rules 803, 804, 807). Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0127 6/7/2018 | LLY02464372 | LLY02464400 | | "Take New Formulation - Development Strategy" Deck | | Krueger; Barbosient; Klekotka; Murray; Skovronsky | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0128 6/12/2018 Nektar0000211557 | Nektar0000211568 | | Email re SAD/MAD studies | | Other Nektar Witness | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0129 6/20/2018 | LLY00945995 | LLY00945995 | Email from Laure Pfeifer to Julie Murphy Cramer re: RE: timeline check for case management discussion at noon today... | | Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant. | Foundation and knowledge will be established at trial; relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0130 6/22/2018 | LLY02474877 | LLY02474877 | Baricitinib/Olumiant - Phase 2 Lupus - CSR Synopsis | | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schlegel; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |

5

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lily Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0132 / 7/1/2018 | | | Article titled Baricitinib for systemic lupus erythematosus: a double blind randomised, placebo-controlled, phase 2 trial - Wallace et al. (2018) - The Lancet | | Robbins; Mostaghim | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; hearsay; not relevant; no foundation / personal knowledge. | Not subject to MIL; Nektar opposes MIL; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; admissible under Rules 702/703. | | |
| Trial Exh 0133 / 7/6/2018 | LLY00101534 | LLY00101534 | Safety and regulatory agreement between Eli Lilly & Company and Nektar Therapeutics | | Evans | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0134 / 7/19/2018 | | | Eli Lilly and Company and PR Newswire, "Study Published in The Lancet Shows Benefit of Baricitinib 4 mg for the Treatment of Systemic Lupus Erythematosus (SLE)," July 19, 2018, available at https://lilly.mediaroom.com/2018-07-19-Study-Published-in-The-Lancet-Shows-Benefit-of-Baricitinib-4-mg-for-the-Treatment-of-Systemic-Lupus-Erythematosus-SLE | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay (801); relevance (402); foundation; 403; MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; Foundation will be established at trial. | | |
| Trial Exh 0135 / 7/24/2018 | Nektar00000753637 | Nektar00000753839 | | Email thread re Discussion topics for L. E. K. call on Tuesday (7/24) | | Macan, Other Nektar Witness | Rebut and defend against Nektar allegations of damages or other harm; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0137 / 8/2/2018 | Nektar00000174926 | Nektar00000174928 | | Ferguson Email to Do attaching Draft IPT Agenda | | Other Nektar Witness | Relevant to collaboration partnership and Rezpeg background; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0138 / 8/6/2018 | Nektar00000467429 | Nektar00000467429 | | Do Email to Gil Labrucherie re 1 on 1 | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402); Lack of Foundation/Personal Knowledge (104/602); MIL | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). Foundation/personal knowledge will be established at trial (see Rule 602). MIL is opposed. |
| Trial Exh 0140 / 8/13/2018 | Nektar00000467442 | Nektar00000467447 | | Do Email to Lilly re Decker Handoff attaching IPT agenda | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0141 / 8/15/2018 | LLY01279389 | LLY01279426 | Investigator's Brochure for Anti-BTLA Agonist/Vonapretinat IB | | Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; admissible under Rules 702/703. | | |
| Trial Exh 0142 / 8/16/2018 | LLY00794989 | LLY00795018 | Email from Jeffrey Wilson to David Murray, Jingyong Zhao, and others re: Adjacent Disease State Project - Immunology | | Murray; Evans; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and its development of Rezpeg. | | |
| Trial Exh 0143 / 8/16/2018 | LLY02464451 | LLY02464490 | | Take Alternate Formulation - Development Strategy | | Krueger, Burkeson, Klekotka, Murray, Skovronsky | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0144 / 8/17/2018 | LLY00347890 | LLY01034771 | Clinical Study Protocol 17-338-02 Amendment 2.0: A Phase 1, Double-Blind, Randomized, Placebo-Controlled, Ascending Multiple-Dose Study To Evaluate The Safety, Tolerability, Pharmacokinetics, And Pharmacodynamics Of Subcutaneous Nktr-358 In Patients With Systemic Lupus Erythematosus | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0146 / 8/28/2018 | LLY02261234 | LLY02261240 | | Nektar-Lilly NKTR-358 IPT Minutes Final | | Kotzin, Zalevsky, Niroula, Pfeifer, Buckeye | Rebut and defend against Nektar's breach of contract claims. | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0154 / 9/6/2018 | Nektar00000912522 | Nektar00000912561 | | DSA Draft | | Pfeifer, Buckeye, Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0158 / 9/27/2018 | LLY01245454 | LLY01245528 | Rezpeg Phase 1 SAD Protocol | | Zalevsky; Kotzin; Robbins; Mostaghim | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; duplicative or cumulative. | Relevant background and to Lilly's CRE obligation and development of Rezpeg; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0159 / 10/2/2018 | LLY01283571 | LLY01283619 | Investigator's Brochure for CD200R | | Robbins; Mostaghim | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; duplicative or cumulative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0160 / 10/2/2018 | Nektar00000469902 | Nektar00000469909 | | F. Curtis Email with attachment | | Huckstep | Relevant to collaboration partnership and Rezpeg background; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0161 / 10/4/2018 | Nektar00000467144 | Nektar00000467149 | | Email from T. Do re Lilly - Nektar - Dev Agreement and PRA SOW | | Kotzin; Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Privilege (partial) | Lilly reserves the right to challenge Nektar's clawback under the PO. |
| Trial Exh 0162 / 10/9/2018 | Nektar00000544192 | Nektar00000544210 | | Email from Kimberly Ferguson to Jason Barnard re: RE: Updated NKTR-358 program slides | | Zalevsky; Ruddock; Kotzin; Fuston; Niroula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Maener; Murray; Ramseyer; Pfeifer; Lancaster | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant. | Foundation and knowledge will be established at trial; relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0163 / 10/10/2018 | LLY02177922 | LLY02177957 | Email from William Barchuk to Carsten Schmitz, Kimberley Jackson re: Hummingbird_Kick_off_04Aug2017.pptx | | Evans; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant. | Foundation and knowledge will be established at trial; relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0164 / 10/10/2018 | LLY02315561 | LLY02315565 | | Email from L. Pfeifer re Nektar proposal for Lilly Elected Activities contracting | | Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0165 / 10/18/2018 | LLY02464554 | LLY02464591 | | "Tabs Alternative Formulation – Development Strategy" Deck | | Krueger, Battheston, Klekotka, Murray, Skovronsky | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0167 / 10/19/2018 | Nektar0000295735 | Nektar0000295757 | | Robles email re Weekly Clinical Study Updates for Oct 19 | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602); Relevance (401/402); MIL | Foundation/personal knowledge will be established at trial (see Rule 602). The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402); MIL is opposed. |
| Trial Exh 0168 / 11/1/2018 | LLY00594122 | LLY00594623 | | Email from L. Pfeifer re Update on IL-2 PEG AeD/PeO Sponsorship | | Pfeifer, Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0170 / 11/8/2018 | LLY00751576 | LLY00751577 | Email from Janice Evans re Regulatory History related to AE Grading for Immunology | | Klekotka; Evans | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; probative value outweighed by jury confusion (403). | Foundation and knowledge will be established at trial; high probative and Rule 403 balance favors admissibility. | | |
| Trial Exh 0171 / 11/9/2018 | LLY02911500 | LLY02911546 | Email from L. Rassner re R&D business plan materials and a few updates | | | Skovronsky, Robbins, Battheston | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0174 / 11/26/2018 | LLY00977764 | LLY00977778 | Letter from Department of Health and Human Services - Meeting Request - Written Responses | | Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant background; admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0175 / 12/3/2018 | LLY02082230 | LLY02082246 | | IBR Task Force Intro | | Klekotka, Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard; rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; relevant to jury understanding of injection site reactions, a key issue relevant to parties' claims and defenses. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0180 / 12/7/2018 | LLY02472861 | LLY02472972 | Investigator's Brochure for Baricitinib (Olumiant) | | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0185 / 12/19/2018 | Nektar0000137848S | Nektar0000137849 | | Strategic Collaboration Agreement between Nektar and Bristol-Myers Squibb Company | | Robin, Zalevsky, Tagliaferri | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; cumulative or duplicative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | Relevance (401/402); 403; MIL | The exhibit is relevant to Lilly defenses; rebut Nektar claims (see Rules 401, 402);No unfair prejudice and balance favors admissibility (see Rules 401, 403); MIL is opposed. |
| Trial Exh 0186 / 12/20/2018 | LLY01290863 | LLY01290903 | Investigator's Brochure for Tenalisitumab | | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0187 / 1/3/2019 | LLY01283283 | LLY01283332 | Investigator's Brochure for CD200R | | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0189 / 1/8/2019 | LLY00889769 | LLY00889915 | Email from Joanne Lancaster to William Barchuk, David Webb re: RE: KFAC protocol - Time of Post injection pain assessments | | Lancaster; Mostaghimi; Robbins; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; hearsay. | Foundation and knowledge will be established at trial; admissible under Rules 702/703; non-hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807. | | |
| Trial Exh 0190 / 1/9/2019 | Nektar0000096712 | Nektar0000096715 | | NKTR-358 Development team meeting | | Kovac | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0191 / 1/31/2019 | Nektar0000677038 | Nektar0000677207 | | Strategic Collaboration Agreement between Nektar and Bristol-Myers Squibb Company | | Ruddock, Robin, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402); 403; MIL | The exhibit is relevant to Lilly defenses; rebut Nektar claims (see Rules 401, 402);No unfair prejudice and balance favors admissibility (see Rules 401, 403); MIL is opposed. |
| Trial Exh 0192 / 2/4/2019 | LLY02457038 | LLY02457039 | Email from David Manner to Lai Shan Chan re: RE: IL-2 two Ph1b protocols update | | Manner | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; foundation and knowledge will be established at trial. | | |
| Trial Exh 0193 / 2/5/2019 | | | Mark Edwards, "Recent Trends in Effective Royalty Rates of Biopharma Alliances," February 5, 2019 | | Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant; subject to MIL. | Relevant to damages; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0194 / 2/6/2019 | LLY00996035 | LLY00996039 | Email from Joanne Lancaster to Carsten Schmitz, Janice Evans, and others re: RE: IL-2 conjugate protocol AeD and PeO - IBR section | | Lancaster; Schmitz; Evans; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/ Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0195<br>2/6/2019 | LLY02180531 | LLY02180532 | | Email from Pfeifer in Feb 20 Immunology RDSC proposed agenda | Robbins | Pfeifer, Klekotka | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0196<br>2/6/2019 | LLY00764065 | LLY00794081 | LY3370801FCAB Compound overview for IBST | | | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0197<br>2/7/2019 | LLY02107087 | LLY02107088 | | Email from J. Evans re IL-2 conjugate program ISR section | | Schmitz | Relevant to jury understanding of ISRs, a key issue relevant to parties' claims and defenses; Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; | | | | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0199<br>2/13/2019 | LLY01290974 | LLY01291015 | Investigator's Brochure for Tezolekimab | | Robbins, Moroughani | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant, subject to MIL; cumulative or duplicative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility; admissible under Rules 702/703. | | |
| Trial Exh 0203<br>2/24/2019 | Nektar00000096602 | Nektar00000096609 | | Email chain from K. Ferguson to T. Dix, J. Nicholson, J. Zalevsky, and B. Kroin re 4th Indication follow up | | Zalevsky, Kroin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0204<br>2/28/2019 | Nektar00000158036 | Nektar00000158038 | | Email thread re IL-2 Conjugate 2H 2018 JSC invoice approval (J. Nicholson response) | | Hackstep, Nirula, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0205<br>2/28/2019 | Nektar00000158763 | Nektar00000158766 | | Email thread re IL-2 Conjugate 2H 2018 JSC invoice approval | | Zalevsky, Nirula, Hackstep | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0206<br>3/1/2019 | LLY00748439 | LLY00748456 | Email from William Barchuk to Junice Evans, Lance Pfeifer, Brian Kroin, and others re: RE: NKTR-358 IB addendum for Lilly review | | Evans; Pfeifer; Kroin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; cumulative and duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0207<br>3/12/2019 | LLY02180918 | LLY02180926 | Email from L. Pfeifer to J. Kirschling and E. Bearby re IL-2 Conjugate: update on PIC and MAD cohort 3 data | | | Pfeifer, Nirula, Skrowonksy, Klekotka, Jonsson, Aslanikashi | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802); Relevance (401/402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). The exhibit is relevant to rebut Nektar claims (see Rules 401, 402). |
| Trial Exh 0208<br>3/18/2019 | LLY00786800 | LLY00786821 | Email from David Murray to Anna Kovalyova and Robert Draper re: FW: Demuta Announces Positive Topline Results from Phase 2b Study of Lebrikizumab in Patients with Atopic Dermatitis | | Klekotka; Nirula; Murray; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0209<br>3/18/2019 | LLY00786806 | LLY00786821 | Demuta Lebrikizumab P2b Topline Results | | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge; hearsay; not relevant; probative value outweighed by risk of jury confusion (403); subject to MIL. | Admissible under Rules 702/703; foundation will be established at trial; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; relevant to Lilly's development of Rezpeg and comparable drugs; Rule 403 balancing favors admission; Nektar opposes MIL. | | |
| Trial Exh 0210<br>3/19/2019 | Nektar00000094933 | Nektar00000094934 | Email from J. Zalevsky re: NKTR-358 PK Assay Investigation | | | Zalevsky | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0211<br>3/21/2019 | LLY02254067 | LLY02254070 | Nektar-Lilly NKTR-358 JSC Agenda Final+slides | | | Zalevsky, Nirula | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0215<br>3/27/2019 | LLY02794213 | LLY00794238 | Baricitinib SLE VTE Assessment Final | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant; probative value outweighed by risk of jury confusion (403); subject to MIL; fair dealing | Admissible under Rules 702/703; foundation will be established at trial; relevant to Lilly's development of Rezpeg and comparable drugs; Rule 403 balancing favors admission; Nektar opposes MIL. | | |
| Trial Exh 0216<br>3/29/2019 | LLY02058383 | LLY02058385 | Email from William Barchuk to multiple recipients re: NKTR-358 SAD abstract | | Lancaster; Schmitz; Klekotka; Nirula; Manser; Hackstep; Murray; Pfeifer; Evans | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0217<br>4/1/2019 | | | Guttman-Yassky, Emma, et al., "Baricitinib in Adult Patients with Moderate-to-Severe Atopic Dermatitis: A Phase 2 Parallel, Double-Blinded, Randomized Placebo-Controlled Multiple- Dose Study," Journal of the American Academy of Dermatology, Vol. 80, No. 4, April 2019, pp. 913-921. | | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay (801); relevance (402); foundation; 405; MIL. | Hearsay (801); relevance (402); foundation; 405; MIL., admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; relevant to credibility and Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL.; Nektar opposes MIL.; foundation will be established at trial. | | |
| Trial Exh 0218<br>4/2/2019 | LLY02089479 | LLY02089522 | | Email from Murray re Immunology Portfolio Strategic Framework DRAFT 3.27.19 DRAFTD-IMM_DCM.pptx | | Murray | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

