**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

January 21, 2026

Honorable Judge James Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re: *Nektar Therapeutics v. Eli Lilly and Company*, 23-cv-3943-JD (N.D. Cal.)

Dear Judge Donato:

Nektar seeks to compel Eli Lilly to provide a supplemental production under Federal Rule of Civil Procedure 26(e) of newly available—but previously requested—materials about CD200R's Phase 2 eczema study that Lilly claims are "highly probative" and "directly relevant" to its defenses. Nektar certifies that, prior to bringing this motion, Nektar conferred with Lilly pursuant to the Court's Standing Order and the Civil Local Rules.

Because CD200R is a key comparator drug to Rezpeg, Nektar served discovery requests for these documents nearly two years ago, long before the close of fact discovery. Lilly agreed to produce documents within its possession to Nektar, but certain data was unavailable to produce. Lilly publicly confirmed after the close of discovery that the CD200R trial was terminated the same month discovery closed. Nektar now seeks the exact production of materials for CD200R that Lilly demanded, and this Court compelled, for Rezpeg: (1) the unblinded data from CD200R's Phase 2 eczema study; (2) presentations of the unblinded data to key opinion leaders ("KOLs"), and minutes of any meetings about the presentations; and (3) documents about the unblinded data hosted by three custodians for a period of one week before and three weeks after the data was unblinded. (*Compare with* Dkt. 297.) Despite contending that the documents Nektar seeks are "highly" relevant, Lilly refuses to produce them, in flat contradiction to the exact arguments it advanced in its own discovery motion. (*See* Dkt. 250.)

Lilly's refusal to compromise has necessitated both its original motion and this one. When Lilly demanded Rezpeg Phase 2 documents, Nektar proposed avoiding motion practice: Nektar would produce Rezpeg documents if Lilly produced reciprocal CD200R documents. Lilly refused, moved to compel, and obtained from the Court essentially what Nektar had already offered. Now, when Nektar requests symmetrical CD200R production, Lilly again refuses unless Nektar drops one of its pending Motions in Limine ("MIL"). Lilly should not be permitted to have it both ways. For the same reasons the Court recently ordered Nektar to produce newly available data about Rezpeg's Phase 2 eczema study, it should order Lilly to produce the same categories of documents for CD200R.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

I. **Background**

Nektar requested CD200R documents in February 2024—nearly a year before the January 24, 2025 close of fact discovery. *See* Nektar RFP Nos. 49-54 and 57 (seeking documents related to CD200R's safety, efficacy, injection site reactions, trial costs, "go" and/or "no-go" decisions, and likelihood of success). Lilly terminated its CD200R Phase 2 trial in January 2025 and disclosed that decision in February 2025.[1]

CD200R is a primary comparator drug to Rezpeg. The License Agreement's Commercially Reasonable Efforts ("CRE") clause required Lilly to give Rezpeg the same "effort, expertise and resources normally used by [Lilly] in the development and/or commercialization of a comparable pharmaceutical product Controlled by [Lilly]." Dkt. 196-2, Ex. A (Agreement), p.3. Lilly acknowledges that CD200R is a relevant "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." *See* Lilly Response to Interrogatory No. 3.

Lilly's own experts make CD200R's Phase 2 data central to their opinions. Mr. Buthusiem opines that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Dkt. 207-2, Ex. A ¶¶ 116, 202-203. Dr. Krueger opines that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Dkt. 209-2, Ex. A ¶ 185. Lilly cannot rely on CD200R's Phase 2 trial to defend its conduct while hiding what happened in that trial.

Internal Lilly documents confirm that Lilly pitted CD200R and Rezpeg against each other. Dr. Carsten Schmitz was asked to "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Dkt. 228-4, Ex. 90. Lilly employees operated on the "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" forward. *Id.*, Ex. 88 at -497. Lilly chose CD200R, even though Lilly knew Rezpeg's clinical trial data was "▇▇▇▇▇▇▇▇." Dkt. 228-2, Ex. 20. Lilly witnesses testified that CD200R subsequently "▇▇▇▇" its Phase 2 trial, *see* Skovronsky Dep. Tr. 129:19-20, but Lilly has refused to produce the underlying data from that trial.

