Mark C. Holscher, P.C. (SBN 139582)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email: mark.holscher@kirkland.com

Emma Scott (SBN 352078)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: emma.scott@kirkland.com

Diana M. Watral, P.C. (admitted *pro hac vice*)
Gabor Balassa, P.C. (admitted *pro hac vice*)
Ryan J. Moorman, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: diana.watral@kirkland.com
Email: gbalassa@kirkland.com
Email: ryan.moorman@kirkland.com

*Counsel for Defendant Eli Lilly and Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>    Plaintiff,<br><br>    v.<br><br>ELI LILLY & CO.,<br><br>    Defendant. | CASE NO. 3:23-CV-03943-JD<br><br>**DECLARATION OF RYAN MOORMAN PURSUANT TO L.R. 79-5(f)(3) IN SUPPORT OF SEALING MATERIAL AT ECF NO. 302**<br><br>Judge:      Hon. James Donato |

I, Ryan Moorman, hereby declare as follows:

1. I am a partner with the law firm Kirkland & Ellis LLP, counsel for Defendant Eli Lilly and Company.

2. I am submitting this declaration on behalf of Lilly as the Designating Party pursuant to Northern District of California Civil Local Rule 79-5(f)(3), in response to Plaintiff Nektar Therapeutics' Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Dkt. 303.

3. I have reviewed Nektar's letter seeking to compel supplemental production of certain materials ("Letter"), filed as Dkt. 302.

4. The Letter contains seven (7) distinct sealed excerpts of material that Lilly has designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order in this action.

5. Five (5) of those excerpts derive from Underlying Documents (Dkt. 207-2, Ex. A; Dkt. 209-2, Ex. A; Dkt. 228-2, Ex. 20; Dkt. 228-4, Exs. 88, 90) that the Court has already provisionally sealed.

6. Lilly respectfully requests these five (5) excerpts ("Derived Material") remain sealed consistent with the Court's order provisionally granting of the parties' motion to seal the Underlying Documents, as described below.

7. On August 18, 2025, the parties filed a Joint Omnibus Motion to Seal Materials Submitted in Connection with Motion for Summary Judgment and *Daubert* Briefing ("Joint Omnibus Motion").

8. The August 15, 2025 Declaration of Jennifer Gerrard in Support of Omnibus Motion to Seal Materials Submitted in Connection with Motion for Summary Judgment and *Daubert* Briefing, Dkt. 249-85 ("Gerrard Declaration") explained "[a]s a business engaged in the development and commercialization of pharmaceutical solutions, Lilly undertakes significant efforts to protect its confidential and proprietary information and business strategies, including . . . details regarding Lilly's product development and commercialization strategies and methods." Gerrard Decl. at ¶ 6.

9. The Gerrard Declaration also states that the "information that Lilly seeks to seal is limited and narrowly tailored to the specific information that . . . is highly sensitive and, if publicly disclosed, could significantly prejudice Lilly's competitive position by harming Lilly's relationships with business

1 | partners and patients, putting Lilly at unfair advantage in future business negotiations, and permitting Lilly's competitors to gain an unfair advantage in competition with Lilly." Gerrard Decl. at ¶ 8.

10. In the Joint Omnibus Motion, Lilly sought to seal four categories of confidential, non-public information. One of those categories of information was competitively sensitive business information. *See* Gerrard Decl. at 6-7. Included in that Joint Omnibus Motion as competitively sensitive business information were the Underlying Documents that Nektar quotes in the Derived Material. *See* Dkt. 249-84 at pp. 120, 154-56, 205, 219.

11. The Gerrard Declaration explains "documents which contain confidential and nonpublic business strategies, including commercialization strategies, clinical development processes, clinical trial information and designs, and internal analyses or discussions of in-development or unreleased products [contain] valuable, sensitive, and proprietary business information [that] would provide competitors with access to information about Lilly's business practices to which they are not entitled and which they could use to Lilly's competitive detriment." Gerrard Decl. at ¶ 11.

12. On September 24, 2025, the Court provisionally granted the sealing requests contained in the Joint Omnibus Motion, which included the Underlying Documents from which the Derived Material in Nektar's Letter is quoted. *See* Dkt. 256.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. This Declaration was executed January 28, 2026 in Chicago, Illinois.

                          /s/ Ryan Moorman
                          Ryan Moorman