1  Mark C. Holscher, P.C. (SBN 139582)
   KIRKLAND & ELLIS LLP
2  555 South Flower Street, Suite 3700
   Los Angeles, CA 90071
3  Telephone: (213) 680-8400
   Facsimile: (213) 680-8500
4  Email: mark.holscher@kirkland.com

5  Emma Scott (SBN 352078)
   KIRKLAND & ELLIS LLP
6  555 California Street, Suite 2700
   San Francisco, CA 94104
7  Telephone: (415) 439-1400
   Facsimile: (415) 439-1500
8  Email: emma.scott@kirkland.com

9  Diana M. Watral, P.C. (admitted *pro hac vice*)
   Gabor Balassa, P.C. (admitted *pro hac vice*)
10 Ryan J. Moorman, P.C. (admitted *pro hac vice*)
   KIRKLAND & ELLIS LLP
11 333 West Wolf Point Plaza
   Chicago, IL 60654
12 Telephone: (312) 862-2000
   Facsimile: (312) 862-2200
13 Email: diana.watral@kirkland.com
   Email: gbalassa@kirkland.com
14 Email: ryan.moorman@kirkland.com

15 *Counsel for Defendant Eli Lilly and Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY & CO.,<br><br>Defendant. | CASE NO. 3:23-CV-03943-JD<br><br>**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 303)**<br><br>Judge:     Hon. James Donato |

# [PROPOSED] ORDER

On January 21, 2026, Plaintiff Nektar Therapeutics ("Nektar") filed an Administrative Motion pursuant to N.D. Cal. Local Rule 79-5(f) to Consider Whether Another Party's Material Should Be Sealed. The Motion concerns excerpts contained within a letter brief filed by Nektar at Dkt. 302, which Defendant Eli Lilly and Company ("Lilly") has designated as "Confidential" and "Highly Confidential" pursuant to the Protective Order in this action.

On January 28, 2026, Ryan Moorman filed a declaration on behalf of Lilly in support of sealing portions of Nektar's letter brief at Dkt. 302, specifically the five excerpts defined in that declaration as "Derived Material" which this Court has already provisionally sealed. *See* Dkt. 256.

Having considered the Motion and Moorman Declaration, and for good cause shown, **IT IS HEREBY ORDERED**, that the Motion to seal the information below (as outlined in the Moorman Declaration) is **GRANTED**.

| Document | Portion to be Filed Under Seal | Party Claiming Confidentiality | Reason for Sealing | Prior Order Sealing Same Materials |
|---|---|---|---|---|
| Nektar's Letter Brief at Dkt. 302 | Pg. 2, after "Mr. Buthusiem opines that" to end of sentence. | Lilly | Contains Lilly's competitively sensitive business information. (*See* Dkt. 249-85, Gerrard Decl., ¶ 11) | Dkt. 256 |
| Nektar's Letter Brief at Dkt. 302 | Pg. 2, after "Dr. Krueger opines that" to end of sentence. | Lilly | Contains Lilly's competitively sensitive business information. (*See* Dkt. 249-85, Gerrard Decl., ¶ 11) | Dkt. 256 |
| Nektar's Letter Brief at Dkt. 302 | Pg. 2, after "Dr. Carsten Schmitz was asked to" to end of sentence. | Lilly | Contains Lilly's competitively sensitive business information. (*See* Dkt. 249-85, Gerrard Decl., ¶ 11) | Dkt. 256 |
| Nektar's Letter Brief at Dkt. 302 | Pg. 2, between "Lilly employees operated on the" and "forward". | Lilly | Contains Lilly's competitively sensitive business information. (*See* Dkt. 249-85, Gerrard Decl., ¶ 11) | Dkt. 256 |

| Document | Portion to be Filed Under Seal | Party Claiming Confidentiality | Reason for Sealing | Prior Order Sealing Same Materials |
|---|---|---|---|---|
| Nektar's Letter Brief at Dkt. 302 | Pg. 2, from "Rezpeg's clinical trial data was" to end of sentence. | Lilly | Contains Lilly's competitively sensitive business information. (*See* Dkt. 249-85, Gerrard Decl., ¶ 11) | Dkt. 256 |

**IT IS SO ORDERED.**

DATED: _____, 2026

_____
Honorable Judge of the District Court of Northern District of California