**quinn emanuel** trial lawyers

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

February 25, 2026

Honorable Judge James Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:     *Nektar Therapeutics v. Eli Lilly and Company*, 23-cv-3943-JD (N.D. Cal.)

Dear Judge Donato:

This letter marks Nektar's fifth filing in its attempt to secure documents that Nektar first requested two years ago; that Lilly generated during fact discovery; that Lilly (not Nektar) argues are "directly relevant" and "highly probative" in this case; and that the Court has *already ordered Lilly to produce*. These documents concern CD200R, a key comparator drug under the License Agreement's Commercially Reasonable Efforts clause. In its opposition, Lilly apparently now agrees that the documents Nektar seeks should be produced. (*See* Dkt. 307). But Lilly's cynical argument that it has "mooted" Nektar's motion to compel by making a belated and facially *incomplete* production—a clear effort to avoid an order against it in a high-profile case—should be rejected. Because Lilly has shown that judicial intervention is necessary for it to comply with its discovery obligations, Nektar respectfully requests an order compelling Lilly to produce documents it has inexplicably refused to produce for years.

*First*, Lilly has played games regarding the documents Nektar seeks for two years, imposing unnecessary costs and burdens on the parties and the Court. Even though CD200R is a key comparator to Rezpeg under the License Agreement's Commercially Reasonable Efforts clause and Lilly's own experts rely on CD200R's Phase 2 trial as a centerpiece of their defense, Lilly repeatedly refused to produce documents regarding CD200R, prompting Nektar to file multiple motions to compel. Recently, Lilly refused to produce any documents regarding CD200R's termination, claiming they are irrelevant or conditioning production on Nektar's withdrawal of a pending motion *in limine*. (*See* Dkt. 302.) This prompted another motion to compel from Nektar (*id*.), and on February 19, 2026—the night its opposition was due and without any prior notice or meet-and-confer—Lilly made a limited production of documents responsive to Nektar's request.

Lilly's tactics—stonewalling Nektar's requests, forcing unnecessary motion practice, and then unilaterally declaring the dispute resolved based on an inadequate last-minute production—are designed to maximize the cost of litigation to Nektar while avoiding a Court order against it. This is not an isolated incident. Lilly employed this same approach with its counterclaims: filing pleadings the Court found "inadequate" (Dkt. 54; 6/20/24 Hearing Tr. at 3:14–4:12), resisting discovery into basic elements of those claims (*see* Dkt. 96), forcing full summary judgment briefing (Dkts. 194, 225, 233), and then voluntarily dismissing its own claims before the Court could rule. (Dkt. 252.)

***Second,*** Lilly expends considerable energy criticizing Nektar for supposedly requesting more recent CD200R documents and simultaneously seeking to exclude them at trial. As an initial matter, Lilly has repeatedly asserted their relevance, a point repeated in its recent opposition. That should be the end of the inquiry. Further, there is nothing inconsistent with seeking documents in discovery that may or may not ultimately be admissible at trial. The legal standard for discovery and admissibility are not coextensive.

***Third***, contrary to Lilly's claim, even a cursory review shows Lilly's thin production of 135 documents (79 Teams chats; 51 emails; 5 attachments) is facially incomplete and did not "moot" Nektar's motion. (Dkt. 307) For example, despite the representation in its letter, Lilly's production does not include "the final Clinical Study Report containing data from CD200R's Phase 2 eczema study." (Dkt. 307 at 2.) Indeed, Lilly's production contains only a handful of identical-looking copies of a high-level PowerPoint summary of the CD200R Phase 2 eczema study data, not the complete set of unblinded data Nektar seeks. Nektar, by contrast, produced more than 1200 documents concerning its Phase 2 eczema study of Rezpeg, including data tables, regulatory filing drafts, internal and external presentations, quality control processes, and more. Lilly should have the same documents for CD200R, and its failure to produce them further confirms the inadequacy of its eleventh hour production.

In light of Lilly's cagey efforts to avoid an order to compel, and last week's facially incomplete production, Nektar asks this Court to order Lilly to produce: (1) the unblinded data from CD200R's Phase 2 atopic dermatitis trial; (2) presentations of the unblinded data to key opinion leaders, and minutes of any meetings about the presentations; and (3) documents about the unblinded data hosted by Carsten Schmitz, Paul Klekotka, and Dan Skovronsky for a period of one week before and three weeks after the data was unblinded.

Very truly yours,

*/s/ Yury Kapgan*

Yury Kapgan

*Attorneys for Plaintiff Nektar Therapeutics*