Mark C. Holscher, P.C. (SBN 139582)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email: mark.holscher@kirkland.com

Emma Scott (SBN 352078)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: emma.scott@kirkland.com

Diana M. Watral, P.C. (admitted *pro hac vice*)
Gabor Balassa, P.C. (admitted *pro hac vice*)
Ryan J. Moorman, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: diana.watral@kirkland.com
Email: gbalassa@kirkland.com
Email: ryan.moorman@kirkland.com

*Counsel for Defendant Eli Lilly and Company*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELI LILLY & CO.,<br><br>　　　　Defendant. | CASE NO. 3:23-CV-03943-JD<br><br>**DECLARATION OF RYAN MOORMAN PURSUANT TO L.R. 79-5(C) IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:　　　Hon. James Donato |

DECLARATION OF RYAN MOORMAN PURSUANT
TO N.D. CAL. LOCAL RULE 79-5(c)

CASE NO. 3:23-CV-03943-JD

I, Ryan Moorman, hereby declare as follows:

1. I am a partner with the law firm Kirkland & Ellis LLP, counsel for Defendant Eli Lilly and Company.

2. I am submitting this declaration on behalf of Lilly as the Designating Party pursuant to Northern District of California Civil Local Rule 79-5(c), in conjunction with Lilly's Administrative Motion to File Under Seal portions of its Supplemental Statement in Support of Motion for Summary Judgment.

3. I have reviewed Lilly's Supplemental Statement in Support of Motion for Summary Judgment (the "Supplemental Statement"), filed as ECF 319.

4. The Supplemental Statement contains one (1) sealed excerpt of material that Lilly has designated as "Confidential" pursuant to the Protective Order in this action.

5. This excerpt derives from an Underlying Document (ECF 33-2) that the Court has already provisionally sealed.

6. Lilly respectfully requests this one (1) excerpt ("Derived Material") remain sealed consistent with the Court's order provisionally granting of the parties' motion to seal the Underlying Document, as described below.

7. On August 18, 2025, the parties filed a Joint Omnibus Motion to Seal Materials Submitted in Connection with Motion for Summary Judgment and *Daubert* Briefing ("Joint Omnibus Motion").

8. The August 15, 2025 Declaration of Jennifer Gerrard in Support of Omnibus Motion to Seal Materials Submitted in Connection with Motion for Summary Judgment and *Daubert* Briefing, ECF 249-85 ("Gerrard Declaration") explained "[a]s a business engaged in the development and commercialization of pharmaceutical solutions, Lilly undertakes significant efforts to protect its confidential and proprietary information and business strategies, including . . . details regarding Lilly's product development and commercialization strategies and methods." Gerrard Decl. at ¶ 6.

9. The Gerrard Declaration also states that the "information that Lilly seeks to seal is limited and narrowly tailored to the specific information that . . . is highly sensitive and, if publicly disclosed, could significantly prejudice Lilly's competitive position by harming Lilly's relationships with business

partners and patients, putting Lilly at unfair advantage in future business negotiations, and permitting Lilly's competitors to gain an unfair advantage in competition with Lilly." Gerrard Decl. at ¶ 8.

10.     In the Joint Omnibus Motion, Lilly sought to seal four categories of confidential, non-public information. One of those categories of information was non-public contractual terms and conditions. *See* Gerrard Decl. at ¶ 9. Included in that Joint Omnibus Motion as non-public contractual terms and conditions was the Underlying Document that Lilly quotes in the Derived Material. *See* ECF 249-84 at p. 61.

11.     The Gerrard Declaration explains that, "pursuant to the [License] Agreement, the parties set forth certain business and financial terms of their relationship, including royalty amounts and payment timelines, a payment structure whereby Lilly agreed to pay Nektar certain amounts at set milestones in REZPEG's development, and other heavily negotiated financial and procedural terms [which are] nonpublic and commercially sensitive in nature." Gerrard Decl. at ¶ 9.

12.     On September 24, 2025, the Court provisionally granted the sealing requests contained in the Joint Omnibus Motion, which included the Underlying Documents from which the Derived Material in Lilly's Supplemental Statement is quoted. *See* ECF 256.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. This Declaration was executed April 6, 2026 in Chicago, Illinois.

*/s/ Ryan Moorman*
Ryan Moorman

DECLARATION OF RYAN MOORMAN PURSUANT          3          CASE NO. 3:23-CV-03943-JD
TO N.D. CAL. LOCAL RULE 79-5(c)