QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
  Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
  Suong Nguyen (Bar No. 237577)
  suongnguyen@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  David M. Elihu (Bar No. 303043)
  davidelihu@quinnemanuel.com
  Jimmy Bieber (Bar No. 301639)
  jimmybieber@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Attorneys for Plaintiff Nektar Therapeutics

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>              Plaintiff,<br><br>      vs.<br><br>ELI LILLY & CO.,<br><br>              Defendant. | CASE NO. 3:23-cv-03943-JD<br><br>**DECLARATION OF THOMAS PARKER IN SUPPORT OF PLAINTIFF NEKTAR THERAPEUTICS' MOTIONS IN LIMINE**<br><br>The Hon. James Donato |

### DECLARATION OF THOMAS PARKER

I, Thomas Parker, declare as follows:

1.    I am an attorney licensed to practice in the State of California and am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Nektar Therapeutics ("Nektar").  I have personal knowledge of the matters set forth in this declaration, and if called as a witness I would testify competently to those matters.

2.    I respectfully submit this declaration in support of Nektar's Motions in Limine ("Motions").

3.    Lilly examined at deposition the following Nektar witnesses about whether Nektar invoked the License Agreement's committee deadlock procedure:  Daniel Bushell; Tamara Do; Howard Robin; Jennifer Ruddock; and Jonathan Zalevsky.

4.    Attached to this declaration are true and correct copies of Exhibits 1 through 12, which Nektar cites in certain of its Motions and are described below:

| Ex. No. | Description of Exhibit | Provisionally Filed Under Seal |
|---|---|---|
| 1 | Document produced by Lilly with Bates designation LLY01306976. | Yes |
| 2 | Document titled "Safety Profile of Rezpegaldesleukin, a Selective Regulatory T-Cell-Inducing Interleukin-2 Conjugate, versus Placebo Based on an Aggregate Safety Evaluation of 746 Subjects Enrolled Across 9 Studies." | Yes |
| 3 | Document produced by Lilly with Bates designation LLY02290043. | Yes |
| 4 | Excerpts of the transcript from the January 24, 2025 deposition of Jennifer Ruddock. | Yes |
| 5 | Excerpts of the transcript from the June 20, 2024 hearing. | No |
| 6 | Excerpts of the transcript from the November 14, 2024 deposition of Yi Liu. | Yes |
| 7 | Excerpts of the transcript from the November 25, 2024 deposition of Lorin Sasaki. | Yes |
| 8 | Excerpts of the transcript from the November 18, 2024 deposition of Tamara Do. | Yes |
| 9 | Excerpts of the transcript from the December 3, 2024 deposition of Kenneth Franke. | Yes |
| 10 | Excerpts of the transcript from the December 16, 2024 deposition of Charleen Jue. | Yes |

| 11 | Excerpts of the transcript from the December 19, 2024 deposition of Christie Fanton. | Yes |
| 12 | Excerpts of the transcript from the May 5, 2025 deposition of Mark Wilson. | Yes |

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

This declaration was executed on July 23, 2026 at Los Angeles, California.


*/s/ Thomas Parker*
Thomas Parker

Case No. 3:23-cv-03943-JD
PARKER DECLARATION IN SUPPORT OF NEKTAR'S MOTIONS IN LIMINE

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

I, Yury Kapgan, am the ECF user whose user ID and password are being used to file this document.  I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By  _/s/ Yury Kapgan_
Yury Kapgan

# EXHIBIT 1

*(filed under seal)*

# EXHIBIT 2

*(filed under seal)*

# EXHIBIT 3

*(filed under seal)*

# EXHIBIT 4

*(filed under seal)*

# EXHIBIT 5

**Pages 1 - 36**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

| | |
|---|---|
| NEKTAR THERAPEUTICS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | **NO. 23-CV-03943-JD** |
| ) | |
| ELI LILLY & CO., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

San Francisco, California
Thursday, June 20, 2024

**TRANSCRIPT OF PROCEEDINGS**

<u>**APPEARANCES:**</u>

For Plaintiff:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
BY: **YURY KAPGAN, ATTORNEY AT LAW**
**DAVID M. ELIHU, ATTORNEY AT LAW**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
BY: **JOHN MIGUEL MCCAULEY, ATTORNEY AT LAW**

For Defendant:

KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
BY: **ANNA TERTERYAN, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON THE NEXT PAGE.)**

REPORTED REMOTELY BY: Kendra A. Steppler, RPR, CRR
Official United States Reporter

MR. KAPGAN:  That's why --

THE COURT:  Okay.  Let's do 2015; right?  You had two years ahead.  All right?

MR. KAPGAN:  Thank you, Your Honor.

THE COURT:  2015.  I'm sorry.  I thought the -- I thought the agreement was signed in 2019.

MR. ELIHU:  No.

THE COURT:  You're sure?  2017?

MR. BALASSA:  Your Honor --

MR. ELIHU:  They don't dispute that.

MR. BALASSA:  Your Honor --

THE COURT:  You're sure?

MR. BALASSA:  -- may I respond though?

Looking back at the commercially reasonable efforts provision, counsel didn't read it to the end.  Your Honor, the last part of the commercially reasonable efforts provision says --

THE COURT:  It was about the countries; right?

MR. BALASSA:  It says those efforts may change over time, reflecting a change in status of the product.

Time does matter for determining commercial --

THE COURT:  Oh, no.  But listen.  If the agreement was signed in 2017, what's happening the year or two before is certainly informative about what the parties meant when they signed the agreement in 2017.  That's perfectly fine.

Okay.  So you get to go back to 2015.

Now, look, if it turns out to be a mountain, you can come back and tell me it's too much or whatever.  But, you know, you signed a contract in 2017.  The prior two-year practice -- highly relevant, in my view, to what people meant when they signed the contract.  Of course it evolves after that.  But at the time of the signature, it's only what you had before that.  So --

MR. BALASSA:  Your Honor, that last point the Court made -- that it may evolve after that -- is certainly true.  That when clinical testing begins in 2019, you get into 2020, what's relevant there is what's happening not even in 2019 or '18 or '17, much less 2015 or '14.  It's what's happening in 2020.

THE COURT:  And that may be.  But I'm not going to cut off --

MR. ELIHU:  Yeah.

THE COURT:  -- 2015.

MR. ELIHU:  It just -- I'll let it go.

THE COURT:  Here's the other thing you do in court:  When you win, you stop; okay?  Otherwise you're going to talk me out of it.

Okay.  What else is happening?  Well, let me do this:  I don't really want to do this in this case.  I do it in my MDLs.  I do it in my massive, multiparty class actions.  But I'm

**MR. KAPGAN:** Understood.  We'll take your comments.  Thank you, Your Honor.

**THE COURT:** All right.  Thank you.

**MR. BALASSA:** Thank you, Judge.

**THE COURTROOM DEPUTY:** All rise.  Court is in recess.

(Proceedings adjourned at 11:26 a.m.)

---oOo---


## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


DATE:    Monday, June 24, 2024


_____

Kendra A. Steppler, RPR, CRR

Official Reporter, U.S. District Court

# EXHIBIT 6

*(filed under seal)*

# EXHIBIT 7

*(filed under seal)*

# EXHIBIT 8

*(filed under seal)*

# EXHIBIT 9

*(filed under seal)*

# EXHIBIT 10

*(filed under seal)*

# EXHIBIT 11

*(filed under seal)*

# EXHIBIT 12

*(filed under seal)*