QUINN EMANUEL URQUHART &
SULLIVAN, LLP
  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
  Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
  Suong Nguyen (Bar No. 237577)
  suongnguyen@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

  David M. Elihu (Bar No. 303043)
  davidelihu@quinnemanuel.com
  Jimmy Bieber (Bar No. 301639)
  jimmybieber@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Plaintiff Nektar Therapeutics*

Emma Scott (SBN 352078)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: emma.scott@kirkland.com

James F. Hurst, P.C.(admitted *pro hac vice*)
Diana M. Watral, P.C. (admitted *pro hac vice*)
Gabor Balassa, P.C. (admitted *pro hac vice*)
Ryan J. Moorman, P.C. (admitted *pro hac vice*)
Patrick Weeks (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.hurst@kirkland.com
Email: diana.watral@kirkland.com
Email: gbalassa@kirkland.com
Email: ryan.moorman@kirkland.com
Email: patrick.weeks@kirkland.com

*Counsel for Defendant Eli Lilly and Company*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>             Plaintiff,<br><br>      vs.<br><br>ELI LILLY & CO.,<br><br>             Defendant. | Case No. 3:23-cv-03943-JD<br><br>**JOINT SUBMISSION OF PROPOSED VOIR DIRE QUESTIONS**<br><br>Trial:      September 8, 2026<br>Place:     Courtroom 11<br>Judge:    Hon. James Donato |

Pursuant to the Court's Standing Order for Civil Jury Trials, Plaintiff Nektar Therapeutics and Defendant Eli Lilly and Company submit this list of joint proposed voir dire questions.

Dated: July 23, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Respectfully submitted,

KIRKLAND AND ELLIS, LLP

*/s/ Yury Kapgan*
Yury Kapgan
Diane Doolittle
David Elihu
Suong Nguyen
Kyle Batter
Jimmy Bieber

*Attorneys for Plaintiff Nektar Therapeutics*

*/s/ Ryan J. Moorman, P.C.*
Emma Scott
James F. Hurst, P.C.
Diana M. Watral, P.C.
Gabor Balassa, P.C.
Ryan J. Moorman, P.C.
Patrick Weeks

*Counsel for Defendant Eli Lilly and Company*

**I.        JOINT PROPOSED VOIR DIRE QUESTIONS**

1.        Counsel for Plaintiff will introduce themselves and their client.

        a.  Do you know any of the attorneys?

        b.  Do you know any of the Plaintiff representatives?

2.        Counsel for Defendant will introduce themselves and their client.

        a.  Do you know any of the attorneys?

        b.  Do you know any of the Defendant representatives?

3.        Are you personally acquainted with any current or former officer, director, or employee of Nektar Therapeutics?

        a.  Have you or anyone close to you ever worked for this company?

        b.  Have you or anyone close to you had any financial dealings with this company, including stock ownership?

        c.  Do you have any strong negative or positive opinions about this company?

4.        Are you personally acquainted with any current or former officer, director, or employee of Eli Lilly & Co.?

        a.  Have you or anyone close to you ever worked for this company?

        b.  Have you or anyone close to you had any financial dealings with this company, including stock ownership?

        c.  Do you have any strong negative or positive opinions about this company?

5.        I will read a potential list of witnesses who may testify at trial.  Do you know any of these individuals?

6.        Do you or anyone close to you have education, training, or work experience relating to the following:

        a.  Pharmaceuticals, pharmaceutical companies, or the pharmaceutical industry.

        b.  Medical or scientific research.

        c.  Clinical testing.

        d.  Medical practice.

        e.  Product or drug development.

f.   Statistical studies or analysis.

7.   Do you have strong opinions or feelings about pharmaceuticals, pharmaceutical companies, or the pharmaceutical industry?

8.   Do you or anyone close to you have personal experience or specialized knowledge of:

a.   Atopic dermatitis (also called eczema) or other skin inflammation conditions.

b.   Lupus or other chronic autoimmune diseases.

9.   Do you have any particular experience with contracts, such as negotiating or administering contracts?

10.   Have you or anyone close to you ever made, or been sued for, a claim for breach of contract?

11.   Have you or anyone close to you ever appeared in court or a court proceeding as a plaintiff or defendant, witness, victim, or expert?

12.   Have you read or heard anything about this case other than what you have heard here today?

13.   Do you have any difficulty understanding English, or reading documents in English?

14.   Is there anything that you believe could affect your ability or availability to serve as a fair and impartial juror for this trial?

