Emma Scott (SBN 352078)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: emma.scott@kirkland.com

James F. Hurst, P.C. (admitted *pro hac vice*)
Gabor Balassa, P.C. (admitted *pro hac vice*)
Diana M. Watral, P.C. (admitted *pro hac vice*)
Ryan J. Moorman, P.C. (admitted *pro hac vice*)
Patrick Weeks (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.hurst@kirkland.com
Email: gbalassa@kirkland.com
Email: diana.watral@kirkland.com
Email: ryan.moorman@kirkland.com
Email: patrick.weeks@kirkland.com

*Counsel for Defendant Eli Lilly and Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>    Plaintiff,<br><br>    v.<br><br>ELI LILLY & CO.,<br><br>    Defendant. | CASE NO. 3:23-CV-03943-JD<br><br>**DEFENDANT ELI LILLY AND COMPANY'S OPPOSITION TO PLAINTIFF NEKTAR THERAPEUTICS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:      Hon. James Donato |

      Lilly opposes Nektar's Administrative Motion to File Under Seal portions of Lilly's Opposition to Plaintiff's Administrative Motion for Leave to File a Daubert Motion (ECF 371).  Nektar seeks to seal ten generic statements about supposedly ███████████████ because it allegedly ██████████

███████████████████████████████████████ *See* Ex. A; ECF 371-2, Rao Opp. at 3-4.  There is no basis to seal these statements.  Subjects that a company routinely discusses publicly in securities filings and earnings calls are not properly sealed because "[i]t is axiomatic that the Court cannot justify sealing information that is 'already publicly available.'"  *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 5579222, at *3 (S.D. Cal. Nov. 30, 2021) (internal citation omitted); *see also* LR 79-5.

That is the situation here.  Nektar routinely discusses whether it ████████████████████ in its earnings calls and SEC filings—precisely because that question goes to the heart of whether it can bring Rezpeg to market on its own.  And what Nektar has been telling investors ████████████████ ████.  Its CEO told investors Nektar had "***no plans to partner with anybody else***."  Ex. 1, May 9, 2023 Earnings Call Tr. at 9.  Its SEC filings do ***not*** say the company ████████████████████ ████, as Nektar now claims in this litigation.  Instead, those filings describe ████████████ as one option among several: "[W]e ***may*** enter into new collaboration agreements or other similar transactions, ***and*** we ***may also*** seek financing transactions, which ***may*** include dilutive equity-based financings, such as an offering of our common stock."  *See* Ex. 2, Nektar 2025 Form 10-K at 71 (emphasis added).

Nektar just exercised one of those options to launch its Phase 3 trial—but it was ***not*** ████████ ████████.  Instead, it twice raised capital ($460 million in February and $373 million in April 2026), bringing its "total cash and investments today to over $1 billion," to "advance [Rezpeg] into Phase 3" "with a cash runway that brings [Nektar] into 2028, well past anticipated data readouts."  *See* Ex. 3, May 7, 2026 Earnings Call Tr. at 5.  That is consistent with the assertion Nektar's CEO made previously— without any subsequent correction—that "[a]t this point, I have ***no plans to partner with anybody else***.  This is Nektar's program.  I think it's a great opportunity for us to ***see this through to completion***."  *See* Ex. 1, May 9, 2023 Earnings Call Tr. at 9.  Then on July 21, 2026, Nektar announced it was launching two Phase 3 clinical trials funded by capital financing—***without*** ████████████████████ *See* Ex. 4, Nektar July 21, 2026 Press Release.

That leaves Nektar in a Catch-22.  Nektar does not want to acknowledge in this litigation what it told the public—that it ***does not*** "need" a development partner for Rezpeg—because doing so would refute Dr. Rao's damages model.  But it also does not want to say in open court that it ████████████████, because that would contradict its public statements to investors.  Nektar wants these statements sealed so

its damages theory stays out of public view.  But sealing is not appropriate merely to protect a litigant from "embarrassment, incrimination, or exposure to further litigation." *Kamakana*, 447 F.3d at 1179; *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016*)* ("The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice.").

The Court should deny Nektar's Administrative Motion to File Under Seal as to the ten statements identified in Exhibit A and order those statements unsealed.

DATED:  August 3, 2026                    Respectfully submitted,


                                          *s/ Ryan Moorman*
                                          Emma Scott (SBN 352078)
                                          KIRKLAND & ELLIS LLP
                                          555 California Street, Suite 2700
                                          San Francisco, CA 94104
                                          Telephone: (415) 439-1400
                                          Facsimile: (415) 439-1500
                                          Email: emma.scott@kirkland.com

                                          James F. Hurst, P.C. (admitted *pro hac vice*)
                                          Gabor Balassa, P.C. (admitted *pro hac vice*)
                                          Diana M. Watral, P.C. (admitted *pro hac vice*)
                                          Ryan J. Moorman, P.C. (admitted *pro hac vice*)
                                          Patrick Weeks (admitted *pro hac vice*)
                                          KIRKLAND & ELLIS LLP
                                          333 West Wolf Point Plaza
                                          Chicago, IL 60654
                                          Telephone: (312) 862-2000
                                          Facsimile: (312) 862-2200
                                          Email: james.hurst@kirkland.com
                                          Email: gbalassa@kirkland.com
                                          Email: diana.watral@kirkland.com
                                          Email: ryan.moorman@kirkland.com
                                          Email: patrick.weeks@kirkland.com

                                          *Counsel for Defendant Eli Lilly and Company*