QUINN EMANUEL URQUHART & SULLIVAN, LLP
Diane M. Doolittle (Bar No. 142046)
dianedoolittle@quinnemanuel.com
Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
Suong Nguyen (Bar No. 237577)
suongnguyen@quinnemanuel.com
Kyle Batter (Bar No. 301803)
kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

David M. Elihu (Bar No. 303043)
davidelihu@quinnemanuel.com
Jimmy Bieber (Bar No. 301639)
jimmybieber@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Plaintiff Nektar Therapeutics*

Emma Scott (SBN 352078)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: emma.scott@kirkland.com

James F. Hurst, P.C. (admitted *pro hac vice*)
Gabor Balassa, P.C. (admitted *pro hac vice*)
Diana M. Watral, P.C. (admitted *pro hac vice*)
Ryan J. Moorman, P.C. (admitted *pro hac vice*)
Patrick Weeks (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.hurst@kirkland.com
Email: gbalassa@kirkland.com
Email: diana.watral@kirkland.com
Email: ryan.moorman@kirkland.com
Email: patrick.weeks@kirkland.com

*Counsel for Defendant Eli Lilly and Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

NEKTAR THERAPEUTICS,

Plaintiff,

v.

ELI LILLY & CO.,

Defendant.

CASE NO. 3:23-CV-03943-JD

**JOINT SUBMISSION OF PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Judge: Hon. James Donato

Pursuant to the Court's August 4, 2026 Order directing the parties to file proposed preliminary jury instructions, the parties hereby submit the following set of preliminary jury instructions following the preliminary instructions given in *Frasco v. Flo Health, Inc.*, Case No. 21-cv-757, Dkt. No. 728:

**INSTRUCTION NO. 1**

**DUTY OF JURY**

You now are the jury in this case, and I want to take a few minutes to tell you about your duties as jurors and to give you some preliminary instructions before the testimony starts. At the end of the trial I will give you the detailed written instructions that will control your deliberations. These are the introductory instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

All of this means that you must decide the case solely on the evidence before you. Please keep in mind that you took an oath to do so.

Do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be. That is for you to decide.

Source: Preliminary Jury Instructions at 2, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**<u>INSTRUCTION NO. 2</u>**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the parties' positions.

The plaintiff is Nektar Therapeutics, referred to as "Nektar." The defendant is Eli Lilly and Company, referred to as "Eli Lilly" or "Lilly."

Nektar alleges that Lilly breached a contract obligating Lilly to use "Commercially Reasonable Efforts" to develop Rezpeg and to follow Lilly's Good Research Practices in developing Rezpeg. Nektar also alleges that Lilly breached the implied covenant of good faith and fair dealing. Nektar has the burden of proving these claims by a preponderance of the evidence.

Lilly denies Nektar's claims. Lilly contends that it used "Commercially Reasonable Efforts" to develop Rezpeg, and it complied with all other contractual obligations and acted consistent with the implied covenant of good faith and fair dealing.

<u>Source</u>: Preliminary Jury Instructions at 3, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728 (adapted to fit parties and claims).

**INSTRUCTION NO. 3**

**CORPORATIONS -- FAIR TREATMENT**

The parties in this case are corporations. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers, performed within the scope of authority. An act is within the scope of a person's authority if it is within the range of reasonable and foreseeable activities that an employee, agent, director, or officer engages in while carrying out that person's business.

Source: Preliminary Jury Instructions at 6, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

## INSTRUCTION NO. 4

## BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: Preliminary Jury Instructions at 7, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**<u>INSTRUCTION NO. 5</u>**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

<u>Source</u>: Preliminary Jury Instructions at 8, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**INSTRUCTION NO. 6**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Preliminary Jury Instructions at 9, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Preliminary Jury Instructions at 10, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**<u>INSTRUCTION NO. 8</u>**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that I will now read to you. You must treat these facts as having been proved.

1. Nektar is a biopharmaceutical company headquartered in San Francisco, California, and is the owner of Rezpeg.
2. Lilly is a medicine company headquartered in Indianapolis, Indiana.
3. Nektar and Lilly entered into the License Agreement on July 23, 2017.
4. The License Agreement was a valid contract.

<u>Source</u>: Preliminary Jury Instructions at 11-12, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728 (adapted to fit parties and claims).

**INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source: Preliminary Jury Instructions at 13, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Preliminary Jury Instructions at 14, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**INSTRUCTION NO. 11**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

At times during the trial, you may hear testimony by a witness in the form of previously recorded deposition rather than live here in court. A deposition is the sworn testimony of a witness taken before trial. The witness was placed under oath to tell the truth, and lawyers for each side asked questions. The questions and answers were recorded.

Insofar as possible, you should consider deposition testimony presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Source: Preliminary Jury Instructions at 15, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**<u>INSTRUCTION NO. 12</u>**

**EXPERT OPINION**

You will hear testimony from expert witnesses who testify to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it, reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>Source</u>: Preliminary Jury Instructions at 16, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**<u>INSTRUCTION NO. 13</u>**

**CHARTS AND SUMMARIES**

Certain charts and summaries may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Some of those charts or summaries may be admitted into evidence, while others are not.

Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

<u>Source</u>: Preliminary Jury Instructions at 17, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**INSTRUCTION NO. 14**

**NO TRIAL TRANSCRIPT**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Source: Preliminary Jury Instructions at 18, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**INSTRUCTION NO. 15**

**TAKING NOTES**

If you would like, you may take notes during trial to help you remember the evidence. Your binder has notepaper in it. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Source: Preliminary Jury Instructions at 19, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**<u>INSTRUCTION NO. 16</u>**

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

When the attorneys have finished examining a witness, you may propose a question to the witness to help clarify the testimony. A question may not be used to express any opinion about the testimony or argue with a witness. If you propose a question, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question using the form that has been put into your binders. Do not sign the question.

There are some proposed questions that I will not permit, or will rephrase from the wording submitted. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

<u>Source</u>: Preliminary Jury Instructions at 20, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

**INSTRUCTION NO. 17**

**CONDUCT OF THE JURY**

Let's talk about your conduct as jurors. It is vitally important that you keep an open mind throughout the trial. The testimony and evidence will unfold over approximately two weeks, and you should not reach any conclusions before you have heard everything that will be presented. In addition, do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

When it comes time for you to decide the verdict, your decision must be based on the evidence received in the case and on my instructions on the law that applies. You must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.

For these reasons, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This covers every possible form of communication: in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, chat room, blog, website or any social media applications including but not limited to Facebook, YouTube, Twitter (X), Instagram, LinkedIn, Snapchat, or TikTok. The prohibition on communication applies to everyone, including your family members, your employer, the media or press, and the people involved in the trial. It also applies to communicating with your fellow jurors until I give you the case for deliberation. You are free to tell your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But you cannot share with them or anyone else any other information about your jury service or about the case. If anyone asks you about your jury service or the case, you must say that you have been ordered not to discuss the matter. You must also promptly report the contact to me through Ms. Clark.

In addition, you must not, for any reason, do research or investigation on your own. You will get all the evidence and legal instruction you may properly consider for the verdict right here in the courtroom. Do not look up anything on the Internet, or in a book, or do any sleuthing or investigating of any sort. Do not visit or view any place or location that might be described during the case. Do

not do any research about the law or the people involved in this case -- including the parties, the witnesses, the lawyers, or me. Also, there may be media coverage of this case. Please make sure you do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it. If you happen to read or hear anything touching on this case in the media, turn away and let me know what happened by telling Ms. Clark.

That is a long list of "don'ts" but it is vitally important for you to follow these rules. They protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is crucial that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

Source: Preliminary Jury Instructions at 21-22, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728 (modified to reflect case schedule).

**INSTRUCTION NO. 18**

**OUTLINE OF TRIAL**

We are just about ready to start the trial. Each party may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement, and if a party chooses not to make one, you should not hold it against that party for any reason.

Nektar will then present evidence and counsel for Lilly may cross-examine. Then, Lilly may present evidence, and counsel for Nektar may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

Source: Preliminary Jury Instructions at 23, *Erica Frasco, et al. v. Flo Health Inc., et al.*, Case No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 728.

DATED: August 5, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*s/ Yury Kapgan*

Yury Kapgan

*Counsel for Plaintiff Nektar Therapeutics*

DATED: August 5, 2026

Respectfully submitted,

KIRKLAND & ELLIS, LLP

*s/ Ryan Moorman*

Ryan Moorman

*Counsel for Defendant Eli Lilly and Company*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)**

I, Yury Kapgan, am the ECF user whose user ID and password are being used to file this document. I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

*/s/ Yury Kapgan*
Yury Kapgan