QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Diane M. Doolittle (Bar No. 142046)
dianedoolittle@quinnemanuel.com
Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

David M. Elihu (Bar No. 303043)
davidelihu@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Plaintiff Nektar Therapeutics*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY & CO.,<br><br>Defendant. | CASE NO. 3:23-CV-03943-JD<br><br>**NEKTAR'S SUBMISSION OF PROPOSED FINAL JURY INSTRUCTIONS**<br><br>Judge: Hon. James Donato |

Pursuant to the Court's Standing Order for Civil Jury Trials Before Judge James Donato and the Court's August 4, 2026 order (Dkt. 379), Nektar hereby submits the below set of proposed final jury instructions.

Nektar understands that Lilly does not object to the below instructions; however, the parties could not come to agreement on whether to file a separate set of "custom" instructions. Lilly may separately file this separate set of instructions, which Nektar opposes.

This Court's August 4, 2026 Order expressly prohibited these types of instructions, stating that "the Court will not give custom or 'modified' instructions" and that "[a]ll instructions must closely follow the Ninth Circuit Manual of Model Civil Jury Instructions or the New York Pattern Jury Instructions, as warranted." Dkt. 376.

In addition, Nektar previously submitted and reaffirms now its objections to three of Lilly's proposed instructions: "Permissive Adverse Inference," "Limitation on Liability," and "Reputational Damages". *See* Dkt. 357 at 31-32 (objecting to "Adverse Inference" instruction), 39 (objecting to "Reputational Damages" instruction), 43 (objecting to "Limitation on Liability" instruction).

**PROPOSED INSTRUCTION NO. 1**

**RE DUTY OF JURY**

Members of the jury, now that you have heard all the evidence and the arguments of attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 1.4.

**PROPOSED INSTRUCTION NO. 2**

**RE CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff Nektar Therapeutics, referred to as "Nektar," alleges that the defendant, Eli Lilly & Company, referred to as "Lilly," breached a contract obligating Lilly to use "Commercially Reasonable Efforts" to develop Rezpeg and to follow Lilly's Good Research Practices in developing Rezpeg. Nektar also alleges that Lilly breached the implied covenant of good faith and fair dealing. Nektar has the burden of proving these claims by a preponderance of the evidence.

The defendant Lilly denies those claims. Lilly contends that it used "Commercially Reasonable Efforts" to develop Rezpeg, and it complied with all other contractual obligations and acted consistent with the implied covenant of good faith and fair dealing.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, § 1.5; Final Jury Instructions at 3, *Erica Frasco, et al. v. Flo Health Inc., et al.*; No. 3:21-cv-00757-JD (N.D. Cal. July 31, 2025), ECF No. 744.

**PROPOSED INSTRUCTION NO. 3**

**RE BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, § 1.6.

**PROPOSED INSTRUCTION NO. 4**

**RE CORPORATIONS -- FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 4.1.

**PROPOSED INSTRUCTION NO. 5**

**RE WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 1.9.

**PROPOSED INSTRUCTION NO. 6**

**RE WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 1.10.

**PROPOSED INSTRUCTION NO. 7**

**RE DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 1.12.

**PROPOSED INSTRUCTION NO. 8**

**RE RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered, or the exhibit received. If I sustained the objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 1.13 (modified to past tense).

**PROPOSED INSTRUCTION NO. 9**

**RE DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

During the trial, you heard testimony by witnesses in the form of previously recorded deposition testimony, rather than live here in court. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 2.5 (modified to reflect the use of multiple witnesses' deposition testimony).

**PROPOSED INSTRUCTION NO. 10**

**RE CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 1.14.

**PROPOSED INSTRUCTION NO. 11**

**RE EXPERT OPINION**

You have heard testimony from expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 2.14 (modified to reflect the testimony of multiple expert witnesses).

