UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEKTAR THERAPEUTICS,

      Plaintiff,

    v.

ELI LILLY & CO,

      Defendant.

Case No.  23-cv-03943-JD

**PRETRIAL ORDER**

A jury trial is set for September 8, 2026, and will be conducted under these procedures and rulings.

## I.     SCHEDULE AND TIME LIMITS

1. The trial days are Monday through Thursday.  Fridays are generally reserved for the Court's other matters, but will be used if the case is ready for closings, the jury is deliberating, or the Court so orders.

2. Trial will be held from 9:00 a.m. to approximately 3:00 p.m. each trial day, with two twenty-minute breaks and no lunch recess.  Counsel must be in the courtroom and prepared to proceed no later than 8:30 a.m. on each trial day.

3. Each side will have 13 hours total for all witness examinations, including cross-examinations.  Each party will have an additional 45 minutes for opening statements and 45 minutes for closing arguments.  Co-parties are directed to avoid duplicative or overlapping statements to the jury.  The Courtroom Deputy, Ms. Lisa Clark, will have the final word on the time count.

## II.    VOIR DIRE & JURY SELECTION

1. The Court will seat 8 jurors.

United States District Court
Northern District of California

2. The Court uses the "strike and replace" method for jury selection, as discussed during the pretrial conference.  The Court will conduct the voir dire based on its practice and questions proposed by the parties.

3. The Court will post the proposed voir dire questions by Friday, September 4, 2026.  Any concerns will be taken up on Tuesday, September 8, 2026, before the jury pool is called in.

4. Each side will have challenges for cause and three peremptory challenges.  *See* 28 U.S.C. § 1870.  A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged.

5. The parties must be prepared to give their opening statements and begin presenting witnesses on Tuesday, September 8, 2026.

## III.   TRIAL PROCEDURES

1. **Jury notebooks**.  Jurors will be permitted to take notes.  The parties will jointly prepare jury notebooks and bring 9 copies to court on September 8, 2026.  The notebooks should be in the form of 1.5" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number) and include the following materials:

    a. 50 pages of blank lined paper.

    b. A tab for witness photos.  The jury will be provided a color photo (a headshot) of each witness just before that witness takes the stand.  The party calling the witness is responsible for providing the Courtroom Deputy with 11 three-hole punched copies of each photo.  The Courtroom Deputy will distribute the photos.  The witness must appear exactly the same in the photo as they appear on the witness stand (*e.g.*, same clothing, hairstyle, eyewear, etc.).  The photo will include the witness's name in size-16 font, and nothing else.

    c. Tabs for Preliminary and Final Jury Instructions.

United States District Court
Northern District of California

2. **Jury questions**. The jury will be permitted to ask questions of witnesses. The Court will provide a written form for the questions, which the Court will screen before asking.

3. **Sidebars**. There will be no sidebars during trial. The parties should not ask for one.

4. **Motions**. No motions may be filed during trial without prior approval by the Court.

5. **Objections**. Counsel must stand to state any objections and should do so by simply stating the basis of the objection. No argument or elaboration may be made unless called for by the Court.

6. **Witness call**. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the introduction of evidence will constitute resting.

7. **Presentation of witnesses**. Witnesses will be put on the witness stand only once. For example, if plaintiff calls a witness whom defendant also intends to call, defendant's direct examination of the witness will follow plaintiff's examination of the witness. Neither party may put the witness on again for the presentation of their case to the jury.

8. **Presentation of expert witnesses**. In addition to the above rules, experts who will opine on the same topics will be put on the witness stand consecutively. For example, the examination of a plaintiff's damages expert witness will be immediately followed by the examination of a defendant's damages expert. The parties should meet and confer on a joint schedule for the presentation of expert witnesses to the jury.

9. **Witness disclosure**. A party must identify the witnesses it plans to call, and the exhibits to be used during the examination of each witness, no later than 3:00 p.m. California time two business days before calling the witness to the stand. For example, witness to be presented on Monday must be disclosed by 3:00 p.m. on Thursday.

10. **Exhibits and witness binders**. Exhibits should be prepared on a witness-by-witness basis. The parties are directed to prepare witness binders that include the exhibits that will be offered during that witness's testimony. Two copies of each witness binder

should be handed to Ms. Clark at the start of each witness's testimony.  No other copies of trial exhibits should be presented to the Court.

11. **Exchange of opening demonstratives**.  The parties will exchange demonstratives to be used in each side's opening statements no later than 3:00 p.m. on September 7, 2026, and resolve any objections before the start of openings.

12. **Sequestration.**  At the parties' joint request, all fact witnesses other one party representative per side will be sequestered from the courtroom until discharged from the witness stand, and may not hear or read in any form other witnesses' testimony until then.  Fed. R. Evid. 615.

## IV.   MOTIONS IN LIMINE

The motions in limine were resolved as stated on the record.  The ensuing list summarizes the dispositions.

**Plaintiff's MIL No. 1**: **Granted.**

**Plaintiff's MIL No. 2**: **Denied.**

**Plaintiff's MIL No. 3: Denied.**

**Plaintiff's MIL No. 4: Granted.**

**Plaintiff's MIL No. 5: Denied.**

**Plaintiff's MIL No. 6: Granted.**

**Plaintiff's MIL No. 7: Denied.**

**Defendant's MIL No. 1**: **Granted**.

**Defendant's MIL No. 2**: **Granted**.

**Defendant's MIL No. 3**: **Granted**.  Nektar may not use Lilly's Microsoft Teams chats created between July 1, 2023 and February 1, 2025.

**Defendant's MIL No. 4**: **Resolution deferred to trial.**

**Defendant's MIL No. 5**: **Granted.**

United States District Court
Northern District of California

4

**Defendant's MIL No. 6**: Granted.

**Defendant's MIL No. 7**: Granted in principle bilaterally.

IT IS SO ORDERED.

Dated: August 7, 2026

_____
JAMES DONATO
United States District Judge