QUINN EMANUEL URQUHART &
SULLIVAN, LLP
  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
  Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
  555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  David M. Elihu (Bar No. 303043)
  davidelihu@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Plaintiff Nektar Therapeutics*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>             Plaintiff,<br><br>      v.<br><br>ELI LILLY & CO.,<br><br>             Defendant. | CASE NO. 3:23-CV-03943-JD<br><br>**NEKTAR'S OBJECTIONS TO ELI LILLY'S PROPOSED "CUSTOM" FINAL JURY INSTRUCTIONS SUBMITTED IN VIOLATION OF THE COURT'S AUGUST 4, 2026 ORDER**<br><br>Judge:        Hon. James Donato |

On August 4, 2026, the Court directed the parties to file proposed final jury instructions. Dkt. 376. The Court's Order expressly informed the parties that "the Court will not give custom or 'modified' instructions" and that "[a]ll instructions must closely follow the Ninth Circuit Manual of Model Civil Jury Instructions or the New York Pattern Jury Instructions." Dkt. 376. In light of the Court's Order, Nektar submitted a set of jointly-agreed-to instructions that removed all six "custom" and non-compliant instructions from the parties' prior joint submissions,[1] regardless of which party proposed the instruction. *See* Dkt. 382.

Shortly thereafter, Lilly filed a competing set of final instructions. *See* Dkt. 383. Lilly's submission selectively re-introduced a subset of the six "custom" instructions from the parties' prior filings. Relevant to and necessitating the present objection and submission, in the proposed instructions Lilly filed at Docket 383, it unilaterally deleted Nektar's previously-filed position statements objecting to Lilly's proposed bespoke instructions, giving the incorrect impression that Nektar did not object to any of Lilly's proposed bespoke jury instructions. *See* Dkt. 383 at 22, 27, 29 (Lilly's proposed bespoke instructions each saying "NEKTAR'S POSITION" followed by a blank page).

As Nektar explained last year, it objects to Lilly's proposed bespoke instructions as substantively improper. *See* Dkt. 357 at 31-32 (objecting to "Adverse Inference" instruction), 39 (objecting to "Reputational Damages" instruction), 43 (objecting to "Limitation on Liability" instruction). They are also independently improper because they do not follow "the Ninth Circuit Manual of Model Civil Jury Instructions or the New York Pattern Jury Instructions" as the Court required. *See* Dkt. 376.

Given the foregoing, Nektar hereby submits its position statements that Lilly omitted from its submission.

---

[1] "Interpretation of Contract" (stipulated); "Permissive Adverse Inference" (offered by Lilly); "Limitation on Liability" (Lilly); "Reputational Damages" (Lilly); "Gross Negligence or Willful Misconduct" (Nektar); and "Double Recovery" (stipulated).

## "CUSTOM" INSTRUCTION NO. 16

## RE PERMISSIVE ADVERSE INFERENCE

## (PREVIOUSLY OFFERED BY LILLY; OPPOSED BY NEKTAR)

You have heard evidence that Nektar's communications using Microsoft Teams were deleted after Nektar had an obligation to preserve those communications, and with intent to prevent their use in litigation. You may infer that the deleted communications contained evidence that would have been unfavorable to Nektar in this case.

Source: Source: Final Jury Instructions at 1517, *In Re Google Play Store Antitrust Litigation*; No. 20-cv-05671-JD (N.D. Cal. Dec. 6, 2023), ECF No. 592 (modified); *Glover v. BIC Corp.*, 6 F.3d 1318,1329 (9th Cir. 1993) ("a trial court also has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior.") (citing *Akiona v. United States*, 938 F.2d 158 (9th Cir.1991)); *Advantacare Health Partners v. Access IV*, 2004 WL 1837997, * 6 (N.D. Cal. 2004) ("In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it.") (citations omitted); *see Wawanesa General Insurance Company v. Applica Consumer Products Inc. et al.*, 2008 WL 5529438 (S.D. Cal.) (providing permissive inference instruction).

**NEKTAR'S OBJECTION**

At the August 6, 2026 pretrial conference hearing, the Court confirmed that it would not provide an adverse inference jury instruction.  Thus, the Court has already considered and rejected this instruction.

**"CUSTOM" INSTRUCTION NO. 18**

**RE LIMITATION ON LIABILITY**

**(PREVIOUSLY OFFERED BY LILLY; OPPOSED BY NEKTAR)**

You may not award remote, speculative, punitive, or special damages, including lost profits, unless such damages arise out of gross negligence or willful misconduct. Under the License Agreement, Nektar agreed that it could not recover these damages.

Source: License Agreement § 10.6.

**NEKTAR'S POSITION**

Lilly's proposed instruction is improper, inaccurate and unnecessary.  As a preliminary matter, there is already an instruction on damages drawn directly from model jury instructions which adequately instructs the jury as to the types of damages they may award.

Lilly's instruction also risks confusing the jury.  As Nektar has explained (and case law confirms), the damages Nektar is seeking for diminution of value to Rezpeg are not lost profits or special damages, but general damages, which are not included under this liability limitation.  *See* Dkt. 227 at 20-22.

## "CUSTOM" INSTRUCTION NO. 19

## RE REPUTATIONAL DAMAGES

## (PREVIOUSLY OFFERED BY LILLY; OPPOSED BY NEKTAR)

You may not award Nektar damages to compensate Nektar for any alleged injury to its reputation.

Source: 2025/03/27 Hearing Transcript at 21:20-22 (The Court: "Based on what counsel for Nektar is saying, there will be no claim for damages in this case for reputational injury to Nektar.").

**NEKTAR'S POSITION**

Lilly's proposed instruction is unnecessary, because Nektar will not seek reputational damages at trial, nor do its experts incorporate reputational harm in their damages models. *See* 3/27/25 Hearing Tr. at 18:4-6, 21:9-10. Accordingly, it is not necessary and potentially confusing to instruct the jury to disregard and/or reject a claim for damages that is not being made.

DATED:  August 7, 2026                    Respectfully submitted,

                                          QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                           s/ Yury Kapgan
                                            Yury Kapgan

                                          *Counsel for Plaintiff Nektar Therapeutics*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)

I, John ("Mickey") McCauley, am the ECF user whose user ID and password are being used to file this document. I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

$\qquad$ /s/ John McCauley $\qquad$
John McCauley