## KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

333 West Wolf Point Plaza
Chicago, IL 60654
United States

Ryan J. Moorman, P.C.
To Call Writer Directly:
+1 312 862 3408
ryan.moorman@kirkland.com

+1 312 862 2000
www.kirkland.com

Facsimile:
+1 312 862 2200

August 11, 2026

Honorable Judge James Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:    *Nektar Therapeutics v. Eli Lilly and Company*, 23-cv-3943-JD (N.D. Cal.)

Dear Judge Donato,

Nektar is withholding recent evidence central to its billion-dollar damage claim in violation of Rule 26(e). At yesterday's meet and confer, Nektar confirmed that its witnesses will testify at trial that Nektar purportedly ████████████████████████████████—even though Nektar raised $833 million this year and proceeded in July 2026 with Phase 3 trials on its own. At the same time, Nektar refused to supplement its document production with materials necessary to test that testimony at trial. There is no dispute that Nektar possesses documents post-dating its last production relevant to its witnesses' testimony or that Lilly's document requests call for such documents. Rule 26(e) requires their production, as does this Court's instruction that there will be "no surprises" at trial. Aug. 6, 2026 H'rg Tr. at 36:24-25.

Nektar confirmed yesterday that it did not object to the relevance of these documents. Nor could it. Nektar's damage claim depends on proving it ████████████████████████. When Nektar proceeded with Phase 3 trials in July 2026 without a partner, Lilly promptly raised with the Court the implications for Nektar's damages theory. ECF No. 363. Nektar responded in its July 28, 2026 briefing by representing that it ████████████████████████ and that, at trial, its "***executives will testify and the contemporaneous documents will confirm***" that position. ECF No. 371-2 at 1 (emphasis added). Given that representation, Lilly asked Nektar to confirm it would supplement its production of related materials. Nektar confirmed yesterday that its witnesses will testify on the issue, but refused to update its document production.

It is undisputed that Lilly's document requests cover the topics about which Nektar's executives will testify. During discovery, Lilly requested—and Nektar agreed to produce—documents "related to the ***need, desire, or ability to find a Joint Development Partner***" and "contemplated . . . collaboration agreement[s] regarding Rezpeg."[1] But the last document Nektar produced on that subject was from February 2026—***nearly six months ago***—before Nektar raised $833 million and proceeded with Phase 3 trials without a partner. Nektar has produced nothing since related to its purported ████████████ or its efforts to find one. Given Nektar's representation that its witnesses and "contemporaneous documents" will address that supposed ████████████, there can be no question that Nektar must supplement its six-month-stale production.

---

[1]    Ex. 1, Nektar's Responses to Lilly's First Set of RFPs No. 36; Ex. 2, 11/4/2024 K. Batter email to A. Bailey.

Nektar's only objection is that Rule 26(e) does not require supplementation at this stage. That is mistaken. Rule 26(e) imposes a "continuing duty" that extends "beyond the discovery cutoff date." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 (D. Ariz. 2022); *Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*, 2025 WL 974936, at *1 (N.D. Cal. Apr. 1, 2025). And supplemental productions "should be made . . . ***with special promptness as the trial date approaches.***" *Gamevice, Inc. v. Nintendo Co., Ltd.*, 2019 WL 5565942, at *2 (N.D. Cal. Oct. 29, 2019).[2] Indeed, Nektar's own case compelled supplemental production because "fundamental fairness . . . requires that information directly relevant to the [imminent trial] be equally available" to both sides. *Our Children's Earth v. Leland Stanford Junior Univ.*, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015).[3]

Lilly respectfully requests that this Court do the same and compel Nektar under Rule 26(e) to produce documents and communications from February 1, 2026 through the present relating to: (i) how Nektar's leadership assessed its options for funding Rezpeg's development; (ii) Nektar's efforts to secure financing or a development partner for Rezpeg; and (iii) Nektar's analyses of whether and when it would need additional financing or a partner, and on what terms. Given the impending September 8 trial date, Nektar should make this production within seven days of the Court's order.

Respectfully submitted,

*Ryan J. Moorman*

Counsel for Defendant Eli Lilly and Company

---

[2]    "Civil Local Rule 37-3 does not bar motions to enforce the supplementation requirement in Rule 26(e)," even after the close of discovery. *Gamevice*, 2019 WL 5565942, at *3.

[3]    Nektar's other case also misses the mark, as it depended on a finding that the requested supplemental production documents were "far enough removed from the relevant events" to be outweighed by "burden and expense of production." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008). Nektar concedes that is not the case here.

