quinn emanuel trial lawyers
555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

August 19, 2026

Honorable Judge James Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re: *Nektar Therapeutics v. Eli Lilly and Company*, 23-cv-3943-JD (N.D. Cal.)

Dear Judge Donato:

Nineteen months after the close of discovery, and weeks before trial, Lilly again attempts to bring an assortment of discovery requests related to a proposed *Daubert* motion that the Court has already rejected. Notably, Lilly's letter marks its ***fourth*** demand for additional fact discovery since discovery closed. (*See* Dkts. 139; 141, 250, 391). Lilly's belated and improper requests should be denied.

At the Pretrial Conference, the Court considered and rejected Lilly's request to file a second motion to exclude Nektar's damages expert, Dr. Mohan Rao, based on a challenge to one of the inputs to his April 2025 damages model. (*See* Dkt. 363). The Court remarked that it was "a little late in the day" for such a request and directed Lilly to "save it for trial." 8/6/26 Hearing Tr. at 17:18, 18:1. Apparently dissatisfied with the Court's order, Lilly now attempts to pursue the same challenge in a different form, demanding that Nektar produce seven months of documents related to this single input in seven days, in an obvious attempt to delay pre-trial preparation and perhaps even the trial itself. Lilly cannot justify imposing its belated, overbroad requests this close to trial, after this long of a delay. Nektar has no "surprises" in store; the input that Lilly seeks emergency discovery on—that Nektar needs a partner to properly develop and commercialize Rezpeg—is one that Nektar's witnesses testified to in 2024, one that Dr. Rao incorporated in 2025, and one supported by "contemporaneous documents" already on the parties' exhibit lists. Lilly's letter offers no good reason to unilaterally reopen discovery so broadly and so close to trial.

## I. Lilly's Demand Is Untimely and Incorrect

Fact discovery closed on January 24, 2025. (Dkt. 53.) Under the Local Rules, "[d]iscovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." *Our Children's Earth v. Leland Stanford Junior Univ.*, 2015 WL 12964638, at *1 (N.D. Cal. Oct. 29, 2015) (quoting Civ. L.R. 37-3) (denying motion to compel supplementation under Rule 26(e)). "This 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* (quotation omitted).

Here, Lilly was not diligent. As Lilly's recent briefing admits, Dr. Rao discussed the input for which Lilly seeks discovery in his deposition and his expert report, both of which Lilly has had since ***April 2025***. (*See* Dkt. 363 at 1.) Nonetheless, Lilly waited nearly a year and a half to raise

the issue. Courts routinely reject these belated efforts because "[a] party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production." *Unilin Beheer B.V. v. NSL Trading Corp.*, 2015 WL 12698283, at *3 (C.D. Cal. July 24, 2015) (denying motion to compel supplementation); *Chamberlin v. Hartog, Baer & Hand, APC*, 2024 WL 736734, at *7 n.7 (N.D. Cal. Feb. 22, 2024) ("Parties may not unduly delay in filing motions to compel no matter their merit.").

Lilly attempts to frame its eleventh hour request as a response to Nektar's recent initiation of Phase 3 trials. (Dkt. 391 at 1.) But starting more than a year ago, Nektar repeatedly announced its intention to begin Phase 3 trials in 2026 and "as quickly as possible," both in public press releases and discovery documents produced by Nektar months ago.[1] Lilly cannot pretend that its motion is timely just because a long-previewed event has finally come to pass. *Our Children's Earth*, 2015 WL 12964638, at *3 ("Defendant's reliance on" relevant events "that occurred after the close of fact discovery…does not demonstrate diligence" where defendant was on notice much earlier).

Finally, Lilly's boundless interpretation of Rule 26(e)—that parties must indefinitely produce newly-created documents regardless of how long discovery has been closed or how soon the trial—is also incorrect, and would make a court's management of its case docket nearly impossible, at the mercy of a party's ability to point to *something* that might warrant reopening the record and derailing pre-trial and trial dates. Courts are clear: "nothing in that rule imposes a never ending obligation to produce documents continuously as they are created…." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008); *Our Children's Earth*, 2015 WL 12964638, at *3. A party's duty to supplement "is triggered only if its prior production is materially incomplete or incorrect. The fact that responsive documents…have continued to accumulate…during the course of litigation does not automatically render the prior production materially incomplete or incorrect." *In re Google RTB Consumer Priv. Litig.*, 2023 WL 3046793, at *2 (N.D. Cal. Apr. 21, 2023); *see also CornerStone Staffing Sols., Inc. v. James*, 2015 WL 13037132, at *2 (N.D. Cal. June 24, 2015) (no error in denying motion to compel supplementation that sought "subsequently *created* documents, as opposed to subsequently *discovered* documents, erroneously omitted from prior production" (emphasis in original)).[2]

