quinn emanuel trial lawyers
555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

August 28, 2026

Honorable Judge James Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re: *Nektar Therapeutics v. Eli Lilly and Company*, 23-cv-3943-JD (N.D. Cal.)

Dear Judge Donato:

This week, Lilly belatedly disclosed two new witnesses it intends to call via deposition, along with nearly *400* new affirmative deposition designations with those and other witnesses. Lilly's efforts are not only untimely, as they violate the Court's deadlines and the parties' agreed-upon exchange dates,[1] they also demonstrate a blatant end-run around the Court's previous orders on Teams Chats. Notably, Lilly newly seeks to call Nektar's head of IT, who was responsible for Nektar's document retention policies and practices, and its former General Counsel, who instructed the team upon the filing of the lawsuit not to use Teams chats to discuss Lilly or the Nektar/Lilly relationship.

The testimony that Lilly seeks to play in these new designations violates the Court's repeated directives regarding Teams chats. At the Pretrial Conference, the Court stated "I'm not going to do anything more than [excluding certain Lilly chats]. I'm not going to do any adverse instructions or anything else. That's it. I think those would be disproportionate in this case." 8/6/26 Hearing Tr. 13:8-10. And as recently as last Friday, the Court issued an order rejecting Lilly's re-hashed request to "inform the jury" about Nektar's teams chats preservation, among other requested sanctions. (Dkt. 394 (Lilly Mot. for Reconsideration) at 3 (asking the Court to "inform the jury" about Nektar's Teams chats as an additional sanction); Dkt. 403 (denying motion).

Now, Lilly seeks yet a third bite at the apple—this time without even seeking leave from the Court. But there no basis for deviating from the well-settled law that discovery conduct is not admissible at trial, particularly where this Court has specifically considered and rejected Lilly's proposal to do so. *See, e.g.*, *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 2017 WL 525668, at *1 (D. Del. Feb. 8, 2017) (it would be "improper, irrelevant, unfairly prejudicial, and confusing to the jury for the parties to refer to or re-fight discovery disputes at trial.").

Egregiously, not only are the two new witnesses not on Lilly's witness list, submitted weeks ago, Lilly's eleventh hour disclosures also violate its counsel's prior representations at the

[1] Witness lists were due on July 23, 2026. *See* Dkt. 313 (setting Pretrial Conference for August 8). The parties agreed via email that they would exchange affirmative deposition designations on July 31, 2026 and counter-designations on August 7, 2026. *See* Ex. 1 (July 3, 2026 P. Weeks email to J. Bieber).

Pretrial Conference to the Court that it had no affirmative designations. (*See* 8/6/2026 Hearing Tr. 30:7-11 ("THE COURT: All right. Okay. How many do you think you have?...MR. HURST: ***We don't have any, Your Honor***.") (emphasis added).

Lilly's late designations should be excluded in their entirety.

## I. The Court Issued—And Reaffirmed—A "Proportionate" Remedy

On August 6, 2026 after voluminous discovery and briefing dedicated entirely to Nektar's evidence preservation, this Court issued an evidence preclusion sanctions order it found was "proportionate—and that's the key word, proportionate." 8/6/26 Hearing Tr. at 12:4-5. At the hearing, the Court twice rejected Lilly's request to broaden this sanction or add to it. *Id.* 13:8-10 ("I'm not going to do anything more than that. I'm not going to do any adverse instructions or anything else. That's it. I think those would be disproportionate in this case."), 15:6-9 ("THE COURT: Well, we're going to do July….Okay? That's as far back as I'm going to go."). The Court specially reiterated the scope of the sanctions in its Pretrial Order. Dkt. 388 at 4.

Lilly moved for reconsideration of this Order. Dkt. 394. With no change in controlling law or new facts to offer the Court, Lilly falsely asserted, in contravention of the record, that Nektar had somehow "misled" the Court. *Id.* at 1. Lilly demanded that the Court apply "punitive" sanctions, including a request that the Court "inform the jury" of Nektar's Teams chats. *Id.* at 3. The Court denied Lilly's motion and its argument that "Nektar should be punished more severely." Dkt. 403.

