## Mickey McCauley

**From:** Giulitto, Jessica <jessica.giulitto@kirkland.com>
**Sent:** Thursday, August 27, 2026 4:33 PM
**To:** Julia Choe
**Cc:** Watral, Diana M.; Moorman, Ryan; Balassa, Gabor; Weeks, Patrick; QE-Nektar
**Subject:** RE: Nektar v. Lilly - Witnesses

**[EXTERNAL EMAIL from jessica.giulitto@kirkland.com]**

Julia,

Our letter was necessary because we have been asking for an update on Nektar's witness list for 17 days. You, Jimmy, and Mickey agreed to provide one on multiple occasions, but failed to do so. Our witnesses need to travel from all over the country, and we needed clarity you refused to provide.

As to Lilly's witnesses, we understand (1) you plan to call Carsten Schmitz, Lance Pfeifer, and David Manner live in your case, and do not intend to play their designated deposition testimony; and (2) you do not intend to call Daniel Skovronsky, Ajay Nirula, Paul Klekotka, Ali Ashrafzadeh, Rodger Taylor, Kathryn Ramseyer, or David Murray in your case, either live or via deposition. Please confirm that is all accurate **today**.

As to Nektar's witnesses, do we understand you correctly that you do not intend to call Mary Tagliaferri and Lisa Decker in your case? Given the Court's instruction that witnesses take the stand only once, your plan for those witnesses impacts our analysis. Please confirm **today**.

You suggest Lilly needs to narrow its witness list further; as you know, the remaining 12 witnesses Lilly identified on its witness list are *Lilly* employees or experts. See Dkt. 359. You already plan to call two of those 12 (Dr. Schmitz and Dr. Pfeifer) in your case, leaving Lilly's witness list at only ten Lilly employees or experts. This is the same number of party witnesses that appears on Nektar's current list (10 Nektar employees/experts), which Nektar has also not narrowed. However, to streamline witness preparation and trial presentation, **we propose that each party propose good faith narrowing of their remaining witnesses by Friday, August 28 at 5 PM PT**. Please let us know if you agree.

Finally, your allegation that Lilly violated any agreement or misrepresented anything to the Court is not accurate, and it does not reflect the many discussions we had with you on these deposition designation exchanges to avoid needless work while the parties followed the Court's instructions. As we had discussed back in July 2026 and you quoted below, the parties exchanged several rounds of designations back in September and October 2025. But in follow up conversations after the pretrial conference, including during our August 10 meet and confer and again in writing multiple times (*see* 2026-08-17 J. Giulitto Email; 2026-08-21 J. Giulitto Email; 2026-08-26 J. Giulitto Email), we made clear that any further supplemental or modified designations (both counters and affirmative) necessarily depend on Nektar's witness list update. Without knowing who Nektar intends to call (and when and how), we designated deposition testimony to properly reserve our rights (without knowing which witnesses were still on Nektar's list) and to include additional spoliation-related testimony in response to the Court's finding that Nektar failed to properly preserved relevant evidence.

We're of course willing to meet and confer on these issues and the deposition designations in advance of the Court's deadline next week in an attempt to narrow the issues for trial.

Thanks,

Jess

**Jessica Giulitto**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3685
**F** +1 312 862 2200

jessica.giulitto@kirkland.com

---

**From:** Julia Choe <juliachoe@quinnemanuel.com>
**Sent:** Thursday, August 27, 2026 11:49 AM
**To:** Giulitto, Jessica <jessica.giulitto@kirkland.com>
**Cc:** Watral, Diana M. <diana.watral@kirkland.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Balassa, Gabor <gbalassa@kirkland.com>; Weeks, Patrick <patrick.weeks@kirkland.com>; QE-Nektar <qe-nektar@quinnemanuel.com>
**Subject:** Nektar v. Lilly - Witnesses

Jess,

Your filing to the Court this morning was premature. Please note that, in addition to Patrik Jonsson, who we previously advised we will not call in our case in chief, we are not currently planning to call in our case-in-chief witnesses Daniel Skovronsky, Ajay Nirula, Paul Klekotka, Ali Ashrafzadeh, Rodger Taylor, Kathryn Ramseyer, and David Murray. Further, please note that we plan to call David Manner (live) in our case-in-chief. Of course, we reserve all rights to modify our list, consistent with the Court's orders and applicable rules, including in response to any revisions Lilly makes to its witness list.

Relatedly, despite your repeated follow-ups on Nektar's witnesses, we have yet to receive any narrowing from Lilly on its witness list—which includes 14 witnesses. If you are dropping any witnesses, please provide an update. In particular, let us know if you intend to call Mary Tagliaferri and Lisa Decker. If we do not hear back from you by Friday close of business, we will seek relief from the Court.

Finally, we received Lilly's deposition designations last night, adding new witnesses, which were sent nearly a month past the parties' agreed-upon July 31 and August 7 exchange dates. We note that Lilly previously represented, in response to the July 31 deadline: "Agree; the parties have exchanged several rounds of designations and our understanding is that any supplemental designations (or de-designations) should be made to the existing set of designations already exchanged in October 2025." (July 3, 2026 P. Weeks email to J. Bieber). Further, at the parties' Pretrial Conference, your colleague, Mr. Hurst, certified to the Court that Lilly would not designate any deposition testimony. (Aug. 6, 2026 PTC Conf. Tr. at 30:11 ("THE COURT: All right. Okay. How many do you think you have? MR. HURST: I don't know the answer from our side. Do we have any? (Co-counsel confer off the record.) MR. HURST: We don't have any, Your Honor.")). Finally, the new designations appear to represent yet another improper attempt to introduce alleged evidence of spoliation.

Given Lilly's violation of the parties' agreed-upon pretrial schedule, Lilly's statement to the Court (which was evidently false), and Lilly's repeated efforts to violate the Court's order regarding the Teams chats, we plan to file a motion to exclude all of Lilly's new deposition designations. If you intend to withdraw the designations, please let us know by close of business today.

Best,

Julia

**Julia Choe**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3813 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
juliachoe@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.