QUINN EMANUEL URQUHART & SULLIVAN, LLP
Diane M. Doolittle (Bar No. 142046)
dianedoolittle@quinnemanuel.com
Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000

Jimmy Bieber (Bar No. 301639)
jimmybieber@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Plaintiff*
*Nektar Therapeutics*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>Plaintiff,<br><br>vs.<br><br>ELI LILLY & CO.,<br><br>Defendant. | CASE NO. 3:23-cv-03943-JD<br><br>**REPLY IN SUPPORT OF ADMINISTRATIVE MOTION FOR PRETRIAL RESOLUTION OF KEY DOCUMENT OBJECTIONS** |

As Nektar explained in its motion (Dkt. 413 ("Mot.")), Lilly has lodged dozens of objections to relevant, admissible, and case-critical exhibits. These exhibits show, among other things, that Lilly's development of Rezpeg departed from its standard procedures (including because Lilly's desire to protect another recently-acquired drug, lebrikizumab, caused it to sandbag Rezpeg's development in favor of a less effective drug in the same phase of development, CD200R), and that Lilly's arguments regarding Rezpeg's delay are pretextual (including because Lilly commercialized drugs with far worse safety concerns than Rezpeg's).

Lilly's opposition (Dkt. 418 ("Opp.")) responds to none of this. Lilly does not dispute that the documents at issue are relevant for the purposes Nektar identified, or that Lilly *itself* intends to invoke non-comparator drugs in different phases of development to support its positions—including by pointing to a Phase 3 osteoporosis drug, blosozumab, to justify its concern with Rezpeg's ISRs.[1]

Instead, Lilly's opposition confirms that it intends to misconstrue the Court's narrow evidentiary ruling on Lilly's Motion *in Limine* No. 2 (Dkt 350-2 ("MIL No. 2")). Lilly argues, without support, that its targeted MIL now allows it unilaterally to exclude any document that merely *mentions* a Phase 3 or non-Lilly product, regardless of probative value. This position is not supported by the Court's order granting MIL No. 2 (Dkt. 388), which was limited to excluding "apples-to-oranges comparisons of *Phase 3 efforts* with Rezpeg's earlier phases" (MIL No. 2 at 2 (emphasis added)). Accepting Lilly's interpretation of the Court's order would improperly permit Lilly to hide the most case-dispositive evidence from the jury, including documents that draw comparisons between Rezpeg and an *undisputed* comparator drug, CD200R. Lilly offers no principled reason for excluding such documents.

Lilly's MIL No. 2 was expressly aimed only at "compar[isons of] *Lilly's work* on Rezpeg to *Lilly's work* on other molecules." MIL No. 2 at 1; *see id.* at 2 (complaining that Nektar "compares *Lilly's work* on Rezpeg with Lilly's *work on* other products in Phase 3"); *id.* at 3 (asking to exclude

[1] Lilly's "failure to respond in [its] opposition to an argument constitutes waiver or abandonment, and thus 'concedes the argument'" on all these points. *Lansdown v. Bayview Loan Servicing, LLC*, 2023 WL 2934932, at *4 (N.D. Cal. Apr. 12, 2023); *Rosenfeld v. U.S. Dep't of Just.*, 903 F. Supp. 2d 859, 869 (N.D. Cal. 2012) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

"compar[isons of] *Lilly's efforts* on Rezpeg to other products in Phase 3") (all emphases added). That is all the Court excluded, and Nektar will not violate that preclusion order at trial—it will not introduce "apples-to-oranges" comparisons of budgets, staffing, or study sizes, among other things.

Lilly's opposition to the present motion ignores entirely the substance of the order granting MIL No. 2 and now asserts that *any* document that anywhere "invokes," "discusses," "addresses," or "involves" *any* Phase 3 or non-Lilly drug cannot be shown to the jury, except when Lilly presents it. Opp. at 1. Lilly's position, entirely unmoored from this Court's order, is that Lilly can hit ctrl+f on the exhibit list, type in "lebri," and categorically bar any results it does not find favorable. That is not what the Court ordered in granting the limited relief Lilly requested in its MIL No 2.

Lilly's position is especially inappropriate because its MIL No. 2 rests entirely on arguments about relevance under Rules 402 and 403. *See* MIL No. 2 at 1. Relevance is a "liberal" standard requiring only that evidence have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a); *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). Mere reference to a Phase 3 or non-Lilly drug does not render a document categorically irrelevant. As Nektar has explained, the purposes for which it will use these documents—showing "why Lilly took the actions it did, when it did, for Rezpeg" and how Rezpeg stacks up against Lilly's broader portfolio of drugs—are purposes that *Lilly* argues allow for comparisons to Lilly's Phase 3 and commercialized drugs, and that the Court endorsed as "relevant to the claims and defenses in the case." *See* Mot. at 1.

As a last-ditch argument, Lilly now asserts that Nektar must seek Lilly's approval for *any* trial exhibits it wants to show in its opening. Opp at 3. Of course, the Court has adopted no such rule, and for good reason: it would be ripe for the type of abuse that Lilly has demonstrated throughout this litigation (at last count, Lilly has lodged objections to more than half of Nektar's proposed exhibits—including to 72 of the 76 Lilly Teams chats Lilly has tried to keep from the jury over no fewer than five motions to exclude). Lilly cannot bar Nektar from showing plainly relevant trial exhibits to the jury simply by refusing to concede their admissibility. And the very fact that Lilly is raising this argument less than a week before trial confirms that a pretrial ruling overruling Lilly's objections and admitting Nektar's exhibits is necessary to stop Lilly's gamesmanship.

DATED: September 2, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Yury Kapgan*
Yury Kapgan

*Attorney for Plaintiff Nektar Therapeutics*