Emma Scott (SBN 352078)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: emma.scott@kirkland.com

James F. Hurst, P.C. (admitted *pro hac vice*)
Gabor Balassa, P.C. (admitted *pro hac vice*)
Diana M. Watral, P.C. (admitted *pro hac vice*)
Ryan J. Moorman, P.C. (admitted *pro hac vice*)
Patrick Weeks (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.hurst@kirkland.com
Email: gbalassa@kirkland.com
Email: diana.watral@kirkland.com
Email: ryan.moorman@kirkland.com
Email: patrick.weeks@kirkland.com

*Counsel for Defendant Eli Lilly and Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY & CO.,<br><br>Defendant. | CASE NO. 3:23-CV-03943-JD<br><br>**DEFENDANT ELI LILLY AND COMPANY'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OF RULING ON DR. RAO TESTIMONY BASED ON NEW EVIDENCE**<br><br>Judge: Hon. James Donato |

The Court should grant Lilly leave to seek reconsideration of the denial of Lilly's supplemental Rule 702 motion to exclude Nektar's damages expert, Dr. Rao. *See* ECF 364. Dr. Rao's entire damages model explicitly and admittedly rests on the fundamental "assumption" that [redacted] to even [redacted] because [redacted] ECF 371-2 at 5 (emphasis added); ECF 364-3 at Ex. 2, Rao Dep. at 195-96. When Lilly previously questioned that vital assumption, Nektar fended off Lilly's motion by telling the Court that this key premise posed a genuine dispute for cross examination because "***contemporaneous documents confirm***" that [redacted] ECF 371-2 at 1. But when the Court forced Nektar to produce those contemporaneous documents just last Friday, they conclusively showed the exact opposite. Indeed, a May 2026 analysis—which Nektar possessed at the time of its contrary statements—explains that [redacted] to fund its activities through launch. Ex. 1 at 2, 6 (emphasis added).

Nektar's "late-produced evidence" is a clear-cut basis for reconsideration of whether Dr. Rao should be allowed to mislead the jury with a damages theory that rests on an indisputably false premise. *Est. of Nunez v. Cnty. of San Diego*, 381 F. Supp. 3d 1251, 1254 (S.D. Cal. 2019). Under Local Rule 7-9(b), reconsideration is justified by the "emergence of new material facts … after" the Court previously denied Lilly's request to file a supplemental Rule 702 motion, as well as independently by the "material difference" in the facts "presented to the Court" by Nektar, which Lilly could not have reasonably known given Nektar's refusals to produce the documents and misstatements about what those documents would show. L.R. 7-9(b). Lilly promptly brings this motion just four business days after Nektar finally produced the documents. *See id.*

A straightforward comparison of Nektar's new production to Dr. Rao's opinions shows that the Court must exclude his testimony under settled law. Expert testimony should be excluded when the facts do not support "every necessary link in [the] theory." *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 606-07 (9th Cir. 2002). Courts thus routinely exclude opinions when "the facts of the case contradict or otherwise render the opinion unreasonable." *Krouch v. Wal-Mart Stores, Inc.*, 2014 WL 5463333, at *6 (N.D. Cal. Oct. 28, 2014); *accord Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *20 (C.D. Cal. Mar. 7, 2011) (rejecting opinion based on faulty "factual assumptions"). This Court has

recently applied that principle to exclude opinions that lack "a sound foundation in the evidence to support every step on the way to [the] conclusions," *Klein v. Meta Platforms, Inc.*, 766 F. Supp. 3d 956, 967 (N.D. Cal. 2025) (Donato, J.), or rest on "unfounded assumptions," *Hostetler v. Driscoll*, 2026 WL 608585, at *1-2 (N.D. Cal. Mar. 4, 2026) (Donato, J.).

Here, Dr. Rao commits the cardinal, dispositive sin of rendering an opinion of "economic harm based on economic assumptions not present in [Nektar's] case." *Bakst*, 2011 WL 13214315, at *20. Indeed, his opinions are unmoored from reality for at least ***two*** key reasons, and Nektar's ongoing attempts to conceal that reality only heighten the need for decisive judicial intervention to protect the jury.

First, Nektar's new documents render indefensible Dr. Rao's assumptions that Nektar [redacted]. ECF 364-3 at Ex. 2, Rao Dep. at 195-96; *id.* at Ex. 1, Rao Rep. ¶150; ECF 371-2 at 5 (emphases added). Nektar even told the Court on July 28 that "Dr. Rao's assumption about [redacted] ***continues*** to be valid and have factual support" because "***contemporaneous*** documents confirm" that [redacted] and has a [redacted] ECF 371-2 at 1, 5 (emphases added).

