QUINN EMANUEL URQUHART & SULLIVAN, LLP
Diane M. Doolittle (Bar No. 142046)
dianedoolittle@quinnemanuel.com
Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000

Jimmy Bieber (Bar No. 301639)
jimmybieber@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Plaintiff*
*Nektar Therapeutics*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>Plaintiff,<br><br>vs.<br><br>ELI LILLY & CO.,<br><br>Defendant. | CASE NO. 3:23-cv-03943-JD<br><br>**MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING NEKTAR'S RECENT FINANCING AND EQUITY TRANSACTIONS** |

Nektar moves *in limine* for an order precluding Lilly from introducing evidence of Nektar's 2025 or 2026 financial condition, or recent financing and equity transactions, to argue—as it did at the Pretrial Conference—that Nektar is "better off" as a result of Lilly's breaches and the return of Rezpeg to Nektar, and/or that the jury should "credit" Lilly with any legally erroneous and undisclosed "offset" against Nektar's damages. *See* 8/6/26 Tr. at 6-7, 59, 61.

**BACKGROUND**

This is a contract dispute in which Nektar seeks to recover damages measured by the diminution in the value of an asset (Rezpeg) caused by Lilly's breaches of its express and implied obligations. This is a recognized measure of contract damages. *See, e.g.*, *Bankers Conseco Life Ins. Co. v. Wilmington Tr., N.A.*, 195 A.D.3d 109, 116 (1st Dep't 2021). Nektar's expert, Dr. Mohan Rao, quantifies damages by using a discounted cash flow model to take the difference between Rezpeg's net present value as of 2021-2023 (when Lilly's breaches occurred): (1) in a hypothetical world in which Lilly did not breach the contract; and (2) in the real world, where Lilly did breach. *See* Dkt. 325 (Nektar Expert Proffer). Dr. Rao calculates these values as of the breach dates because it is a "fundamental proposition" of New York law "that the loss caused by a breach is determined as of the time of breach." *Alta Partners, LLC v. Getty Images Holdings, Inc.*, 165 F.4th 141, 156 (2d Cir. 2026) (quoting *Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 825 (2d Cir. 1990)). Under that rule, a plaintiff business's actual performance after the defendant's breach is not relevant to damages: "that would involve the application of hindsight, contrary to New York law." *Kaminsky v. Herrick, Feinstein LLP*, 59 A.D.3d 1, 11 (1st Dep't 2008) (citations omitted).

In the weeks before trial, Lilly began to repeatedly demand information about Nektar's 2025-2026 financial condition and certain independent financing and equity transactions that Nektar conducted between mid-2025 and April 2026. *See, e.g.*, Dkts. 363, 391, 423. Based on Lilly's discovery demands, Nektar expects that Lilly will argue (as it did at the pretrial conference) that Nektar is "better off" because of the money it obtained through the recent equity and financing transactions. *See* 8/6/26 Tr. at 6-7, 59, 61; *see also* Dkt. 364-3 at 1; Dkt. 364-3, Ex. A at 1, 2 ("[Nektar] raised $460 million through equity investments in February 2026, giving it $730 million at the end of Q1. . . . It then proceeded to raise another $373 million in April 2026."); Dkt. 424-2.

## ARGUMENT

Lilly's intended use of post-breach evidence regarding Nektar's 2025-2026 financial condition, and financing and equity transactions, is improper and should be precluded.

***First***, evidence of Nektar's 2025 and 2026 independent financing and equity transactions (including new stock issuances that diluted existing shareholders) is legally irrelevant under New York law to contract damages. New York law requires that contract damages be assessed as of the breach date—in this case, several dates in 2021-2023. Awards based on "'actual economic conditions and performance'" following the breach are impermissible, *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 262 (2d Cir. 2002) (quoting *Sharma*, 916 F.2d at 826), because such events, "viewed in hindsight, may neither offset nor enhance [a plaintiff's] general damages." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007); *see also, e.g.*, *Alta Partners*, 165 F.4th at 156; *Moreno-Godoy v. Kartagener*, 7 F.4th 78, 85-86 (2d Cir. 2021); *Sharma*, 916 F.2d at 826; *Kaminsky*, 59 A.D.3d at 11; *Aroneck v. Atkin*, 90 A.D.2d 966, 967 (4th Dep't 1982). That is why Dr. Rao assesses the amount by which Rezpeg's value fell *in 2021-2023*, and why he disregards real-world events that were not certain to occur on the breach dates. *See* Dkt. 363 at 1.

