Emma Scott (SBN 352078)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: emma.scott@kirkland.com

James F. Hurst, P.C. (admitted *pro hac vice*)
Gabor Balassa, P.C. (admitted *pro hac vice*)
Diana M. Watral, P.C. (admitted *pro hac vice*)
Ryan J. Moorman, P.C. (admitted *pro hac vice*)
Patrick Weeks (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.hurst@kirkland.com
Email: gbalassa@kirkland.com
Email: diana.watral@kirkland.com
Email: ryan.moorman@kirkland.com
Email: patrick.weeks@kirkland.com

*Counsel for Defendant Eli Lilly and Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY & CO.,<br><br>Defendant. | CASE NO. 3:23-CV-03943-JD<br><br>**ELI LILLY AND COMPANY'S SUBMISSION OF AMENDED PROPOSED FINAL JURY INSTRUCTIONS**<br><br>Judge: Hon. James Donato |

Given the record of witness testimony and evidentiary rulings during the first three days of trial, Lilly respectfully proposes amendments to the parties' proposed final jury instructions (Dkt. 381, 382, 383) (the "Instructions") on three issues.

*First*, Lilly requests that the Instructions be amended in two places (as reflected in the below Amended Proposed Instruction Nos. 14 and 15) to advise the jury on the legal effect of the Agreement's Termination Clause. Nektar's CEO Howard Robin repeatedly disputed that the Termination Clause allowed Lilly to terminate "for any reason." Sept. 8 Tr. at 187:1-4, 187:5-8. On the third day of trial, Nektar's expert, Mohan Rao, gave his interpretation of the same Termination Clause "as an economist," and stated that the Clause did "not quite" give Lilly the right to terminate the Agreement at any time. Sept. 10 Tr. at 592:14–18. When Lilly's counsel began to cross-examine Dr. Rao on that issue, the Court interjected that the questioning was improper because the interpretation was a question of law. *See id.* at 592:14–593:18. Lilly agrees that such legal issues are the province of the Court, not a fact or expert witness. *See Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*, 247 F. Supp. 2d 352, 361 (S.D.N.Y. 2002) (applying New York law while stating that if "the language of the contract is 'unambiguous and conveys a definite meaning,' then the interpretation of the contract is a question of law for the court."). Given that Mr. Robin and Dr. Rao provided Nektar's take on whether the Termination Clause afforded Lilly an unqualified right to terminate, Lilly respectfully requests that the Court clarify, as a legal matter, that Lilly has such a contractual right.

The unconditional nature of Lilly's termination right should not be in dispute, as Nektar's counsel acknowledged Lilly's unqualified right in her opening statement. *See* Sept. 8 Tr., at 95:18–20 ("The contract has what's called a termination provision that allows Lilly to terminate it for any reason or no reason."). And the Ninth Circuit has confirmed that trial courts must provide the jury with a complete and accurate "legal interpretation of the contract." *United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1009 (9th Cir. 2014); *see also Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005) ("[F]ailure to give an instruction on a party's theory of the case is reversible error if 'the theory is legally sound and evidence in the case makes it applicable.'") (citation omitted). This is true even where the trial court otherwise fully adheres to the applicable model jury

instructions. *See United Nat. Maint.*, 422 F.3d at 1008; *see also Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1234, 1235 (9th Cir. 2011) (holding that a trial court erred while hewing exclusively to the Ninth Circuit Model Instructions, because the instructions alone provided "an incomplete, and therefore incorrect, statement of the law.").

Moreover, the Court has ordered that "[a]ll instructions must closely follow … the New York Pattern Jury Instructions, as warranted." Dkt. 379. The New York Civil Pattern Jury Instructions provide a related instruction on this exact situation. *See* N.Y. Civil Pattern Jury Instructions, § 4:1 comment VII. Z ("Where the contract permits a party to act in its sole discretion and for any reason, the implied covenant of good faith and fair dealing does not negate the discretionary right provided by that provision."). That language should therefore also be added to the existing Instructions, where appropriate, as reflected in the attached Proposed Instruction.[1]

*Second*, Lilly requests the Court amend the Instructions to incorporate the attached Proposed Instruction 17.5, an instruction on nominal damages taken from the Ninth Circuit Manual of Model Civil Jury Instructions. Under New York law, "nominal damages are always available for breach of contract." *T & N PLC v. Fred S. James & Co. of New York*, 29 F.3d 57, 60 (2d Cir. 1994) (applying New York law). The Ninth Circuit has also held that nominal damages "must be awarded" in cases where parties can prove liability, but not actual damages. *Hazle v. Crofoot*, 727 F.3d 983, 991 n.6 (9th Cir. 2013). At trial, Lilly has argued—and will continue to argue—that even if a breach of contract occurred, Nektar was not damaged as a result. Because the existing Instructions do not alert the jury that nominal damages are an available remedy, Lilly asks that they be amended to correct this omission.

