United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEKTAR THERAPEUTICS,<br>Plaintiff,<br>v.<br>ELI LILLY & CO,<br>Defendant. | Case No. 23-cv-03943-JD<br><br>**FINAL JURY INSTRUCTIONS** |

The Court will give these final jury instructions, which are based on the parties' submissions, Dkt. Nos. 382 and 383, and the Court's practice. The parties are directed to jointly propose language for the bracket in Instruction No. 16. The proposed language, and objections or concerns re the instructions as a whole, will be taken up after the jury is discharged for the day on September 15, 2026.

**IT IS SO ORDERED.**

Dated: September 14, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

INSTRUCTION NO. 1

**DUTY OF JURY**

Members of the jury, now that you have heard all the evidence and the arguments of attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

All of this means that you must decide the case solely on the evidence before you. Please keep in mind that you took an oath to do so.

Do not read into these instructions or anything that I may have said or done that I have an opinion regarding the evidence or what your verdict should be. That is for you to decide.

<u>INSTRUCTION NO. 2</u>

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff Nektar Therapeutics, referred to as “Nektar,” alleges that the defendant, Eli Lilly & Company, referred to as “Lilly,” breached a contract obligating Lilly to use “Commercially Reasonable Efforts” to develop Rezpeg and to follow Lilly’s Good Research Practices in developing Rezpeg. Nektar also alleges that Lilly breached the implied covenant of good faith and fair dealing. Nektar has the burden of proving these claims by a preponderance of the evidence.

The defendant Lilly denies those claims. Lilly contends that it used “Commercially Reasonable Efforts” to develop Rezpeg, and it complied with all other contractual obligations and acted consistent with the implied covenant of good faith and fair dealing.

United States District Court
Northern District of California

United States District Court
Northern District of California

INSTRUCTION NO. 3

**BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 4

**CORPORATIONS -- FAIR TREATMENT**

The parties in this case are corporations. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers, performed within the scope of authority. An act is within the scope of a person's authority if it is within the range of reasonable and foreseeable activities that an employee, agent, director, or officer engages in while carrying out that person's business.

INSTRUCTION NO. 5

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

United States District Court
Northern District of California

INSTRUCTION NO. 6

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

INSTRUCTION NO. 8

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered, or the exhibit received. If I sustained the objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 9

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

At times during the trial, you heard testimony by a witness in the form of previously recorded deposition rather than live here in court. A deposition is the sworn testimony of a witness taken before trial. The witness was placed under oath to tell the truth, and lawyers for each side asked questions. The questions and answers were recorded.

Insofar as possible, you should consider deposition testimony presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

United States District Court
Northern District of California

INSTRUCTION NO. 10

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

INSTRUCTION NO. 11

**EXPERT OPINION**

You have heard testimony from expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it, reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 12

**CHARTS AND SUMMARIES NOT RECEIVED INTO EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

United States District Court
Northern District of California

INSTRUCTION NO. 13

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

INSTRUCTION NO. 14

**BREACH OF CONTRACT -- ELEMENTS**

Plaintiff Nektar seeks to recover damages for breach of contract. Nektar contends that Lilly breached the parties' License Agreement by failing to use "Commercially Reasonable Efforts" to develop and commercialize Rezpeg, or not following Lilly's Good Research Practices in developing Rezpeg.

Nektar has the burden of proving, by a preponderance of the evidence, that it had a contract with Lilly requiring that Lilly use "Commercially Reasonable Efforts" to develop and commercialize Rezpeg or follow Lilly's Good Research Practices in developing Rezpeg, that Nektar did what it was required to do under the contract, that Lilly breached the contract by not doing what it was required to do under the contract, and that Nektar sustained damages because of Lilly's breach.

Lilly denies that it breached the License Agreement. Lilly contends that it developed Rezpeg using the efforts, resources, and expertise it used for comparable products it owned at similar stages of development for the treatment of the same conditions, in compliance with the "Commercially Reasonable Efforts" clause in the License Agreement. Lilly denies that the Good Research Practices schedule imposed obligations on Lilly, and contends that Lilly followed Good Research Practices in developing Rezpeg.