DISPUTED EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0220 | 4/11/2019 | Nektar00000067363 | Nektar00000067364 | | Email from A. Candia re Update to the re analysis of PK samples from the SAD/MAD studies | | Kozra | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rexpep; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0224 | 4/18/2019 | LY00755330 | LY00755340 | | Email from L. Pfeifer to P. Klekotka re IL-2 Conjugate: Host Cell Protein Issue | | Pfeifer, Klekotka, Skovronsky, Nirula | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rexpep; Relevant to Lilly's efforts, expertise, and resources to develop Rexpep; or other relevant drugs relevant under the License Agreement standard. | | | Relevance (401/402); Hearsay (802); Confusion (403) | Relevant to Lilly's defenses, to rebut Nektar's claims, and to CRE. Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Will not confuse the jury, and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 0226 | 4/18/2019 | LY00972885 | LY00972894 | Email from Peter Robinson to Carsten Schmitz, Joanne Lancaster, David Manner, and others re: RE: follow-upon data management topics related to studies KFAC and KFAD | | Manner; Schmitz; Lancaster | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial. | | |
| Trial Exh 0227 | 4/23/2019 | Nektar00000835188 | Nektar00000835195 | | Lilly/Nektar HCP Discussion Meeting | | Hucknup, Nirula, Pfeifer, Ali, Do, Kotzin, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rexpep; cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0228 | 5/7/2019 | LY02191909 | LY02191914 | | Email from M. Burgess to J. Lancaster re KFAC/KFAD protocol - VAS score vs Injection site tools | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rexpep. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0229 | 5/8/2019 | N/A | | | Nektar Therapeutics FQ1 2019 Earnings Call Transcripts | | Robin, Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rexpep; cross examination of the named Nektar witness(es). | | | 403; Relevance (401/402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0230 | 5/8/2019 | LY00753769 | LY00753771 | | Email from L. Pfeifer to J. Kirchling re Update on IL-2 Conjugate risks and timelines | | Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rexpep; Relevant to Lilly's efforts, expertise, and resources to develop Rexpep; or other relevant drugs relevant under the License Agreement standard. | | | Relevance (401/402); Hearsay (802); Confusion (403) | Relevant to Lilly's defenses, to rebut Nektar's claims, and to CRE. Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Will not confuse the jury, and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 0231 | 5/9/2019 | LY02415730 | LY02415735 | | Pfeifer and Nirula Text Messages | Robbins | Nirula | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rexpep; Relevant to Lilly's efforts, expertise, and resources to develop Rexpep; or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0235 | 5/15/2019 | LY00682808 | LY00682902 | | Protocol J1B-MC-FRCC Clinical Pharmacology Protocol (b) | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0236 | 5/20/2019 | Nektar00000096339 | Nektar00000096362 | | Email from J. Ruddock re Intro to David Klatzmann | | Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rexpep; Relevant to Lilly's efforts, expertise, and resources to develop Rexpep; or other relevant drugs relevant under the License Agreement standard. | | | Relevance (401/402) | Relevant to Lilly's defenses, to rebut Nektar's claims, to cross-examination of named Nektar witnesses, and to CRE. |
| Trial Exh 0237 | 5/23/2019 | LY00179407 | LY00179407 | Email from Peter Robinson to Christina Dioneros, Joanne Foster, and others re: RE: KFAC/ KFAD protocol - VAS score vs Injection site tools | | Lancaster | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; duplicative or cumulative. | Foundation and knowledge will be established at trial; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0241 | 6/8/2019 | LY00890778 | LY00890780 | Email from Carsten Schmitz to Janice Evans re: RE: 33 vs 30 pts in the MAD | | Schmitz; Evans; Lancaster | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rexpep and defenses; foundation and knowledge will be established at trial. | | |
| Trial Exh 0242 | 6/11/2019 | LY01322513 | LY01322520 | | 2019 Milestone Review Portfolio Investment Council Meeting Presentation | | Skovronsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rexpep; Relevant to Lilly's efforts, expertise, and resources to develop Rexpep; or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Relevance (401/402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); The exhibit is relevant to Lilly defenses, rebut Nektar claims (see Rules 401, 402). |
| Trial Exh 0245 | 6/26/2019 | LY00405320 | LY00405324 | PRA Health Sciences - Weekly Study Team Meeting Minutes - ELLI.KFAC-KFACPS/ELL/KFAD-KFADDB | | Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial; relevant to Lilly's CRE obligation and development of Rexpep. | | |
| Trial Exh 0246 | 6/26/2019 | LY00882860 | LY00882866 | Email from Joanne Lancaster to William Barchuk, Alison L. Budrisky, and others re: RE: Team Lilly | | Lancaster; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rexpep; foundation and knowledge will be established at trial. | | |
| Trial Exh 0247 | 6/28/2019 | LY02082175 | LY02082184 | | Tabz Hidradenitis Suppurativa (HS) Heat Map slides | | Krueger, Skovronsky, Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Rexpep or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Incomplete (106); Foundation/Personal Knowledge (104/602); Relevance (401/402); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). The exhibit is relevant to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0248 | 7/1/2019 | LY02434575 | LY02434616 | Lance Pfeifer's Journal | | Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; hearsay. | Relevant to Lilly's CRE obligation and development of Rexpep; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0249 / 7/2/2019 | Nektar00000622264 | Nektar00000622353 | | Email from B. Kotzin re For Review: Lilly IND clinical modules; Regulatory Response: FDA Requests and Recommendations from Type B Meeting Written Responses Provided under Pre-IND 140963 | | Kotzin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es); | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0250 / 7/10/2019 | LLY02082125 | LLY02082164 | | Taltz - Hidradenitis Suppurativa (HS) slides | | Krueger, Skovronsky, Nivala | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Incomplete (106); Foundation/Personal Knowledge (104/602); Relevance (401/402); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). The exhibit is relevant to CRE (see Rules 401, 402); MIL is opposed. |
| Trial Exh 0251 / 7/11/2019 | LLY02082102 | LLY02082229 | | Email from I. Rassner to D. Skovronsky re July 16th PSC - please review | | Skovronsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0252 / 7/16/2019 | LLY02082105 | LLY02082124 | | Taltz Alternate Formulation – POC | | Krueger, Skovronsky, Nivala | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard; relevant to jury understanding of rejection site reactions, a key issue relevant to parties' claims and defenses. | | | Hearsay (802); Incomplete (106); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0255 / 7/21/2019 | | | Email from David Manner to Ellen M Jeffries and Anastasia Itynchna Alexeava re: RE: PRA Oversight for Stats-KFAC/KFAD | | Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; foundation and knowledge will be established at trial. | | |
| Trial Exh 0256 / 7/22/2019 | Nektar00000206935 | Nektar00000206936 | | Email from D. Crudup to J. Evans re NKTR-358 IND submitted to DDDP | | Pfeifer, Rasmeyer, Hackney | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0257 / 7/31/2019 | Nektar00000103939 | Nektar00000103939 | | NKTR-358 PDP-JPT | | Hackney | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Incomplete (106); Foundation/Personal Knowledge (104/602); Hearsay (802) | Exhibit has been supplemented for completion or Exhibit is complete; Foundation/personal knowledge will be established at trial (see Rule 602); Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0259 / 8/1/2019 | LLY00417828 | LLY00417857 | | | Manner, Movaghimi, Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0260 / 8/1/2019 | LLY00732930 | LLY00732939 | PRA-Lilly Operational Plan | | Manner, Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0261 / 8/2/2019 | LLY02187904 | LLY02187951 | Email from Ellen M Jeffries to David Manner and Anastasia Itynchna re: PRA Oversight for Stats-KFAC/KFAD | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0264 / 8/8/2019 | LLY07294054 | LLY07294094 | 2019 GITR BoD slide deck | | Lancaster, Klekotka, Evans, Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Foundation / personal knowledge; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; foundation and knowledge will be established at trial. | | |
| Trial Exh 0268 / 8/23/2019 | | | Email from Kimberley Jackson to Paul Klekotka, Joanne Lancaster, and others re: RE: Discuss PK/PD Results for E-2 Conjugate | | Lancaster, Klekotka, Evans, Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; foundation and knowledge will be established at trial. | | |
| Trial Exh 0270 / 8/27/2019 | Nektar00000557793 | Nektar00000557814 | | Regulatory Response with Eden | | Pfeifer, Kotzin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es); | | | Incomplete (106); Lack of Foundation/Personal Knowledge (104/602) | Exhibit has been supplemented for completion or Exhibit is complete; Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0272 / 8/30/2019 | LLY02464336 | LLY02464348 | PowerPoint titled Results of anifrolumab Ph3 SLE study (TULIP-II)Assessment and implications for the baricitinib SLE Ph3 program | | Robbins, Nivala, Kotzin, Klekotka, Ashrafzadeh | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches. | Not relevant, no foundation / personal knowledge; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg; foundation and knowledge will be established at trial; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0273 / 9/9/2019 | Nektar00000557316 | Nektar00000557505 | Email from Burgess re KFAC and KFAD amendments for NEKTAR team review | | Manner, Klekotka | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802); Lack of Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0275 / 9/10/2019 | LLY01011985 | LLY01011998 | | Email from B. Andreacchio re KFAC/D Weekly Study Team Meeting 11Sep2019 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0276 / 9/11/2019 | LLY00482903 | LLY00662990 | Protocol J1R-MC-FRCT(a) | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant; subject to MIL. | Admissible under Rules 702/703; foundation will be established at trial; relevant background and to Lilly's development of Rezpeg and comparable drugs; Nektar opposes MIL. | | |
| Trial Exh 0277 / 9/12/2019 | Nektar00000384294 | Nektar00000384304 | NKTR-214: Program-wide Scope for 2020 Budget Assumptions | | Brian, Zalevsky, Robbins, Movaghimi | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Relevance (401/402); MIL | Relevance (401/402); MIL is opposed. |
| Trial Exh 0279 / 9/22/2019 | LLY00930777 | LLY00930776 | Email from Ken Custer to Dan Skovronsky re: Expected 5th Year Sales | | Skovronsky | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | No foundation / personal knowledge; not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg; foundation and knowledge will be established at trial. | | |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0282 | 10/11/2019 | LLY00961038 | LLY00961048 | Email from Eric Saunders to Paul Klekotka, Dipak Patel, and others re: RE: REVIEW NEEDED: EADV TL meeting executive summaries | | Krueger; Klekotka; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; hearsay. | Relevant to Lilly's CRE obligation and development of Rezpeg; not subject to MIL; Nektar opposes MIL; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703. | | |
| Trial Exh 0285 | 10/26/2019 | LLY02173326 | LLY02173361 | | Email from D. Skrovonsky | | Skrovonsky; Robbins | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Relevance (401-402). | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Relevant to Lilly's defenses, to rebut Nektar's claims, and to CRE. |
| Trial Exh 0287 | 11/4/2019 | LLY02174072 | LLY02174079 | | Email from B. Andreacchio re KFAC/D Weekly Study Team Meeting 30Oct2019 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0288 | 11/5/2019 | LLY00788583 | LLY00788590 | Email from David Stayer to Robert Draper, David Murray, and Anna Kovalyova re: RE: Atopic Dermatitis Competitive Set | | Murray; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0293 | 11/19/2019 | LLY00015660 | LLY00815711 | Email from Raymond M Jordt to Dave Ricks, Josh Smiley, and others re:Project Bald Eagle Terms Review | | Skrovonsky; Jonsson; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0294 | 11/21/2019 | LLY02090835 | LLY02090835 | | Lilly Confirmation of Batch 10 Cost Share | | Zabrsky; Nirula | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims | | | Hearsay (802); Incomplete (106); Relevance (401-402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Exhibit has been supplemented for completion or Exhibit is complete. The exhibit is relevant to rebut Nektar claims (see Rules 401, 402). |
| Trial Exh 0295 | 11/22/2019 | LLY00683297 | LLY00683302 | Email from David Murray to Jeffrey Wilson re: RE: ACR BioEurope Debrief - anifrolumab and ResmGen | | Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0297 | 12/10/2019 | LLY00280202 | LLY01280268 | Investigator's Brochure for Baricitinib (Olumiant) | | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; cumulative or duplicative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of comparator drugs; not subject to MIL; Nektar disputes MIL.; Rule 403 cumulative and duplicative objection can be addressed at trial and balance favors admissibility; admissible under Rules 702/703. | | |
| Trial Exh 0298 | 12/16/2019 | LLY00298216 | LLY00298327 | Clinical Study Report 16-358-01 | | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0300 | 12/23/2019 | LLY00233514 | LLY00233593 | Regulatory Response: Responses to FDA's Written Response to the Type C Meeting Request - LY3471851 (NKTR-358) | | Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0301 | 1/5/2020 | LLY00791655 | LLY00791686 | Email from Kenneth Center to Patrik Jonsson, Dan Skrovonsky, and others re:Bald Eagle Presentation for S&T Committee | | Jonsson; Skrovonsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0302 | 1/8/2020 | Nektar0000001563 | Nektar0000011564 | | Frankc chat with Boewunkar and Tayo Balogun | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402); Lack of Foundation/Personal Knowledge (104/602) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0305 | 1/20/2020 | LLY00951547 | LLY00951592 | Deep Dive into the Available Atopic Dermatitis Ph2 Data and Implications for Future Indications | | Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0306 | 1/21/2020 | LLY00458977 | LLY00458986 | Lilly PRA Study Oversight | | Manent | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0309 | 2/13/2020 | LLY00791098 | LLY00791098 | | Email from J. Evans re Good news from FDA on Phase 2 Doses for IL-2 conjugate for SLE | | Klekotka, Schmitz, Nirula, Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0310 | 2/20/2020 | | | | Press release titled Lilly Completes Acquisition of Dermira | | Jonsson; Skrovonsky; Nirula; Klekotka; Pfeifer; Ramseyer | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Duplicative or cumulative. | Rule 403 duplicative or cumulative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0312 | 2/22/2020 | LLY00369635 | LLY93109686 | Rezpeg Investigator's Brochure | | Klekotka; Murray; Pfeifer; Nirula; Ramseyer; Schmitz; Skrovonsky; Zabrsky; Kotzin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and favors admissibility. | | |
| Trial Exh 0316 | 3/5/2020 | LLY00233685 | LLY00233792 | Protocol J1P-MC-KFAJ | | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0317 | 3/11/2020 | | | Article titled UCB's DZB moving into Phase III trials despite Phase II failure, March 11, 2020 | | Evans | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; not relevant; subject to MIL. | Admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0318 | 3/11/2020 | LLY02099469 | LLY02099472 | | Presentation re IL-2 PEG/NKTR 358 program - Derm studies | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0319 | 3/13/2020 | LLY02435786 | LLY02435790 | | Pfeifer and Nirula Text Messages | | Nirula | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0320 | 3/13/2020 | LLY02467055 | LLY02467057 | | BTLA Board of Directors Meeting Minutes | | Klekotka, Nirula | Rebut to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0321 | 3/15/2020 | LLY00801071 | LLY00801073 | | Email from P. Klekotka re Early Immunology Projects and COVID-19 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0322 | 3/15/2020 | LLY00131247 | LLY00131250 | | Email from C. Schmitz re COVID-19 impact on KFAC/D studies - Lilly safety and regulatory position | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Relevance (401-402); Hearsay (802); Confusion (403) | Relevant to Lilly's defenses, to rebut Nektar's claims, and to CRE. Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Will not confuse the jury, and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 0323 | 3/15/2020 | LLY02099686 | LLY02099687 | | Email from J. Evans re Early Immunology Projects and COVID-19 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Relevance (401-402); Hearsay (802); Confusion (403) | Relevant to Lilly's defenses, to rebut Nektar's claims, and to CRE. Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Will not confuse the jury, and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 0324 | 3/16/2020 | LLY00800892 | LLY00800898 | Email from Qiang John Wang to Ajay Nirula, Matthew Linnik, and others re: FW: Project Austen Update | | Jonsson; Nirula; Klekotka; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0325 | 3/16/2020 | LLY00802289 | LLY00802293 | | Email from D. Skovronsky re Early Immunology Projects and COVID-19 | | Skovronsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Relevance (401-402); Hearsay (802); Confusion (403) | Relevant to Lilly's defenses, to rebut Nektar's claims, and to CRE. Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Will not confuse the jury, and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 0329 | 3/17/2020 | LLY01029784 | LLY01029785 | | Email from C. Schmitz re KFAC/KFAD - COVID19 Site Scanning/Risk Tracker - 17Mar2020 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0330 | 3/17/2020 | LLY02099832 | LLY02099832 | | Email from C. Schmitz re KFAC/D amendment - Update from JPT Lilly/Nektar meeting | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0331 | 3/18/2020 | LLY00956652 LLY00956653 | LLY00956653 | Email from Kimberly Koch to Telisha A Morri, David S Thompson, and others re: RE: OAM deck and design paper | | Blackmop | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0332 | 3/18/2020 | LLY00806801 | LLY00806808 | Email from Ajay Nirula to Parikh Jonsson, Qiang John Wang, and others re: RE: Austen - updated version | | Jonsson; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0333 | 3/19/2020 | LLY00956204 | LLY00956216 | | Email from C. Schmitz re IL-2 Conjugate Lead Team | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0334 | 3/23/2020 | LLY02444914 | LLY02444923 | | Email from C. Schmitz re Clarification on Executive Order 20-72 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0339 | 3/24/2020 | LLY02435801 | LLY02435807 | | Nirula and Pfeifer Text Messages | | Nirula, Pfeifer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802); Relevance (401-402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). The exhibit is relevant to Lilly defenses and to rebut Nektar claims (see Rules 401, 402). |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0336 | 3/24/2020 | LLY02435806 | LLY02435806 | | Message from L. Pfeifer to A. Nirula | | Nirula, Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802); Relevance (401-402); 403 | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); The exhibit is relevant to Lilly defenses, rebut Nektar claims (see Rules 401, 402); No unfair prejudice and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 0338 | 3/26/2020 | LLY00803519 | LLY00803523 | | Email from C. Schmitz re KFAC/D letters to sites | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0342 | 4/3/2020 | LLY02092372 | LLY02092374 | | Email from Dawnslide re Draft Pipeline Update for Q1 Earnings Call April 23rd | | Skorussky, Nirula | Relevant to jury understanding of the immunology competitive landscape, a key issue relevant to parties' claims and defenses; Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0343 | 4/3/2020 | LLY02093954 | LLY02093956 | | Email from C. Schmitz re KFAC/D Operations Meeting Agenda 6 April 20 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0345 | 4/7/2020 | Nektar0000097638 | Nektar0000097640 | | Email from C. DeLuca Flaherty re Go no go for Lilly SLE Ph2b | | Zalevsky, Kozin, Robbins, Movsighini | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) (attachment); Relevance (401-402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Relevant to Lilly's defenses, to rebut Nektar's claims, to cross-examination of named Nektar witnesses, and to CRE. |
| Trial Exh 0346 | 4/10/2020 | LLY02098389 | LLY02098499 | JdMZ Clinical Protocol (b) | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; foundation. | Foundation will be established at trial; relevant to Lilly's development of Rezpeg and comparable drugs; Nektar opposes MIL. | | |
| Trial Exh 0347 | 4/16/2020 | LLY0094313d | LLY0094313d9 | | Email from C. Schmitz re Lilly Phase 1B studies in AD and PsO - Dr. Papp's site | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0348 | 4/17/2020 | Nektar0000396752 | Nektar0000397184 | Email from Shi-Ru Anderson to Tse-Sung Wu and Cherie Ah re: RE: 358 IND | | Zalevsky; Kozon; Ah | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge; not relevant. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; foundation and knowledge will be established at trial; relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0349 | 4/21/2020 | LLY02350840 | LLY02350875 | | Email from Pfeifer re Quarterly Immunology Portfolio Review with Dan Skorussky | | Nirula, Klekotka, Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0350 | 4/23/2020 | Nektar0000404891 | Nektar0000404897 | | All email re NKTR-358 alignment for Lilly-Nektar meetings - 21APR20 minutes | | Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Relevance (401-402) | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0351 | 4/30/2020 | Nektar0000390078 | Nektar0000390081 | | Paratope email re OOS investigation for thR--2 1-PRO-1643 | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Relevance (401-402); Lack of Foundation/Personal Knowledge (104-602) | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0352 | 5/5/2020 | Nektar0000236499 | Nektar0000238492 | | Radnere email re INV22858 results section B form draft | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Lack of Foundation/Personal Knowledge (104/602); Hearsay as to attachment (802); Relevance (401-402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602); The exhibit is relevant to other Nektar claims, and to CRE (see Rules 401, 402). |
| Trial Exh 0353 | 5/7/2020 | N/A | | | Nektar Therapeutics FQ1 2020 Earnings Call Transcripts | | Robin, Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es); | | | 403; Relevance (401-402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403); The exhibit is relevant to other Nektar claims and to CRE (see Rules 401, 402); MIL is opposed. |
| Trial Exh 0354 | 5/7/2020 | LLY01001104 | LLY01001107 | | Email from C. Schmitz KFAC/D start of cohort 2 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0355 | 5/12/2020 | LLY0294499 | LLY0294569 | | Email from G. Leiser to D. Murray re Portfolio Strategy | | Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0357 | 3/15/2020 | LLY0042524 | LLY0042534 | | Email from C. Schmitz re Dews update May 15th | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0358 | 5/20/2020 | Nektar00000943133 | Nektar00000943657 | Protocol for LY365030 Study I2T-DM-KGAB (ADvocate1) and Study I2T-DM-KGAC (ADvocate2) | | Nivala; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Movaghouni | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0359 | 5/20/2020 | LLY0127S502 | LLY0127S554 | | Development Safety Update Report 2020 | Klekotka; Murray; Pfeifer; Nivala; Ramseyer; Schmitz; Skovronsky | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0360 | 5/21/2020 | Nektar00000680070 | Nektar00000680074 | Email from Hoffman re NKTR - Seeking Alpha article.... | | | Ruddick | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802); Relevance (401-402); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 801, 803, 807); The exhibit is relevant to Lilly's defenses, rebutting Nektar's claims, and to CRE (see Rules 401, 402); MIL is opposed. |
| Trial Exh 0364 | 6/2/2020 | Nektar00000911588 | Nektar00000911592 | Franke chat with Kandik | | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402); Lack of Foundation/Personal Knowledge (104/602) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0365 | 6/2/2020 | LLY0210717S | LLY0210719L | Email from Gourab Datta to Carsten Schmitz re: Injection Site Erythema Tone course - FW: Feedback form KFAI presentation at the IL-2 conjugate CORE team | | Schmitz; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0367 | 6/3/2020 | LLY0099539L | LLY0099539L | Conversation between Gourab Datta and Carsten Schmitz | | Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to MIL; hearsay. | Nektar opposes MIL; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0368 | 6/5/2020 | LLY0129381L | LLY0129381T | Email from Gourab Datta to Paul Klekotka, Ali Ashrafzadeh, and Carsten Schmitz re: IL-2 conjugate ISRs | | Klekotka; Ashrafzadeh; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0369 | 6/5/2020 | Nektar00000097586 | Nektar00000097620 | Email from Wu re EULAR Material & Prep for Tomorrow's Event | | | Kravin, Zalevsky, Ruddick | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0370 | 6/8/2020 | LLY0129380 | LLY0129380 | | Email from G. Datta Re IL-2 Conjugate IBRs | | Klekotka; Ashrafzadeh; Schmitz | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0371 | 6/9/2020 | LY10245H58 | LY10245H65 | Email from J. Wilson re L. Pfeifer and M. Stayer re Resource prioritization (and Portfolio Tiering slides) | | | Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0372 | 6/10/2020 | LLY0075622H | LLY0075622Z | Email from Lauren Crayton to Lance Pfeifer re: Early Phase Molecule Timeline Review Meetings | | Pfeifer | | Proof of damages caused by Lilly's breaches | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0373 | 6/16/2020 | LLY0094665 | LLY0094673 | | Email from C. Schmitz re New Lilly KFAD/C Timeliness: Forecast and assumptions | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0374 | 6/19/2020 | Nektar00000911596 | Nektar00000911597 | Franke chat with Kandik | | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402); Lack of Foundation/Personal Knowledge (104/602) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0375 | 6/19/2020 | LLY0096364 | LLY0096365 | | Email from C. Schmitz re KFAC/KFAD - Enrollment Updates - 19Jun2020 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0380 | 6/22/2020 | Nektar00000589666 | Nektar00000589681 | Email from K. Caygill to M. Perry, L. Kupeli, K. Alaghi re Closeout of QE 20.006 (Protocol 17-358-02) | | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602); Relevance (401/402) | Foundation/personal knowledge will be established at trial (see Rule 602); This exhibit is relevant to Lilly's defenses, rebutting Nektar's claims, and to CRE (see Rules 401, 402). |
| Trial Exh 0381 | 6/25/2020 | LLY0080083T | LLY0080084J | | Email from C. Schmitz re KFAC/D discussion on new sites/countries' CT material timing: PRA labs in EU | | Schmitz | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0382 / 7/10/2020 | LLY01341243 | LLY01341246 | | Email from C. Schmitz re KFAC:D update country addition to OUS (CA, EU) | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0383 / 7/12/2020 | LLY00202784 | LLY00202878 | | Email from Lance Pfeifer to Multiple Recipients re: Tuesday July 14th IL-2 Conjugate BOD deck | Pfeifer; Schmitz; Jonsson; Skovronsky; Nerula; Klekotka; AshrafzadeI; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Duplicative. | Rule 403 cumulative or duplicative objection can be addressed at trial. | | |
| Trial Exh 0384 / 7/13/2020 | LLY02069805 | LLY02069843 | | 3Q2020 Quarterly Immunology TA Review | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0386 / 7/15/2020 | LLY01004934 | LLY01004950 | | Weekly Study Team Meeting Minutes | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Relevance (401/402); Hearsay (802); Confusion (403) | Relevant to Lilly's defenses, to rebut Nektar's claims, and to CRE. Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Will not confuse the jury, and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 0387 / 7/16/2020 | LLY02113216 | LLY02113220 | | Email from G. Taylor re Immunology Portfolio review slide deck for Monday July 13th | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0389 / 7/20/2020 | LLY00819526 | LLY00819666 | Email from Anindita Sen to Navdeep Bhullar, Debbie Rasns, and others re: RE: HC request for the inclusion of Gastrointestinal perforation in Bari IB | | Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0390 / 7/20/2020 | Nektar00000057900 | Nektar00000057901 | | Email from R. Minderman re Monday Tcon - high level summary | | Hackney, Pfeifer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0391 / 7/20/2020 | LLY01005315 | LLY01005316 | | Email from C. Schmitz re KFAD - First Subject Enrolled Today! | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0392 / 7/21/2020 | LLY02355286 | LLY02355319 | | IL-33_BOD Slides_21_July 2020_Final_presents | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0393 / 7/22/2020 | LLY00823477 | LLY00823478 | | Email from C. Schmitz re Request for Atopic Dermatitis Clinical Trial Investigators for IL-2 Peg Study in US | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0394 / 7/23/2020 | Nektar00000911793 | Nektar00000911801 | | Odom email re NKTR-358 GMP 8, DEV-20200348 TFF2-PEG Concentration Discrepancy | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). | | |
| Trial Exh 0395 / 7/23/2020 | LLY01004765 | LLY01004768 | | Email from C. Schmitz re KFAC/KFAD - Medical Records Requirements | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0396 / 7/28/2020 | LLY00822148 | LLY00822155 | | Email from C. Schmitz re Request for Derm MSL assistance with KFAD trial | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Relevance (401/402); Hearsay (802); Confusion (403) | Relevant to Lilly's defenses, to rebut Nektar's claims, and to CRE. Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Will not confuse the jury, and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 0397 / 7/31/2020 | LLY01005055 | LLY01005057 | | Email from C. Schmitz re KFAC/KFAD - Enrollment Updates - 31Jul2020 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0400 / 8/4/2020 | LLY02361707 | LLY02361709 | | Email re KFAI subfinding plan | | Manser | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

DISPUTED EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0402 | 8/11/2020 | LLY0242918 3 | LLY02429183 | Teams chat Carsten Schmitz, Lance Pfeifer, Paul Klekotka, Ali Ashrafzadeh, and others | | Schmitz; Pfeifer; Klekotka; Ashrafzadeh | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to MIL; not relevant. | Nektar opposes MIL; relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | | |
| Trial Exh 0406 | 8/26/2020 | LLY01031325 | LLY01031329 | | Email between C. Schmitz at Eli Lilly KFAC/KFAD - Site Selection for PSSV - 25Aug2020 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0408 | 9/4/2020 | LLY00820238 | LLY00820262 | | Email from M. Stayer to D. Murray re Copy of IL-2 Document | | Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0412 | 9/14/2020 | LLY00817995 | LLY00817611 | | Email from C. Schmitz re IL-2 Conjugate INR investigation | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0413 | 9/15/2020 | LLY02309555 | LLY02309557 | | Email from Zou re Projects | | Manser | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0415 | 9/16/2020 | LLY00817815 | LLY00817816 | Email from Julie Maxwell to David Murray and Joanne Puckett re: RE: Link to Business Plan Slide Deck | | Murray; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and damages; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0416 | 9/16/2020 | LLY02474928 | LLY02474928 | Tovakitmab - Phase 2 Atopic Dermatitis - CSR (Abbreviated) | | Nirula; Skrovronky; Jonsson; Ashrafzadeh; Schmitz; Manser; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0417 | 9/16/2020 | LLY00820264 | LLY00820268 | | Email from C. Schmitz re Eli Lilly KFAC/KFAD - Site Selection for PSSV - 15Sep2020 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0418 | 9/17/2020 | LLY02474930 | LLY02474930 | Tovakitmab - Phase 2 Atopic Dermatitis - CSR Synopsis | | Nirula; Skrovronky; Jonsson; Ashrafzadeh; Schmitz; Manser; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant. | Relevant to Lilly's CRE obligation and comparator drugs; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0419 | 9/18/2020 | Nektar0000764638 | Nektar0000764639 | | Email from Thomson re 5-Year Plan | | Robin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Relevance (401/402); MIL. | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0420 | 9/21/2020 | Nektar0000133649 1 | Nektar0000133651 3 | | Creating Information Privacy, Common Sense, Ethics & Etiquette Presentation | | Wilson | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Relevance (401/402); 403 | The exhibit is relevant to adverse inference; No unfair prejudice and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 0422 | 10/1/2020 | LLY0243583 0 | LLY02435830 | Text messages between Lance Pfeifer and Ajay Nirula | | Pfeifer; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and damages; foundation and knowledge will be established at trial. | | |
| Trial Exh 0423 | 10/1/2020 | | | | Between FDA Label | | Robbins | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; no foundation / personal knowledge. | Relevant to Lilly's credibility, CRE obligation and development of Rezpeg; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0424 | 10/1/2020 | LLY0243583 0 | LLY02435830 | Text Messages - Lance Pfeifer, Ajay Nirula | | Pfeifer; Nirula | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to MIL. | Not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0425 | 10/2/2020 | LLY02262535 | LLY02262539 | | IPT Meeting Minutes | | Zalevsky, Kotzin, Nirula, Pfeifer, Hackney, Klekotka | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0429 | 10/9/2020 | LLY01028235 | LLY01028235 | | C. Schmitz Accepted: Eli Lilly J1P-MC-KFAD(b) Ex-US feasibility kick-off meeting | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0430 | 10/12/2020 | LLY00813672 | LLY00813673 | Email from Steve Witt Dodd to Carsten Schmitz re: RE: INR and IL-2 PEG | | Mostaghim | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0432 | 10/20/2020 | LLY01013331 | LLY01013373 | IL-2 Conjugate: Board of Directors Meeting, October 20, 2020 | | Pfeifer; Schmitz; Jonsson; Skrovronky; Nirula; Klekotka; Ashrafzadeh; Robbins; Mostaghim | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Duplicative. | Rule 403 cumulative or duplicative objection can be addressed at trial | | |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0433 | 10/20/2020 | LLY01001972 | LLY01001974 | | Email from C. Schmitz re Board of Director meeting today in a few hours, comment from our Senior VP | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0435 | 10/27/2020 | Nektar00000085715 | Nektar00000085716 | | Email from Kerzin re IL-2 Conjugate Medical Team Meeting | | Kerzin, Ashrafzadeh | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0436 | 10/27/2020 | LLY01013350 | LLY01013354 | | Email from C. Schmitz re KFAC'D studies - Feedback from sites | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0438 | 11/19/2020 | LLY01208124 | LLY01208284 | Protocol Number 31P-MC-KFAH (a) | | Robbins | Schmitz | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant background; relevant to Lilly's CRE obligations and development of Rezpeg; admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0439 | 11/19/2020 | LLY01026454 | LLY01026455 | Email from Gisela Volkers to David Manner, Kimberly Jackson, and others re: [EXTERNAL] RE: KFAC ADAM total PASI vs. subs total PASI | | Manner, Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0440 | 11/25/2020 | LLY00005723 | LLY00005724 | | Email from C. Schmitz re Report of enrollment of subjects in the IL-2 Conjugate program studies | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0441 | 12/1/2020 | LLY00804786 | LLY00804788 | Kineret FDA Product Labeling | | Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; hearsay; no foundation / personal knowledge. | Relevant to Lilly's credibility, CRE obligation and development of Rezpeg; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0442 | 12/3/2020 | | | Email from David Manner to Paul Klekotka re: KFAC IA #1 Meeting Minutes | | Manner, Klekotka | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0443 | 12/3/2020 | LLY01001814 | LLY01001816 | Email from Carsten Schmitz to Multiple Recipients re: RE: KFAD phone call from Dr. Leon Kircik - | | Schmitz | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0444 | 12/3/2020 | LLY01001814 | LLY01001818 | | Email from C. Schmitz re KFAD; phone call from Dr. Leon Kircik | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0446 | 12/6/2020 | LLY01279518 | LLY01279536 | Investigator's Brochure for Anti-BTLA Agonist/Vonaprubart | | Robbins, Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; admissible under Rules 702/703. | | |
| Trial Exh 0447 | 12/10/2020 | LLY00939797 | LLY00939802 | | Email from C. Schmitz re Enrollment question | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0451 | 1/4/2021 | LLY00597395 | LLY00597395 | | Issue Review Meeting Documentation | | Ashrafzadeh | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0452 | 1/6/2021 | Nektar00000085844 | Nektar00000085844 | | Email from Ashrafzadeh re Medical Meeting - Discussion of BICLA and SRI4 for IL-2 | | Kerzin, Ashrafzadeh | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0453 | 1/7/2021 | LLY01027427 | LLY01027436 | | Email from C. Schmitz re Eli Lilly/ 31P-MC-KFAD(b) and 31P-MC-KFAC(b) | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

DISPUTED EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0454 | 1/11/2021 | LLY00936527 | LLY00936529 | | Email from C. Schmitz re KFAC/D interim timeline slide; EU site expansion | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0455 | 1/15/2021 | LLY02125606 | LLY02125620 | | CD200R Agonist Antibody (AL LY3454738) Board of Directors | | Schmitz, Klekotka, Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Incomplete (106) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0456 | 1/15/2021 | LLY00805230 | LLY00805230 | | Email from C. Schmitz re KFAC and KFAD charge order and costs for KFAD expansion | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0457 | 1/15/2021 | LLY01001271 | LLY01001273 | | Email from C. Schmitz re KFAC/KFAD - Enrollment Updates - 15Jan2021 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0458 | 1/19/2021 | LLY00936947 | LLY00936951 | | Email from C. Schmitz re Lilly KFAD study in Atopic Dermatitis | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0459 | 1/21/2021 | Nektar0000016363 | Nektar0000016364 | | Email from D. Bader re Matrix Access | | Bushell | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Cross examination of the named Nektar witness(es); Relevant to jury understanding of Nektar's business, a key issue relevant to parties' claims and defenses | | | Relevance (401/402) | The exhibit is relevant to Lilly defenses, to rebut Nektar claims, and for cross-examining Nektar witness (see Rules 401, 402). |
| Trial Exh 0460 | 1/22/2021 | LLY02102075 | LLY02102174 | Email from Julie Maxwell to David Murray re: PRA Assumptions for IL-2 | | Murray; Rao | | Proof of damages caused by Lilly's breaches | No foundation / personal knowledge. | Foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0462 | 1/22/2021 | LLY02101685 | LLY02101711 | | Email from C. Schmitz re KFAD: Canadian ICF for review | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0468 | 1/26/2021 | LLY01300832 | LLY01300955 | | Email from Nicole Elizabeth Campbell re Annalisa Cavallini, Vipin K Arora, and others re: RE: KFAH initial CTA | Evans; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant, hearsay; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rozpeg; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial. | | |
| Trial Exh 0469 | 1/26/2021 | LLY02464896 | LLY02464902 | | Lebit Lead Team Meeting | | Skorvensky, Nirula, Mostaghimi, Robbins, Jonsson, Klekotka | Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Relevance (401/402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). The exhibit is relevant to CRE (see Rules 401, 402). |
| Trial Exh 0470 | 1/27/2021 | LLY0283820 | LLY0283871 | | Investigator's Brochure for CD200R | Robbins; Mostaghimi | Robbins | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant, cumulative or duplicative | Relevant to Lilly's CRE obligation and development of Rozpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0471 | 1/31/2021 | LLY00864094 | LLY00864097 | | Development Advisory Committee Lebrikizumab NILEX Search & Evaluation, February 2021 | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant; subject to MIL. | Admissible under Rules 702/703; foundation will be established at trial; relevant to Lilly's development of Rozpeg and comparable drugs; Nektar opposes MIL. | | |
| Trial Exh 0473 | 2/4/2021 | | | | FDA Drug Safety Communication: FDA approves Boxed Warning about increased risk of blood clots and death with higher dose of arthritis and ulcerative colitis medicine tofacitinib (Xeljanz, Xeljanz XR) | Krueger | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; credibility | Hearsay; not relevant; subject to MIL; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; relevant to credibility and Lilly's CRE obligation and development of Rozpeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0474 | 2/8/2021 | Nektar0000139685 | Nektar0001389686 | | Nektar Board Update Call - Outline and Notes | | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Cross examination of the named Nektar witness(es); | | | Incomplete (106); Relevance (401/402) | Exhibit has been supplemented for completion or Exhibit is complete. The exhibit is relevant to Lilly defenses, to rebut Nektar claims, and to witness credibility. (see Rules 401, 402). |
| Trial Exh 0475 | 2/16/2021 | LLY02474929 | LLY02474929 | | Tezokinumab - Phase 2 Atopic Dermatitis - CSR Addendum | Nirula; Skorvensky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | Zakosky, Ruddock | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant. | Relevant to Lilly's CRE obligation and development of Rozpeg and comparator drugs; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0476 | 2/16/2021 | Nektar0000084728 | Nektar0000084791 | | Fatima email to Lilly QA questions on NKTR-358 Release COAs | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Cross examination of the named Nektar witness(es); | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation personal knowledge will be established at trial (see Rule 602). |