II. **Lilly Has a Duty to Supplement Under Rule 26(e)**

"Federal Rule of Civil Procedure 26(e) imposes an ongoing duty to supplement all discovery responses 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete[.]'" *Williams v. Woodford*, 2010 WL 4530160, at *3 (E.D. Cal. Nov. 2, 2010). This duty remains even after the close of fact discovery. *See Gamevice, Inc. v. Nintendo Co.*, 2019 WL 5565942, at *2 (N.D. Cal. Oct. 29, 2019). Rule 26(e) "on its face, makes no distinction between information-including documents-acquired prior to and after the conclusion of fact discovery (or indeed of any discovery)." *Pizza Pub. Co. v. Tricon Glob. Restaurants, Inc*., 2000 WL 1457010, at *1 (S.D.N.Y. Sept. 29, 2000).

Although additional responsive materials surely exist that have not been provided (*e.g*., documents discussing Lilly's reasons for terminating the study, including the unblinded trial data),

---

[1] *See* https://www.fiercebiotech.com/biotech/eli-lilly-lops-alzheimers-and-obesity-assets-pipeline-q4-update.

2

Lilly refuses to produce them. When Nektar proposed a symmetrical exchange of Rezpeg and CD200R documents in July 2025, Lilly refused. (*See* 7/28/25 D. Elihu email to P. Weeks; 7/29/25 P. Weeks email to D. Elihu.) After the Court ordered Nektar to produce limited categories of Rezpeg Phase 2 documents (Dkt. 297), Nektar requested that Lilly produce those *same* categories for CD200R. Lilly again refused unless Nektar drops its pending MIL No. 7, which seeks to exclude "evidence or argument concerning [Lilly's] conduct in developing certain drugs *after* the parties' License Agreement terminated . . . to defend against Nektar's contract claims." Dkt. 264.

Lilly's position—that it need not produce documents Nektar is seeking to exclude in MIL No. 7—is indefensible. Admissibility and discoverability are distinct legal tests. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."); *see also Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("[D]iscoverable information need not be admissible at the trial."); *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, 2007 WL 4166030, at *3 n.5 (N.D. Cal. Nov. 19, 2007) ("The question before the Court today is the discoverability, not the admissibility, of the settlement agreement."). Lilly cannot credibly challenge the discoverability of the CD200R documents Nektar seeks: its opposition to Nektar's MIL insists that this information is "highly probative" and "directly relevant" to Nektar's claims. Dkt. 268-6 at 7. If Nektar's pending MIL is denied, Nektar must be equipped with such "highly probative" evidence at trial.

Lilly's position is also inconsistent with its motion to compel production of Rezpeg's Phase 2 documents. Just one month ago, Lilly asked the Court to order Nektar to produce minutes from meetings with KOLs regarding Rezpeg's Phase 2 eczema trial despite its pending MIL arguing such evidence is inadmissible at trial. *Contrast* 12/11/2025 Hearing Tr. 8:12-23 (asking the Court to compel production of "meeting minutes" with KOLs Nektar hired to "evaluate [its] data") *with* Dkt. 283-4 (Lilly MIL arguing feedback from "Nektar's supposed thought leaders are paradigmatic hearsay" and unfairly prejudicial under Rule 403). If Lilly can move to compel production of documents Lilly argues are inadmissible, so can Nektar. *See Chiaradonna v. Rosemont Coll.*, 2007 WL 925897, at *1 (E.D. Pa. Mar. 23, 2007) ("What is good for the goose is good for the gander.").

Lilly may also argue this Court already resolved comparator drug discovery disputes. Not so. Nektar could not have compelled production of data that did not exist before discovery closed. Rule 26(e)'s supplementation duty exists precisely to address this situation.

### IV. Conclusion

Nektar respectfully requests the Court order Lilly to produce (1) the unblinded data from CD200R's Phase 2 atopic dermatitis trial; (2) presentations of the unblinded data to key opinion leaders, and minutes of any meetings about the presentations; and (3) documents about the unblinded data hosted by Carsten Schmitz, Paul Klekotka, and Dan Skovronsky for a period of one week before and three weeks after the data was unblinded.

Very truly yours,
*/s/ Yury Kapgan*
Yury Kapgan

*Attorneys for Plaintiff Nektar Therapeutics*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1

I, John ("Mickey") McCauley, am the ECF user whose user ID and password are being used to file this document. I hereby attest that concurrence in the filing of this document has been obtained from the other signatory.

By */s/ John McCauley*
John McCauley