**WITNESSES**

1.    Howard Robin

2.    Lorin Sasaki

3.    Jonathan Zalevsky

4.    Danni Yu

5.    Brian Kotzin

6.    Jennifer Ruddock

7.    Mary Tagliaferri

8.    Christie Fanton

9.    Arash Mostaghimi

10.    Mark Robbins

11.    Janice Evans

12.    David Kutoloski

13.    Rodger Taylor

14.    Joanne Lancaster

15.    Jeremy Huckstep

16.    David Murray

17.    David Manner

18.    Jodi Rylance

19.    Lance Pfeifer

20.    Carsten Schmitz

21.    Heng Zou

22.    Daniel Skovronsky

23.    Patrik Jonsson

24.    Paul Klekotka

25.    Ajay Nirula

26.    Kathryn Ramseyer

27.    Ali Ashrafzadeh

JOINT SUBMISSION OF PROPOSED VOIR DIRE
QUESTIONS                                      -4-                          Case No. 3:23-cv-03943-JD

## II.    SUPPLEMENTAL QUESTIONS PROPOSED BY LILLY

1.    Do you believe large pharmaceutical companies are bad business partners with smaller companies?

2.    Do you believe pharmaceutical companies do not honor their contracts with smaller companies?

3.    Has someone ever backed out or tried to back out of a contract with you?

4.    Have you ever been cut out of an important business or personal relationship?

5.    Have you or anyone close to you had a negative experience with a product manufactured by Eli Lilly and Company?

**LILLY'S POSITION**

The Court should adopt Lilly's five additional questions because they are designed to prompt specific, case-relevant biases that jurors may hold against Lilly.  Lilly's proposed questions thus "serve[] the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." *Mu'Min v. Virginia,* 500 U.S. 415, 431 (1991).  There is no basis for Nektar to oppose these questions, other than to try to limit Lilly's ability "to effectively and intelligently exercise [its] right to peremptory challenges and challenges for cause" to obtain an impartial jury. *Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981).  Each of Lilly's proposed questions is warranted.

First, the Court should ask, "Do you believe large pharmaceutical companies are bad business partners with smaller companies?", and second, "Do you believe pharmaceutical companies do not honor their contracts with smaller companies?"  These questions are "directed toward an important aspect of the litigation about which members of the public may be expected to have strong feelings or prejudices," which makes them the type that "the court should adequately inquire into the subject on voir dire." *Id.*

Nektar is well aware of—and has tried to exploit—biases against large pharmaceutical companies since the inception of the case.  ECF No. 61 (Amended Complaint) at 2 ("This case involves the all-too-familiar story of a large pharmaceutical company elevating profits over all else.  Lilly, one of the largest pharmaceutical companies in the world, shirked its clinical and contractual responsibilities to … Nektar.").  In its motions *in limine*, Nektar continues to argue that "Lilly's size and vast financial resources are highly relevant."  Nektar's Opp'n to Lilly's Mot. *in limine* No. 5 at 1.  Lilly should be permitted to discover whether any potential jurors hold these biases.  Moreover, these biases are often deeply felt and highly prejudicial, making it hard to imagine that a juror who holds them could actually set them aside and be fair in this case.

Third, Lilly proposes asking "Has someone ever backed out or tried to back out of a contract with you?" and, fourth, "Have you ever been cut out of an important business or personal relationship?"  These questions will provide useful information that will help determine whether potential jurors have had personal experiences akin to those claimed by Nektar in this breach of

contract case. *See Hatcher v. Cnty. of Alameda,* 2011 WL 4634053, at \*3 (N.D. Cal. Oct. 5, 2011) (explaining voir dire is "the proper means of gleaning information about jurors' individual experiences and areas of expertise which might bear on their ability to fairly deliberate the case at bar."); ECF No. 61 at 2 (alleging that "Lilly's scheme was designed to justify its eventual termination of the parties' agreement … thereby delaying or preventing its introduction into the market to compete against Lilly's newly-acquired drug candidate"). If a juror has had personal experience with being cut out of a business relationship, or with a party breaching its contract, he or she may have difficulty setting those experiences aside and being impartial, and risk over-influencing the jury.

Finally, the Court should ask: "Have you or anyone close to you had a negative experience with a product manufactured by Eli Lilly and Company?" This is a standard question, and its relevance is obvious. If a juror has had a negative experience taking a Lilly product, he or she may have a hard time setting aside preconceived feelings about Lilly wholly unrelated to the merits of the commercial contract claims in this case.

Lilly respectfully requests that the Court include each of Lilly's proposed additional voir dire questions.

**NEKTAR'S POSITION**

Nektar respectfully requests that each of Lilly's unnecessary and inflammatory questions be excluded from *voir dire*.  Below, Nektar provides a brief response to each question.

1.    **Do you believe large pharmaceutical companies are bad business partners with smaller companies?**

This question is unnecessary, argumentative, and inflammatory.  To start, the question has no value to these proceedings.  This trial asks jurors to evaluate Lilly's performance of a specific License Agreement—it does not ask jurors to make a generalized judgment on whether large pharmaceutical companies are bad business partners.  And other questions already seek information on their experiences with pharmaceutical companies, so this question adds no value to the jury selection proceedings.  See Questions 6-7; see also Question 9 (seeking experience with contracts).