**PROPOSED INSTRUCTION NO. 12**

**RE CHARTS AND SUMMARIES NOT RECEIVED INTO EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 2.15.

**PROPOSED INSTRUCTION NO. 13**

**RE CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 2.16.

**PROPOSED INSTRUCTION NO. 14**

**RE BREACH OF CONTRACT – ELEMENTS**

As you have heard, plaintiff Nektar seeks to recover damages for breach of contract. Nektar claims that Lilly breached the parties' License Agreement, which is a legal contract, by failing to use "Commercially Reasonable Efforts" to develop and commercialize Rezpeg and by not following Lilly's Good Research Practices in developing Rezpeg. Lilly denies Nektar's claims. Lilly contends that it developed Rezpeg using the efforts, resources, and expertise it used for comparable products it owned at similar stages of development for the treatment of the same conditions, in compliance with the "Commercially Reasonable Efforts" clause in the License Agreement. Lilly denies that the Good Research Practices schedule imposed obligations on Lilly, as opposed to Nektar, and contends that Lilly followed Good Research Practices in developing Rezpeg. Lilly contends that it acted consistent with the implied covenant of good faith and fair dealing.

Nektar has the burden of proving, by a preponderance of the evidence, that it had a contract with Lilly requiring that Lilly use "Commercially Reasonable Efforts" to develop and commercialize Rezpeg or to follow Lilly's Good Research Practices in developing Rezpeg, that Nektar did what it was required to do under the contract, that Lilly breached the contract by not doing what it was required to do under the contract and that Nektar sustained damages because of Lilly's breach.

If you decide that a) Nektar had a contract with Lilly requiring that Lilly use "Commercially Reasonable Efforts" to develop and commercialize Rezpeg or follow Lilly's Good Research Practices in developing Rezpeg; and that b) Nektar did what it was required to do under the contract; and that c) Lilly breached the contract by failing to use "Commercially Reasonable Efforts" to develop and commercialize Rezpeg or by not following Lilly's Good Research Practices in developing Rezpeg;

you will find for Nektar on its breach of contract claim and you will go on to consider Nektar's damages. If you decide that Nektar did not do what it was required to under the contract or that Lilly did not breach the contract, you will find for Lilly on Nektar's breach of contract claim.

Source: New York Pattern Civil Jury Instructions, § 4.1 (modified formatting for ease of reference).

**PROPOSED INSTRUCTION NO. 15**

**RE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING – ELEMENTS**

In addition to breach of the License Agreement, Nektar seeks to recover damages for breach of the implied covenant of good faith and fair dealing.

All contracts imply a covenant of good faith and fair dealing in the course of performance. The implied covenant embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract; however, the implied promise of good faith and fair dealing is not without limits and cannot create obligations that are inconsistent with the terms of the contract.

To establish a breach of the implied covenant of good faith and fair dealing, Nektar must prove the following by a preponderance of the evidence:

1. That Nektar and Lilly entered into a contract;
2. That Lilly acted in a manner that deprived Nektar of the benefits of the contract; and
3. That Nektar was harmed by Lilly's conduct.

Source: N.Y. Civil Pattern Jury Instructions, § 4:1 comment VII. Z (adapted to include prefatory sentence and to include the basic elements of a claim for breach of the implied covenant, as the Pattern Jury Instructions and commentary do not do so).

**PROPOSED INSTRUCTION NO. 16**

**RE DAMAGES**

My charge to you on the law of damages must not be taken as a suggestion that you should find for Nektar. It is for you to decide on the evidence presented and the rules of law I have given you whether Nektar is entitled to recover from Lilly. If you decide Nektar is not entitled to recover, you need not consider damages. Only if you decide that Nektar is entitled to recover will you consider damages.

The burden of proof is on plaintiff to establish damages. Damages may not be merely speculative, possible and imaginary, but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes.

When the existence of damage is certain and the only uncertainty is as to its amount, the plaintiff will not be denied recovery as long as it shows a stable foundation for a reasonable estimate of damages.

<u>Source:</u> N.Y. Civil Pattern Jury Instructions, § 4:20 & General Rules.

**PROPOSED INSTRUCTION NO. 17**

**RE DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 3.1.

## PROPOSED INSTRUCTION NO. 18

## RE CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.

Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 3.2.

**PROPOSED INSTRUCTION NO.19**

**RE USE OF NOTES**

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 1.18 (modified to past tense).

**PROPOSED INSTRUCTION NO. 20**

**RE COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Lisa Clark, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 3.3 (modified to identify Ms. Lisa Clark).

**PROPOSED INSTRUCTION NO. 21**

**RE RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise Ms. Clark that you are ready to return to the courtroom.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 3.5 (modified to identify Ms. Lisa Clark).

DATED: August 5, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*s/ Yury Kapgan*

Yury Kapgan

*Counsel for Plaintiff Nektar Therapeutics*