2

# Exhibit 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Diane M. Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
  Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
  Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000

  David M. Elihu (Bar No. 303043)
  davidelihu@quinnemanuel.com
  Sarah Cork (Bar No. 330569)
  sarahcork@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

  Brendan Carroll, *admitted pro hac vice*
  brendancarroll@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000

Attorneys for Plaintiff Nektar Therapeutics

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEKTAR THERAPEUTICS, | CASE NO. 3:23-cv-03943-JD |
| Plaintiff, | **PLAINTIFF NEKTAR THERAPEUTICS' OBJECTIONS AND RESPONSES TO DEFENDANT ELI LILLY & CO.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| vs. | |
| ELI LILLY & CO., | |
| Defendant. | |

**REQUEST FOR PRODUCTION NO. 36**

All Documents and Communications relating to any actual or potential Joint Development Partner for REZPEG after January 1, 2020, including but not limited to:  (i) Documents and Communications related to the need, desire, or ability to find a Joint Development Partner; (ii) Documents and Communications related to any search or contemplated search for a Joint Development Partner; (iii) requests for proposals issued to solicit a Joint Development Partner; (iv) any presentations or pitches by a Joint Development Partner to you; and (iv) all Communications with any potential Joint Development Partner relating to REZPEG, including but not limited to those about results of the REZPEG Clinical Trials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Nektar incorporates by reference its General Objections as though fully set forth herein. Nektar further objects that this Request is overly broad and unduly burdensome  in seeking "all documents and communications."  Nektar objects that this Request seeks information that is not relevant to the subject matter involved in this action or is disproportional to the needs of the case. Nektar objects to this Request to the extent it seeks documents or information the discovery of which is cumulative or duplicative or that is equally available to Lilly.  Nektar objects that this Request seeks documents or information subject to the work product doctrine, attorney-client privilege, common-interest doctrine, or other privilege, protection, or immunity.  Nektar objects that this Request seeks documents that are confidential, proprietary, commercially sensitive, competitively significant, personal, subject to a protective order, non-disclosure or other confidentiality agreement or contain trade secrets.  Nektar will only produce such documents in accordance with a protective order entered in this case.

Subject to and without waiving these objections and the General Objections set forth above, Nektar will produce non-privileged documents responsive to this Request in Nektar's possession, custody, or control that can be located after a reasonably diligent search for such documents.

**REQUEST FOR PRODUCTION NO. 37**

All Documents and Communications relating to the Phase 2b study of REZPEG in atopic dermatitis that you announced during the September 13, 2023 Investor and Analyst Event titled

**REQUEST FOR PRODUCTION NO. 39**

All documents you intend to rely on at any trial, hearing, deposition, or other proceeding in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Nektar incorporates by reference its General Objections as though fully set forth herein. Nektar further objects that this Request is premature. Nektar objects that this Request seeks documents that are confidential, proprietary, commercially sensitive, competitively significant, personal, subject to a protective order, non-disclosure or other confidentiality agreement or contain trade secrets. Nektar will only produce such documents in accordance with a protective order entered in this case. Nektar objects that this Request seeks premature expert discovery. Nektar will produce expert report(s), if any, at the appropriate time and in accordance with a scheduling order entered in this case.

Subject to and without waiving these objections and the General Objections set forth above, including Nektar's objection that its investigation of the matters raised in its Complaint is ongoing, Nektar will produce, on a rolling basis, documents it intends to rely on in this action.

DATED:  December 11, 2023

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By _____
Diane M. Doolittle
Yury Kapgan

Attorneys for Plaintiff
Nektar Therapeutics

# Exhibit 2

| | |
|---|---|
| **From:** | Kyle Batter <kylebatter@quinnemanuel.com> |
| **Sent:** | Monday, November 4, 2024 9:48 PM |
| **To:** | Weeks, Patrick; Bailey, Amelia; Terteryan, Anna; Balassa, Gabor; Moorman, Ryan; Keegan, Christopher W. |
| **Cc:** | QE-Nektar; Levin, Adrienne J. |
| **Subject:** | Nektar v. Lilly, 23-CV-03943 - Lilly RFP Set 2 |

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

Amelia,

Thanks for the call today regarding Lilly's RFP set 2.  I write to memorialize our offer of compromise on the discovery set.  I understand you are discussing our proposal with your team and will get back to us regarding any further conferrals.

- **Lilly RFP Nos. 40, 43:** As a compromise, Nektar would offer to produce board minutes and presentations related to any contemplated transaction involving or sale of Rezpeg as well as documents sufficient to show any post-termination agreements with investment bankers, financial advisors, or consultants regarding a contemplated sale of Rezpeg or collaboration agreement regarding Rezpeg (to the extent any such documents exist).

- **Lilly RFP No. 44:** As a compromise, Nektar would offer to produce documents sufficient to show Rezpeg promotional materials provided to investment bankers, financial advisors, or consultants.

- **Lilly RFP Nos. 45, 46:** As a compromise, Nektar would offer to produce forecasts created since termination of the parties' license agreement that refer to Rezpeg.

- **Lilly RFP Nos. 47, 48, 49, 50:** As a compromise, Nektar would offer to produce its agreements with Healthcare Royalty and TCG Crossover, as well as the most recent-in-time forecast prior to Jennifer Ruddock's statement referenced in RFP 48, and the most recent-in-time forecast prior to Howard Robin's statement referenced in RFP 50.

- **Lilly RFP No. 51:** As a compromise, Nektar would offer to produce documents sufficient to show Nektar's change in budgeting and allocation of employees from NKTR-255 or other projects to Rezpeg as a result of the termination of the parties' license agreement.

- **Lilly RFP No. 52:** As a compromise, Nektar would offer to produce its master services agreement and work orders with PPD.

- **Lilly RFP Nos. 41, 42, 53, 54, 55:** Lilly's RFPs are overbroad and seek irrelevant documents.  Accordingly, Nektar stands on its objections as to these RFPs.

Kyle

**Kyle Batter**
**Quinn Emanuel Urquhart & Sullivan, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5134 Direct
(650) 801-5000 Main Office Number

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any