## II. Lilly's Motion is Unduly Burdensome and Substantively Inappropriate

---

[1] *See, e.g.*, https://ir.nektar.com/news-releases/news-release-details/new-rezolve-ad-maintenance-data-atopic-dermatitis-demonstrate (Feb. 10, 2026 press release); https://ir.nektar.com/static-files/8c54fe66-8d54-42e4-9bd3-a0373531e934 at 40 (Feb. 10 2026 SEC filing announcing intention to begin Phase 3 trials "in Q2 2026.") In fact, Nektar publicly announced its plans to begin Phase 3 trials in 2026 in a ***June 2025*** call transcript that ***Lilly*** added to the trial exhibit list ***last September***. *See* Ex. 1 (June 24, 2025 Special Call Transcript) at 15; Dkt. 284 (9/2025 Trial Exhibit List) at 50 (Trial Ex. 1590 is the same transcript).

[2] Indeed, Lilly's own inadequate supplementation efforts—a single post-discovery production of fewer than 150 documents, hastily produced to avoid an order to compel, *see* Dkt. 309 at 2—confirms that it does not believe the "perpetual supplementation" rule it advances here. *See Chiaradonna v. Rosemont Coll.*, 2007 WL 925897, at *1 (E.D. Pa. Mar. 23, 2007) ("What is good for the goose is good for the gander.").

Even if its requests were timely, which they are not, Lilly's requests should be rejected as unduly burdensome and substantively improper. Lilly insists it needs seven months of documents related to three open-ended categories, including "(i) how Nektar's leadership assessed its options for funding Rezpeg's development; (ii) Nektar's efforts to secure financing or a development partner for Rezpeg; and (iii) Nektar's analyses of whether and when it would need additional financing or a partner, and on what terms." (Dkt. 391 at 2.) Given that Lilly's motion will be resolved no earlier than August 19, when this responsive letter brief is due, that would require Nektar to conduct a full document pull over that time period for 16 custodians, assess for responsiveness, assess for privilege, and produce the suite of responsive documents in, at most, a 20-day period during which it is also preparing for trial and conducting a court-ordered mediation. Indeed, Lilly wants this done in *seven* days. (Dkt. 391 at 2.) That level of burden is plainly unwarranted to challenge a single input in a damages model: Nektar will support its assertion that it needs a partner with the documents already on the exhibit lists and testimony consistent with the testimony Nektar's witnesses provided years ago in depositions. The "contemporaneous documents" that Lilly references are ones already on the exhibit lists and, indeed, included in the parties' briefing on Lilly's administrative motion regarding Dr. Rao.

Courts recognize that, even in disputes between sophisticated pharmaceutical companies, "compelling this scope of discovery only weeks before the close of fact discovery, particularly on an issue [movant] delayed approximately eight months to raise, would impose an undue burden on [the non-movant] and would be disproportionate to the needs of the case." *GlaxoSmithKline Biologicals SA v. Pfizer Inc.*, 2026 WL 2215670, at *2 (D. Del. July 31, 2026). Lilly seeks to compel this discovery *eighty-one* weeks *after* the close of fact discovery and a year and a half after it could have raised the issue. Further, "[d]ocuments up to the present are far enough removed from the relevant events which occurred over four years ago such that a stronger showing of relevance would need to be shown to justify the burden and expense of production." *Dong Ah Tire*, 2008 WL 4786671, at *1. Just so here. The relevant events in this case, and Lilly's breaches, occurred many years ago, prior to this lawsuit.

Lilly's request is even more improper because it is aimed at the exact relief the Court denied at the pretrial conference: undermining an input in Dr. Rao's damages model. Of course, Dr. Rao did not rely (and could not have relied) on any of the documents Lilly is seeking: his report was authored in April 2025, while Lilly is demanding documents "from February 1, 2026 through the present." Dkt. 391 at 2. Nektar and its witnesses are not hiding the ball—they are prepared to proceed to trial with the hundreds of thousands of documents and hundreds of hours of testimony already produced. Lilly should do the same.

* * *

At the pretrial conference, this Court admonished Lilly to stop "looking for some knockout blow at the last minute. It's not going to happen." 8/6/26 Hearing Tr. at 20:11-12. That principle should extend to Lilly's recent filing and attempt to derail the parties' trial preparations with belated, disproportionate, and legally groundless discovery demands. The Court should deny Lilly's requests so that the parties may proceed to trial.

Very truly yours,

*/s/ Yury Kapgan*

Yury Kapgan
*Attorneys for Plaintiff Nektar Therapeutics*