## II. Lilly Discloses Two New Witnesses and Hundreds of New Affirmative and Counter Designations

On August 26, 2026, Lilly belatedly identified two new witnesses who it seeks to call by deposition. On that day, it served new designations for Nektar's head of IT, who was responsible for Nektar's document retention policies, and its former General Counsel. Each was deposed in supplemental discovery that the Court ordered would be "solely in the connection with use of Microsoft Teams by plaintiff Nektar Therapeutics employees and non-preservation of evidence." Dkt. 167. Further, Lilly served new deposition designations from supplemental depositions of fact witnesses that were similarly limited to the use and preservation of Microsoft Teams messages. Finally, Lilly has added new trial exhibits dealing exclusively with Nektar's preservation efforts, including its document preservation notice and two otherwise irrelevant Nektar Teams chats.

These eleventh-hour additions are undeniably designed to permit Lilly to avail itself of the sanctions remedy it has not obtained from the Court. *See* Dkt. 394 at 3 (asking the Court to "inform the jury" about Nektar's Teams chats as an additional sanction); Dkt. 403 (denying motion). Indeed, Lilly *confirmed* that this was its express purpose when Nektar objected to its belated designations in meet-and-confer: Lilly's counsel wrote that it "designated deposition testimony…to include additional spoliation-related testimony in response to the Court's finding that Nektar failed to properly preserve[] relevant evidence." Ex. 2 (8/27/26 J. Giulitto Email to J. Choe).

Contrary to Lilly's justifications, the Court has not permitted Lilly to introduce evidence on the Teams Chats issue in any manner. Nor would it be otherwise appropriate. Courts routinely prohibit this sort of collateral evidence under Rule 403. *See Altair Instruments, Inc. v. Telebrands Corp*, 2021 WL 5238787, at *2 (C.D. Cal. Feb. 18, 2021) ("Generally, any discovery ruling would be irrelevant to any fact necessary to [Defendant's] case and would only stand to confuse the jury and prejudice [Plaintiff]."); *see also Citizen Dev., LLC v. Sys. Soft Techs., Inc.*, 2026 WL 897373, at *11 (M.D. Pa. Mar. 30, 2026) ("Argument or evidence indicating that [a party] failed to comply with the court's orders or its obligations during the discovery process would be highly prejudicial if presented to the jury, and that evidence has no discernable probative value."); *Bender v. City of Rialto*, 2022 WL 1502514, at *4 (C.D. Cal. Mar. 21, 2022) (finding that, as to spoliation, 'the risk of distraction grossly outweighs whatever modicum of additional probative value that this [evidence] might produce."). As one court found, "[t]he significant risk of misleading the jury and confusing the issues far outweighs the minimal probative value of…testimony regarding general recordkeeping requirements … relate[d] primarily to the collateral issue of the defendant's alleged spoliation." *Reynolds v. Am. Airlines, Inc.*, 2017 WL 5613115, at *8 (E.D.N.Y. Nov. 21, 2017).

Further, Lilly should not be permitted to disclose new witnesses on the eve of trial. The two new witnesses are not on Lilly's witness list, which was submitted on July 23. And Lilly did not seek leave or even inform the Court or Nektar that it would add new witnesses. The last time that Lilly raised this issue, it expressly told the Court that it did not have any affirmative depositions to play at trial. That, apparently, was not true. (*See* 8/6/2026 Hearing Tr. 30:7-11). Although Lilly now claims its new designations were served in order to "properly reserve [its] rights," Ex. 2, Lilly did not raise this supposed reservation at the Pretrial Conference.

Nektar respectfully requests that the Court exclude all of Lilly's new designations as untimely, irrelevant, precluded by the Court's prior rulings on Teams Chats, and unduly prejudicial under Federal Rules of Evidence 402 and 403. Because Lilly has openly admitted its intent to disobey the Court's repeated rulings on this issue, Nektar further requests that the Court sanction Lilly in whatever manner it deems appropriate.

Very truly yours,

*/s/ Yury Kapgan*

Yury Kapgan
*Attorneys for Plaintiff Nektar Therapeutics*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1(I)(3)**

I, John ("Mickey") McCauley, am the ECF user whose user ID and password are being used to file this document. I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: */s/ John ("Mickey") McCauley*
John ("Mickey") McCauley