But the documents then in Nektar's possession, and only disclosed to Lilly a few days ago, say the exact opposite. A May 2026 financial analysis explains that, because [redacted] in recent months with over [redacted] Ex. 1 at 2. These options ***potentially*** could include a [redacted] but there is no ***need*** for that, because Nektar has [redacted] *Id.* These options include equity financing or non-dilutive financing as alternatives to a potential "Partnership":

[redacted]

*Id.*

For this reason alone, Dr. Rao's fundamental assumption that [redacted] is untrue, and thus his testimony must be excluded for lack of "a sound foundation in the evidence to support ***every step*** on the way to [his] conclusions." *Klein*, 766 F. Supp. 3d at 967 (emphasis added). Nektar cannot deny that this assumption is fundamental to Dr. Rao's sole damages opinion; to the contrary, Nektar has admitted that Dr. Rao's "assumption … rests on … Nektar's need for a partner's funds," ECF 371-2 at 5, and Dr. Rao did not purport to give ***any*** damages figure divorced from the assumption that [redacted] to so much as [redacted] trial without a partner. ECF 364-3 at Ex. 2, Rao Dep. at 195-96. Nor can Dr. Rao change this flawed model on the eve of trial by offering "new opinions, facts, methodologies and analysis not contained in [his] initial expert report." *Silong v. U.S.*, 2007 WL 2712100, at *5 (E.D. Cal. Sept. 14, 2007).

<u>Second</u>, and independently, Nektar's new production confirms that Dr. Rao's additional presumption that Nektar must [redacted] is also fantastical. *See* ECF 364-3 at Ex. 1, Rao Rep. ¶150 (claiming that Nektar must [redacted]). Again, Nektar does not [redacted] at all given its [redacted] options. Ex. 1 at 2. But even if Nektar chooses outside financing, it would just potentially need to give the investor just [redacted] Ex. 1 at 8-9. For this independent reason too, Dr. Rao's analysis is "entirely unsupported" and inconsistent with the record. *Bakst*, 2011 WL 13214315, at *20.

Although either of the above reasons requires excluding Dr. Rao, Lilly stresses that the risk of jury deception is especially severe because Nektar has continued to make misleading statements in its last-ditch efforts to preserve its sole damages expert, ***despite possessing*** the contrary materials that it only produced last Friday. Most obvious, in opposing Lilly's motion to file a supplemental Rule 702 motion, Nektar repeatedly asserted that "contemporaneous documents" would show [redacted] ECF 371-2 at 1, 5. It turns out that was not true. Nektar also resorted to similar misstatements in opposing discovery of the very documents it knew would reveal the truth and require exclusion of its vital expert. Nektar claimed that "Nektar has no 'surprises' in store," that "Nektar and its witnesses are not hiding the ball," and that Nektar's purported "need[] for "a partner to properly develop and

commercialize Rezpeg" is "supported by 'contemporaneous documents' already on the parties' exhibit lists." ECF 401 at 1, 3. The goal of this suppression was to allow "Nektar [to] support its assertion that it needs a partner with the documents" ***previously*** produced "and testimony consistent with the testimony Nektar's witnesses provided ***years*** ago," *id.* at 3 (emphasis added)—irrespective of the current validity of Dr. Rao's core assumptions and as measured against the documents Nektar was sitting on.

Permitting Dr. Rao to testify in the face of these new documents would violate core Rule 702 principles and reward Nektar's strategy of opposing a discovery motion by misstating what those documents would show. Given the materially changed record that unequivocally rebuts Nektar's representations, the Court should allow Lilly to seek reconsideration of the prior denial of Lilly's motion for leave to file a supplemental Rule 702 motion.

DATED: September 3, 2026

Respectfully submitted,

*s/ Ryan Moorman*

Emma Scott (SBN 352078)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: emma.scott@kirkland.com

James F. Hurst, P.C. (admitted *pro hac vice*)
Gabor Balassa, P.C. (admitted *pro hac vice*)
Diana M. Watral, P.C. (admitted *pro hac vice*)
Ryan J. Moorman, P.C. (admitted *pro hac vice*)
Patrick Weeks (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.hurst@kirkland.com
Email: gbalassa@kirkland.com
Email: diana.watral@kirkland.com
Email: ryan.moorman@kirkland.com
Email: patrick.weeks@kirkland.com

*Counsel for Defendant Eli Lilly and Company*