Now, however, Lilly apparently seeks to argue that Nektar's recent independent financing and equity transactions have enriched Nektar to a "better off" position as a result of Lilly's breaches and in comparison to the "but for" world. As discussed elsewhere, this argument relies on a mischaracterization of Dr. Rao's model. *See* Dkt. 426 at 2 & n.1. And any such argument, and evidence offered in support, is legally improper because it would invite the jury to base its assessment of damages on Nektar's "actual economic conditions and performance," *Lucente*, 310 F.3d at 262 (quoting *Sharma*, 916 F.2d at 826), which "would involve the application of hindsight, contrary to New York law," *Kaminsky*, 59 A.D.3d at 11. Lilly should be precluded from attempting to mislead the jury into awarding damages that do not comport with settled principles of law.

In addition to improperly seeking to rebut damages based on hindsight, Lilly's attempted plan to argue that Nektar's recent equity and financing transactions make Nektar "better off" also is contrary to New York law because the transactions on which it seeks to rely are independent of Lilly's breaches. New York law is clear: "'Gains made by the injured party on other transactions

after the breach are never to be deducted from the damages that are otherwise recoverable, unless such gains could not have been made, had there been no breach,'" *Fertico Belgium S.A. v. Phosphate Chems. Exp. Ass'n, Inc.*, 70 N.Y.2d 76, 84 (1987) (quoting 5 Corbin, Contracts § 1041, at 256), and "[a]ny subsequent collateral recovery supplied by a source other than the transgressor does not alter the amount of the breaching party's obligation," *Gray v. Pashkow*, 168 A.D.2d 849, 850 (3d Dep't 1990). Nektar's financing and equity transactions were not a benefit that Lilly's breaches conferred; they were separate, independent and arm's-length capital raises in which Nektar incurred significant costs (financing expenses and equity dilution) in order to continue its business and the development of Rezpeg and other drugs in its pipeline. Lilly is not entitled to a setoff on account of such transactions, and should not be permitted to ask the jury for one.

***Second***, whatever marginal probative value Nektar's recent financial condition and its 2025 and 2026 financing and equity transactions might have, it is significantly outweighed by the severe risk of jury confusion and unfair prejudice. Lilly has said so itself: "inviting the jury to decide the case based on either party's … finances is improper because its scant (if any) probative value is substantially outweighed by the risk of unfair prejudice under Federal Rule of Evidence 403." Dkt. 334 (Lilly Opp. to Nektar MIL No. 4) at 2. Lilly cannot take that position when the finances at issue are its own, and abandon it when they are Nektar's. And the fact that Nektar was forced to sell part of the company to new shareholders or investors says nothing about whether Lilly's breaches injured Nektar—but a jury told that Nektar now holds hundreds of millions of dollars may discount or zero out its damages for that reason alone. Lilly should not be permitted to intentionally confuse the jury and prejudice Nektar by introducing independent equity and financing transactions (which also could easily run afoul of the Court's exclusion of evidence related to Nektar's financial condition and stock price, *see* 8/6/26 Tr. at 5). Nor should Lilly be permitted to confuse the jury by asking for a "setoff" relating to Nektar's financial position or recent transactions.

**CONCLUSION**

Lilly should be precluded from presenting evidence or argument as described above.

DATED: September 7, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Yury Kapgan*
Yury Kapgan

*Attorney for Plaintiff Nektar Therapeutics*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1(I)(3)**

I, John ("Mickey") McCauley, am the ECF user whose user ID and password are being used to file this document. I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: *<u>/s/ John ("Mickey") McCauley</u>*
John ("Mickey") McCauley