*Finally*, Lilly requests that the Instructions on damages be amended to clarify that Nektar cannot recover for the dilution of the company's shares resulting from the company's stock issuance to raise capital. As the Ninth Circuit Manual states, courts may instruct a jury on the specific

---

[1] The New York Court of Appeals recently reaffirmed that implied-covenant claims like Nektar's cannot be based on a party's exercise of its unconditional right to terminate. *See 111 W. 57th Inv. LLC v. 111 W57 Mezz Inv. LLC*, --- N.E.3d ---, 2026 WL 1502410, at *4 n. 5 (N.Y. May 28, 2026) ("We do not alter or put into question the specific rule treating sole discretion to terminate a contract as a distinct right immune from the implied covenant.").

categories of evidence they can consider in calculating damages. *See* Manual of Model Civil Jury Instructions, § 5.2. Lilly has accordingly submitted (as Amended Proposed Instruction No. 17) an amended version of the parties' Instructions on damages, incorporating this categorical format as necessary.

Lilly requests this amendment because Nektar witnesses have repeatedly asserted that Nektar has been harmed by raising hundreds of millions of dollars of capital through a dilutive issuance of its stock. *See, e.g.*, Sept. 9 Tr. at 253:14-19 (H. Robin) ("Well, you saw the money that we raised earlier. I had to sell or give away a large portion of Nektar to raise that money. It was highly dilutive. So this money isn't free. It has an incredibly high price."); Sept. 10 Tr. at 585:9–585:22 (M. Rao) ("And it's not because that money did not come for free. I had to actually sell part of the company."); *id.* at 585:23-586:2 (M. Rao) ("[S]imilarly here, when companies raise capital, they have to actually give away a portion of the company…."). Those assertions may cause the jury to believe Nektar is seeking Nektar's post-Termination dilution of its shares as an additional basis for damages. In reality, Nektar is not seeking any such damages, *see* Nektar's Objs. And Responses to Lilly's Interrogatories Set 2 [Dkt. No. 210-44] at 11–14 (enumerating Nektar's categories of damages),[2] and the jury should be so instructed. *See In re First All. Mortg. Co.*, 471 F.3d 977, 1003 (9th Cir. 2006) ("Having based the damages calculation in substantial part on an improper theory of damages, which the jury most certainly did, the jury did not follow the law according to its instructions.").

Given the foregoing, and in advance of any Charging Conference, Lilly hereby respectfully submits the attached amended proposed Instructions.

[2] Nor could Nektar recover such damages, as a company is not harmed by the dilution of its stock. *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 93 (S.D.N.Y. 2004) (equity infusion did not harm issuer, "[t]o the contrary, [issuer] benefited; it gained $25 million in equity. Under no theory can that be characterized as an injury to [issuer]."); *see also Comm'r v. Fink,* 483 U.S. 89, 96 (1987) ("[W]hen a shareholder surrenders shares of the corporation's own stock, the corporation's net worth is unchanged.").

## AMENDED PROPOSED INSTRUCTION NO. 14

## RE BREACH OF CONTRACT – ELEMENTS

As you have heard, plaintiff Nektar seeks to recover damages for breach of contract. Nektar claims that Lilly breached the parties' License Agreement, which is a legal contract, by failing to use "Commercially Reasonable Efforts" to develop and commercialize Rezpeg and by not following Lilly's Good Research Practices in developing Rezpeg. Lilly denies Nektar's claims. Lilly contends that it developed Rezpeg using the efforts, resources, and expertise it used for comparable products it owned at similar stages of development for the treatment of the same conditions, in compliance with the "Commercially Reasonable Efforts" clause in the License Agreement. Lilly denies that the Good Research Practices schedule imposed obligations on Lilly, as opposed to Nektar, and contends that Lilly followed Good Research Practices in developing Rezpeg. Lilly contends that it acted consistent with the implied covenant of good faith and fair dealing.