If you decide that Nektar met its burden of proving all of those elements, you will find for Nektar on its breach of contract claim and you will go on to consider Nektar's damages. If you decide that Nektar did not do what it was required to under the contract or that Lilly did not breach the contract, you will find for Lilly on Nektar's breach of contract claim.

United States District Court
Northern District of California

INSTRUCTION NO. 15

**IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING -- ELEMENTS**

Nektar also seeks to recover damages for breach of the implied covenant of good faith and fair dealing. Lilly contends that it acted in a manner consistent with the implied covenant of good faith and fair dealing.

All contracts imply a covenant of good faith and fair dealing in the course of performance. The implied covenant embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract; however, the implied promise of good faith and fair dealing is not without limits and cannot create obligations that are inconsistent with the terms of the contract.

To establish a breach of the implied covenant of good faith and fair dealing, Nektar must prove each of the following elements by a preponderance of the evidence:

1. That Nektar and Lilly entered into a contract;
2. That Lilly acted in a manner that deprived Nektar of the benefits of the contract; and
3. That Nektar was harmed by Lilly's conduct.

United States District Court
Northern District of California

INSTRUCTION NO. 16

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Nektar on the claim for breach of contract and/or the claim for breach of the implied covenant of good faith and fair dealing, you must determine Nektar's damages. Nektar has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Nektar for any injury you find was caused by Lilly. You should consider the following:

[*Insert specific statement of requested damages*]

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. Damages must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes. When the existence of damage is certain and the only uncertainty is as to its amount, Nektar may not be denied recovery as long as it shows a stable foundation for a reasonable estimate of damages.

United States District Court
Northern District of California

INSTRUCTION NO. 17

**NO DOUBLE RECOVERY**

Nektar seeks damages from Lilly under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

United States District Court
Northern District of California

INSTRUCTION NO. 18

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You must diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 19

**CONSIDERATION OF EVIDENCE -- CONDUCT OF THE JURY**

Let's talk about your conduct as jurors. It was vitally important that you kept an open mind throughout the trial. The testimony and evidence unfolded over approximately two weeks, and you should not have reached any conclusions before you heard everything that was presented. In addition, do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Your decision must be based on the evidence received in the case and on my instructions on the law that applies. You must not have been exposed to any other information about the case or to the issues it involves during the course of your jury duty.

For these reasons, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This covers every possible form of communication: in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, chat room, blog, website or any social media applications including but not limited to Facebook, YouTube, Twitter (X), Instagram, LinkedIn, Snapchat, or TikTok. The prohibition on communication applies to everyone, including your family members, your employer, the media or press, and the people involved in the trial. It also applies to communicating with your fellow jurors until I give you the case for deliberation. You are free to tell your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But you cannot share with them or anyone else any other information about your jury service or about the case. If anyone asks you about your jury service or the case, you must say that you have been ordered not to discuss the matter. You must also promptly report the contact to me through Ms. Clark.

In addition, you must not, for any reason, do research or investigation on your own. You will get all the evidence and legal instruction you may properly consider for the verdict right here in the courtroom. Do not look up anything on the Internet, or in a book, or do any sleuthing or investigating of any sort. Do not visit or view any place or location that might be described during the case. Do not do any research about the law or the people involved in this case -- including the parties, the

United States District Court
Northern District of California

witnesses, the lawyers, or me. Also, there may have been media coverage of this case. Please make sure you do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it. If you happen to read or hear anything touching on this case in the media, turn away and let me know what happened by telling Ms. Clark.

That is a long list of "don'ts" but it is vitally important for you to follow these rules. They protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses in court took an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is crucial that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify Ms. Clark immediately.

United States District Court
Northern District of California

INSTRUCTION NO. 20

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

United States District Court
Northern District of California

INSTRUCTION NO. 21

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Clark, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me or Ms. Clark -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of whether either of the defendants is liable, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 22

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise Ms. Clark that you are ready to return to the courtroom.