DISPUTED EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objections(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0479 | 2/22/2021 | LLY00972575 | LLY00972576 | Email from Mitchell D Sayer to David C Murray ;Luka Massimi re: RE: IL-2 ISR Study | Moutaghion | | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge; | Admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0482 | 3/8/2021 | LLY00799161 | LLY00799161 | | Email from D. Murray re Meeting Flow for IL-2 Meeting with Laurie K Tomorrow | | Pfeifer, Ashrafzadeh, Klekotka | Relevant to jury's understanding of BRs; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0483 | 3/8/2021 | LLY00800471 | LLY00800474 | | Email from D. Murray re IL-2 Injectores Site Reaction Meeting Tomorrow - PreRead | | Pfeifer, Murray, Ashrafzadeh, Klekotka | Relevant to jury's understanding of BRs; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0484 | 3/9/2021 | Nektar0000016911 | Nektar0000016913 | | Email with Lilly answer to questions re revenue forecasts and phase 3 decision-making | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0485 | 3/11/2021 | LLY00799556 | LLY00799563 | | Email from C. Schmitz re Enrollment activities in KFAD (IL-2 conj in AD) - Need your help | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0486 | 3/16/2021 | LLY01261052 | LLY01261129 | Investigator's Brochure for Baricitinib (Olumiant) | | Robbins; Moutaghion | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; cumulative or duplicative; no foundation / personal knowledge; | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility; not subject to MIL; Nektar opposes MIL; admissible under Rules 702/703. | | |
| Trial Exh 0492 | 3/25/2021 | Nektar0000633398 | Nektar0000633400 | | Email from Ashrafzadeh re KFAL PK/ISR study | | Ashrafzadeh, Korzin, Pfeifer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; relevant to jury understanding of injection site reactions, a key issue relevant to parties' claims and defenses; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0494 | 3/25/2021 | LLY02114437 | LLY02114497 | | Email from Witcher re Pre-read slide deck for GITR Antagonistic Antibody (LPA000) meeting on March 29 | | Nirula | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0495 | 3/25/2021 | Nektar0000856006 | Nektar0000856011 | | NKTR-358 Program Strategy Team Agenda & Minutes | | Chen Ali, Korzin, Fanton, Bushell | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0496 | 3/25/2021 | LLY00826175 | LLY00826182 | | Email from C. Schmitz re Enrollment activities in KFAD (IL-2 conj in AD) - Restart of cohort 1 in AtD with 12µg/kg | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0497 | 3/30/2021 | LLY00985229 | LLY00985231 | Email from Lance Pfeifer to Carsten Schmitz and Ali Ashrafzadeh re: RE: Portfolio Tiering Update PIC | | Ashrafzadeh; Schmitz; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0498 | 4/2/2021 | LLY02257270 | LLY02257277 | | Nektar Lilly NKTR-358 JPT Minutes Final | | Zalevsky, Korzin, Nirula, Pfeifer, Ashrafzadeh, Schmitz, Murray | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0510 | 4/16/2021 | LLY01005589 | LLY01005594 | | Email from C. Schmitz re KFAC/KFAD - Enrollment Updates - 16Apr2021 | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0515 | 5/3/2021 | LLY00904271 | LLY00904280 | | Email from H. Zou to V. Rajamanickam re: KFAD - Client's new/updates requests - CNF needed | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0516 | 5/4/2021 | LLY01117099 | LLY01117133 | Development Safety Update Report 2021 | | Klekotka; Murray; Pfeifer; Nirula; Ramseyer; Schmitz; Skovronsky; Zalevsky; Korzin | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0517 | 5/10/2021 | Nektar0000702977 | Nektar0000703073 | Email from Daniel Bushell to Peter Hu and Jennifer Ruddock re: RE: Gilead interest in NKTR-358 partnering discussion | | Ruddock; Dan Bushell; Robbins | | Proof of damages for Lilly's breaches | Objection to clawback document; not relevant. | Relevant to damages. | | |
| Trial Exh 0519 | 5/12/2021 | LLY01006319 | LLY01006339 | | KFAC Completion Summaries Presentation | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Relevance (401/402); Hearsay (802); Confusion (403) | Relevant to Lilly's defenses, to rebut Nektar's claims, and to CRE. Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Will not confuse the jury, and balance favors admissibility (see Rules 401, 403). |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0520 | 5/17/2021 | LLY09987155 | LLY09987155 | | Email from J. Foster re NKTR-358 Ph1 ISR/PK study protocol | | Pfeifer, Ashrafzadeh, Ali | Relevant to jury's understanding of Reopeg's clinical development; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0521 | 5/18/2021 | LLY02427062 | LLY02427071 | | BTLA Agonist Antibody/LY361237 Asset Strategy | | Nivala, Klekotka, Buthusiem | Relevant to Lilly's efforts, expertise, and resources to develop Reopeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg. | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rules 602). |
| Trial Exh 0522 | 5/19/2021 | LLY02448342 | LLY02448342 | Teams chat messages between Careen Schmitz and Lisa J. Hammond | | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay outside Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; Nektar opposes MIL. | | |
| Trial Exh 0523 | 5/24/2021 | LLY00833164 | LLY00833166 | | Email from C. Schmitz Re Portfolio Tiering | | Pfeifer, Ashrafzadeh, Klekotka, Schmitz | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0526 | 6/1/2021 | Nektar00000298967 | Nektar00000298978 | | Email from M. Robin re RDPC: 25May21 RDPC Agenda and Minutes [FINAL] - Ex 1188 | | Kenin, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402); 403; MIL; Incomplete (106) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403); MIL is opposed. Exhibit has been supplemented for completion to Exhibit is complete. |
| Trial Exh 0528 | 6/4/2021 | LLY01032775 | LLY01032800 | | IL-2 Conjugate Ph2b Atopic Dermatitis Viability Assessment | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg; Relevant to Lilly's efforts, expertise, and resources to develop Reopeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0530 | 6/5/2021 | LLY02350334 | LLY02350351 | Article titled Once-daily upadacitinib versus placebo in adolescents and adults with moderate-to-severe atopic dermatitis (Measure Up 1 and Measure Up 2): results from two replicate double-blind, randomised controlled phase 3 trials | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant to claims and defenses; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Reopeg and comparator drugs; admissible under Rules 702/703. | | |
| Trial Exh 0531 | 6/14/2021 | LLY02436047 | LLY02436047 | Text message from Jeff Wilson to Lance Pfeifer | | Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Reopeg; foundation and knowledge will be established at trial. | | |
| Trial Exh 0532 | 6/14/2021 | LLY02436047 | LLY02436047 | Text Message to Lance Pfeifer | | Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | relevance (402); 403; incomplete. | Relevant to Lilly's CRE obligation and development of Reopeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; foundation and knowledge will be established at trial; document is complete based on metadata produced by Lilly. | | |
| Trial Exh 0536 | 4/23/2021 | LLY02436134 | LLY02436134 | | | Nivala, Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to MIL. | Not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0538 | 6/24/2021 | LLY01022170 | LLY01022229 | Reopeg Investigator's Brochure | | Klekotka, Murray, Pfeifer; Nivala; Ramseyer; Schmitz; Skovronsky; Zalevsky; Kenin | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Reopeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0541 | 6/28/2021 | LLY00831800 | LLY00831817 | Email from Michael Andrew Johnson to David Murray re: FW: Project Dramm: CFO Governance Meeting Monday June 28th from 1:30-2pm - Pre-Read | | Marais; Murray; Rao | | Proof of damages caused by Lilly's breaches | Not relevant; subject to MIL. | Relevant to damages; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0542 | 7/1/2021 | LLY00832981 | LLY00832982 | Email from Carly Flesch to Lance Pfeifer re: RE: IL-2 Conjugate BoD Deck Link | | Pfeifer; Ashrafzadeh; Schmitz; Klekotka; Manner; Murray | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant. | Relevant to Lilly's CRE obligation and development of Reopeg; foundation and knowledge will be established at trial. | | |
| Trial Exh 0544 | 7/15/2021 | Nektar00000098722 | Nektar00000098722 | | Nektar- R&D Town Hall Meeting | | Zalevsky, Kenin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg; cross examination of the named Nektar witness(es). | | | Incomplete (106); Foundation/Personal Knowledge (104/602) | Exhibit has been supplemented for completion or Exhibit is complete; Foundation/personal knowledge will be established at trial (see Rules 602). |
| Trial Exh 0545 | 7/19/2021 | LLY02121599 | LLY02121580 | | Email fro Na re CD200R BoD Meeting | | Nivala, Schmitz, Murray, Klekotka, Manner | Relevant to Lilly's efforts, expertise, and resources to develop Reopeg or other relevant drugs under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0546 | 7/22/2021 | LLY00945314 | LLY00945316 | | Email from C. Shaw re Country Insights from Lebri Team | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg; Relevant to Lilly's efforts, expertise, and resources to develop Reopeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0547 | 7/23/2021 | LLY00832120 | LLY00832120 | | Email from S. Bruning re Country Insights from Lebri Team (for IL-2 Atopic Derm 2b Study) | | Schmitz | Relevant to Lilly's efforts, expertise, and resources to develop Reopeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0549 | 8/2/2021 | | | Press Release re Anifrolumab Approval | | Nivala; Skovronsky; Johnson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins; Moosighine | Schmitz | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; Nektar opposes MIL; admissible under Rules 702/703. | | |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0550 — 8/6/2021 | LLY023131136 | LLY023131155 | Project Rowling Governance Review | | Nirula; Murray; Robbins; Moraghan | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge; | Foundation and knowledge will be established at trial; admissible under Rules 702/703; not hearsay under Rule 801; relevant for background and Lilly's development of Rezpeg and comparable drugs. | | |
| Trial Exh 0551 — 8/10/2021 | LLY01353341 | LLY01353355 | | Email re:C. Clifford re PSC Prioritization, Cost Challenge and 2022 Business Plan - Impact to LBM Development | | Skvorensky; Ramseyer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0552 — 8/16/2021 | LLY00033881 | LLY00083882 | | Email from C. Schmitz re CD200R timeline slide | | Schmitz | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); 403; Relevance (401/402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). No undue prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to CRE (see Rules 401, 402). |
| Trial Exh 0553 — 8/18/2021 | LLY02437890 | LLY02437890 | Teams chat between Carsten Schmitz and Kimberly Jackson | | Schmitz; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0554 — 8/19/2021 | LLY02427296 | LLY02427299 | PIC Meeting Minutes | | | Nirula, Skvorensky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross-examination of Nektar expert witness | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0555 — 8/20/2021 | LLY02430136 | LLY02430136 | Teams chat between Lance Pfeifer and Ajay Nirula | | Nirula; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0557 — 8/24/2021 | LLY02123070 | LLY21129042 | | Email from A. Scott re IL-2 KFAE: Discussion of pre-feasibility questions for countries | | Schmitz | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0558 — 8/26/2021 | LLY02430379 | LLY02430379 | Teams chat between Lance Pfeifer and Yvonne Vandenburg | | Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0559 — 8/26/2021 | LLY02430378 | LLY02430378 | Teams chat between Lance Pfeifer and Yvonne Vandenburg | | Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; subject to MIL. | Foundation and knowledge will be established at trial; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0560 — 8/30/2021 | LLY00834373 | LLY00834375 | | Email from S. Keeling re CD200 phase 2 design | | Klekotka, Schmitz, Manner, Murray | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0561 — 9/1/2021 | LLY02125652 | LLY02125653 | | Email from B. Kotzin to P. Klekotka re meeting | | Klekotka | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0568 — 9/10/2021 | LLY02448344 | LLY02448344 | Teams Chat between Carsten Schmitz and Lance Pfeifer | | Schmitz; Pfeifer; Robbins; Moraghan | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; hearsay. | Nektar opposes MIL; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0570 — 9/13/2021 | LLY02073623 | LLY02073668 | | IL-2 Conjugate BoD-Final slides | | Pfeifer, Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802); Incomplete (106); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0573 — 9/14/2021 | LLY02428571 | LLY02428571 | Teams chat between Ajay Nirula and Utpal Singh | | Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0574 — 9/15/2021 | LLY02435616 | LLY02435620 | | Nirula and Pfeifer Text Messages | | Nirula, Pfeifer | Relevant to jury understanding of ISRs, a key issue relevant to parties' claims and defenses; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0576 — 9/16/2021 | LLY02435658 | LLY02435661 | | Nirula and Kotzin Text Messages | | Nirula, Kotzin | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0577 — 9/17/2021 | LLY02430272 | LLY02430272 | Teams chat between Lance Pfeifer and Julie Kiewlking | | Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0581 — 9/20/2021 | LLY00845609 | LLY00845609 | Email from Lance Pfeifer to Asako Rado re: RE: IL-2 conjugate: request & question | | Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0582 — 9/22/2021 | LLY01280958 | LLY01281051 | | Investigator's Brochure for Baricitinib (Olumiant) | | Robbins; Moraghan | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; cumulative or duplicative; no foundation / personal knowledge; | Relevant to Lilly's CRE obligation and development of Rezpeg and comparable drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility; not subject to MIL, Nektar opposes MIL; admissible under Rules 702/703. | | |
| Trial Exh 0583 — 9/22/2021 | LLY02451623 | LLY02451623 | | Email from A. Ashrafzadeh re IL-2 Medical Meeting (9/22) | | Ashrafzadeh, Pfeifer, Carsten | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0586 / 9/24/2021 | LLY00789832 | LLY00789837 | Email from Aki Matsunaga to Jean-Francois Fortin, Kathryn Rameyser, and others re: RE: Bare-AD - business case rationale | | Rameyser | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation and knowledge will be established at trial. | | |
| Trial Exh 0590 / 9/29/2021 | LLY00789834 | LLY00789837 | Baricitinib Follow-up US AD Launch | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant; probative value outweighed by risk of jury confusion (403). | Admissible under Rules 702/703; foundation will be established at trial; relevant to Lilly's development of Rezpeg and comparable drugs; Rule 403 balancing favors admission. | | |
| Trial Exh 0592 / 10/5/2021 | LLY00436768 | LLY00436768 | TPO Assessment Request | | Manner, Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0593 / 10/6/2021 | LLY00845895 | LLY00845895 | Email from P. Klekotka re Atopic derm master protocol | | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0595 / 10/11/2021 | LLY01338595 | LLY01338599 | Olumiant AD in US Summary of Recommendations, Considerations & Updates Oct11 PEC pre-read | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's development of Rezpeg and comparable drugs; Nektar opposes MIL. | | |
| Trial Exh 0596 / 10/12/2021 | LLY02430582 | LLY02430582 | Teams Chat Messages - Jeremy Hackstep; Jonathan McClain | | Hackstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0598 / 10/13/2021 | LLY00144612 | LLY00144778 | Investigation Product ISR Mitigation Quantieve Report - Prepared by the Link Group, Fielded July - Sept 2021 | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0599 / 10/14/2021 | LLY02431197 | LLY02431200 | Teams chat between David Manner and Jonathan Denne | | Manner | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0600 / 10/15/2021 | LLY00845185 | LLY00840188 | Email from Carsten Schmitz to Paul Klekotka ;Eric R Saunders ;Ali Ashrafzadeh re: Advisory board AD summary | | Ashrafzadeh; Klekotka; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; foundation and knowledge will be established at trial. | | |
| Trial Exh 0602 / 10/17/2021 | LLY02430458 | LLY02430458 | Teams chat between Kathryn Rameyser and Lance Pfeifer | | Pfeifer; Rameyser | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0604 / 10/20/2021 | LLY02428934 | LLY02428934 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz; Robbins; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0605 / 10/20/2021 | LLY02428935 | LLY02428935 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0606 / 10/26/2021 | LLY00847491 | LLY00847491 | Email from Stephen Boening to Lance Pfeifer re: Stephen Boening mentioned you in "2021-11-01 IL-2 Conjugate BvD" | | Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Cumulative or duplicative. | Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0607 / 10/27/2021 | LLY02113900 | LLY02113903 | Email from Julie Maxwell to David Murray re: FW: adboard summary AD Sept. 15 2021 | | Murray; Schmitz; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0608 / 10/27/2021 | LLY02074922 | LLY02074956 | | CD200R Agonist Antibody Board of Directors Deck | | Schmitz, Klekotka | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Incomplete (106) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0609 / 10/27/2021 | LLY02466198 | LLY02466200 | | CD200R Agonist Antibody Board of Directors Meeting Minutes | | Nirula, Schmitz, Klekotka | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0610 / 10/27/2021 | LLY02466660 | LLY02466661 | | CD200R Agonist Antibody Board of Director Meeting Minutes | | Nirula, Klekotka | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0614 / 11/2/2021 | LLY02428848 | LLY02428848 | Teams chat between Carsten Schmitz and Lance Pfeifer | | Schmitz; Pfeifer; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0616 / 11/3/2021 | Nektar00000633007 | Nektar00000633008 | Email from A. Ashrafzadeh re IL-2 Conjugate Medical Meeting | | | Knizie, Ashrafzadeh, Pfeifer, Manner | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0617 / 11/3/2021 | Nektar00063486 | Nektar00043502 | | Email from I. Rassner re R&D Business Plan Review | | | Skrovesky, Robbins, Botheuion | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0619 / 11/4/2021 | N/A | | Nektar Therapeutics FQ3 2021 Earnings Call Transcripts | | | Robin, Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | 403; Relevance (401/402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403); The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402); MIL is opposed. |
| Trial Exh 0620 / 11/11/2021 | Nektar00000593061 | Nektar00000593064 | NKTR-358 strategy team minutes | | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation personal knowledge will be established at trial (see Rule 602). |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0625 / 11/15/2021 | LLY00842477 | LLY00842477 | Email from Carsten Schmitz to Paul Klekotka /Ali Ashrafzadeh re: KFAD (IL-2 PEG AD) - positive feedback from CRAs | | Schmitz; Klekotka; Ashrafzadeh; Pfeifer; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge; | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial. | | |
| Trial Exh 0626 / 11/18/2021 | LLY00842080 | LLY00842080 | | Email from L. Pfeifer to CD200R-PIC Debrief | | Schmitz, Pfeifer | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0635 / 12/3/2021 | LLY01291628 | LLY01291669 | Investigator's Brochure for BTLA-Agonist | | Nirula; Ramseyer; Ashrafzadeh; Pfeifer; Klekotka; Evans; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; cumulative and duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0637 / 12/6/2021 | LLY02131588 | LLY02131608 | Email from Rodger Taylor to Lance Pfeifer and Mathilde Merlet re PW: Tafar: New Formulation VAS Scores | | Lancaster; Rodger Taylor; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | No foundation / personal knowledge; subject to MIL. | Foundation and knowledge will be established at trial; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0638 / 12/6/2021 | LLY02130405 | LLY02130406 | Email from R. Minderman re CD200R PIC update | | | Manner, Schmitz | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0639 / 12/8/2021 | Nektar00001389977 | Nektar00001390002 | Email from J. Zalevsky re Lilly Deck | | | Zalevsky | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | Incomplete (106); Relevance (401-402); MIL | Exhibit has been supplemented for completion or Exhibit is complete; The exhibit is relevant to Lilly defenses, to rebut Nektar claims, to witness credibility, and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0640 / 12/10/2021 | LLY00960131 | LLY00960139 | Email from Tejal Patel to Robert Minderman re: RE: IL_2 Core Team Slide deck presented | | Nirula; Skowronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Parent email not included - no foundation / personal knowledge. | Updated to include parent email; foundation and knowledge will be established at trial. | | |
| Trial Exh 0641 / 12/10/2021 | LLY02075693 | LLY02075740 | Email from J. Zalevsky to D. Skowronsky re Some Information | | | Skowronsky; Nirula; Zalevsky | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Relevance (401-402); MIL | The exhibit is relevant to rebut Nektar claims and cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0647 / 12/17/2021 | Nektar00000007815 | Nektar00000007821 | Email from C. Ali re NKTR-358 Strategy Team update - 15DEC21 | | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (on Rule 602). |
| Trial Exh 0648 / 12/17/2021 | Nektar00000099245 | Nektar00000099245 | Email from J. Zalevsky re Excellent Investor Day | | | Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0652 / 1/10/2022 | LLY02436231 | LLY02436232 | Jonsson Email to Murray Re IL-2 Board of Directors Pre-Read | | | Jonsson, Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0656 / 1/11/2022 | LLY00143385 | LLY00143621 | Confidential: IL-2 KFAD (AtD) Interim Analysis #4 - Unblinded Date for BoD | | Skowronsky; Robbins; Moraghimi; | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant (certain attachments) | Relevant background and relevant to Lilly's CRE obligations and development of Rezpeg and comparator drugs. | | |
| Trial Exh 0657 / 1/13/2022 | LLY02468615 | LLY02468618 | | IL-2 Conjugate BOD meeting minutes | | Nirula, Skowronsky, Ashrafzadeh, Schmitz, Manner, Murray, Pfeifer, Klekotka | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0660 / 1/14/2022 | LLY02429680 | LLY02429680 | Teams chat between Carsten Schmitz and others | | Schmitz; Ashrafzadeh; Murray; Manner; Hackney; Pfeifer; Klekotka; Rodger Taylor; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0661 / 1/14/2022 | Nektar00000073451 | Nektar00000073452 | Email from C. Schmitz re IL-2 Peg AD study - Flow cytometry/PD | | | Schmitz, Ashrafzadeh, Korzin | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | Not relevant; cumulative and duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0663 / 1/18/2022 | LLY02132278 | LLY02132309 | Type C Briefing Document Rezpeg | | Klekotka; Murray; Pfeifer; Nirula; Ramseyer; Schmitz; Skowronsky; Zalevsky; Korzin | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; cumulative and duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0664 / 1/18/2022 | LLY02326632 | LLY02326699 | Email from J. Tan re AtD Master Protocol Kick Off meeting - PreReads | | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Relevance (401-402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402). |
| Trial Exh 0666 / 1/19/2022 | Nektar00000966727 | Nektar00000966888 | Nektar Therapeutics Board of Directors' Meeting Minutes 2022 | | | Robin, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0667 / 1/20/2022 | LLY02430535 | LLY02430535 | Teams chat between David Murray, Douglas Costello, and others | | Murray; Hackney; Ramseyer; Pfeifer; Rodger Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0668 / 1/20/2022 | LLY01323379 | LLY01323379 | Teams chat between Kathryn Ramseyer and Mitchell Steyer | | Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title / Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0670 / 1/20/2022 | LLY00961762 | LLY00961766 | High Level Contract Overview | | Hackstep; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0675 / 1/28/2022 | | | Press Release re Olumiant SLE Discontinuation | | Nirula; Skrovovsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Plieler; Robbins; Mozaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; not subject to MIL; Nektar opposes MIL; admissible under Rules 702 703. | | |
| Trial Exh 0676 / 1/28/2022 | | | PR Newswire, "Updates on OLUMIANT® (baricitinib) Phase 3 Lupus Program and FDA Review for Atopic Dermatitis," January 28, 2022, available at https://www.prnewswire.com/news-releases/updates-on-olumiant-baricitinib-phase-3-lupus-program-and-fda-review-for-atopic-dermatitis-301470359.html. | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay (801); relevance (402); foundation; 403; MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; admissible under Rules 702 703; relevant to credibility and Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation will be established at trial. | | |
| Trial Exh 0677 / 1/28/2022 | Nektar0000086227 | Nektar0000086227 | | Email from A. Ashrafzadeh re Ad Hoc IL-2 Medical Meeting | | Korzin, Ashrafzadeh, Plieler, Manner, Schmitz, Manner | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802); 403; Relevance (401/402); MIL. | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402); No unfair prejudice and balance favors admissibility (see Rules 401, 403); MIL is opposed. |
| Trial Exh 0678 / 1/28/2022 | Nektar0000276140 | Nektar0000276141 | | Email from A. Ashrafzadeh to B. Korzin re possible meeting next week | | Korzin, Ashrafzadeh | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0679 / 1/31/2022 | LLY01007187 | LLY01007190 | | Email from C. Schmitz re KFAD: favor to ask | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg, relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0681 / 2/2/2022 | LLY0128496 | LLY02128500 | | Email from Klekotka re IL-2 Ph2 AtD (KFAE): Pre-CV Leadership Checkpoint | | Klekotka, Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg, relevant to jury understanding of IBRs, key issues relevant to parties' claims and defenses. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0683 / 2/2/2022 | LLY01197700 | LLY01197703 | Protocol Number J1P-MC-KFAL (b) | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant background; relevant to Lilly's CRE obligations and development of Rezpeg; admissible under Rules 702 703; foundation will be established at trial. | | |
| Trial Exh 0684 / 2/2/2022 | LLY01197686 | LLY01197699 | Rationale for High Dose Selection in Study J1P-MC-KFAL | | Robbins; Mozaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant background; relevant to Lilly's CRE obligations and development of Rezpeg; admissible under Rules 702 703; foundation will be established at trial. | | |
| Trial Exh 0686 / 2/4/2022 | LLY02467065 | LLY02467070 | | BTLA Board of Directors Meeting Minutes | | Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0688 / 2/9/2022 | LLY02129003 | LLY02129015 | | CD200R Asset Strategy | | Murray, Schmitz, Klekotka, Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Incomplete (106); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0689 / 2/9/2022 | LLY00038289 | LLY00838293 | | Email from A. Nirula to H. Bryant and A. Nadelsky re: Goals 2022 | | Nirula | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0691 / 2/13/2022 | Nektar0000075879 | Nektar0000075900 | Nektar Therapeutics (NKTR) Fireside chat | | | Korzin, Raddick | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0692 / 2/13/2022 | Nektar0000075901 | Nektar0000075926 | Nektar Therapeutics (NKTR) Fireside chat | | | Korzin, Raddick | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0693 / 2/15/2022 | LLY00735591 | LLY00735591 | | Email from Paul Klekotka to Kathryn Ramseyer re: RE: Draft internal communication message | Klekotka, Ramseyer, Lace Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0702 / 2/25/2022 | LLY01284723 | LLY01284764 | Investigator's Brochure GITR Antagonist Antibody | | | Nirula, Ramseyer, Ashrafzadeh, Pfeifer, Klekotka, Evans | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be resolved at trial and balance favors admissibility; foundation and knowledge will be established at trial. | | |
| Trial Exh 0703 / 2/26/2022 | Nektar0000086642 | Nektar0000086643 | | Message from C. Schmitz to B. Korzin re Atopic Dermatitis protocol Ph2b (draft) - KFAE | | Korzin, Schmitz | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0704 / 2/27/2022 | Nektar0000615711 | Nektar0000636143 | | Email from Korzin re Copies for new computer | | Korzin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Error; Exhibit Not Provided | Exhibit has been supplemented. |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lily Sponsoring Witness | Purpose for Offering | Lily Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lily's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0705 / 2/28/2022 | N/A | | | Nektar Therapeutics FQ4 2021 Earnings Call Transcript | | Robin, Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | 403; Relevance (401-402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0706 / 3/1/2022 | Nektar0000724978 | Nektar0000725071 | | Email from W. Taylor re NKTR Analyst Notes 3.01.22 | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802); Relevance (401-402); 403; MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). The exhibit is relevant to Lilly's defenses, rebutting Nektar's claims, and to CRE (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). MIL is opposed. |
| Trial Exh 0711 / 3/14/2022 | N/A | | | Nektar Therapeutics Shareholder / Analyst Call Transcript | | Robin, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | 403; Relevance (401-402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to Lilly's defenses, to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0712 / 3/14/2022 | N/A | | | LaBreck, K. "BMS-Nektar's Opdivo combo fails phase 3 in upset to once-largest licensing deal in biotech history," Fierce Biotech | | Robbins | Relevant to jury understanding of Nektar's business and assets, a key issue relevant to parties' claims and defenses; cross-examination of Nektar expert witness | | | 403; Relevance (401-402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to Lilly's defenses, to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed |
| Trial Exh 0713 / 3/14/2022 | Nektar0000595239 | Nektar0000595265 | | Email from H. Robin to Nektar employees | | Robin | Relevant to jury understanding of Nektar's business and assets, a key issue relevant to parties' claims and defenses; cross-examination of Nektar expert witness | | | Relevance (401-402); 403; MIL | The exhibit is relevant to Lilly defenses and to rebut Nektar claims (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). MIL is opposed. |
| Trial Exh 0714 / 3/14/2022 | Nektar0000723794 | Nektar0000723832 | | Email from Sword re Coverage Report, 3/14 | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802); Relevance (401-402); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). The exhibit is relevant to Lilly's defenses, rebutting Nektar's claims, and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0717 / 3/15/2022 | LLY0132445 | LLY0132447 | Teams chat between Kathryn Ramseyer and others | | Ramseyer, Ashrafzadeh, Rodger Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0718 / 3/15/2022 | LLY02466320 | LLY02466323 | | GITR Antagonist Board of Directors Meeting Minutes | | Nirula, Manner | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0719 / 3/15/2022 | LLY00933519 | LLY00933520 | | Email from S. Na re: 2022-March-16-CD200R BoD Slide 19 | | Nirula, Kleketka, Schmitz | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs under the License Agreement standard; rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0720 / 3/16/2022 | LLY02465841 | LLY02465896 | | CD200R Agonist Antibody (AL LY3454736) Board of Directors | | Krueger, Kleketka, Schmitz | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs under the License Agreement standard; rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0721 / 3/16/2022 | LLY02466592 | LLY02466594 | | CD200R Agonist Antibody Board of Directors: Meeting Minutes | | Nirula, Schmitz, Manner | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0722 / 3/16/2022 | Nektar0000777121 | Nektar0000777122 | | Sasaki email attaching BOD materials draft | | Robin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0725 / 3/18/2022 | LLY01306761 | LLY01306763 | Email from Sheng Hu Wu to Ajay Nirula re: RE: IL-2 AD Ph2b China question | | Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0726 / 3/21/2022 | Nektar0000138588 | Nektar0000138588 | | Email from Ali re Placeholder Participation at Weekly EC Meeting: NKTR-358 Update continued | | Kozeic | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0727 / 3/21/2022 | Nektar0000138589 | Nektar0000138589 | | Ex. 1238 - Nektar Executive Committee Meeting Deck | | Kozeic | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Foundation/Personal Knowledge (104/602); Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0728 / 3/21/2022 | Nektar0001392187 | Nektar0001392189 | | NKTR-358: Program Update | | Kozeic | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | | |
| Trial Exh 0730 / 3/22/2022 | LLY01289222 | LLY01289286 | Investigator's Brochure for Taltz | | Nirula, Ramseyer, Ashrafzadeh; Pfeifer, Kleketka; Evans | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; cumulative or duplicative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not relevant or duplicative objection can be addressed at trial and balance favors admissibility; not subject to MIL; Nektar opposes MIL; foundation and knowledge will be established at trial. | | |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objections(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0732 | 3/25/2022 | LLY0213862 | LLY0213862 | | Email from Robert Draper to R.J. Forbes et al. re: | Murray; Pfeifer; Hackstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | No foundation / personal knowledge; Not relevant. | Foundation and knowledge will be established at trial; relevant to Lilly's CRE obligation and development of Rezpeg and to damages. | | |
| Trial Exh 0735 | 3/28/2022 | LLY02305730 | LLY02305732 | | Jonsson Email to Nirula, Etc Re: Feedback Requested: Immunology Leadership Summit Objectives and Agenda | | Jonsson, Nirula, Murray, Klekotka, Pfeifer | Relevant to jury understanding of Lilly immunology strategy, a key issue relevant to parties' claims and defenses; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0736 | 3/28/2022 | LLY01018821 | LLY01018852 | | Lilly Protocol Overview | | Ashrafzadeh | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0740 | 3/30/2022 | LLY00092146 | LLY00092148 | | Email from Nicole Elizabeth Campbell to Multiple Recipients re: FW: IL2 KFAE Final Country Allocation v1 (29-Mar-2022) | Schmitz; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0742 | 3/30/2022 | LLY00092258 | LLY00092275 | | Email from Hiroe Torisu-Itakura to Nicole Elizabeth Campbell; Carsten Schmitz re: RE: KFAE Protocol Approval | Schmitz; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant to claims and defenses. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0743 | 3/30/2022 | LLY00853620 | LLY00853621 | | Email from Petra Kraus to Andrea Schluethe ;Carsten Schmitz ;Vera Zenz re: AW: adboard Germany June 2022 | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; not subject to MIL, Nektar opposes MIL. | | |
| Trial Exh 0744 | 3/31/2022 | LLY00852782 | LLY00852782 | | Email from Robert Ian Benschop to Carsten Schmitz ;Amy J Schramm re: RE: KFAC PD and biopsy data and Detemtch for KFAE | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; Not relevant; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; relevant to Lilly's CRE obligation and development of Rezpeg; not subject to MIL, Nektar opposes MIL. | | |
| Trial Exh 0745 | 4/1/2022 | LLY02429895 | LLY02429895 | | Teams chat between Carsten Schmitz and Paul Klekotka | Schmitz; Klekotka; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0747 | 4/4/2022 | Nektar00000027021 | Nektar00000027025 | | Emails between R. Li, C. Ali, Q. Zheng, Y. Liu, and H. Ma re NKTR-358 Strategy Team update - 25MAR22 | | Other Nektar Witness | | | | Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0748 | 4/5/2022 | LLY00595182 | LLY00595182 | | Issue Review Meeting Documentation | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0752 | 4/6/2022 | Nektar00000147164 | Nektar00000147165 | | Email from H. Patel re [External] re: IL-2 Conjugate Medical Team Meeting | | Ashrafzadeh, Kotzin, Pfeifer, Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0754 | 4/8/2022 | LLY02448368 | LLY02448368 | | Teams chat between Carsten Schmitz and Dipak Patel | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0755 | 4/11/2022 | LLY01351795 | LLY01351798 | | Email from David Murray to Mitchell Stayer; Ana Vuz re: RE: Sanofi Immunology Investor Event | Murray; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; Not relevant; subject to MIL; hearsay. | Foundation and knowledge will be established at trial; relevant to Lilly's CRE obligation and development of Rezpeg; not subject to MIL; Nektar opposes MIL; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0760 | 4/15/2022 | Nektar00000151734 | Nektar00000151736 | | Email from J. Bledsoe to D. Budwick re Nektar/BMS Coverage, 4/14 | | Ruddick | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802); 403; Relevance (401/402); MIL. | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0761 | 4/15/2022 | Nektar00000943986 | Nektar00000943989 | | Zalevsky Doberstein Text Message | | Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402); 403; MIL. | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). MIL is opposed. |
| Trial Exh 0763 | 4/18/2022 | LLY02435974 | LLY02435981 | | Text message with Dan S. re: UC futility | | Nirula | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802); Relevance (401/402); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). The exhibit is relevant to Lilly defenses, to rebut Nektar claims, and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0764 | 4/18/2022 | LLY02440189 | LLY02440290 | | Spring 2022 Portfolio Review | | Skovronsky, Robbins, Rutherford | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Relevance (401/402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Relevant to Lilly's defenses, to rebut Nektar's claims, and to CRE. |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0767 | 4/19/2022 | LLY0242913 | LLY0242913 | Teams chat between Carsten Schmitz and Nicole Campbell | | Schmitz | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to ML; not relevant. | Nektar opposes ML, relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | | |
| Trial Exh 0768 | 4/19/2022 | Nektar00000004427 | Nektar00000004428 | | Email from J. Ruddock to P. Klekotka re Interim analysis results | | Kozin, Zalevsky, Ruddock, Nirula, Klekotka, Pfeifer, Hackney | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802); 403; Relevance (401/402); ML | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). The exhibit is relevant to rebut Nektar claims and to cross-examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). ML is opposed. |
| Trial Exh 0772 | 4/20/2022 | LLY0238003 | LLY0238008 | Email from Carsten Schmitz to Eric Saunders re: RE: UPDATE: ACTION NEEDED: Executive Summaries from contracted meetings at AAD 2022 | | Schmitz, Klekotka | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; subject to ML. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0773 | 4/20/2022 | Nektar00000721929 | Nektar00000721933 | | Email from Taylor re Catch up Rodger Jennifer - Lilly FAQ Draft | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0774 | 4/21/2022 | Nektar00000935231 | Nektar00000935236 | | Email from Ruddock re Q&A, call prepared remarks and call information | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0775 | 4/22/2022 | Nektar00000867237 | Nektar00000867251 | | Email with IZ Edits re Investor Call Script | | Zalevsky, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to jury understanding of Nektar's business, a key issue relevant to parties' claims and defenses; Cross-examination of named Nektar witnesses. | | | Relevance (401/402); 403; ML | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). ML is opposed. |
| Trial Exh 0776 | 4/23/2022 | Nektar00000730473 | Nektar00000730500 | | Email from Ruddock re Materials for 4.25 Call for JPM Review | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Relevance (401/402); 403; ML | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). ML is opposed. |
| Trial Exh 0777 | 4/25/2022 | N/A | | | Transcript of Nektar Therapeutics Special Call | | Ruddock, Robin, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) | | | 403; Relevance (401/402); ML | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402). ML is opposed. |
| Trial Exh 0778 | 4/25/2022 | Nektar00000730662 | Nektar00000730467 | | Email from J. Ruddock to R. Taylor re Q&A, call prepared remarks and call information - Lilly edits | | Ruddock, Ramseyer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0779 | 4/25/2022 | N/A | N/A | | SF Business Times Article: "Nektar to cut 500 jobs, sublease some BayArea space after clinical trial failures." https://www.bizjournals.com/sanfrancisco/news/2022/04/25/cancer-job-cuts-nektar-nktr-bmy-bempeg-fly-lupus.html | | Robin,Zalevsky, Kozin, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to jury understanding of Nektar's business, a key issue relevant to parties' claims and defenses; Cross-examination of named Nektar witnesses. | | | Relevance (401/402); 403; ML | The exhibit is relevant to Lilly defenses, to rebut Nektar claims, and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). ML is opposed. |
| Trial Exh 0781 | 4/26/2022 | Nektar00001391973 | Nektar00001392096 | | Email from J. Barnard re Q1-22 10-Q Disclosure Committee | | Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Incomplete (106); Relevance (401/402); ML | Exhibit has been supplemented for completion or Exhibit is complete. The exhibit is relevant to Lilly defenses, to rebut Nektar claims, to witness credibility, and to CRE (see Rules 401, 402). ML is opposed. |
| Trial Exh 0782 | 4/26/2022 | Nektar00001393090 | Nektar00001393091 | | Email from J. Zalevsky re Q1-22 10-Q Disclosure Committee | | Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Relevance (401/402); ML | The exhibit is relevant to Lilly defenses, to rebut Nektar claims, and to cross examine Nektar witness (see Rules 401, 402). ML is opposed. |
| Trial Exh 0784 | 4/27/2022 | Nektar00000636156 | Nektar00000636156 | | Email from Zalevsky attaching 4/25/2022 Investor Call Script and Slides | | Zalevsky, Ruddock, Robin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to jury understanding of Nektar's business, a key issue relevant to parties' claims and defenses; Cross-examination of named Nektar witnesses. | | | Relevance (401/402); 403; ML | The exhibit is relevant to Lilly defenses, to rebut Nektar claims, and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). ML is opposed. |
| Trial Exh 0786 | 4/28/2022 | LLY0217443 | LLY0217446 | Email from Mareike Melendez Rios to Petra Kraus, Carsten Schmitz, Stephen Bruesing re: RE: ??? KFAE IMPORTANT UPDATE ??? PLEASE READ ??? | | Schmitz | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0788 | 4/30/2022 | Nektar00000147233 | Nektar00000147234 | | Email from Kozin re IL-2 Conjugate Medical Meeting | | Kozin, Ashrafzadeh | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0789 | 5/1/2022 | | | U.S. Food and Drug Administration, "OLUMIANT (baricitinib) Tablets, for Oral Use," May 2022, available at https://www.accessdata.fda.gov/drugsatfda_docs/label/2022/207924s006lbl.pdf | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay (801); relevance (402); foundation; 403; ML. | Not hearsay Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rule 803/807; admissible under Rules 702/703; relevant to credibility and Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to ML; foundation will be established at trial. | | |
| Trial Exh 0790 | 5/2/2022 | LLY00848156 | LLY00848158 | Email from Carsten Schmitz to Anja Koersen re: RE: CD288R NILES (Project Podium) | | Klekotka; Schmitz; Rao | | Proof of Lilly's liability for breach of contract and breach of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0793 | 5/4/2022 | LLY02430669 | LLY02430669 | Teams chat between Jeremy Hockstep and Wai Yeng Wong | | Hockstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to ML; no foundation / personal knowledge. | Nektar opposes ML; foundation and knowledge will be established at trial. | | |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0794 | 5/4/2022 | LLY02428682 | LLY02428682 | Teams chat between Carsten Schmitz and Kathryn Ramseyer | | Schmitz; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0797 | 5/5/2022 | LLY01197930 | LLY01197994 | Development Safety Update Report (DSUR) for Rezpeg | | Zalevsky; Kotzin; Nwula; Ramseyer; Schmitz; Pfeifer; Klekotka; Manner; Murray; Moroughani; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0798 | 5/5/2022 | LLY01196687 | LLY01196745 | Development Safety Update Report 2022 | | Klekotka; Murray; Pfeifer; Nwula; Ramseyer; Schmitz; Skvorousky; Zalevsky; Kotzin | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0799 | 5/5/2022 | Nektar0000012430 | Nektar0000012430 | | Email from J. Ruddock to V. Wu re Pull articles -- can you pull these for me? | | Ruddock | Cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0800 | 5/6/2022 | LLY02428671 | LLY02428671 | Teams chat between Carsten Schmitz and Michael John Torrones | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0807 | 5/11/2022 | LLY02426905 LLY02448371 | LLY02426930 LLY02448371 | Project Podium Immunology NILEX Strategy | | Schmitz | Murray; Jonsson; Nwula | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; Nektar opposes MIL. | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0808 | 5/12/2022 | LLY02428951 | LLY02428951 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; no foundation / personal knowledge. | Nektar opposes MIL; foundation and knowledge will be established at trial. | | |
| Trial Exh 0809 | 5/12/2022 | LLY02428951 | LLY02428951 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; no foundation / personal knowledge. | Nektar opposes MIL; foundation and knowledge will be established at trial. | | |
| Trial Exh 0810 | 5/12/2022 | LLY00930100 | LLY00930102 | Email from Seth Grimes to Stuart Gregory, Lance Pfeifer re; RE: Nektar IL-2 Milestones | | Pfeifer; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | No foundation / personal knowledge. | Foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0815 | 5/13/2022 | LLY02428952 | LLY02428952 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; Not relevant. | Nektar opposes MIL, relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0816 | 5/13/2022 | LLY02430083 | LLY02430084 | Teams chat between David Murray, Mitch Sisyer, and Jamie Maxwell | | Murray | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge; subject to MIL. | Foundation and knowledge will be established at trial; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0823 | 5/15/2022 | LLY00857332 | LLY00857374 | CD200R Agonist Antibody (AL LY3454738) BOD Update | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0824 | 5/17/2022 | LLY02466662 | LLY02466704 | CD200R Agonist Antibody (AL LY3454738) Board of Directors | | Nwula, Schmitz, Klekotka, Manner | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0829 | 5/18/2022 | LLY02440523 | LLY02440523 | Teams chat between Jeremy Hacksorp and Melissa Ruscitti | | Hacksorp | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0830 | 5/18/2022 | LLY00857463 | LLY00857464 | Email from Paul Klekotka to Rodger Taylor; Kathryn Ramseyer, Lance Pfeifer, Ali Ashrafzadeh re: Re: IAC recommendations | | Ramseyer; Klekotka; Pfeifer; Rodger Taylor; Ashrafzadeh | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Duplicative. | Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 0831 | 5/18/2022 | LLY02435982 | LLY02435987 | Texts with Dan re: interim lupus results | | | Nwula | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0832 | 5/18/2022 | LLY01298690 | LLY01298770 | Email from J. Foster re KFAN: Consolidated comments on the draft protocol | | | Ramseyer, Ashrafzadeh, Pfeifer | Relevant to jury's understanding of Rezpeg's clinical development; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0836 | 5/18/2022 | LLY00857463 | LLY00857464 | Email from Paul Klekotka to Rodger M Taylor ;Kathryn E Ramseyer;Lance A. Pfeifer ;Ali Ashrafzadeh re: Re: IAC recommendations | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 0837 | 5/19/2022 | LLY02428633 | LLY02428633 | Teams chat between Carsten Schmitz and Julie Maxwell | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL; not relevant. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; Nektar opposes MIL; relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0838 | 5/19/2022 | LLY00857070 | LLY00857070 | Email from P. Klekotka re CD200 clinical plan | | Schmitz; Klekotka | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0843 | 5/20/2022 | LLY02448347 | LLY02448347 | Teams chat between Carsten Schmitz and Lance Pfeifer | | Schmitz; Pfeifer; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0844 | 5/20/2022 | LLY02472171 | LLY02472171 | Email from P. Klekotka to B. Kotzin re Meeting next week | | | Klekotka, Kotzin | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