Further, the question raises unhelpful and inflammatory argumentative language that may cause jurors to be predisposed one way or the other, or to believe that they are being asked to make a broad judgment call as to whether big companies tend to be "bad business partners."  The Court should prevent jurors from this needlessly slanted and provocative question and exclude it from *voir dire*.

2.    **Do you believe pharmaceutical companies do not honor their contracts with smaller companies?**

Similar to the above question, this question is unnecessary and argumentative.  This trial asks jurors to evaluate Lilly's performance of a specific License Agreement, not to make a generalized judgment on whether pharmaceutical companies do not honor their contracts with smaller companies.  And other questions already seek information on such experiences, so this question adds no value to the jury selection proceedings.  *See* Questions 6-7; *see also* Question 9 (seeking experience with contracts).  This question should be excluded.

Further, the question raises unhelpful and argumentative language that may cause jurors to be predisposed one way or the other, or to believe that they are being asked to make a broad

judgment call as to whether big companies tend to be "not honor their contracts." The Court should prevent jurors from this needlessly slanted and provocative question and exclude it from *voir dire*.

### 3. **Has someone ever backed out or tried to back out of a contract with you?**

This question is unnecessarily duplicative of the parties' agreed-upon Question 10, which asks the potential jurors whether they or anyone close to them have made, or been sued for, a breach of contract claim. Asking jurors about their generalized experience of "back[ing] out of a contract" will not shed further probative light on a juror's ability to fairly and impartially adjudicate these proceedings.

Further, the manner in which the question is worded may confuse and slant jurors' understanding of these proceedings. The parties are not litigating the questions of generalized backing out of contracts; they are litigating whether Lilly performed in accordance with its obligations under the License Agreement, and in particular, whether it exercised Commercially Reasonable Efforts in doing so. The only conceivable relevant experience related to this question would arise if a juror represented a pharmaceutical company that was in the same position as Nektar or Lilly—and if that is the case, the parties' other questions about pharmaceutical experience (Questions 6-7) would sufficiently elicit any relevant responses.

### 4. **Have you ever been cut out of an important business or personal relationship?**

This question is unnecessarily duplicative of the parties' agreed-upon Question 10, which asks the potential jurors whether they or anyone close to them have made, or been sued for, a breach of contract claim. Asking jurors about their generalized experienced of being "cut out of an important business or personal relationship" will not shed further probative light on a juror's ability to fairly and impartially adjudicate these proceedings.

Further, the question unnecessarily references "personal" relationships, which are not at issue in this trial, and which may raise inapposite and distracting juror reactions about romantic breakups or divorces. The Court should avoid eliciting such issues at juror selection, both to focus attention on the issues at hand, and to prevent jurors from having to raise irrelevant and deeply personal experiences.

Finally, the manner in which the question is worded may confuse and slant jurors' understanding of these proceedings. The parties are not litigating the questions of being cut out of a "relationship"; they are litigating whether Lilly performed in accordance with its obligations under the License Agreement, and in particular, whether it exercised Commercially Reasonable Efforts in doing so. The only conceivable relevant experience related to this question would arise if a juror represented a pharmaceutical company that was in the same position as Nektar or Lilly—and if that is the case, the parties' other questions about pharmaceutical experience (Questions 6-7) would sufficiently elicit any relevant responses.

5.    **Have you or anyone close to you had a negative experience with a product manufactured by Eli Lilly and Company?**

Lilly's proposed question is duplicative and will introduce needless delay to the proceedings. The parties have already agreed on questions to elicit potential favoritism for or bias against each party: for example, Question No. 4 seeks information about the jurors' acquaintance with Lilly officers, directors, or employees; work with Lilly; financial dealings with Lilly; and negative or positive views of Lilly. Those queries are sufficient for the Court and parties to determine whether a juror will be biased toward or against Lilly in these proceedings.

By contrast, seeking information about jurors' usage of Lilly's drugs, and usage by "anyone close to [the juror]," will not produce relevant information to these proceedings, and will cause needless confidential, personal information to be injected in these proceedings. Lilly is an enormous drug manufacturer that makes GLP-1 agonists (weight loss drugs such as Mounjaro), along with Prozac (antidepressent), Zyprexa (antipsychotic), Cialis (erectile dysfunction), and Humulin (insulin), among countless others. Jurors may have taken or been prescribed these drugs, or know someone who has, with no effect on their view of the proceedings. They should not have to describe during jury selection their uses of these drugs which will inevitably disclose confidential medical information about the prospective jurors and which may be embarrassing and sensitive. To the extent any such usage would have an effect on a particular juror's view of Lilly, Question 4 (with its query regarding negative or positive views about Lilly) would capture it. Therefore, this question should be excluded.

**<u>ATTESTATION PURSUANT TO CIVIL L.R. 5-1(I)(3)</u>**

I, Yury Kapgan, am the ECF user whose user ID and password are being used to file this document.  I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By  /s/ *Yury Kapgan*
Yury Kapgan