Nektar has the burden of proving, by a preponderance of the evidence, that it had a contract with Lilly requiring that Lilly use "Commercially Reasonable Efforts" to develop and commercialize Rezpeg or to follow Lilly's Good Research Practices in developing Rezpeg, that Nektar did what it was required to do under the contract, that Lilly breached the contract by not doing what it was required to do under the contract and that Nektar sustained damages because of Lilly's breach. You may not find a breach of contract based on Lilly's termination because the agreement permitted Lilly to terminate at any time without cause.

If you decide that a) Nektar had a contract with Lilly requiring that Lilly use "Commercially Reasonable Efforts" to develop and commercialize Rezpeg or follow Lilly's Good Research Practices in developing Rezpeg; and that b) Nektar did what it was required to do under the contract; and that c) Lilly breached the contract by failing to use "Commercially Reasonable Efforts" to develop and commercialize Rezpeg or by not following Lilly's Good Research Practices in developing Rezpeg;

you will find for Nektar on its breach of contract claim and you will go on to consider Nektar's damages. If you decide that Nektar did not do what it was required to under the contract or that Lilly did not breach the contract, you will find for Lilly on Nektar's breach of contract claim.

Source: New York Pattern Civil Jury Instructions, § 4.1 (modified formatting for ease of reference); *id.* § 4:1 comment VII. A, comment VII. Z; *111 W. 57th Inv. LLC v. 111 W57 Mezz Inv. LLC*, --- N.E.3d ---, 2026 WL 1502410, at *4 n.5 (N.Y. May 28, 2026).

**AMENDED PROPOSED INSTRUCTION NO. 15**

**RE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING – ELEMENTS**

In addition to breach of the License Agreement, Nektar seeks to recover damages for breach of the implied covenant of good faith and fair dealing.

All contracts imply a covenant of good faith and fair dealing in the course of performance. The implied covenant embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract; however, the implied promise of good faith and fair dealing is not without limits and cannot create obligations that are inconsistent with the terms of the contract. Given that the License Agreement permits Lilly to terminate at any time without cause, the implied covenant of good faith and fair dealing does not negate that right.

To establish a breach of the implied covenant of good faith and fair dealing, Nektar must prove the following by a preponderance of the evidence:

1. That Nektar and Lilly entered into a contract;

2. That Lilly acted in a manner that deprived Nektar of the benefits of the contract, other than by choosing whether to terminate the contract; and

3. That Nektar was harmed by Lilly's conduct.

Source: N.Y. Civil Pattern Jury Instructions, § 4:1 comment VII. Z (adapted to include prefatory sentence and to include the basic elements of a claim for breach of the implied covenant, as the Pattern Jury Instructions and commentary do not do so); *111 W. 57th Inv. LLC v. 111 W57 Mezz Inv. LLC*, --- N.E.3d ---, 2026 WL 1502410, at *4 n. 5 (N.Y. May 28, 2026).

**AMENDED PROPOSED INSTRUCTION NO. 17**

**RE DAMAGES**

My charge to you on the law of damages must not be taken as a suggestion that you should find for Nektar. It is for you to decide on the evidence presented and the rules of law I have given you whether Nektar is entitled to recover from Lilly. If you decide Nektar is not entitled to recover, you need not consider damages. Only if you decide that Nektar is entitled to recover will you consider damages.

The burden of proof is on plaintiff to establish damages. Damages may not be merely speculative, possible and imaginary, but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes.

When the existence of damage is certain and the only uncertainty is as to its amount, the plaintiff will not be denied recovery as long as it shows a stable foundation for a reasonable estimate of damages.

You should not find damages on the basis that, in order to raise capital, Nektar has or may sell shares of the company to investors.

Source: N.Y. Civil Pattern Jury Instructions, § 4:20 & General Rules; Ninth Circuit Manual of Model Civil Jury Instructions, § 5.2 & Introduction.

**AMENDED PROPOSED INSTRUCTION NO. 17.5**

**RE NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages. If you find for Nektar but you find that Nektar has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Source: Ninth Circuit Manual of Model Civil Jury Instructions, § 5.6.

DATED: September 14, 2026

Respectfully submitted,

KIRKLAND & ELLIS LLP

*s/ Ryan Moorman*

Ryan Moorman

*Counsel for Defendant Eli Lilly and Company*