DISPUTED EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0845 | 5/20/2022 | LLY00050042 | LLY00050044 | | Email from D. Manner re Table request for next week | | Schmitz; Manner | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0852 | 5/22/2022 | LLY01299813 | LLY01299816 | Email from Nicole He re Carly J Flesch; Won Jing Liu re: RE: Rezpegaldesleukin Ph2 SLE Interim Assessment 3 readout and Next Steps | | Pfeifer; Evans | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0853 | 5/25/2022 | LLY02472169 | LLY02472170 | | Emails between K. Ramseyer, A. Nirula, and P. Klekotka re IAC results | | Ramseyer; Nirula | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0858 | 5/26/2022 | Nektar00000217683 | Nektar00000217683 | | Email from A. Ashrafzadeh re IL-2 Conjugate Medical Meeting | | Kotzin, Ashrafzadeh, Schmitz, Pfeifer, Klekotka | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0859 | 5/26/2022 | Nektar00000276121 | Nektar00000276121 | | Email from A. Ashrafzadeh re IL-2 Medical Meeting | | Kotzin, Ashrafzadeh, Schmitz, Pfeifer, Klekotka | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0865 | 5/31/2022 | LLY02304545 | LLY02304546 | Email from Cheryl Baker re Heng Zou, Carsten Schmitz, Paul Klekotka, and others re: [EXTERNAL] REVIEW TIMELINES: EADV 2022 disclosure - RPAD safety/tolerability/PK | | Zou; Manner; Schmitz; Nirula; Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; foundation and knowledge will be established at trial. | | |
| Trial Exh 0866 | 5/31/2022 | LLY00101638 | LLY00101638 | IL-2 Conjugate Product Development Plan | | Nirula; Hackney; Klekotka; Ramseyer; Pfeifer; Rodger Taylor; Schmitz; Manner; Murray; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | No authentication; no foundation / personal knowledge. | Authentication established by Lilly producing document in response to Nektar's production requests; authentication, foundation, knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0867 | 5/31/2022 | Nektar00000863648 | Nektar00000861654 | | NKTR-358 Program Team Agenda & Minutes | | Kotzin, Ruddick, Fanton, Chol Ali | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0873 | 6/1/2022 | LLY00053612 | LLY00053620 | Email from Parvi Pasparti re Carsten Schmitz re: RE: KFAE interim upcoming BoD/JPT meetings | | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0874 | 6/1/2022 | | | U.S. Food and Drug Administration, "Dupixent Label," available at https://www.accessdata.fda.gov/drugsatfda_docs/label/2022/761055s042lbl.pdf | | Monaghan | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay (801); relevance (402); foundation; 403; MIL; | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; admissible under Rules 702/703; relevant to credibility and Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation will be established at trial. | | |
| Trial Exh 0875 | 6/1/2022 | Nektar00000090755 | Nektar00000090755 | | Email from C. Ali re June 1 meeting topics | | Hackney, Ruddick, Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0876 | 6/1/2022 | Nektar00000720008 | Nektar00000720136 | | Email from F. Curtis to J. Ruddick re Lilly agreement and Lilly-Nektar Early Clinical Phase Supply Agreement | | Ruddick | Relevant to License Agreement term and/or compliance. | | | Relevance (401/402); Privilege (Nektar00000720121) | The exhibit is relevant to Lilly defenses and to rebut Nektar claims (see Rules 401, 402); Family contains non-privileged documents. |
| Trial Exh 0878 | 6/2/2022 | LLY02428659 | LLY02428659 | Teams chat between Carsten Schmitz and Lance Pfeifer | | | Schmitz; Pfeifer; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0879 | 6/2/2022 | LLY02429134 | LLY02429134 | Teams chat between Carsten Schmitz and Nicole Campbell | | | Schmitz; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0880 | 6/3/2022 | LLY02428634 | LLY02428634 | Teams chat between Carsten Schmitz and Julie Maxwell | | | Schmitz; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0883 | 6/6/2022 | LLY02436302 | LLY02436362 | Email from Lucas Montazo re David Ricks re: 2022 Strategic Plan Corporate Financial Overview - pre-read | | Jonsson; Skovronsky | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant; no foundation / personal knowledge; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; foundation and knowledge will be established at trial; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 0885 | 6/7/2022 | LLY07778010 | LLY07778012 | Email from Carsten Schmitz to Kathryn Ramseyer re: RE: Clinical Team meeting with Nektar June 8th | | | Schmitz; Ramseyer; Klekotka; Pfeifer; Ashrafzadeh; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807. | | |
| Trial Exh 0886 | 6/8/2022 | LLY02428684 | LLY02428684 | Teams chat between Carsten Schmitz and Kathryn Ramseyer | | | Schmitz; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0887 | 6/8/2022 | LLY02448319 | LLY02448319 | Teams chat between Carsten Schmitz and Kathryn Ramseyer | | | Schmitz; Ramseyer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Nektar opposes MIL; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0888 | 6/8/2022 | LLY02429954 | LLY02429954 | Teams chat between Carsten Schmitz and Dipak Patel | | | Schmitz; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0889 | 6/8/2022 | Nektar00000718916 | Nektar00000718940 | | Email re NKTR-358 eligibility criteria | | Robin, Sasaki | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0895 | 6/9/2022 | LLY02430522 | LLY02430522 | Teams chat between Jeremy Hackney and Kelly Eads | | | Hackney | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0896 | 6/9/2022 | LLY02428685 | LLY02428685 | Teams chat between Carsten Schmitz and Kathryn Ramseyer | | Ramseyer; Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0897 | 6/9/2022 | LLY02430504 | LLY02430504 | Teams chat between Jeremy Huckstep and Ali Ashrafzadeh | | Huckstep; Ashrafzadeh | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0898 | 6/9/2022 | LLY00854256 | LLY00854265 | | Email from C. Schmitz re Todays Slides: IL-2 AdI Interim Slides | | Manser | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0899 | 6/9/2022 | LLY00931831 | LLY00931840 | | Email from A. Ashrafzadeh re KFAE Interim Slides | | Ashrafzadeh, Kotzin, and Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0902 | 6/10/2022 | LLY00854961 | LLY00854966 | | Email from D. Skrovensky re Future AD studies | | Skrovensky, Nirula, Klekotka | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0904 | 6/13/2022 | LLY02429628 | LLY02429628 | Teams chat between Carsten Schmitz and Ziqian Wang | | Schmitz; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0905 | 6/13/2022 | LLY00775245 | LLY00775248 | | Email from P. Klekotka re AD slides | | Nirula, Klekotka | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0907 | 6/14/2022 | LLY02428955 | LLY02428955 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz; Mostaghimi; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0908 | 6/14/2022 | LLY02428861 | LLY02428861 | Teams chat between Carsten Schmitz and Lance Pfleiler | | Schmitz; Pfeiler | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0909 | 6/14/2022 | Nektar00000729380 | Nektar00000729388 | | Email from J. Ruddock re WSJ Reporter | | Robin, Ruddock | Cross examination of the named Nektar witness(es) | | | Relevance (401/402); 403; MIL | The exhibit is relevant to cross-examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). MIL is opposed. |
| Trial Exh 0911 | 6/15/2022 | LLY02428956 | LLY02428956 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0916 | 6/15/2022 | Nektar00000718866 | Nektar00000718868 | | Email from Eric E Wang re Multiple Recipients re: [EXTERNAL] RE: Project Newforth | EPI discussion | | Sasaki; Robbins | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge. | Admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0917 | 6/16/2022 | LLY02428896 | LLY02428896 | Teams chat between Carsten Schmitz and Gourab Dana | | Schmitz; Mostaghimi; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0918 | 6/16/2022 | LLY02437871 | LLY02437873 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Nektar opposes MIL, not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 0919 | 6/16/2022 | LLY02474857 | LLY02474866 | Text messages between Patrik Johnson and Kathryn Ramseyer | | Jonsson; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0920 | 6/16/2022 | LLY02430149 | LLY02430149 | Teams messages with Nirula and Pfeiler | | | Nirula | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0921 | 6/16/2022 | Nektar00000663568 | Nektar00000663571 | | Email from J. Ruddock re Lilly Letter_Final re Letterhead | | Ruddock, Robin, Zalevsky, Kotzin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0924 | 6/17/2022 | LLY02448495 | LLY02448495 | Teams chat between Jeremy Huckstep and Kimberly Koch | | Huckstep | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0925 | 6/17/2022 | LLY02428957 | LLY02428957 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0926 | 6/17/2022 | LLY02428959 | LLY02428959 | Teams Messages Between C. Schmitz and D. Patel | | | Schmitz | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0927 | 6/17/2022 | LLY02429714 | LLY02429716 | Teams Messages Between C. Schmitz, D. Wood, D. Murray, J. Huckstep, K. Ramseyer, L. Pfeiler, and P. Klekotka | | | Schmitz, Murray, Huckstep, Ramseyer, Pfeiler, Klekotka | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0934 | 6/18/2022 | LLY02141988 | LLY02141990 | | Email from M. Vang re D. Skrovensky re IL-2 Conjugate alliance - meeting between Jonathan Zalevsky and Dan | | Skrovensky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

| Ex. No. | Date | Begin Bates / End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0935 | 6/20/2022 | LLY0243N505 / LLY0243N505 | Teams chat between Jeremy Huckzop and Ali Ashrafzadeh | | Huckzop; Ashrafzadeh | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0936 | 6/20/2022 | LLY0243N630 / LLY0243N630 | Teams chat between Jeremy Huckzop and Kathryn Ramseyer | | Huckzop; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0937 | 6/20/2022 | Nektar0000007896 / Nektar0000007899 | Email from Danni Yu to Brian Kotzin re: RE: The drafted response to Lilly RFAE slides about IA plan | | Yi Liu; Yu; Kotzin; Zalevsky; Cheri Ali | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge; | Admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; foundation and knowledge will be established at a trial. | | |
| Trial Exh 0938 | 6/20/2022 | Nektar0000063513 / Nektar0000063519 | Email from C. Ali re NKTR-358 Project Team meeting - 14JUN22 minutes | | | Cheri Ali | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 0940 | 6/21/2022 | LLY0243N896 / LLY0243N896 | Teams chat between Carsten Schmitz and Kimberly Jackson | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0941 | 6/22/2022 | Nektar0000299808 / Nektar0000299810 | Chotie adding Zalevsky to NKTR-358 Program_Int Team chat group | | | Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0943 | 6/30/2022 | LLY00856568 / LLY00856568 | Email from D. Patel re Nektar IZ - is this real? | | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Relevance (401/402); 403; MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). The exhibit is relevant to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). MIL is opposed. |
| Trial Exh 0948 | 7/11/2022 | LLY0243N150 / LLY0243N150 | Teams chat between Lance Pfeifer and Ajay Nirula | | Pfeifer; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 0949 | 7/11/2022 | LLY0243N271 / LLY0243N271 | Teams Messages between L, Pfeifer and A, Ashrafzadeh | | | Pfeifer; Ashrafzadeh | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0950 | 7/11/2022 | Nektar0000217715 / Nektar0000217715 | Appointment invitation from Ashrafzadeh re IL-2 Medical Meeting | | | Ashrafzadeh, Kotzin, Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0951 | 7/11/2022 | LLY01336087 / LLY01336095 | Email from K. Ramseyer re Letter sent to Nektar | | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0952 | 7/12/2022 | Nektar0000327826 / Nektar0000327828 | Email from Zalevsky re Draft Response to Annmane | | | Zalevsky, Kotzin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0953 | 7/12/2022 | Nektar0001331572 / Nektar0001331574 | NKTR-358 Project Team Agenda & Minutes [DRAFT] | | | Kotzin, Ruddock, Cheri Ali, Fanton | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0954 | 7/13/2022 | LLY01345327 / LLY01345327 | Email from S. Boersing re IL-2 Conjugate: Ph2 Atopic Derm Planning | | | Pfeifer, Schmitz, Murray, Manner, Ramseyer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0955 | 7/13/2022 | LLY01345425 / LLY01345432 | Email from J. Maxwell to D. Murray re Agenda: IL-2 Conjugate Lead Team | | | Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0956 | 7/14/2022 | LLY0247d938 / LLY0247d938 | Lonprobart/CD200+ - Phase 1 Atopic Dermatitis - CSR Patient Narratives | | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; duplicative or cumulative; no foundation / personal knowledge; incomplete document. | Relevant to Lilly's CRE obligation and development of comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility; foundation and knowledge will be established at trial; document admissible under Rules 702/703. | | |
| Trial Exh 0957 | 7/14/2022 | Nektar0000160713 / Nektar0000160713 | Email from J. Zalevsky re Follow-up from NKTR-358 Team meeting today | | | Zalevsky, Kotzin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Duplicate | Exhibit is not duplicative. |
| Trial Exh 0958 | 7/14/2022 | LLY00936564 / LLY00936564 | Email from C. Burcham re IL-2 Conjugate: Ph2 Atopic Derm Planning | | | Schmitz, Pfeifer, Manner, Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

| Ex. No. | Date | Begin Bates / End Bates / Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0960 | 7/16/2022 | Nektar00000724542 / Nektar00000724543 / Email from Adi Jayanthi to Lorin Sasaki ;NEWBIRTH WG ;Ethan Taylor re: [EXTERNAL] RE: Updated NKTR-358 Revenue Builde | | Sasaki; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge. | Admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; relevant to Lilly's CRE obligation, Nektar's expectations, damages; admissible under Rules 702/703; foundation and knowledge will be established at trial. | | |
| Trial Exh 0961 | 7/19/2022 | Nektar00000147579 / Nektar00000147579 | Meeting invite re IL-2 Medical Meeting | | Kotzin, Ashrafzadeh, Murray | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0962 | 7/19/2022 | LLY02428664 / LLY02428664 | Teams chain between C. Schmitz and L. Pfeifer | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0963 | 7/20/2022 | LLY02142868 / LLY02142972 / Email from Amanda Apodaca to Patrik Jonsson; Laurie Lynn Kowalczyk; Lorna Malfroy; Ajay Nirula re: Prep Materials for Immunology Strategy Update Meeting on 7/22 | | Jonsson; Nirula | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL, Nektar opposes MIL. | | |
| Trial Exh 0965 | 7/21/2022 | LY00053679 / LY00053681 / Email from R. Taylor Re IL-2 4th Indication Slides for IPT/ISC | | | Rasmeyer, Klekotka, Pfeifer, Murray | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0966 | 7/21/2022 | Nektar00000724514 / Nektar00000724541 / Email from Ethan Taylor to Jill Thomson; Lorin Sasaki re: [EXTERNAL] Project Newbirth / Updated Model | | Sasaki; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge. | Admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; relevant to Lilly's CRE obligation, Nektar's expectations, damages; admissible under Rules 702/703; foundation and knowledge will be established at trial. | | |
| Trial Exh 0967 | 7/25/2022 | LLY00913484 / LLY00913511 / Email from Heng Zou to Linda Dominic re: Re: Reminder for binary: REVIEW REQUEST by 18 Jul: EADV2022 KFAD safety/tolerability PK | | Zou | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; not relevant. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 0968 | 7/26/2022 | Nektar00000091063 / Nektar00000091065 / Email from Jennifer Ruddock to Rodger Taylor re: Re: [EXTERNAL] AM/PM Discussion topic - KFAE (AdJ) Ph2b Study Communications | | Ruddock; Rodger Taylor; Huckstep; Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0969 | 7/26/2022 | Nektar00000300112 / Nektar00000300119 / Questions for Nektar (attached in email from J. Zalevsky) | | | Zalevsky, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802); Relevance (401-402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); The exhibit is relevant to Lilly's defenses and rebutting Nektar's claims (see Rules 401, 402). |
| Trial Exh 0971 | 7/26/2022 | LY01298308 / LY01298372 / Email from Charles Clayton Persinger to Rodger M Taylor; Kathryn Rasmeyer; Lance Pfeifer; David Murray re: RE: IL-2 Peg AtD-Ph2 Study Decision Tree | | Rodger Taylor; Pfeifer; Murray; Rasmeyer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |
| Trial Exh 0972 | 7/27/2022 | Nektar00000662966 / Nektar00000662969 | NKTR-358 Program Team Agenda & Minutes | | Kotzin, Fanton, Cheri Ali | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Duplicate | Exhibit is not duplicative. |
| Trial Exh 0976 | 7/28/2022 | Nektar00000090678 / Nektar00000090679 | Email from C. Ali re KFAE External Communication edits | | Ruddock, Huckstep, Pfeifer, Kotzin | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0977 | 7/28/2022 | Nektar02448557 / LLY02448558 | Group teams chat | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0979 | 8/1/2022 | LLY02428866 / LLY02428866 | Teams Messages between C. Schmitz and L. Pfeifer | | Schmitz, Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 0980 | 8/2/2022 | Nektar00000147580 / Nektar00000147580 / Email from Ashrafzadeh re IL-2 Medical Meeting | | | Ashrafzadeh, Kotzin, Pfeifer, Schmitz, Manser, Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 0981 | 8/3/2022 | LY00771462 / LY00771467 / Email from Kathryn Rasmeyer to Rodger Taylor re: Fwd: Beraps/Testing Decisions Communications | | Rasmeyer, Rodger Taylor | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial. | | |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lily Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 0982  8/3/2022 | | | Case No 1:14-cv-09412, USDC Northern District of Illinois; Streck v Lilly - Jury Verdict | | Skovronsky; Jonsson; Other Lilly Witness | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant (401); no foundation; unfair prejudice outweighs probative value (403); prejudice inadmissible under 404. This is a court document regarding a civil False Claims Act judgment and appeal in unrelated litigation, which has no "tendency" to make any material fact in this case "more or less probable," introduces significant "danger of confusing the issues, wasting time, and misleading the jury" that substantially outweighs any probative value, and is impermissible character evidence that does not "prove" motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Bullcoin Displays, LLC v. Regency Outdoor Advert., Inc.*, 2011 WL 7710202, at *1 (C.D. Cal. Nov. 10, 2011); *Saale v. Mitchell*, 2011 WL 1399245, at *5 (N.D. Cal. Apr. 13, 2011). | Relevant background, character, and rebuttal/impeachment evidence; foundation will be established at trial; Rule 403 balance favors admissibility; not inadmissible under Rules 404 and/or 609. *See Rubalcava v. City of San Jose*, 2024 WL 2031641, at *5 (N.D. Cal. May 6, 2024) (denying motion in limine to exclude prior bad acts evidence, and allowing objections to be made to such evidence at trial depending on use). | | |
| Trial Exh 0983  8/3/2022  N/A | | | | Max Bayer, Clean up on IL-2: Moderna steps up autoimmune asset after peeking at early data, Fierce Biotech | | Schutz; Rao | Relevant to jury understanding of clinical development and competitive landscape, key issues relevant to parties' claims and defenses; cross-examination of Nektar expert witnesses | | | 403; Relevance (401-402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to Lilly's defenses, to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0985  8/4/2022 | LLY02428968 | LLY02428968 | | Team chat between Carsten Schmitz and Dipak Patel | | Robbins | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | | Nektar opposes MIL. | |
| Trial Exh 0986  8/4/2022 | LLY02474937 | LLY02474937 | | Compuchart CD200r - Phase 1 Atopic Dermatitis - CSR | | Nirula; Skovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 0987  8/4/2022 | LLY02467478 | LLY02467523 | | CD200R Agonist Antibody Board of Directors Mtg. Deck | | Krueger, Klekotka, Schutz | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 0988  8/4/2022  N/A | | | | Nektar Therapeutics FQ2 2022 Earnings Call Transcripts | | Robin, Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | 403; Relevance (401-402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 0991  8/5/2022 | Nektar00000151646 | Nektar00000151651 | | Lilly IPT Meeting Notes | | Zalevsky | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 1001  8/7/2022 | Nektar00000013537 | Nektar00000013542 | | Nektar Announces Promising New and Corrected Repegaldesleukin Efficacy Data Which Were Previously Reported in 2022 and Incorrectly Calculated by Former Collaborator Eli Lilly & Company | | Robin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Incomplete (106); Foundation/Personal Knowledge (104/602) | Exhibit has been supplemented for completion or Exhibit is complete; Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1003  8/8/2022 | LLY00093582 | LLY00093584 | | CD200R Agonist (AD) August 4, 2022 BOD Meeting Minutes | | Robbins | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 1010  8/16/2022 | Nektar00000026875 | Nektar00000026875 | | Email from L. Pfeifer re Rezpeg Medical Team meeting agenda | | Klekotka, Ashrafzadeh, Kotzin, Pfeifer, Schmitz, Ramseyer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1011  8/19/2022 | Nektar00000099597 | Nektar00000099598 | | Email from Ruddock re August 16th medical meeting: action item | | Ruddock, Kotzin, Zalevsky | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1013  8/22/2022 | LLY02428914 | LLY02428914 | | Team chat between Carsten Schmitz and Jonathan Denne | | Schmitz; Mostaghimi; Robbins; Rao | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; no foundation / personal knowledge. | Nektar opposes MIL; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1014  8/22/2022 | LLY03130092 | LLY03130116 | | Email from L. Pfeifer re Immunology TA Review Wednesday Aug 24th | | Pfeifer, Skovronsky, Nirula | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (801) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1018  8/24/2022 | Nektar00000147037 | Nektar00000147037 | | Email from Ashrafzadeh re Todays Rezpeg Medical Meeting | | Ashrafzadeh, Pfeifer, Kotzin, Schutz | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es) | | | Hearsay (801) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1019  8/24/2022 | Nektar00000244599 | Nektar00000244599 | | Email from A. Ashrafzadeh re IL-2 Medical Meeting | | Klekotka, Ashrafzadeh, Kotzin, Pfeifer, Schmitz, Ramseyer, Murray, Manner | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es) | | | Hearsay (802); Lack of Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1020  8/24/2022 | Nektar00000276132 | Nektar00000276132 | | Email from A. Ashrafzadeh re IL-2 Medical Meeting | | Klekotka, Ashrafzadeh, Kotzin, Pfeifer, Schmitz, Ramseyer, Murray, Manner | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es) | | | Hearsay (802); Lack of Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 3022 | 8/25/2022 | LLY02427300 | LLY02427304 | | Portfolio Investment Council Meeting Minutes | | Skovronsky, Nirula, Schmitz, Klekotka, Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602) |
| Trial Exh 3023 | 8/25/2022 | LLY00777915 | LLY00777926 | | Email from R. Taylor re Rozpeg AtD Ph2 Study Objectives/Value Options and Timeline Discussion + Family | | Ashrafzadeh, Pfeifer, Rameyeer, Schmitz, Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807) |
| Trial Exh 3027 | 8/26/2022 | LLY02428869 | LLY02428869_ | Teams chat between Carsten Schmitz and Lance Pfeifer | | Schmitz, Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; not relevant; subject to MIL. | Not admissible under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; relevant to Lilly's CRE obligation and development of Rozpeg. | | |
| Trial Exh 3030 | 8/29/2022 | LLY02466324 | LLY02466329 | | GTTR Antagonist Board of Directors Meeting Minutes | | Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 3031 | 8/29/2022 | Nektar0000099555 | Nektar0000099555 | | Email from Pfeifer re Action item from last week's AM/PM meeting | | Pfeifer, Ruddock, Hackeup | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 3032 | 8/29/2022 | Nektar0000012879 | Nektar0000012879 | | Email from L. Pfeifer Re Action Item/from Last Week's AM/PM Meeting | | Pfeifer, Ruddock, Hackeup | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 3034 | 8/30/2022 | LLY00864092 | LLY00864097 | | Email from MaryAnn Morgan-Cox to multiple recipients re: Request: NILEX Scout Team | Rameyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rozpeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 3036 | 8/31/2022 | Nektar0000026985 | Nektar0000026985 | | Email from L. Pfeifer re Rozpeg medical WG meeting agenda | | Klekotka, Ashrafzadeh, Kotzin, Pfeifer, Schmitz, Rameyer, Murray, Mannor | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 3037 | 9/1/2022 | | | Schleicher, Stephen, et al., "Efficacy and Safety of a Selective Regulatory T-Cell Inducing IL-2 Conjugate (LY3471851) in the Treatment of Atopic Dermatitis: A Phase 1 Randomized Study, P1242," European Academy of Dermatology and Venereology, September 2022, available at https://www.nektar.com/wp-content/uploads/2023/11/EADV22_Schleicher_P1242.pdf | | Mozaghteen | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | foundation; 403. | Relevant to Lilly's CRE obligation and development of Rozpeg; relevant to damages and background; Rule 403 cumulative or duplicative objection can be addressed at trial; admissible under Rule 807; foundation will be established at trial. | | |
| Trial Exh 3038 | 9/1/2022 | LLY00861804 | LLY00861805 | | Email from C. Burcham re Rozpeg AtD Ph2 Study Objectives/Value Options and Timeline Discussion | | Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 3040 | 9/1/2022 | LLY00164544 | LLY00164547 | | Email from Carsten Schmitz to David Murray re: minutes aftrcard Sept 2021 | Murray, Schmitz, Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807. | | |
| Trial Exh 3043 | 9/6/2022 | LLY00984571 | LLY00984579 | | Email from Cheryl Baker to Multiple Recipients re: [EXTERNAL] EADV 2022 - KPAC safety/tolerability/PK poster | Schmitz, Zou; Klekotka, Kotzin; Zalevsky; Nirula; Mozaghteen; Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807. | | |
| Trial Exh 3045 | 9/8/2022 | LLY00859153 | LLY00859155 | | Email from C. Schmitz re Lebri Bio-Failed Study Data | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 3049 | 9/9/2022 | LLY01318117 | LLY01318117 | | Email from David Murray to multiple recipients re: SVB Reaction to Rozpeg IL-2 AtD Data | Rameyer; Rodger Taylor; Hackeup; Murray | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; lack of personal knowledge/foundation. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial. | | |
| Trial Exh 3051 | 9/13/2022 | LLY01345681 | LLY01345683 | | Email from C. Burcham re Agenda: Rozpeg/dolesulcin Lead Team | | Rameyer, Klekotka, Schmitz, Pfeifer, Mannor, Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rozpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 3054 | 9/13/2022 | Nektar0000061348 | Nektar0000061349 | | Email from Taglialetti to Jonathan Zalevsky re: Re: NKTR-358 Summary Slide for the BOD presentation | Taglialetti; Kotzin; Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; not relevant. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial; relevant to Lilly's development of Rozpeg and Nektar's expectations. | | |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1055 / 9/14/2022 | Nektar0000275971 | Nektar0000275971 | | Development Update Presentation | | Kirzin | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es); | | | Relevance (401/402); MIL. | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1056 / 9/15/2022 | LLY02429872 | LLY02429872 | Teams chat between Lance Pfeifer and Paul Klekotka | | Pfeifer, Klekotka | Kirzin | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; Nektar opposes MIL. | | |
| Trial Exh 1057 / 9/15/2022 | Nektar0000961583 | Nektar0000961650 | Nektar Therapeutics Board of Directors Meeting Agenda | | | Zalevsky, Robbins, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es); | | | Relevance (401/402); MIL. | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1058 / 9/16/2022 | LLY00860179 | LLY00860211 | BOD Specific Slides - CD200R Agonist Antibody | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 1060 / 9/19/2022 | LLY02447553 | LLY02447555 | | CD200R Agonist Antibody (AI) Board of Directors -- Meeting Minutes FINAL | | Nwulu, Schmitz, Klekotka | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Rebut & defend against Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802). | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1063 / 9/19/2022 | LLY02428975 | LLY02428975 | Email from Jill Thornton to Adi Jayanthi re: Prepping for Round 2 | | Sasaki, Zalevsky, Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing / proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge. | Admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1064 / 9/20/2022 | LLY02428975 | LLY02428975 | Teams chat between Carmen Schmitz and Dipak Patel | | Schmitz, Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; no foundation / personal knowledge; not relevant. | Nektar opposes MIL; foundation and knowledge will be established at trial; relevant to Lilly's CRE obligation and development of Rezpeg; admissible under Rules 702/703. | | |
| Trial Exh 1065 / 9/20/2022 | LLY02358279 | LLY02358295 | Investment Strategy Discussion Q3 2022 | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; foundation. | Admissible under Rules 702/703; relevant to Lilly's CRE obligation and development of Rezpeg; foundation will be established at trial. | | |
| Trial Exh 1066 / 9/21/2022 | Nektar0000147133 | Nektar0000147134 | | Email from C. Schmitz to B. Kirzin re Lebri data presented at EADV conference | | Schmitz, Kirzin, Ashrafzadeh | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es); | | | Hearsay (802); Incomplete (106). | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 1067 / 9/21/2022 | LLY00858836 | LLY00858837 | | Email from C. Schmitz re Immunology Therapeutics Club | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Rebut & defend against Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802). | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1071 / 9/22/2022 | Nektar0000007975 | Nektar0000007976 | | Email from J. Zalevsky re Lebrikizumab slides | | Zalevsky, Kirzin, Ruddock | Cross examination of the named Nektar witness(es) | | | Relevance (401/402). | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1072 / 9/22/2022 | Nektar0000134217 | Nektar0000134261 | | Email from DeLuca-Flaherty re Rezpeg Market Research Information | | Zalevsky, Kirzin, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es); | | | Hearsay (802). | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1073 / 9/23/2022 | Nektar0000517939 | Nektar0000517940 | | Email from Tagliaferri re Slides | | Mostaghim | Other Nektar Witness | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge; hearsay attachment. | Admissible under Rules 702/703; foundation will be established at trial; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | Lack of Foundation/Personal Knowledge (104/602); Relevance (401/402); 403; MIL. | Foundation/personal knowledge will be established at trial (see Rule 602); The exhibit is relevant to Lilly's defenses and rebut Nektar claims (see Rules 401, 402); No unfair prejudice and balance favors admissibility (see Rules 403, 403); MIL is opposed. |
| Trial Exh 1075 / 9/26/2022 | LLY00300159 | LLY00200230 | Email from David C Murray to Jeremy Hackney re: Rezpeg Atopic Derm/BR Market Research | | | Other Nektar Witness | | | | Hearsay (802). | |
| Trial Exh 1076 / 9/27/2022 | Nektar0000007963 | Nektar0000007964 | | Appointment invitation from B.-2 Conjugate Calendar re Lilly_Nektar Weekly AM/PM Meeting (Rezpeg market research review) | | Zalevsky, Kirzin, Hackney, Pfeifer, Ruddock, Rameyer, Klekotka, Schmitz, Murray | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es); | | | Relevance (401/402). | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1077 / 9/28/2022 | Nektar0000086073 | Nektar0000086073 | | Email from Pfeifer re Rezpeg Medical meeting agenda | | Pfeifer, Ashrafzadeh, Kirzin, Schmitz, Rameyer, Murray, Manner | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es); | | | Hearsay (802). | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1078 / 9/29/2022 | Nektar0000012745 | Nektar0000012749 | Email from Cammy Deluca-Flaherty to Jennifer Ruddock re: RE: Final Meeting minutes from JPT and JSC | | Zalevsky, Ruddock, Kirzin, Nwulu, Klekotka, Pfeifer, Hackney, Rameyer, Rodger Taylor | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 1081 / 10/4/2022 | Nektar0000160090 | Nektar0000160092 | | Email from DeLuca-Flaherty re KFAI Study Status Update and Timeline for Ph2 AtD Governance | | | Ruddock, Zalevsky Kirzin | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es); | | | Hearsay (802); Incomplete (106). | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 1082 / 10/6/2022 | Nektar0000086185 | Nektar0000086185 | | Email from L. Pfeifer re Rezpegaldesleukin medical meeting agenda | | Pfeifer, Schmitz, Kirzin, Ashrafzadeh | | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802). | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1087 / 10/10/2022 | LLY0230498 | LLY0230498 | Teams chat between Jeremy Hocktop and Joseph Fletcher | | Hocktop | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; no foundation / personal knowledge. | Nektar opposes MIL; foundation and knowledge will be established at trial. | | |
| Trial Exh 1088 / 10/10/2022 | LLY0130707 | LLY0130708 | | Email from C. Burcham re IL-2 Conjugate | | Aderaldudth, Schmitz, Klekotka, Mannet, Murray, Ramseyer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Ropeg; Relevant to Lilly's efforts, expertise, and resources to develop Ropeg or other relevant drugs relevant under the License Agreement standard. | | | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). | Hearsay (802) |
| Trial Exh 1090 / 10/11/2022 | Nektar0000460075 | Nektar0000460239 | Email from Canmy Deluca-Flaherty to Jennifer Ruddock, Brian Kreras, Jonathan Zalevsky re: 06AUG22 Lilly JPT Minutes - Final | | Zalevsky; Ruddock; Kreras; Nirula; Skrowosky; Jonsson; Aderaldudth; Schmitz; Mannet; Murray; Ramseyer; Pfeiler | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Ropeg and the Agreement's governance structure. | | |
| Trial Exh 1092 / 10/16/2022 | LLY0102265 | LLY0102289 | Email from Gisela Volkers to David Mannet, Heng Zou re: [EXTERNAL] ELL-KFAC: UNBLINEDED dry run delivery #1 | | Zou; Mannet | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1093 / 10/16/2022 | LLY0788687 | LLY0788687 | Email from Daniel Skorwosky to Patrik Jonsson re:RE: Lebri Board Talking points | | Jonsson; Skorwosky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Ropeg; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1094 / 10/17/2022 | LLY0267079 | LLY0267082 | BTLA Board of Directors Meeting Minutes | | | Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Ropeg or other relevant drugs relevant under the License Agreement standard. | | | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). | Hearsay (802) |
| Trial Exh 1095 / 10/17/2022 | Nektar0000244711 | Nektar0000244712 | Email from Pfeiler or Freund one mistake - use this update instead | | | Pfeiler, Hocktop | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Ropeg | | | Hearsay (802); Lack of Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1098 / 10/20/2022 | LLY0060322 | LLY0060344 | Email from Anna E Kovalyova to Mitchell Stuyet, Rodger Taylor, and others re: IL2 AD Forecast | | Murray; Rodger Taylor; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Ropeg; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1099 / 10/20/2022 | LLY0275068 | LLY0275068 | Forecast titled IL2_AD ADults_9Sox for Finance | | Murray; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant; no personal knowledge. | Relevant to Lilly's CRE obligation and damages; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1100 / 10/20/2022 | LLY0275067 | LLY0275067 | Forecast titled IL2_AD Adult US w scale up to WW moved to new SIMPLE V5.55 | | Murray; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and damages; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1101 / 10/20/2022 | LLY0275066 | LLY0275066 | Forecast titled IL2_AD Adol 12-17 US w scale up to WW moved to new SIMPLE V5.55 | | Murray; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Ropeg; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1102 / 10/20/2022 | LLY0247598 | LLY0246629 | CD200R Agonist Antibody Board of Directors Deck | | | Krueger, Klekotka, Schmitz | Relevant to Lilly's efforts, expertise, and resources to develop Ropeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Ropeg | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1104 / 10/21/2022 | LLY0247876 | LLY0247876 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1105 / 10/21/2022 | LLY0247877 | LLY0247877 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807. | | |
| Trial Exh 1110 / 10/22/2022 | LLY0248982 | LLY0248982 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1111 / 10/23/2022 | Nektar0000927435 | Nektar0000927438 | Email from Murdoch re Newbirth Proposal | | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Ropeg; proof of examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1115 / 10/27/2022 | Nektar0000131598 | Nektar0000131598 | Spreadsheet titled NKTR-358 SLE and AtD Forecasts_27Oct2022 | | Zalevsky; Kreras; Ruddock; Tagliaferri; Fanton; Sasaki; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no authentication; no foundation / personal knowledge. | Admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; Nektar will authenticate its documents produced in the litigation; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1117 / 10/27/2022 | Nektar0000860677 | Nektar0000860679 | Email from Jill Thomsen to Howard Robin re: Newbirth | Preliminary-Honey & Hazel Relative Valuations | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; hearsay. | Relevant to Lilly's CRE obligation and development of Ropeg; relevant to damages and background; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; admissible under Rules 702/703. | | |
| Trial Exh 1118 / 10/31/2022 | Nektar0000160054 | Nektar0000160056 | Email from DeLuca-Flaherty to Lilly KFAI Study Status Update and KFAE Governance T/L Update | | | Zalevsky, Kreras, Ruddock | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es). | | | | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Exhibit has been supplemented. |
| Trial Exh 1120 / 11/1/2022 | LLY0230439 | LLY0230439 | Teams chat between Lance Pfeiler and Kathryn Ramseyer | | Pfeiler; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; not relevant. | Nektar opposes MIL; relevant to Lilly's CRE obligation, development of Ropeg, and defenses. | | Hearsay (802); Incomplete (106) for completion or Exhibit is complete. |

30

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1121 | 11/2/2022 | Nektar00000321106 | Nektar00000321111 | Email from Docusign system to Jennifer Ruddick re: [EXTERNAL] Completed: Complete with DocuSign: Review of 2022 EC Performance Grant Triggers.docx | | Zdrojey, Kotzin, Ruddick | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant, hearsay; no foundation / personal knowledge. | Relevant to Nektar's damages and expectations under the Agreement; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 and 807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1122 | 11/2/2022 | LLY00873124 | LLY00873135 | | Email from Lance Pfeifer to Holly Robinson, Lauren Crayton, and others re: Immunology portfolio slides | Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant; subject to MIL. | Relevant to Lilly CRE obligation and development of Rezpeg and comparator drugs and damages; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1123 | 11/2/2022 | LLY02466425 | LLY02466453 | | GITR Antagonist Board of Directors Meeting Minutes | | Nirula | Proof of Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1124 | 11/2/2022 | Nektar00000321108 | Nektar00000321108 | Review of 2022 EC Performance Grant Triggers | | | Robbins | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant, hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; admissible under Rules 702 703; relevant to Lilly's CRE obligation and development of Rezpeg; foundation will be established at trial. | | |
| Trial Exh 1129 | 11/4/2022 | LLY01025728 | LLY01025728 | Email from Victoria Rajamanickam to Heng Zou re: [EXTERNAL] RE: KFAD: 3DTM and ADAM | | Zou; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807. | | |
| Trial Exh 1130 | 11/8/2022 | LLY00779990 | LLY00779991 | Email from Kathryn Ramseyer to Ajay Nirula, Lance Pfeifer, and Paul Klekotka re: Re: Talking points and plan for PIC | | Ramseyer, Pfeifer, Klekotka; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807. | | |
| Trial Exh 1133 | 11/10/2022 | LLY01355744 | LLY01355747 | Email from Kathryn Ramseyer to Ajay Nirula re:RE: Communicating COO change to Nektar? | | Nirula; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1134 | 11/10/2022 | LLY00780675 | LLY00780676 | Email from MaryAnn Morgan-Cox to Victoria Smith, Jodie L. Flood, and Kathryn Ramseyer re: Review: Rodger's Announcement | | Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1135 | 11/10/2022 | LLY01285146 | LLY01285193 | Investigator's Brochure for GITR Antagonist Antibody | | Robbins; Monagham | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Cumulative and duplicative. | Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 1136 | 11/10/2022 | LLY02429841 | LLY02429841 | Teams chat between Lance Pfeifer, Kathryn Ramseyer and Paul Klekotka | | Pfeifer, Ramseyer, Klekotka | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1137 | 11/10/2022 | LLY02460107 | LLY02460111 | Portfolio Investment Council Meeting Minutes | | | Skovronsky, Nirula, Pfeifer, Ramseyer, Klekotka | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1138 | 11/14/2022 | LLY02438565 | LLY02438565 | Teams chat between Carsten Schmitz and Purvi Prajapati | | Schmitz, Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1139 | 11/14/2022 | Nektar00001392955 | Nektar00001392957 | Nektar Board Update Call - Outline and Notes | | | Zdrovey, Robbins, Ruddick | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106); Relevance (401/402); MIL | Exhibit has been supplemented for completion or Exhibit is complete. The exhibit is relevant to Lilly defenses, to rebut Nektar claims, to witness credibility, and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1141 | 11/15/2022 | LLY00780842 | LLY00780843 | Email from Maja Hojnik to Rodger Taylor, Kathryn Ramseyer re:RE: Announcement: Rodger Taylor | | Rodger Taylor; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly CRE obligation; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1151 | 12/1/2022 | Nektar00000728633 | Nektar00000728034 | | Email from J. Ruddick to V. Wu re FTW Meeting_Doc 2022_12.1.2022_FINAL.pptx.pptx (and powerpoint) | | Zdrovey | Relevant to jury understanding of Nektar's business, a key issue relevant to parties' claims and defenses; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) | | | Relevance (401/402); 403; MIL | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). MIL is opposed. MIL is opposed. |
| Trial Exh 1155 | 12/2/2022 | Nektar00000859772 | Nektar00000859773 | Nektar Therapeutics All-Hands Meeting | | | Robin, Zdrovey, Ruddick | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 1157 | 12/3/2022 | Nektar00000160035 | Nektar00000160036 | | Email from Kotzin re NKTR-358 Slides for discussions on Monday | | Kotzin, Zdrovey, Ruddick | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es) | | | Hearsay (802); Incomplete (106) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 1158 | 12/5/2022 | Nektar00000290401 | Nektar00000290402 | | Email from A. Ashrafzadeh re IL-2 conjugate Alliance Medical Meeting | | Schmitz, Kotzin, Klekotka, Ashrafzadeh, Zdrovey, Ramseyer, Murray, Masner | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802); Lack of Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1160 | 12/7/2022 | LLY01282692 | LLY01282777 | CD200R Phase 2 protocol | | Nirula, Ramseyer, Schmitz, Pfeifer, Klekotka, Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of comparator drugs. | | |
| Trial Exh 1162 | 12/7/2022 | LLY02428640 | LLY02428641 | Teams chat between Carsten Schmitz and Julie Maxwell | | Schmitz, Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1163 | 12/7/2022 | LLY00875526 | LLY00875526 | | Email from C. Schmitz re IL-2 Conjugate: Ph2 Atopic Derm Planning | | Schmitz, Masner, Murray, Pfeifer, Ramseyer, Klekotka | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

| Ex. No. | Begin Bates / Date | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1167 | 12/9/2022 LLY0120061 | LLY0120144 | Protocol Number J1P-MC-KFAN (b) | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge; | Relevant background; relevant to Lilly's CRE obligations and development of Rezpeg; admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 1168 | 12/13/2022 Nektar0000034779 | Nektar0000034782 | | Email from DeLuca-Flaherty re IL-2 conjugate Alliance Medical Meeting | | Hucksrep, Klekotka, Adrafizadeh, Schmitz | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1169 | 12/13/2022 Nektar0000086022 | Nektar0000086024 | | Email from L. Pfeifer to A. Ashrafzadeh, B. Kreuin, and C. Schmitz re IL-2 conjugate Alliance Medical Meeting | | Schmitz, Kreuin, Pfeifer, Ashrafzadeh, Klekotka, Murray, Manner, Ramseyer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1170 | 12/13/2022 Nektar0000224916 | Nektar0000224917 | | Email from A. Ashrafzadeh re IL-2 conjugate Alliance Medical Meeting | | Zalavsky, Schmitz, Kreuin, Pfeifer, Ashrafzadeh, Klekotka, Murray, Manner, Ramseyer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802); Lack of Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1171 | 12/13/2022 LLY0078180 | LLY0078197 | | RE: IL-2 conjugate Alliance Medical Meeting with ic2 nektar meeting dec 13 | | Schmitz, Kreuin, Pfeifer, Ashrafzadeh, Klekotka, Murray, Manner, Ramseyer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1173 | 12/14/2022 LLY0128564 | LLY0128591 | Investigator's Brochure for Baricitinib (Olumiant) | | Robbins, Monoghunn | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; cumulative or duplicative; no foundation / personal knowledge; | Relevant to Lilly's CRE obligation and development of comparator drugs; not subject to MIL; Nektar opposes MIL; admissible without foundation and personal knowledge under Rules 702/703; Rule 403 cumulative or duplicative objection can be resolved at trial and the balance favors admissibility. | | |
| Trial Exh 1174 | 12/14/2022 Nektar0000964757 | Nektar0000945185 | Nektar Therapeutics Board of Directors Meeting Agenda | | | Zalavsky, Robbins, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1178 | 12/19/2022 Nektar0000058210 | Nektar0000058214 | | Email from DeLuca-Flaherty re IL-2 conjugate Alliance Medical Meeting | | Hucksrep, Klekotka, Adrafizadeh, Schmitz | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1180 | 1/2/2023 Nektar0000174268 | Nektar0000174268 | | Email from L. Pfeifer re Rezpeg Medical WG meeting | | Schmitz, Kreuin, Pfeifer, Ashrafzadeh, Klekotka, Murray, Manner, Ramseyer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1181 | 1/2/2023 Nektar0000217769 | Nektar0000217769 | | Email from L. Pfeifer re Rezpeg Medical WG meeting | | Schmitz, Kreuin, Pfeifer, Ashrafzadeh, Klekotka, Murray, Manner, Ramseyer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1182 | 1/3/2023 LLY00866781 | LLY00866783 | | Email from D. Frisby re KFAE protocol - authoring team meeting | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1183 | 1/5/2023 Nektar0000019432 | Nektar0000019432 | | Email from C. Schmitz re KFAE protocol draft for review | | Schmitz, Kreuin, Pfeifer, Fanton, Klekotka | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1184 | 1/6/2023 Nektar0000019623 | Nektar0000019625 | | Fanton email re KFAE protocol draft for review | | Other Nektar Witness | Relevant to collaboration partnership and Rezpeg background; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1187 | 1/9/2023 LLY02429171 | LLY02425220 | Rezoning Meeting Notes | | Rodger Taylor; Ramseyer; Monaghunn | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; hearsay; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; not hearsay under Rule 801; relevant for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; foundation and knowledge will be established at trial. | | |
| Trial Exh 1190 | 1/10/2023 LLY02430663 | LLY02430663 | Team Chat Messages - Kathryn Ramseyer; Lance Pfeifer | | Ramseyer, Pfeifer, Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; hearsay. | Nektar opposes MIL; not hearsay under Rule 801; relevant for non-hearsay purpose and/or subject to hearsay exception under Rules 803 and 807; admissible under Rules 702/703. | | |
| Trial Exh 1193 | 1/11/2023 N/A | | Transcript of Nektar Therapeutics Company Conference Presentation | | | Robin, Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | 403; Relevance (401/402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403); The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness and to CRE (see Rules 401, 402); MIL is opposed. |
| Trial Exh 1194 | 1/11/2023 Nektar0000075583 | Nektar0000075583 | | Email from L. Pfeifer re Rezpeg medical meeting agenda | | Schmitz, Kreuin, Pfeifer, Ashrafzadeh, Klekotka, Murray, Manner, Ramseyer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1195 | 1/11/2023 Nektar0000092134 | Nektar0000092139 | | Email from Nektar Corporate Affairs re Nektar Presentation Highlights - J. P. Morgan 2023 | | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |

DISPUTED EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1197 | 1/13/2023 | LLY02077863 | LLY02077888 | | Email from J. Ruddock to J. Hackomp re Nektar JP Morgan business update presentation | | Ruddock, Hackomp | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; cross examination of the named Nektar witness(es) | | | Relevance (401/402); 403; MIL | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). MIL is opposed. |
| Trial Exh 1198 | 1/13/2023 | LLY00667752 | LLY00667752 | | Email from C. Schnute re KFAE Harmonized Clinical Protocol | | Schnute | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1199 | 1/13/2023 | LLY00667611 | LLY00667613 | | Email from C. Schnute re KFAE protocol feedback from Nektar | | Schnute, Klekotka, Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1200 | 1/17/2023 | LLY02430686 | LLY02430686 | Teams chat between Jeremy Hackomp, David Wheeler, and Rahel Maliszewki | | Hackomp | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; no foundation / personal knowledge. | Nektar opposes MIL; foundation and knowledge will be established at trial. | | |
| Trial Exh 1202 | 1/18/2023 | LLY00866875 | LLY00866876 | | Email from C. Schnute re Rezpeg core team meeting Jan 19th | | Schnute | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1203 | 1/18/2023 | LLY00867082 | LLY00867082 | | Email from R. Maliszewski re Rezpeg AtD Planning Meeting | | Schnute, Pfeifer, Manner, Klekotka, Ashrafzadeh | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1204 | 1/18/2023 | LLY00941477 | LLY00941478 | | Email from J. Tuttle re Draft 2023 goals | | Schnute, Klekotka, Ashrafzadeh | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1205 | 1/18/2023 | LLY01313994 | LLY01313995 | | Email from O. Bershtein re Rezpeg&dendinlein Core Team Meeting | | Ramseyer, Klekotka, Schnute, Pfeifer, Manner, Murray, Ashrafzadeh | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1206 | 1/19/2023 | LLY02430464 | LLY02430464 | Teams chat between Lance Pfeifer and Kathryn Ramseyer | | Pfeifer, Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1207 | 1/19/2023 | LLY02077600 | LLY02077601 | | Email from J. Hackomp to J. Ruddock re Nektar JP Morgan business update presentation | | Ruddock, Hackomp | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Relevance (401/402); 403 | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 1208 | 1/19/2023 | Nektar0000876570 | Nektar0000876572 | | Email from DeLuca-Flaherty re Nektar & Lilly JPF/ISC 1Q23 Pre-wire Meeting: Pre-read Slides Enclosed | | Kotzin, Zalevsky, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 1209 | 1/19/2023 | LLY00164962 | LLY00164964 | | Email from D. Lenze re J1P-MC-KFAE // EU CTR CTA Kick-off meeting | | Schnute, Klekotka | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1211 | 1/20/2023 | LLY02077598 | LLY02077860 | | Email from J. Ruddock to J. Hackomp re Financial disclosures on collaboration | | Ruddock, Hackomp | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Relevance (401/402); 403; MIL | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). MIL is opposed. |
| Trial Exh 1222 | 1/26/2023 | Nektar0000300857 | Nektar0000300858 | | Message from A. Wey re IL-2 SLE: Example Files for Readout | | Zalevsky, Kotzin, Manner, Klekotka, Ramseyer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1223 | 1/26/2023 | LLY01353732 | LLY01353732 | | Email from R. Maliszewski re Rezpeg SLE Ph3 study – Blinding strategy and patient controls WG | | Schnute, Klekotka, Ashrafzadeh, Manner | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1224 | 1/28/2023 | Nektar00000074212 | Nektar00000076215 | | Email from Thomsen re Project Newforth - Honey Discussion Material | | Robin, Ruddock, Zalevsky, Murato | Rebut and defend against Nektar allegations of damages or other harm; cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion in Exhibit is complete. |
| Trial Exh 1226 | 1/30/2023 | LLY02467942 | LLY02468007 | | CD200R Agonist Antibody (AI, LY3454736) Board of Directors | | Klekotka, Schmitz | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802); Foundation/Personal Knowledge (104-602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1229 | 1/31/2023 | LLY02147978 | LLY02147980 | | Email from J. Gerrard to M. Wilson re Lilly - Nektar Collaboration | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802); Foundation/Personal Knowledge (104-602); Relevance (401-402); 403 | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). The exhibit is relevant to rebut Nektar claims and cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 1230 | 1/31/2023 | Nektar00000073577 | Nektar00000075578 | | Email from DeLuca-Flaherty re Rezpeg medical meeting agenda: Wednesday, February 1st | | Schmitz, Kotzin, Phiefer, Adratzhadeh, Klekotka, Murray, Manner, Ramseyer | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1231 | 1/31/2023 | Nektar00000076192 | Nektar00000076192 | | Email from L. Phiefer re Rezpeg medical meeting agenda: Wednesday, February 1st | | Phiefer, Klekotka, Adratzhadeh, Schmitz, Ramseyer, Manner, Murray, Kotzin | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1232 | 1/31/2023 | Nektar00000100920 | Nektar00000100965 | | NKTR Investor Relations Q&A | | Kotzin, Zalevsky, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion in Exhibit is complete. |
| Trial Exh 1233 | 1/31/2023 | LLY02192093 | LLY02192094 | | Email from D. Leme re KFAE - Protocol Approval | | Schmitz, Klekotka, Manner | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1238 | 2/2/2023 | LLY00949747 | LLY00949769 | | Email from P. Klekotka re F/P-MC-KFAE | | Schmitz, Klekotka, Adratzhadeh, | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1239 | 2/6/2023 | LLY00779463 | LLY00779488 | | Email from P. Pragagni re JL-2 Nektar Meeting Feb 8 | | Schmitz, Klekotka, Ramseyer, Manner | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1245 | 2/9/2023 | Nektar00000101726 | Nektar00000101727 | | Email from J. Zalevsky re Rezpegaldesleukin Program Annual Budget (response requested by Friday, Feb 10th) and IDP Memo Update | | Nivala, Ramseyer, Ruddock, Zalevsky, Kotzin, Hackney, | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1250 | 2/10/2023 | LLY00894428 | LLY00894429 | | Email from Lance Phiefer to Carsten Schmitz re: RE: KFAD ISR data - discussion with KFAD rep enroller Dr Steve Schleicher | Schmitz; Phiefer; Klekotka; Ramseyer; Murray; Adratzhadeh | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 1252 | 2/15/2023 | LLY00904270 | LLY00904275 | | Email from Kathryn Ramseyer to Paul Klekotka and Lance Phiefer re: Information Alert: Rezpegaldesleukin (IL-2 Conjugate) Phase 2b SLE study shows negative results | Ramseyer; Klekotka; Phiefer; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; Duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 1253 | 2/15/2023 | LLY00904370 | LLY00904371 | | Email from Kathryn Ramseyer to Multiple Recipients re: Information Alert: Rezpegaldesleukin (IL-2 Conjugate) Phase 2b SLE study shows negative results | Ramseyer; Klekotka; Phiefer; Robbins; Mostaghimi; Hackney | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; probative value outweighed by unfair prejudice or jury confusion (403). | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not prejudicial or confusing; and Rule 403 balance favors admissibility. | | |
| Trial Exh 1254 | 2/15/2023 | LLY00904469 | LLY00904470 | | Email from Kathryn Ramseyer to Multiple Recipients re: Information Alert: Rezpegaldesleukin (IL-2 Conjugate) Phase 2b SLE study shows negative results | Ramseyer; Klekotka; Phiefer; Robbins; Mostaghimi; Skovronsky; Jonsson; Nivala | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; probative value outweighed by unfair prejudice or jury confusion (403). | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not prejudicial or confusing; and Rule 403 balance favors admissibility. | | |
| Trial Exh 1255 | 2/15/2023 | LLY00904474 | LLY00904474 | | Email from Kathryn Ramseyer to Multiple Recipients re: CONFIDENTIAL: Update on KFAE | Ramseyer; Klekotka; Phiefer; Robbins; Mostaghimi; Manner | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; probative value outweighed by unfair prejudice or jury confusion (403). | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not prejudicial or confusing; and Rule 403 balance favors admissibility. | | |
| Trial Exh 1256 | 2/15/2023 | LLY01309198 | LLY01309199 | | Email from Kathryn Ramseyer to Multiple Recipients re: Rezpegaldesleukin (IL-2 Conjugate) Phase 2b SLE study shows negative results | Ramseyer; Klekotka; Phiefer; Robbins; Mostaghimi; Jonsson | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; probative value outweighed by unfair prejudice or jury confusion (403). | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not prejudicial or confusing; and Rule 403 balance favors admissibility. | | |
| Trial Exh 1258 | 2/15/2023 | LLY00904274 | LLY01292796 | | Email [Draft] from Kathryn Ramseyer to Multiple Recipients re: Information Alert: Rezpegaldesleukin (IL-2 Conjugate) Phase 2b SLE study shows negative results | Phiefer; Ramseyer; Robbins; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly CRE obligation and development of Rezpeg. | | |
| Trial Exh 1260 | 2/15/2023 | LLY02448581 | LLY02448581 | | Teams Chat Messages - David Manner, Andy Wey, Hyangmin Rha, Janethr Shannon Erickson | Manner | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1261 | 2/15/2023 | LLY03373007 | LLY03373908 | | Email from Kathryn Ramseyer to Multiple Recipients re: CONFIDENTIAL: Pre-read for 2.16.2023 Rezpegaldesleukin BOD Meeting | Ramseyer; Phiefer; Schmitz; Jonsson; Skovronsky; Nivala; Klekotka; Adratzhadeh; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant, duplicative. | Relevant background and relevant to Lilly CRE obligations and development of Rezpeg and comparator drugs; rule 403 cumulative or duplicative objection can be addressed at trial | | |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1267 / 2/20/2023 | Nektar00000290248 | Nektar00000290250 | | Sasaki email attaching 2022 and 2023 budget | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng; cross examination of the named Nektar witness(es) | | | Lack of Foundation/Personal Knowledge (104/602); Hearsay (802); End Bates is incorrect | Foundation/personal knowledge will be established at trial (see Rule 602); Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); End Bates has been corrected. |
| Trial Exh 1268 / 2/20/2023 | LLY00719510 | LLY00719511 | | Email from D. Manner re Per protocol questions | | Nirula, Rameyer, Klekotka, Pfeifer, Manner | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng; Rebut to Lilly's efforts, expertise, and resources to develop Rozpng or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1271 / 2/20/2023 | LLY00737556 | LLY00737556 | Email from Kathryn Rameyer to Multiple Recipients re: CONFIDENTIAL: Update on KFAI | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Admissible under Rules 702/703; Foundation will be established at trial. | | |
| Trial Exh 1272 / 2/21/2023 | LLY02429861 | LLY02429864 | Teams chat between Jeremy Huckstep, Allison Howell, and Kathryn Rameyer | | | Huckstep; Rameyer | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; rebut Lilly's counterclaim | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1273 / 2/21/2023 | LLY02429897 | LLY02429897 | Teams chat between Carsten Schatz and Paul Klekotka | | | Schatz; Klekotka | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; Not relevant. | Nektar opposes MIL; relevant to Lilly's CRE obligation and development of Rozpng. | | |
| Trial Exh 1274 / 2/21/2023 | LLY02469690 | LLY02469693 | | Text messages between D. Skovronsky and A. Nirula | | Nirula, Skovronsky | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng. | | | Error; Exhibit Not Provided | Exhibit has been supplemented. |
| Trial Exh 1275 / 2/22/2023 | LLY00736592 | LLY00736596 | Email from Jennifer Ruddick to Jeremy Huckstep, Brian Kotzin, and others re: [EXTERNAL] Press Release with Conference Call Information | | Huckstep; Ruddick; Kotzin; Robbins | | | | | Hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807. |
| Trial Exh 1276 / 2/22/2023 | Nektar00000100781 | Nektar00000100787 | | Email from K. Rameyer re KFAI Topline TFLs | | Zalevsky, Nirula, Kotzin, Rameyer, Huckstep, Manner | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Cross examination of the named Nektar witness(es) | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1277 / 2/22/2023 | Nektar00001393965 | Nektar00001393984 | | Email from B. Kotzin re Draft Preliminary 2.21.23 Investor Call Script; Draft Confidential Script As Of 2.21.23 | | Kotzin, Ruddick, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng; cross examination of the named Nektar witness(es) | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1281 / 2/22/2023 | Nektar00000101703 | Nektar00000101707 | Email from Jonathan Zalevsky to Kathryn Rameyer, Andy Wey, and others re: RE: [EXTERNAL] KFAI Topline TFLs | | Zalevsky; Rameyer; Manner; Kotzin; Ruddick; Nirula | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; rebut Lilly's counterclaim | Not relevant. | Relevant to Lilly's CRE obligation, development of Rozpng, and defenses. | | |
| Trial Exh 1282 / 2/23/2023 | LLY02440212 | LLY02440226 | Teams chat between Kathryn Rameyer, Andy Wey, and others | | | Rameyer | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; Nektar opposes MIL. | | |
| Trial Exh 1283 / 2/23/2023 | LLY02440372 | LLY02440373 | Teams chat between Carsten Schatz and Dipak Patel | | | Schatz | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; Nektar opposes MIL. | | |
| Trial Exh 1284 / 2/23/2023 | Nektar00000284490 | Nektar00000284502 | | NKTR QQ - Nektar Therapeutics Analyst and Investor Call | | Kotzin, Robin, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng; cross examination of the named Nektar witness(es) | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1285 / 2/23/2023 | Nektar00000328882 | Nektar00000328894 | | NKTR Investor Relations Q&A Confidential Preliminary Draft 2.21 | | Ruddick, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng; Cross examination of the named Nektar witness(es) | | | Relevance (401/402); Incomplete (106) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). Exhibit has been supplemented for completion as Exhibit is complete. |
| Trial Exh 1291 / 2/24/2023 | Nektar00001336376 | Nektar00001336377 | | Zalevsky Lubrachest Text Messages | | Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng; cross examination of the named Nektar witness(es) | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1292 / 2/24/2023 | Nektar00000874359 | Nektar00000874440 | | Email from M. Tagliaferri re: Clinical Development Update for NKTR-255 Studies 02 and 03 | | Tagliaferri | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng | | | Relevance (401/402); MIL. | The exhibit is relevant to rebut Lilly defenses, rebutting Nektar claims, cross examination of named Nektar witnesses, and CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1295 / 2/26/2023 | Nektar00000652498 | Nektar00000652500 | | Tagliaferri email re Restructuring of Development | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng; Cross examination of the named Nektar witness(es) | | | Relevance (401/402); Lack of Foundation/Personal Knowledge (104/602) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1296 / 2/27/2023 | Nektar00000737906 | Nektar00000737909 | | Email from J. Zalevsky re Nektar's IL-2 Agonist Rozpng | | Ruddick, Zalevsky, Tagliaferri, Mooraghan | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng; Cross examination of the named Nektar witness(es) | | | Hearsay (802); MIL. | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); MIL is opposed. |
| Trial Exh 1297 / 2/28/2023 | LLY02428882 | LLY02428882 | Teams message from C. Schmitz to L. Pfeifer | | | Schmitz, Pfeifer | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rozpng; Relevant to Lilly's efforts, expertise, and resources to develop Rozpng or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1303 3/1/2023 | LLY02042366 | LLY02042367 | Email from Lance A. Pfeifer to Jennifer Gerrard re: FW: [EXTERNAL] RE: Summary of Nektar Requests 28FEB23 **Updated - One New Request and  Priority Request** | | Zalevsky; Ruddock; Pfeifer; Hackney | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge; hearsay. | Relevant to Lilly's CRE obligation, development of Rezpeg, and defenses; foundation and knowledge will be established at trial; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807. | | |
| Trial Exh 1304 3/2/2023 | LLY02219436 | LLY02219478 | Email from Carsten Schmitz to Maria Jose Rueda re: RE: Posters on Pipeline assets - HELP - THANKS | | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807. | | |
| Trial Exh 1308 3/3/2023 | Nektar00000780643 | Nektar00000780644 | Email from Loris Sasaki to Adi Jayanthi; Jill Thomsen  re: RE: Newbirth | Preliminary Honey & Hazel Relative Valuations | | Sasaki; Robbins | | Proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; foundation and knowledge will be established at trial; admissible under Rules 702-703. | | |
| Trial Exh 1309 3/3/2023 | Nektar00000780643 | Nektar00000780644 | Email from Loris Sasaki to Adi Jayanthi ; Jill Thomsen re: RE: Newbirth | Preliminary Honey & Hazel Relative Valuations | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; admissible under Rules 702-703; foundation will be established at trial. | | |
| Trial Exh 1310 3/6/2023 | LLY02219574 | LLY02219675 | Email from Teodora Andrian to David Waters, Jenny Bradbury, and others re: RE: IMMB-FR01 EU CTA assessment RFIs received | | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | | |
| Trial Exh 1311 3/6/2023 | LLY02428279 | LLY02428259 | Teams chat between Ali AshrafzadehÂ and Erica Kelly | | Ashrafzadeh | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Nektar opposes MIL. | | |
| Trial Exh 1313 3/6/2023 | Nektar00000008312 | Nektar00000008313 | Email from Sohail Chaudhry to Tagliaferri, Jonathan Zalevsky, and others re: Meeting notes from Discussion with Dr. Schleicher on 3/3/2023 | | Tagliaferri; Zalevsky; Kotzin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation/personal knowledge; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; foundation and knowledge will be established at trial; not subject to MIL.; Nektar opposes MIL. | | |
| Trial Exh 1314 3/8/2023 | LLY00175462 | LLY00175518 | Email from Nimisha Aruckal to Lucia Seminario-Vidal, Chintan Rakesh Singhan, and others re: RE: KFAD PNs for medical review | | Schmitz; Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation, development of Rezpeg, and defenses; foundation and knowledge will be established at trial. | | |
| Trial Exh 1315 3/8/2023 | LLY02459216 | LLY02459221 | Portfolio Investment Council Meeting Minutes | | | Skrovonsky; Nirula; Ramseyer; Pfeifer; Ashrafzadeh | | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802); Foundation/Personal Knowledge (104-602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1316 3/8/2023 | LLY01021612 | LLY01021617 | | J1P-MC-KFAT Study Delivery Team Meeting Agenda/Minutes | | Ashrafzadeh | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1317 3/9/2023 | LLY01329046 | LLY01329050 | | Email from J. Ruddock re Ad-hoc JSC draft minutes | | Ruddock; Hackney; Nirula; Ramseyer, Zalevsky, Kotzin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1318 3/11/2023 | Nektar00000008281 | Nektar00000008281 | | Email from Chevez re Board meeting | | Robin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | 403; Relevance (401-402); MIL | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). MIL is opposed. |
| Trial Exh 1319 3/13/2023 | Nektar00000036183 | Nektar00000036187 | | Text messages in 3/2023 between Jue and Sasaki | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104-602); Relevance (401-402) | Foundation/personal knowledge will be established at trial (see Rule 602). The exhibit is relevant to Lilly defenses and to rebut Nektar claims. (see Rules 401, 402). |
| Trial Exh 1325 3/16/2023 | | | | Development Safety Update Report for REZPEG | | Ramseyer; Nirula; Skrovonsky; Ashrafzadeh; Klobucha; Pfeifer; Mostaghimi; Robbins | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 1328 3/22/2023 | LLY02449145 | LLY02449182 | | Email from J. Hackney to D. Skrovonsky re Briefing decks for meeting with Howard Robin (Nektar CEO) (Rezpegaldesleukin Summary of SLE and AtD Readouts slides and Nektar Legal Update for Dan slides) | | Skrovonsky; Nirula; Hackney | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1329 3/22/2023 | Nektar00000300440 | Nektar00000300441 | | Email from Ruddock re 3.22 Discussion Slides for Aligos Meeting | | Ruddock; Zalevsky, Robin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1330 3/22/2023 | Nektar00000071657 | Nektar00000071658 | | Email from Tagliaferri re Rezpeg Revitalization Plan | | Zalevsky; Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402); MIL | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1331 3/23/2023 | LLY02428784 | LLY02428785 | Teams Chat Messages - Andy Wey; Carsten Schmitz; Lei Shen; Selina Fenwick | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1332 3/25/2023 | LLY02428610 | LLY02428610 | Teams chat between Carsten Schmitz and Andy Wey | | Schmitz; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL.; hearsay; not relevant; no foundation / personal knowledge. | Nektar opposes MIL, not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807; foundation and knowledge will be established at trial; relevant to Lilly's CRE obligation and development of Rezpeg and comparable drugs; admissible under Rules 702-703. | | |

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lily Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1333 | 3/23/2023 | LLY02435997 | LLY02436007 | | Text conversation with Dan | | Nirula | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1334 | 3/23/2023 | LLY02469698 | LLY02469708 | | Text messages between D. Skovronsky and A. Nirula | | Nirula, Skovronsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to jury understanding of termination, a key issue relevant to parties' claims and defenses. | | | Error; Exhibit Not Provided | Exhibit has been supplemented. |
| Trial Exh 1335 | 3/25/2023 | Nektar0000029130 | Nektar0000029140 | | Txt email attaching 2023-2026 financial models | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104:602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1341 | 3/24/2023 | Nektar0001393808 | Nektar0001393812 | | Email from M. Tgalianti to J. Zalevsky re: DRAFT Corporate Goals and Board Agenda | | Tagliaferri, Zalevsky | Relevant to the jury's understanding of termination, a key issue relevant to parties' claims and defenses. | | | Relevance (401/402) | The exhibit is relevant to Lilly defenses, rebutting Nektar claims, and cross-examination of named Nektar witnesses (see Rules 401, 402). |
| Trial Exh 1342 | 3/24/2023 | Nektar0001393815 | Nektar0001393817 | | Email from M. Wilson re: DRAFT 2023 Corporate Goals and Board Agenda | | Robbins, Ruddock, Zalevsky, Tagliaferri, Kotzin | Relevant to the jury's understanding of termination, a key issue relevant to parties' claims and defenses. | | | Relevance (401/402) | The exhibit is relevant to Lilly defenses, rebutting Nektar claims, and cross-examination of named Nektar witnesses (see Rules 401, 402). |
| Trial Exh 1345 | 3/27/2023 | Nektar0000032754 | Nektar0000032967 | | Email from Ruddock re Follow-up | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1347 | 3/27/2023 | Nektar0000871626 | Nektar0000871629 | Email from Tagliaferri to Jonathan Zalevsky re: FW: [EXTERNAL] Re: BOD Meeting | | Tagliaferri, Zalevsky, Kotzin | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1348 | 3/30/2023 | LLY01283023 | LLY01283090 | Investigator's Brochure for CD200R | | Ramezyer, Nirula, Skovronsky, Ashrafzadeh; Klekotka; Pfeifer; Moraghieu; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | | |
| Trial Exh 1350 | 4/3/2023 | LLY01284655 | LLY01284722 | Investigator's Brochure CD200R | | Ramezyer, Nirula, Skovronsky, Ashrafzadeh; Klekotka; Pfeifer; Moraghieu; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 1353 | 4/11/2023 | LLY02429011 | LLY02429011 | Teams chat between Carsten Schmitz and Dipak Patel | | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; not relevant. | Nektar opposes MIL; relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | | |
| Trial Exh 1355 | 4/16/2023 | Nektar0000735424 | Nektar0000735425 | | Email from J. Ruddock re: Employee Email from Howard | | Ruddock, Robins | Relevant to the jury's understanding of termination, a key issue relevant to parties' claims and defenses. | | | Relevance (401/402), 403; MIL | The exhibit is relevant to Lilly defenses, rebutting Nektar claims, and cross-examination of named Nektar witnesses (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403); MIL is opposed. |
| Trial Exh 1356 | 4/17/2023 | N/A | N/A | | Nektar Therapeutics Announces Strategic Reprioritization and Cost Restructuring Plan | | Franke, Robin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Relevance (401/402), 403; MIL | The exhibit is relevant to Lilly defenses, rebutting Nektar claims, and cross-examination of named Nektar witnesses (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403); MIL is opposed. |
| Trial Exh 1357 | 4/20/2023 | Nektar0000870942 | Nektar0000870943 | | Email from Ruddock re PureTech | | Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402); MIL | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1358 | 4/20/2023 | Nektar0000870950 | Nektar0000870951 | | Email from Tagliaferri re PureTech Discussion | | Robins, Ruddock, Zalevsky, Marais | Rebut and defend against Nektar allegations of damages or other harm; cross examination of the named Nektar witness(es). | | | Relevance (401/402); MIL | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1360 | 4/21/2023 | Nektar0000100409 | Nektar0000100410 | | Email from J. Ruddock re REZPEG atopic dermatitis (2:30pm ET) | | Ruddock, Robins, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Hearsay (802); Incomplete (106) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 1364 | 4/25/2023 | Nektar0000607863 | Nektar0000607866 | | Jan email re Rezpeg P2 Atopic Derm Study | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104:602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1365 | 4/26/2023 | PureTech_00024543 | PureTech_00024590 | | Email from Kafka re PTH Commercial Perspective on 358 | | Krueger, Robin, Marais | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; rebut and defend against Nektar allegations of damages or other harm; cross examination of the named Nektar witness(es). | | | Hearsay (802); Lack of Foundation/Personal Knowledge (104:602); MIL; Relevance (401/402); 403 | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). MIL is opposed. The exhibit is relevant to Lilly defenses, to rebut Nektar claims, to witness credibility, and to CRE (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 1367 | 4/27/2023 | LLY02427334 | LLY02427344 | PowerPoint titled GITR Antagonist (LY3844593) PR: Visit 2: PoC Trial Design and Budget Approval | | Robbins; Nirula; Skovronsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge. | Foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1368 | 4/27/2023 | N/A | N/A | Gabrielle Masson, Amgen cuts lupus program for futility hours after Lilly officially walks away from one, too, Fierce Biotech | | | Robbins | Relevant to jury understanding of clinical development and competitive landscape, key issues relevant to parties' claims and defenses; cross-examination of Nektar expert witness. | | | 403; Relevance (401/402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to Lilly's defenses, to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1369 | 4/27/2023 | Nektar00000239950 | Nektar00000239951 | | Email from Zalevsky re dosing scheme for ArD study | | Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1370 | 4/27/2023 | Nektar00000524602 | Nektar00000524605 | | Email from Tagliaferri in Eli LillyTimeline for Delivering Rezpeg Documents to Nektar | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1371 | 4/27/2023 | LLY02428157 | LLY02428157 | | Portfolio Investment Council Meeting Minutes | | Pfeifer, Nirula, Skovronsky | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). MIL is opposed. |
| Trial Exh 1376 | 4/28/2023 | Nektar00000092156 | Nektar00000092159 | | Email from Ross re PureTech proposal | | Robin, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402); MIL | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1377 | 4/30/2023 | Nektar00000300411 | Nektar00000300415 | Email from DocuSign System to Jonathan Zalevsky re: [EXTERNAL] Completed: Complete with DocuSign: Att 1 Q1/23 Review of EC Performance Grant Triggers | | | | | Not relevant; hearsay; no foundation / personal knowledge; subject to MIL. | Relevant to damages and Nektar's expectations; not hearsay under Rule 803; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1380 | 5/1/2023 | LLY02219141 | LLY02219239 | | Investigator's Brochure Lebrikizumab | Rameyer; Nirula; Sclemmer; Skovronsky; Ashrafzadeh; Klekotka; Pfeifer; Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1383 | 5/4/2023 | Nektar00000870775 | Nektar00000870776 | | Email from Tagliaferri re Publications and Lilly | | Zalevsky, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1384 | 5/4/2023 | Nektar00000943990 | Nektar00000943991 | | Robin Zalevsky Text messages | | Robin, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402); 403; MIL | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). MIL is opposed. |
| Trial Exh 1385 | 5/5/2023 | LLY02446543 | LLY02446826 | Email from Michael Sprengnether to Patrik Jonsson, Ajay Nirula re: BAML Healthcare Conference Prep Materials | | Jonsson; Nirula | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | No foundation / personal knowledge; subject to MIL; not relevant. | Foundation and knowledge will be established at trial; not subject to MIL; Nektar opposes MIL; relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | | |
| Trial Exh 1388 | 5/9/2023 | N/A | | | Nektar Therapeutics FQ1 2023 Earnings Call Transcript | | Robin, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | 403; Relevance (401/402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rule 401, 402). MIL is opposed. |
| Trial Exh 1389 | 5/9/2023 | N/A | | | Nektar Therapeutics FQ1 2023 Earnings Call Transcripts | | Robin | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | 403; Relevance (401/402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rule 401, 402). MIL is opposed. |
| Trial Exh 1390 | 5/15/2023 | Nektar00000070463 | Nektar00000070477 | | Email from Wilcox re Gristone/Nektar - Management Presentation | | Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402); MIL | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1391 | 5/16/2023 | LLY00964087 | LLY00904129 | Email from Jennifer Lynn Workman to Randall Boon and others re: RE: SLE-BRAVE Virtual Training | | Rameyer; Nirula; Skovronsky; Ashrafzadeh; Klekotka; Pfeifer; Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1392 | 5/16/2023 | Nektar00000091557 | Nektar00000091563 | | Mueller email re Ph2 material | | Hackstep, Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | Not relevant; subject to MIL; hearsay. | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1393 | 5/17/2023 | | | Article titled Safety of Lebrikizumab in Adults and Adolescents with Moderate-to-Severe Atopic Dermatitis: An Integrated Analysis of Eight Clinical Trials | | Skovronsky; Nirula; Schmitter; Klekotka; Mostaghimi; Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; hearsay | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703. | | |
| Trial Exh 1394 | 5/19/2023 | Nektar00000101101 | Nektar00000101113 | Email from Jonathan Zalevsky to Fannve, Yi Lin, Danni Yu, Brian Kenin, Sohail Chaudry re: Nektar Atopic Dermatitis Abstract for EADV for review | | Zalevsky; Christin Fannve, Yu; Kenin | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1395 | 5/19/2023 | Nektar00000739939 | Nektar00000740011 | Email from Jennifer Ruddock to Tanya Laeha re: New Folder for Kinekas VDR | | Ruddock; Robin; Sasaki; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge; not relevant. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial; admissible under Rules 702/703; relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; relevant to damages | | |
| Trial Exh 1398 | 5/22/2023 | LLY00720621 | LLY00720622 | Email from Heng Zou re: Re: [EXTERNAL] 20230522: urgent question for EADV abstract | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | No foundation / personal knowledge; hearsay. | Admissible under Rules 702/703; foundation will be established at trial; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1399 5/23/2023 | LLY0229128 | LLY0229128 | Teams chat between Carsten Schmitz and Jeremy Heckrorp | | Schmitz; Heckrorp | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1403 5/23/2023 | LLY00907905 | LLY00907905 | Email from Heng Zoo to Danni Yu, Yi Liu, Qing Zheng re: Re: [EXTERNAL] 20230522: urgent question for EADV abstract | | Zou; Yu; Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1404 5/24/2023 | LLY0238229 | LLY0238231 | Email from Heng Zoo to Qing Zheng, Yi Liu, Jonathan Zalevsky re: Re: [EXTERNAL] 20230522: urgent question for EADV abstract | | Zou; Yu; Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807. | | |
| Trial Exh 1406 5/25/2023 | LLY00902914 | LLY00902929 | Email from Heng Zoo to Jordan Bauer re: Re: [EXTERNAL] RFAD - Client's new/update requests | | RYIN (Bylancer); Zou; Schmitz; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation/personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1408 5/25/2023 | LLY00908039 | LLY00908052 | Email from Heng Zoo to Jordan Bauer re: Re: [EXTERNAL] RFAD - Client's new/update requests | | Zou; Schmitz; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1409 5/25/2023 | LLY00902892 | LLY00902906 | Email from David Manner to Carsten Schmitz re: RE: [EXTERNAL] RFAD - Client's new/update requests | | Manner; Schmitz; Zou | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1410 5/25/2023 | LLY00904263 | LLY00904264 | RE: Personnel Announcement - Kati Rasmeyer | | Rasmeyer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant, probative value outweighed by unfair prejudice or jury confusion (403). | Relevant background and relevant to Lilly's CRE obligations and development of Rezpeg and comparator drugs; not prejudicial or confusing, and Rule 403 balance favors admissibility. | | |
| Trial Exh 1411 5/26/2023 | LLY0221398 | LLY0221401 | Email from Heng Zoo to Danni Yu re: Re: [EXTERNAL] 20230522: urgent question for EADV abstract | | Zou; Yu | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807. | | |
| Trial Exh 1412 5/29/2023 | Nektar0000943992 | Nektar0000943993 | Robin Zalevsky Text messages | | | Robin, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402). | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1413 5/31/2023 | Nektar0000152351 | Nektar0000152356 | Email from Ruddock re Correction to of biz times | | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802); 403; Relevance (401/402); MIL. | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to cross-examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1415 6/4/2023 | LLY02431339 | LLY02431339 | Teams chat from D. Manner | | | Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802). | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1418 6/7/2023 | Nektar0000950330 | Nektar0000950330 | Email from Tagliaferri re PPD Discussion | | | Robin, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402). | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1421 6/12/2023 | Nektar0000002356 | Nektar0000002373 | Change Order #1 to Scope of Work #38 | | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106); Lack of Foundation/Personal Knowledge (104/602); Relevance (401/402). | Exhibit has been supplemented for completion or Exhibit is complete; Foundation/personal knowledge will be established at trial (see Rule 602); The exhibit is relevant to Lilly's defenses, rebutting Nektar's claims, and CRE (see Rules 401, 402). |
| Trial Exh 1422 6/13/2023 | Nektar0000092521 | Nektar0000092527 | Email from Ziare re Align_Nektar (aka Project Honeybee) – Data Rooms | | | Ruddock, Robin, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402); MIL. | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1423 6/20/2023 | LLY00905058 | LLY00905077 | Email from Carsten Schmitz to Joanne Foster, Deepa Pillai re: RE: [EXTERNAL] RFAD - Client's new/update requests | | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1424 6/20/2023 | Nektar0000654071 | Nektar0000654092 | Email from Yi Liu to Heng Xu, Danni Yu, and others re: RE: 255K ResPeg touch base | | Yu; Zalevsky; Koros; Tagliaferri; Moroughmu; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge; not relevant. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial; admissible under Rules 702/703; relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 1425 6/21/2023 | LLY00906914 | LLY00906978 | Email from Carsten Schmitz to Anja Keesser re: CD200 IB | | Schmitz; Robbins; Moroughmu | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | | |
| Trial Exh 1426 6/21/2023 | LLY02197528 | LLY02197545 | J. Heckrorp email attaching Lilly letter re TMP materials | | | Heckrorp | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims. | | | Hearsay (802). | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1431 6/23/2023 | LLY00903308 | LLY00903308 | Email from David Manner to Heng Zou re: RE: 1:1 | | Zou; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 1433 6/26/2023 | LLY00906256 | LLY00906264 | Email from Jordan Bauer to multiple recipients re: RE: [EXTERNAL] Question about EASI Score Calculations in RFAD | | Klikofka; Schmitz; Zou; Manner | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; foundation and knowledge will be established at trial. | | |
| Trial Exh 1435 6/27/2023 | LLY02454301 | LLY02454307 | Email from Joanne Foster to Emily Decker Voos, Jennifer Gerrard, Jeremy Heckrorp, David Manner, Yasin Raja re: RE: KFAD Raw Data | | Heckrorp; Manner; Zou | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1436 / 6/28/2023 | LLY00902876 | LLY00902877 | | Email from D. Manser to C. Schmitz re: KFAD EASI Issue | | Asbrafzadeh, Kristin, and Schmitz | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1439 / 6/30/2023 | Nektar0000056360 | Nektar0000056362 | | Document Preservation Notice | | Wilson | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es) | | | Relevance (401/402); 403 | The exhibit is relevant to witness credibility, and cross-examination of named Nektar witnesses (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 1441 / 7/15/2023 | Nektar0000300334 | Nektar0000300337 | | | Ruddock; Zalevsky; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | No foundation / personal knowledge; hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1442 / 7/15/2023 | Nektar0000079008 | Nektar0000079070 | Performance Grant Triggers | Email from Charlene Jue to Bohra Solochana re: 338 2023 DSUR | | Zalevsky; Ruddock; Kotzin; Nirula; Skrovronsky; Jonsson; Ashrafzadeh; Schmitz; Manser; Murray; Ramseyer; Pfeifer; Robbins; Monaghem | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1443 / 7/15/2023 | Nektar0000526934 | Nektar0000526951 | | Haerlen email re Nektar I AnalysisMate SOW next steps | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Relevance (401/402) | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1444 / 7/14/2023 | LLY00900361 | LLY00900361 | Investigator's Brochure GITR Antagonist Antibody | | Nirula; Evans; Skrovronsky; Robbins | | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility; foundation and personal knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1445 / 7/17/2023 | LLY00900361 | LLY00900361 | Excel file: OAM Alliance Overview_July_2023 | | Jonsson; Hackney | | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation and personal knowledge will be established at trial. | | |
| Trial Exh 1446 / 7/17/2023 | LLY02474867 | LLY02474867 | Anti-BTLA Agonist/Vreunproduct - Phase 1 Psoriasis - CSR Synopsis | | Nirula; Skrovronsky; Jonsson; Ashrafzadeh; Schmitz; Manser; Murray; Ramseyer; Pfeifer; Robbins | | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; cumulative or duplicative. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; Rule 403 cumulative or duplicative objection can be addressed at trial and balance favors admissibility. | | |
| Trial Exh 1448 / 7/18/2023 | Nektar0000151928 | Nektar0000151929 | | Email from Tagliaferri re Graphic One Page Educational Pamphlet for ISRs | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es) | | | Relevance (401/402) | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1450 / 7/26/2023 | LLY02219241 | LLY02219245 | Carsten Schmitz's resume | | Schmitz | | Background | | Background. | Relevant background. | | |
| Trial Exh 1453 / 7/31/2023 | LLY00903619 | LLY00903620 | Oversight of Data Integrity for Statistical Sciences (attachment to LLY00903608) | | Manser | | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; no authentication. | Foundation and knowledge will be established at trial; exhibit authenticated by virtue of it being produced by Lilly in response to Nektar production requests. | | |
| Trial Exh 1454 / 8/4/2023 | LLY00902966 | LLY00902967 | Email from David Manser to Hong Zou re: RE: [EXTERNAL] Question about PASI Score Calculations in KFAC | | Manser; Zou | | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 1455 / 8/7/2023 | LLY00902378 | LLY00902392 | Email from Carsten Schmitz to David Manser re: RE: [EXTERNAL] KFAD - Client's new/update requests | | Manser; Zou; Schmitz; Robbins | | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1456 / 8/7/2023 | LLY02430657 | LLY02430657 | Teams chat messages between Jeremy Hackney and Kathryn Ramseyer | | Hackney; Ramseyer | | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; hearsay; no foundation / personal knowledge. | Nektar opposes MIL; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1457 / 8/7/2023 | LLY02220373 | LLY02220373 | Email from Parik Jonsson to multiple recipients re RE: Nektar Announces Promising New and Corrected Rezpegaldesleukin Efficacy Data | | Jonsson; Skrovronsky | | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; hearsay. | Nektar opposes MIL; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 1458 / 8/7/2023 | | | Press release titled Nektar Announces Promising New and Corrected Rezpegaldesleukin Efficacy Data Which Were Previously Reported in 2022 and Incorrectly Calculated by Former Collaborator Eli Lilly & Company, August 7, 2023 | | Bolton; Yu; Kotzin; Tagliaferri; Ruddock; Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; probative value outweighed by unfair prejudice (403). | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; highly probative, not prejudicial, and Rule 403 balance favors admissibility. | | |
| Trial Exh 1459 / 8/7/2023 | LLY02431347 | LLY02431347 | Teams chat between David Manser, Ajay Nirula, and others | | Manser; Nirula; Zou | | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Nektar opposes MIL. | | |
| Trial Exh 1460 / 8/7/2023 | LLY02431078 | LLY02431080 | Teams chain confirming no raw-to-TFL for phase 1 | | | Manser | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1461 / 8/7/2023 | Nektar0000008259 | Nektar0000008272 | | Rezpegaldesleukin (REZPEG) Corrected Phase 1b Dataset of REZPEG in Atopic Dermatitis and Psoriasis slides | | Zalevsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 1462 / 8/7/2023 | Nektar0000868960 | Nektar0000868961 | | Email from Chevatiya re Press Release is Now Public | | Zalevsky; Ruddock | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | | | Relevance (401/402); 403; MIL | The exhibit is relevant to Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403); MIL is opposed. |

| Ex. No. Date | Begin Bates End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1467 8/7/2023 | LLY02220363 LLY02220363 | Email from Joseph E Fletcher to multiple recipients re: Re: Nektar Announces Promising New and Corrected Rezpegaldesleukin Efficacy Data W | | Jonsson; Skrovonsky; | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge; | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1468 8/7/2023 | LLY02201949 LLY02201949 | Email from Jeremy Hackstop to David Munster re: Re: [EXTERNAL] Question about PASI Score Calculations in KPAC | | Munster; Hackstop | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg. | | |
| Trial Exh 1469 8/7/2023 | Nektar0000006252 Nektar0000006252 | Email from Sohail Chaudhuris multiple recipients re: Nektar Update on REZPEG | | Tagliaferri; Zalevsky; Funton | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; subject to MIL. | Foundation and knowledge will be established at trial; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1470 8/7/2023 | LLY02454376 LLY02454377 | Email from Lotus Mallhris to Shanthi Sitharaman, Patrik Jonsson re: Re: Nektar Announces Promising New and Corrected Rezpegaldesleukin Efficacy Data | | Nirula; Jonsson; Skrovonsky | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; hearsay. | Foundation and knowledge will be established at trial; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807. | | |
| Trial Exh 1471 8/8/2023 | LLY02428832 LLY02428833 | Teams chat between Carston Schmitz and Anja Koester | | Schmitz | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg; Nektar opposes MIL. | | |
| Trial Exh 1472 8/8/2023 | Nektar0000733854 Nektar0000733857 | | Email from Wu re NKTR – Flash / Lilly May Have Misrepresented Rezpeg AiD Efficacy, But Does It Matter? / Market Perform | | Ruddick | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1473 8/8/2023 | Nektar0000733898 Nektar0000733901 | | Email from Robin re NKTR – Flash/Lilly May Have Misrepresented Rezpeg AiD Efficacy, But Does It Matter? | | Robin, Ruddick, Marais | Rebut and defend against Nektar allegations of damages or other harm; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1474 8/10/2023 | Nektar0000601321 Nektar0000601323 | | Email from Waltz re NKTR ISR Pamphlet v3 | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | Not relevant; subject to MIL; cumulative or duplicative; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; Rule 403 cumulative or duplicative objections can be addressed at trial and balance favors admissibility; foundation and knowledge will be established at trial; admissible under Rules 702/703. | Lack of Foundation/Personal Knowledge (104/602); Relevance (401/402) | Foundation/personal knowledge will be established at trial (see Rule 602); The exhibit is relevant to Lilly's defenses, rebutting Nektar's claims, and CRE (see Rules 401, 402). |
| Trial Exh 1476 8/14/2023 | LLY01282169 LLY01282307 | | Investigator's Brochure Baricitinib (Olumiant) | | Evans; Skrovonsky; Jonsson; Robbins; Mortaghimi | | | | | |
| Trial Exh 1478 8/15/2023 | Nektar0000000979 Nektar0000000979 | Email from Wang Waltz to Multiple Recipients re: 23-358-05; PAI Dated 09Aug2023 | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | MIL; hearsay. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1479 9/5/2023 | LLY02464938 LLY02464977 | | BTLA Board of Directors Meeting slides | | Nirula, Klekotka | | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1480 9/7/2023 | LLY01321730 LLY01321738 | | GFDR Antagonist (LY3844583) Request for Phase 2a AnD and Ph2b CMC Funding | | Pfeifer, Nirula, Skrovonsky | | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | Hearsay (802); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). MIL is opposed. |
| Trial Exh 1481 9/7/2023 | LLY02426397 LLY02426199 | | Portfolio Investment Council Meeting Minutes | | Nirula, Skrovonsky, Pfeifer | | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | Hearsay (802); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). MIL is opposed. |
| Trial Exh 1483 9/13/2023 | Nektar0000868333 Nektar0000868334 | | Email from Tagliaferri re Phase 2b Study Critical Delta to Reach Statistical Significance | | Zalevsky, Ruddick | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402) | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1484 9/15/2023 | Nektar0000739690 Nektar0000739692 | | Email from Ruddick re Leerink note | | Ruddick, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402); 403 | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 1485 9/21/2023 | Nektar0000780877 Nektar0000780884 | Email from Lorin Sasaki re: June 2023 Valuation Model | | Sasaki; Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | No foundation / personal knowledge; hearsay. | Foundation and knowledge will be established at trial; admissible under Rules 702/703; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807. | | |
| Trial Exh 1486 9/21/2023 | Nektar0000780877 Nektar0000780884 | Email from Sasaki re June 2023 Valuation Model | | | Other Nektar Witness | Rebut and defend against Nektar allegations of damages or other harm; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1487 9/21/2023 | Nektar0000780877 Nektar0000780876 | Email from Lorin Sasaki re: June 2023 Valuation Model | | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; admissible under Rules 702/703; foundation will be established at trial. | | |
| Trial Exh 1488 9/23/2023 N/A | | | Valentina Lykhopiy et al., IL-2 immunotherapy for targeting regulatory T cells in autoimmunity, 24 Genes & Immunity 248 | | Robbins | | Relevant to jury understanding of clinical development and competitive landscape, key issues relevant to parties' claims and defenses; cross-examination of Nektar expert witness | | | 403; Relevance (401/402); MIL | No unfair prejudice and balance favors admissibility (see Rules 401, 403); The exhibit is relevant to other Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1489 9/27/2023 | Nektar0000957710 Nektar0000957872 | | REZPEG Protocol No. 23-358-05 Amendment 2.0 | | Krueger, Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1491 / 10/12/2023 | LLY02469978 | LLY02467054 | | BTLA Board of Directors Meeting slides | | Nirula, Klekotka | Relevant to Lilly's efforts, expertise, and resources to develop Rospeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Foundation/Personal Knowledge (104-602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1493 / 10/18/2023 | | | Article titled TD Equity Research: Biotechnology - Nektar Therapeutics - Takeaways from Meeting with Management | | Maran | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches; witness credibility | Hearsay; no foundation / personal knowledge; probative value outweighed by unfair prejudice (403). | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; Rule 403 balance favors admissibility. | | |
| Trial Exh 1495 / 10/30/2023 | Nektar00000323358 | Nektar00000323366 | DocuSign Email re Art.3 Q3 '23 Review of EC Performance Grant Triggers FINAL | | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rospeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402); 403 | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 1497 / 11/3/2023 | Nektar00000998118 | Nektar00000998263 | | Medidata Rave Case Report Form (CRF) Completion Guidelines | | Mostaghimi, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rospeg; Cross examination of the named Nektar witness(es). | | | Incomplete (106); Lack of Foundation/Personal Knowledge (104-602); Relevance (401-402) | Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). The exhibit is relevant to Lilly defenses and to rebut Nektar claims. (see Rules 401, 402). |
| Trial Exh 1498 / 11/10/2023 | Nektar00000744535 | Nektar00000744537 | | Email from Robin re NKTR - Dropping Coverage Due to Reallocation of Resources / Coverage Dropped | | Robin, Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rospeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402); 403 | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). No unfair prejudice and balance favors admissibility (see Rules 401, 403). |
| Trial Exh 1499 / 11/21/2023 | Nektar00000744617 | Nektar00000744619 | | Email from Wu re Follow-up Materials from Nektar Touchpoint | | Ruddock, Zalevsky, Maran | Rebut and defend against Nektar's allegations of damages or other harm; cross examination of the named Nektar witness(es). | | | Relevance (401-402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1500 / 12/8/2023 | | | Lilly's Responses to RFP Set 1 | | Nirula, Skorvronsky; Jonsson; Ashrafzadeh; Schmitz; Manser; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant. | Relevant to Lilly's CRE obligation and development of Rospeg and comparator drugs. | | |
| Trial Exh 1501 / 12/8/2023 | | | Lilly's Responses to ROG Set 1 | | Nirula, Skorvronsky; Jonsson; Ashrafzadeh; Schmitz; Manser; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant as to certain responses; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rospeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1502 / 12/8/2023 | Nektar00000744260 | Nektar00000744262 | Email from Sasaki re Updated Budget Presentation | | | Robin, Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rospeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1503 / 12/8/2023 | LLY02427447 | LLY02427460 | GITR Antagonist (LY3644583) Termination of AtD Indication | | Pfeifer, Nirula, Skorvronsky | | Relevant to Lilly's efforts, expertise, and resources to develop Rospeg or other relevant drugs relevant under the License Agreement standard | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL; probative value outweighed by risk of unfair prejudice (403); not relevant. | Not subject to MIL; Nektar opposes MIL; highly probative and Rule 403 balance favors admissibility; relevant to Lilly's CRE obligation and development of Rospeg and defenses. | Hearsay (802); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807); MIL is opposed. |
| Trial Exh 1506 / 12/31/2023 | Nektar00001317592 / Nektar00000285749 | Nektar00001317743 / Nektar00000285749 | Eli Lilly and Company Form 10-K Annual Report for the fiscal year ended December 31, 2023; | | Skorvronsky; Jonsson | Ruddock, Zalevsky; Robbins; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant; hearsay; no foundation / personal knowledge; subject to MIL. | Relevant to damages; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803 807; foundation and knowledge will be established at trial; admissible under Rules 702 703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1509 / 1/15/2024 | LLY02472181 | LLY02472192 | Performance Grant Triggers | | Nirula, Skorvronsky; Jonsson; Ashrafzadeh; Schmitz; Manser; Murray; Ramseyer; Pfeifer; Zoe; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; Not relevant. | Foundation and knowledge will be established at trial; admissible under Rules 702 703; relevant to Lilly's CRE obligation and development of Rospeg. | | |
| Trial Exh 1510 / 1/19/2024 | LLY02472209 | LLY02472229 | Safety & Efficacy Quality System - Quality Series Third Party Management | | Nirula, Skorvronsky; Jonsson; Ashrafzadeh; Schmitz; Manser; Murray; Ramseyer; Pfeifer; Zoe; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rospeg; admissible under Rules 702 703; foundation and knowledge will be established at trial. | | |
| Trial Exh 1512 / 1/30/2024 | | | Safety & Efficacy Quality System - Quality Series Third Party Oversight Activities Template | | Krueger | | Witness credibility; proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant, subject to MIL; no foundation / personal knowledge. | Relevant to witness credibility and Lilly's CRE obligation and development of Rospeg and comparator drugs; not subject to MIL; Nektar opposes MIL; admissible under Rules 702 703. | | |
| Trial Exh 1514 / 2/6/2024 | | | Article titled Lebrikizumab in Uncontrolled Asthma: Reanalysis in a Well Defined Type 2 Population | | | | | | | | |
| Trial Exh 1515 / 2/22/2024 | LLY02467559 | LLY02467561 | | Licarpulumab/CD200R BoD Minutes | | Klekotka, Schmitz, Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Rospeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Foundation/Personal Knowledge (104-602); 403; Relevance (401-402); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to CRE obligation (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1516 / 2/22/2024 | LLY02467630 | LLY02467669 | | CD200R Agonist Antibody Board of Directors Deck | | Krueger, Klekotka, Schmitz | Relevant to Lilly's efforts, expertise, and resources to develop Rospeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rospeg | | | Hearsay (802); Foundation/Personal Knowledge (104-602); 403; Relevance (401-402); 403; MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1517 / 2/27/2024 | Nektar00000285576 | Nektar00000285577 | Email from M. Tagliaferri to J. Ruddock re DERMIRA CASE STUDY | | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rospeg; cross examination of the named Nektar witness(es). | | | Relevance (401-402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1520 / 3/4/2024 | | | Lilly's Responses to RFA Set 1 | | Nirula, Skorvronsky; Jonsson; Ashrafzadeh; Schmitz; Manser; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant as to certain responses; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rospeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |

DISPUTED EXHIBIT LIST

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1521 / 3/7/2024 | | | | Lilly's Responses to RFP Set 2 | Nirula; Skrovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | | |
| Trial Exh 1522 / 3/12/2024 | Nektar0000936123 | Nektar0000936123 | M. Tagliaferri Email attaching REZPEG Executive Committee Update with "Rezpegaldesleukin Regulatory Update for Atopic Dermatitis Phase 2b" | | | Ruddock, Krueger | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402). | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1523 / 3/12/2024 | Nektar0000936124 | Nektar0000936124 | | EC Update Rezpeg slides | | Ruddock, Krueger | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Relevance (401/402). | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1524 / 3/13/2024 | Nektar0000936125 | Nektar0000936125 | | Email from M. Tagliaferri re Slides | | Tagliaferri, Ruddock | Relevant to jury's understanding of Rezpeg's clinical development; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Relevance (401/402); Duplicate | The exhibit is relevant to Lilly defenses, rebutting Nektar claims, and cross-examination of named Nektar witnesses (see Rules 401, 402). Exhibit is not duplicative. |
| Trial Exh 1525 / 3/15/2024 | N/A | | | Faston email re Nektar/Lilly - Transition Requests | | Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1526 / 3/29/2024 | LLY02474871 | LLY02474871 | | Lilly's Answer and Counterclaims | Nirula; Skrovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Rebut allegations in counterclaims | Not relevant; subject to MIL; no foundation / personal knowledge. | Lilly's answer is relevant because it contains opposing party admissions about Rezpeg's development. Lilly's answer is not subject to a MIL, foundation will be laid at trial. | | |
| Trial Exh 1527 / 4/1/2024 | | | | Anti-BTLA Agonist/Vonasparbart - Phase 2 Lupus - CSR Synopsis | Nirula; Skrovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | No foundation / personal knowledge; not relevant. | Foundation and knowledge will be established at trial; admissible under Rules 702/703; relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | | |
| Trial Exh 1530 / 4/24/2024 | | | | Lilly's Responses to ROG Set 2 | Nirula; Skrovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant as to certain responses; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1531 / 4/26/2024 | | | | Lilly's Supplemental Responses to RFA Set 1 | Nirula; Skrovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant as to certain responses; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1532 / 4/29/2024 | Nektar0000131996 3 | Nektar0000131616 0 | | Development Safety Update Report | Zdravsky; Kovoc; Ruddock; Tagliaferri; Fanton; Robbins | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Subject to MIL. | Not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1535 / 6/6/2024 | Nektar0000957873 | Nektar0000958052 | | REZPEG Protocol No. 23-358-05 Amendment 3 (June 6, 2024) | | Krueger, Other Nektar Witness | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | | | Lack of Foundation/Personal Knowledge (104/602) | Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1537 / 6/10/2024 | Nektar0000957873 | Nektar0000958052 | | Rezpegaldesleukin - Protocol Number 23-358-05 | Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1538 / 6/14/2024 | N/A | N/A | | Nektar Company Conference Presentation Transcript | | Zdravsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | Relevance (401/402) | The exhibit is relevant to Lilly defenses, rebutting Nektar claims, and cross-examination of named Nektar witnesses (see Rules 401, 402). |
| Trial Exh 1539 / 6/20/2024 | | | | Lilly's Responses to RFP Set 3 | Nirula; Skrovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs. | | |
| Trial Exh 1541 / 7/26/2024 | | | | Lilly's Responses to RFA Set 2 | Nirula; Skrovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant as to certain responses; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1542 / 7/26/2024 | | | | Lilly's Responses to ROG Set 3 | Nirula; Skrovronsky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Ramseyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant as to certain responses; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1545 / 8/1/2024 | | | | Saphnelo FDA Label | Ashrafzadeh; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; foundation and knowledge will be established at trial; admissible under Rules 702/703. | | |
| Trial Exh 1546 / 8/6/2024 | | | | Press Release titled Arias Biopharma Raises $8 Million Ahead of Phase 2a Data Expected in Q4-2024 | | Krueger | | Witness credibility | Hearsay; not relevant; no foundation / personal knowledge. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703. | | |
| Trial Exh 1547 / 8/20/2024 | | | | Taltz FDA Label, date: August 20, 2024 | | Rao; Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant; duplicative. | Relevant for background and Lilly's development of Rezpeg and comparable drugs; duplicative objection can be addressed at trial. | | |
| Trial Exh 1548 / 8/21/2024 | LLY02466630 | LLY02466631 | | Cooperabart BoD Minutes | | Klekocka, Schmitz | | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); 403; Relevance (401/402); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to CRE (see Rules 401, 402). MIL is opposed. |

| Ex. No. / Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1549 / 8/21/2024 | LLY02469632 | LLY02469655 | | Unopesbart Board of Directors Meeting Deck | | Kneger, Klekotka, Schnitz, Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Reopeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg | | | Hearsay (802); 803; Relevance (401/402); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1551 / 9/1/2024 | Nektar0001316536 | Nektar0001316536 | Lilly/Lilli Consulting - Reopeg: Atopic Dermatitis Commercial Opportunity Assessment | | | Ruddock; Rao | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; foundation and knowledge will be established at trial; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1552 / 9/1/2024 | | | | | Nirula, Skorwensky; Jonsson; Ashrafzadeh; Schnitz; Manner; Murray; Ramseyer; Pfeifer; Robbins; Mossaghini; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages by Lilly's breaches | Subject to MIL. | Not subject to MIL; Nektar opposes MIL; relevant to Lilly's CRE obligation and development of Reopeg and comparator drugs. | | |
| Trial Exh 1554 / 9/6/2024 | Nektar0001229215 | Nektar0001229362 | | Lebrikizumab FDA Label | | Mossaghini | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Hearsay; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose under Rules 803/807; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1555 / 9/13/2024 | Nektar0001086567 | Nektar0001086568 | | NEK2333805 Medidata Rave eCRF Completion Guidelines / Email from Jonathan Zalevsky to Katie Caygill Knapp, Tagliaferri, and others re: RE: Lupus Network Meeting on 22Sep2024 | | Zalevsky; Kestin; Ruddock; Tagliaferri; Fanton; Robbins; Mossaghini | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Hearsay; subject to MIL; not relevant | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/803; admissible under Rules 702/703; not subject to MIL; Nektar opposes MIL; relevant to Lilly's CRE obligation and development of Reopeg; relevant to damages. | | |
| Trial Exh 1556 / 9/13/2024 | Nektar0001148845 | Nektar0001148926 | | Resolve AD Investigator Meeting Protocol 23-358-05 | | Mossaghini, Kneger, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg; Cross examination of the named Nektar witness(es) | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1557 / 9/18/2024 | Nektar0000962228 | Nektar0000962435 | Nektar Therapeutics Board of Directors Meeting | | Zalevsky; Robin; Ruddock; Robin; Mossaghini | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Hearsay at Nektar0000962233 to Nektar0000962239; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/803. | | |
| Trial Exh 1559 / 9/23/2024 | Nektar0000958138 | Nektar0000958192 | | PowerPoint titled Lupus Therapeutics & Nektar Data Review Meeting | | Kneger; Zalevsky; Robbins; Rao | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant. | Relevant to Lilly's CRE obligation and development of Reopeg; relevant to damages. | | |
| Trial Exh 1560 / 9/23/2024 | Nektar0001020118 | Nektar0001020125 | Nektar Therapeutics Data Review Advisory Board Meeting | | | Zalevsky; Kestin; Ruddock; Tagliaferri; Fanton; Robbins; Mossaghini | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Hearsay; subject to MIL; not relevant. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/803; admissible under Rules 702/703; Nektar opposes MIL; relevant to Lillys CRE obligation and development of Reopeg; relevant to damages. | | |
| Trial Exh 1561 / 10/17/2024 | Nektar0001073244 | Nektar0001073274 | | Email from Taylor Isnes to Jonathan Zalevsky re: Re: [EXTERNAL] re: [EXTERNAL] re: Follow-Up Discussion | | Zalevsky; Kestin; Ruddock; Tagliaferri; Fanton; Robbins; Mossaghini | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Hearsay; subject to MIL; not relevant. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/803; admissible under Rules 702/703; Nektar opposes MIL; relevant to Lillys CRE obligation and development of Reopeg; relevant to damages. | | |
| Trial Exh 1562 / 10/18/2024 | LLY02448631 | LLY02448631 | | Requested PAG Probabilities | | Murray; Klekotka | Relevant to Lilly's efforts, expertise, and resources to develop Reopeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg | | | Hearsay (802); Foundation/Personal Knowledge (104/602); 403; Relevance (401/402) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rules 602). No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402). |
| Trial Exh 1564 / 11/8/2024 | Nektar0001017922 | Nektar0001017923 | | Email from Modi re 358-05: ISR re-assessment metrics as of 08Nov2024 | | Other Nektar Witness | Proof of Lilly's liability... claim that Lilly failed to use commercially reasonable efforts to develop Reopeg; cross examination of the named Nektar witness(es); | No authentication; no foundation / personal knowledge; probative value outweighed by unfair prejudice / confusing the jury (403). | Authentication, foundation, and knowledge will be established at trial; highly probative and Rule 403 balance favors admissibility. | Lack of Foundation/Personal Knowledge (104/602); Relevance (401/402) | Foundation/personal knowledge will be established at trial (see Rule 602). The exhibit is relevant to Lilly defenses and to rebut Nektar claims (see Rules 401, 402). |
| Trial Exh 1565 / 11/14/2024 | | | | EASI Calculator Table | | Zee | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; no foundation / personal knowledge; not admissible. | Relevant background for corporate testimony; foundation and knowledge will be established at trial; "not admissible" is not an objection. | | |
| Trial Exh 1566 / 11/27/2024 | | | | Nektar Amended 30b6 Notice | | Klekotka | Background | Not relevant; no foundation / personal knowledge; not admissible. | Relevant background for corporate testimony; foundation and knowledge will be established at trial; "not admissible" is not an objection. | | |
| Trial Exh 1567 / 11/27/2024 | | | | Nektar 30(b)(6) Deposition Notice | | David Kantoski | Background | Not relevant; no foundation / personal knowledge; not admissible. | Relevant background for corporate testimony; foundation and knowledge will be established at trial; "not admissible" is not an objection. | | |
| Trial Exh 1568 / 11/27/2024 | | | | Nektar 30(b)(6) Deposition Notice | | Ramseyer | Background | Not relevant; no foundation / personal knowledge; not admissible. | Relevant background for corporate testimony; foundation and knowledge will be established at trial; "not admissible" is not an objection. | | |
| Trial Exh 1569 / 12/3/2024 N/A | | | | ClinicalTrials.gov; Master Protocol of Multiple Interventions for the Treatment of Adults with Moderate-to-Severe Atopic Dermatitis | | Kneger, Klekotka, Schnitz, Skorwensky | Relevant to Lilly's efforts, expertise, and resources to develop Reopeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg | | | Foundation/Personal Knowledge (104/602); 403; Relevance (401/402); MIL | Foundation/personal knowledge will be established at trial (see Rule 602). No unfair prejudice and balance favors admissibility (see Rules 401, 403). The exhibit is relevant to rebut Nektar claims and to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1570 / 12/13/2024 | Nektar0000964590 | Nektar0000964756 | | Nektar Board of Directors' Meeting Agenda | | Robin, Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Reopeg; cross examination of the named Nektar witness(es) | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |

DISPUTED EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/ Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1571 | 12/16/2024 | Nektar00001202262 | Nektar00001202262 | | Findings - Figure 1.6 Finding Details | | Mostaghimi, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es); | | | Relevance (401/402) | The exhibit is relevant to rebut Nektar claims and to cross examine Nektar witness (see Rules 401, 402). |
| Trial Exh 1572 | 12/18/2024 | N/A | N/A | Nektar Therapeutics' Privilege Log | | | Ruddock, Zalevsky | Cross examination of the named Nektar witness(es); Relevant to adverse inference instruction | | | Relevance (401/402); Foundation/Personal Knowledge (104/602) | The exhibit is relevant to Lilly defenses, rebutting Nektar claims, witness credibility and cross-examination of named Nektar witnesses (see Rules 401, 402). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1573 | 12/18/2024 | N/A | N/A | | Klekotka Ex. 164 (383(d)(1) Sender) | | Klekotka | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1576 | 1/1/2025 | | | PowerPoint titled LifeSci Consulting, REZPEG Atopic Dermatitis Commercial Opportunity Assessment, January 2025 | | Rao, Ruddock | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge; subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; foundation and knowledge will be established at trial; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1578 | 1/14/2025 | Nektar00001316534 | Nektar00001316534 | Spreadsheet titled Nektar REZPEG Model 1.14.25 updated.xlsx | | Zalevsky; Kerzin; Ruddock; Tagliaferri; Fanton; Sasaki; Rao | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Hearsay; no foundation / personal knowledge; | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial. | | |
| Trial Exh 1580 | 1/24/2025 | | | Lilly's Responses to RFA Set 3 | | Nirula; Skorvensky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Rameeyer; Pfeifer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing; proof of damages caused by Lilly's breaches | Not relevant as to certain responses; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1581 | 1/24/2025 | | | Lilly's Responses to ROG Set 4 | | Nirula; Skorvensky; Jonsson; Ashrafzadeh; Schmitz; Manner; Murray; Rameeyer; Pfeifer | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant as to certain responses; subject to MIL. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1582 | 1/24/2025 | Nektar00001331900 | Nektar00001331900 | Lilly's Third Amended Initial Disclosures | | Skorvensky; Jonsson; Manner; Other Lilly Witness | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; background. | Not relevant; no foundation / personal knowledge; probative value outweighed by jury confusion (403). | Not relevant under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; foundation and knowledge will be established at trial; not prejudicial or confusing, and Rule 403 balance favors admissibility; foundation and knowledge will be established at trial. | | |
| Trial Exh 1585 | 2/6/2025 | | | Spreadsheet titled 2025 Jan 2025_LT CASH MODEL_NKTR-358_DETAIL SUPPORT | | Ruddock; Sasaki; Rao | | Proof of damages for Lilly's breaches | Hearsay; no foundation / personal knowledge; no authentication. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; admissible under Rules 702/703; foundation and knowledge will be established at trial; Nektar will authenticate at trial. | | |
| Trial Exh 1586 | 2/10/2025 | | | Press Release titled Nektar Therapeutics Receives Fast Track Designation for Rezpegaldesleukin for the Treatment of Moderate-to-Severe Atopic Dermatitis | | Zalevsky; Robbie; Ruddock; Kerzin; Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; probative value outweighed by unfair prejudice (403); subject to MIL. | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; relevant background; Rule 403 balance favors admissibility; Nektar opposes MIL. | | |
| Trial Exh 1587 | 3/7/2025 | N/A | N/A | | Jonathan Silverberg et al., "Safety Profile of Rezpegaldesleukin, a Selective Regulatory T-Cell-Inducing Interleukin-2 Conjugate, versus Placebo Based on an Aggregate Safety Evaluation of 746 Subjects Enrolled Across 9 Studies," | | Krueger, Tagliaferri, Zalevsky, Yi, Liu | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg | | | Relevance (401/402) | The exhibit is relevant to Lilly defenses, rebutting Nektar claims, and cross-examination of named Nektar witnesses (see Rules 401, 402). |
| Trial Exh 1588 | 3/31/2025 | | | Amended Deposition Subpoena for Icon | | ICON (Byham) | | Background | Not relevant; no foundation / personal knowledge; not admissible. | Relevant background for corporate testimony; foundation and knowledge will be established at trial; "not admissible" is not an objection. | | |
| Trial Exh 1592 | 7/30/2025 | | | Press Release titled Rezpegaldesleukin gets fast track designation for alopecia | | Zalevsky; Robbie; Ruddock; Kerzin; Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; probative value outweighed by unfair prejudice (403). | Not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; relevant background; Rule 403 balance favors admissibility. | | |
| Trial Exh 1593 | 8/8/2025 | N/A | N/A | | https://www.dermatologytimes.com/view/jonathan-zalevsky-phd-on-rezpegaldesleukin-s-biologic-approach-to-alopecia-areata | | Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of Named Nektar witnesses | | | Relevance (401/402) | The exhibit is relevant to Lilly defenses, rebutting Nektar claims, and cross-examination of named Nektar witnesses (see Rules 401, 402). |
| Trial Exh 1594 | 9/4/2025 | | | circaetrxm.gov/nktrnixumab_eczema_trum | | Robbins; Mostaghimi | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; subject to MIL; hearsay. | Relevant to Lilly's CRE obligation and development of Rezpeg and comparator drugs; not subject to MIL; Nektar opposes MIL; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 1597 | 9/11/2025 | | | Case No. 23-2134, United States Court of Appeals for 7th Circuit; Strock v Lilly - 7th Circuit Opinion | | Skorvensky; Jonsson; Other Lilly Witness | | Proof of Lilly's liability for breach of contract and breach of contract and fair dealing | Not relevant (401); no foundation; unfair prejudice outweighs probative value (403); and inadmissible under 404. This is a court document regarding a civil False Claims Act judgment and appeal in unrelated litigation, which has no "tendency" to make any material fact in this case "more or less probable," introduces significant "danger of confusing the issues, wasting time, and misleading the jury" that substantially outweighs any probative value, and it is impermissible character evidence that does not prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Bulletin Displays, LLC v. Regency Outdoor Advert., Inc.*, 2011 WL 7710202, at *1 (C.D. Cal. Nov. 10, 2011); *Sauls v. Mitchell*, 2011 WL 1399245, at *5 (N.D. Cal. Apr. 15, 2011)) | Relevant background, character, and rebuttal/impeachment evidence; foundation will be established at trial; Rule 403 balance favors admissibility; not inadmissible under Rules 404 and/or 609. *See Rubalcava v. City of San Jose*, 2024 WL 2051641, at *5 (N.D. Cal. May 6, 2024) (denying motion in limine to exclude prior bad acts evidence, and allowing objections to be made to such evidence at trial depending on use). | | |

DISPUTED EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lilly Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1598 | 9/11/2025 | | | Case No. 23-2134; United States Court of Appeals for 7th Circuit; Streck v Lilly - 7th Circuit Order | | Skovronsky; Jonsson; Other Lilly Witness | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant (401); no foundation; unfair prejudice outweighs probative value (403); document regarding a civil False Claim Act judgment and appeal in unrelated litigation, which has no "tendency" to make any material fact in this case "more or less probable," introduces significant "danger of confusing the issues, wasting time, and misleading the jury" that substantially outweighs any probative value, and it is impermissible character evidence that does not make "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Balleza Displays, LLC v. Regency Outdoor Advert., Inc.*, 2011 WL 7710202, at *1 (C.D. Cal. Nov. 10, 2011); *Saale v. Mitchell*, 2011 WL 13992345, at *5 (N.D. Cal. Apr. 13, 2011). | Relevant background, character, and rebuttal/impeachment evidence; foundation will be established at trial; Rule 403 balance favors admissibility; not inadmissible under Rules 404 and/or 609. *See Rabekova v. City of San Jose*, 2024 WL 2031641, at *5 (N.D. Cal. May 6, 2024) (denying motion in limine to exclude prior bad acts evidence, and allowing objections to be made to such evidence at trial depending on use). | | |
| Trial Exh 1599 | 9/18/2025 | N/A | N/A | | https://www.nektar.com/wp-content/uploads/2025/09/EADV-2025_Silverberg-et-al_Rezpegaldesleukin_REZOLVE-AD.pdf | | Zelevsky, Yu, Liu, Fanton, Kotzin, Tagliaferri | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Relevance (401/402). | The exhibit is relevant to Lilly defenses, rebutting Nektar claims, and cross-examination of named Nektar witnesses (see Rules 401, 402). |
| Trial Exh 1600 | 2/XX/2025 | Nektar00000526940 | Nektar00000526960 | | Nektar Rezpeg SLE & AtD Market Research Final Report | | Zelevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 1601 | 3/XX/2023 | LLY02115551 | LLY02115607 | | Lilly Immunology Disease Strategy Systemic Lupus Erythematosus slides | | Murray | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1602 | 3/XX/2023 | Nektar00000100411 | Nektar00000100451 | | March 2023 Market Research | | Ruddock, Robin, Zelevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Foundation/Personal Knowledge (104/602); Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1603 | N/A | LLY02082165 | LLY02082174 | | Tafir Probability Assessment Document (PAD) | | Krueger, Skovronsky, Nirula | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Incomplete (106); Foundation/Personal Knowledge (104/602); Relevance (401/402); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). The exhibit is relevant to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1604 | N/A | LLY02082185 | LLY02082187 | | Contrarian Perspective on Tafir Hidradenitis Suppurativa Commercial Decision | | Skovronsky, Krueger | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard. | | | Hearsay (802); Incomplete (106); Foundation/Personal Knowledge (104/602); Relevance (401/402); MIL | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). The exhibit is relevant to CRE (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1605 | N/A | Nektar00000048904 | Nektar00000048909 | | Initial Scope of Work #9 | | Hackney | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Hearsay (802) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). |
| Trial Exh 1606 | N/A | Nektar00000635996 | Nektar00000636143 | | Protocol J1 P-MC-KFAE | | Kotzin | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Incomplete (106) | Exhibit has been supplemented for completion or Exhibit is complete. |
| Trial Exh 1607 | N/A | Nektar00000857258 | Nektar00000857278 | | Prepared Remarks Nektar Draft Script | | Ruddock | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106); Relevance (401/402); MIL | Exhibit has been supplemented for completion or Exhibit is complete. The exhibit is relevant to Lilly defenses and to rebut Nektar claims. (see Rules 401, 402). MIL is opposed. |
| Trial Exh 1608 | N/A | Nektar00000662990 | Nektar00000662998 | | Questions for Nektar | | Krueger, Other Nektar Witness | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; cross examination of the named Nektar witness(es). | | | Incomplete (106); Lack of Foundation/Personal Knowledge (104/602) | Exhibit has been supplemented for completion or Exhibit is complete. Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1609 | Undated | LLY02415408 | LLY02415434 | Lance Pfeffer's Journal | | Pfeffer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; hearsay. | Relevant to Lilly's CRE obligation and development of Rezpeg; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 1610 | Undated | LLY02435304 | LLY02435372 | Jeremy Hackney's Journal | | Hackney | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant to claims or objections; hearsay. | Relevant to Lilly's CRE obligation and development of Rezpeg; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807. | | |
| Trial Exh 1611 | Various | LLY01323587 | LLY01324143 | Kathryn Ramseyer Day Planner | | Ramseyer | | Proof of Lilly's liability for breach of contract and the implied covenant of good faith and fair dealing | Not relevant; hearsay; no foundation / personal knowledge. | Relevant to Lilly's CRE obligation and development of Rezpeg; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803/807; foundation and knowledge will be established at trial. | | |

DISPUTED EXHIBIT LIST

| Ex. No. | Date | Begin Bates | End Bates | Nektar Title/Description | Lily Title/Description | Nektar Sponsoring Witness | Lilly Sponsoring Witness | Purpose for Offering | Lilly Objection(s) | Nektar's Responses to Objection(s) | Nektar Objection(s) | Lilly's Responses to Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Trial Exh 1612 | x/x/2022 | Nektar0000299323 | Nektar0000299325 | | 2022 Achievements | | Ruddock, Zalevsky | Relevant to collaboration development decisions to defend against Nektar's breach of contract claims; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Relevance (401/402); MIL; Incomplete (106) | The exhibit is relevant to other Nektar claims and to cross examine Nektar witness (see Rules 401, 402). MIL is opposed. Exhibit has been supplemented for completion (re Exhibit is complete. |
| Trial Exh 1613 | XX/XX/2016 | LLY02252647 | LLY02252680 | | Immunology Strategy Overview slides | | Nivala, Barbusiora | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs relevant under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Hearsay (802); Foundation/Personal Knowledge (104/602) | Not hearsay (Rule 801) and/or hearsay exception applies (see Rules 803, 804, 807). Foundation/personal knowledge will be established at trial (see Rule 602). |
| Trial Exh 1614 | | | | | | Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant. | Relevant to damages. | | |
| Trial Exh 1615 | | | | | Mark Edwards, "Recent Trends in Effective Royalty Rates of Biopharma Alliances" Presentation | Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Not relevant; subject to MIL. | Relevant to damages; not subject to MIL; Nektar opposes MIL. | | |
| Trial Exh 1616 | | | | Gross Domestic Product; Implicit Price Deflator Index, <www.fred.stlouisfed.org/series/GDPDEF> | Lonro Trigeorgis, Francesco Baldi, Daniela Baglieri, Raffaele Oriani, "Value Share Appropriation and Payment Structure in Biotechnology Licensing Deals: A Real Options and Bargaining Analysis," European Financial Management Association Annual Meetings, June 2020, at Table 1 | Rao | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing; proof of damages for Lilly's breaches | Hearsay; no foundation / personal knowledge; not relevant. | Relevant to damages; foundation will be established at trial; dismissible under Rules 702/703; not hearsay under Rule 801; admissible for non-hearsay purpose and/or subject to hearsay exception under Rules 803-807. | | |
| Trial Exh 1617 | | LLY02445982 | LLY02445982 | | Table 14.2.2.2. Summary of Pharmacokinetic Parameters (PK Analysis Set) | Robbins | | Proof of Lilly's liability for breach of contract and breach of the implied covenant of good faith and fair dealing | Not relevant; foundation. | Admissible under Rules 702/703; relevant to Lilly's CRE obligation and development of Rezpeg; foundation will be established at trial. | | |
| Trial Exh 1618 | N/A | | | | Torashikimab_R-33_NCT03031191_A Study of LY3375880 in Adults With Moderate-to-Severe Atopic Dermatitis_ClinicalTrials.gov | | Klekotka | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Error; Exhibit not Provided | Exhibit has been supplemented. |
| Trial Exh 1619 | N/A | | | | CD200R_NCT05911841_A Study of LY3454738 in the Treatment of Adult Participants With Moderate-to-Severe Atopic Dermatitis_ClinicalTrials.gov | | Klekotka | Relevant to Lilly's efforts, expertise, and resources to develop Rezpeg or other relevant drugs under the License Agreement standard; Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg. | | | Error; Exhibit not Provided | Exhibit has been supplemented. |
| Trial Exh 1620 | | Nektar0001389396 | Nektar0001389481 | | NKTR Q&A Document | | Ruddock, Zalevsky | Rebut and defend against Nektar's claim that Lilly failed to use commercially reasonable efforts to develop Rezpeg; Cross examination of the named Nektar witness(es). | | | Incomplete (106); Relevance (401/402); MIL | Exhibit has been supplemented for completion or Exhibit is complete. The exhibit is relevant to Lilly defenses, to rebut Nektar claims, to witness credibility, and to CRE (see Rules 401, 402). MIL is opposed. |